MICHAEL J. BETTINGER (State Bar No. 122196)
TIMOTHY P. WALKER, PHD (State Bar No. 105001)
HAROLD H. DAVIS, JR. (State Bar No. 235552)
K&L GATES
55 Second Street, Suite 1700
San Francisco, CA 94105
mike.bettinger@klgates.com
timothy.walker@klgates.com
harold.davis@klgates.com
Phone:  (415) 882-8200
Fax:      (415) 882-8220

Attorneys for Plaintiff
WISTRON CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WISTRON CORPORATION, a Taiwan corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Republic of Korea corporation,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY OF U.S. PATENT NOS. 5,333,273; 5,625,275 AND 6,523,100**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff WISTRON CORPORATION ("Wistron") complains of defendant SAMSUNG ELECTRONICS CO., LTD. ("Samsung Electronics") and by this complaint alleges as follows.

**JURISDICTION**

1. This complaint is filed under 28 U.S.C. §§ 2201 and 2202 for a Declaratory Judgment that the Travelmate 2410 Notebook Personal Computer ("Travelmate PC") manufactured by Wistron does not infringe United States Patent No. 5,333,273, "Protected Hot Key Function for Microprocessor-Based Computer System" ("the '273 patent"); U.S. Patent No. 5,625,275, "Power

COMPLAINT FOR DECLARATORY JUDGMENT OF
NON-INFRINGEMENT AND INVALIDITY OF U.S.
PATENT NOS. 5,333,273; 5,625,275 AND 6,523,100
Case No.

-1-

PRINTED ON RECYCLED PAPER

Supply Which Provides a Variable Charging Current to a Battery in a Portable Computer System" ("the '275 patent"); and U.S. Patent No. 6,523,100, "Multiple Mode Memory Module" ("the '100 patent"), collectively the "Patents-In-Suit." The complaint further seeks a Declaratory Judgment that the Patents-In-Suit are invalid as anticipated under 35 U.S.C. § 102, invalid as obvious under 35 U.S.C. § 103, and invalid for failure to meet the requirements of 35 U.S.C. § 112.

2. This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**VENUE**

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(a). Defendant Samsung Electronics operates in the United States through its wholly-owned subsidiary Samsung Semiconductor, Inc., which has its headquarters and principle place of business in this District. Defendant Samsung Electronics resides in this District, and a substantial part of the events that give rise to the action occurred in this District.

**INTRADISTRICT ASSIGNMENT**

4. Assignment of this case is proper in the San Francisco Division. Pursuant to Local Rule 3-11, this case is related to the case entitled *Samsung Electronics Co. Ltd. v. Quanta Computer, et al.*, No. 3:00-CV-04524 VRW ("the *Quanta* case"), which was assigned to Chief Judge Vaughn R. Walker of the San Francisco Division. Both plaintiff Wistron and defendant Samsung Electronics do business within the San Francisco Division.

**THE PARTIES**

5. Wistron is a corporation organized in 2001, and existing under the laws of Taiwan, with its principle place of business in Hsichih, Taiwan. Wistron is an Original Design Manufacturing ("ODM") company that designs, develops and manufactures electronic products for customers to sell under their own brand name. Wistron is a leading manufacturer of Notebook Personal Computers, including the Travelmate PC which is sold throughout the United States, including sales in this District.

6. Samsung Electronics is a corporation organized and existing under the laws of the Republic of Korea, with its principle place of business in Seoul, South Korea. Samsung Electronics

is a member of the multinational conglomerate Samsung Group, which manufactures and sells products ranging from automobiles to refrigerators to cell phones. Samsung Electronics operates in the United States through its wholly owned subsidiary Samsung Semiconductor, Inc., which is a corporation organized and existing under the laws of California, with its headquarters and principal place of business in San Jose, California. In 2006, Samsung Electronics boasted sales revenues of nearly $92 billion, with an operating profit in excess of $10 billion.

**SAMSUNG ELECTRONICS IMPROPER THREATS OF PATENT INFRINGEMENT**

7. In or about August 2006, Samsung Electronics embarked upon an improper campaign of threats to file a baseless patent infringement lawsuit against Wistron for the purpose, and intended effect, of disrupting the sale of Travelmate PCs in the United States.

8. As part of the improper campaign, Samsung Electronics referred Wistron to the previously-filed *Quanta* case, in which the '273 patent was found valid and infringed by defendant Compal Electronics, Inc. Wistron, in good faith, reviewed the pleadings and rulings in the *Quanta* case, and then explained to Samsung Electronics that Wistron's Travelmate PC had a different architecture. Wistron explained to Samsung Electronics that as a result of the architectural differences, the '273 patent did not cover the Travelmate PC.

9. Samsung Electronics refused to concede the obvious architectural differences and, instead, responded that regardless of the architectural differences, a patent infringement lawsuit would be expensive. Further, Samsung Electronics attempted to increase the unfounded threat by adding claims that the Travelmate PC infringed the '275 and '100 patents as well. These additional threats of infringement are equally baseless.

10. Within the past week, Samsung Electronics has stated that it will file a patent infringement lawsuit against Wistron for alleged infringement of the Patents-in-Suit unless Wistron agrees to pay Samsung Electronics what amounts to an unfounded ransom. In view of these clearly articulated - yet wholly unfounded - threats, Wistron has an objectively reasonable apprehension that Samsung Electronics will file an improper, baseless patent infringement suit against Wistron, for the sole purpose and intended effect of disrupting the sale of Travelmate PCs in the United States.

11.     The Travelmate PC manufactured by Wistron does not infringe any valid claim of the Patents-In-Suit. Wistron brings this Declaratory Judgment action for this Court to confirm and declare, as a matter of law, that Wistron's Travelmate PC does not infringe any valid claim of the Patents-In-Suit. Furthermore, Wistron requests that it be awarded all of its costs, including attorney's fees, for having to defend itself against an improper, baseless threat of patent infringement that is being made for the sole purpose and intended effect of disrupting Wistron's sale of Travelmate computers in the United States.

## CLAIM FOR RELIEF

12.     Wistron alleges, and incorporates by reference, the allegations of paragraphs 1 though 11, above.

13.     An actual and justiciable case or controversy, as defined under 28 U.S.C. § 2201, currently exists between the Wistron and Samsung Electronics on the issues of whether Wistron's Travelmate PC infringes the Patents-In-Suit, and whether the Patents-In-Suit are valid.

## PRAYER FOR RELIEF

WHEREFORE, Wistron prays for relief as follows:

1.      A judgment declaring that the Travelmate PC manufactured by Wistron does not infringe the Patents-In-Suit;

2.      A judgment declaring that the Patents-In-Suit are invalid as anticipated under 35 U.S.C. § 102;

3.      A judgment declaring that the Patents-In-Suit are invalid as obvious under 35 U.S.C. § 103;

4.      A judgment declaring that the Patents-In-Suit are invalid for failure to meet the requirements of 35 U.S.C. § 112;

5.      A judgment declaring that this is an exceptional case under 35 U.S.C. § 285, and awarding plaintiff its costs of suit, including reasonable attorney's fees; and

COMPLAINT FOR DECLARATORY JUDGMENT OF
NON-INFRINGEMENT AND INVALIDITY OF U.S.
PATENT NOS. 5,333,273; 5,625,275 AND 6,523,100
Case No.

-4-

PRINTED ON RECYCLED PAPER

1  6.  Any such other relief as the Court deems just and proper

2

3  DATED: September 14, 2007                K&L GATES

4

5

6                                          By_____
                                              Michael J. Bettinger
7                                             Attorneys for Plaintiff
                                              WISTRON CORPORATION

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DECLARATORY JUDGMENT OF            -5-                    PRINTED ON RECYCLED PAPER
NON-INFRINGEMENT AND INVALIDITY OF U.S.
PATENT NOS. 5,333,273; 5,625,275 AND 6,523,100
Case No.

## JURY TRIAL DEMANDED

Wistron requests a trial by jury on each cause of action for which a trial by jury is proper.

DATED: September 14, 2007

K&L GATES

By _____
Michael J. Bettinger
Attorneys for Plaintiff
WISTRON CORPORATION

COMPLAINT FOR DECLARATORY JUDGMENT OF
NON-INFRINGEMENT AND INVALIDITY OF U.S.
PATENT NOS. 5,333,273; 5,625,275 AND 6,523,100
Case No.

-6-

PRINTED ON RECYCLED PAPER

## CERTIFICATE OF INTERESTED PARTIES

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there are no interested parties to report.

DATED: September 14, 2007

K&L GATES

By _____
Michael J. Bettinger
Attorneys for Plaintiff
WISTRON CORPORATION

COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY OF U.S. PATENT NOS. 5,333,273; 5,625,275 AND 6,523,100
Case No.

-7-

PRINTED ON RECYCLED PAPER