1  MARK D. FOWLER, Bar No. 124235
   mark.fowler@dlapiper.com
2  ELIZABETH DAY, Bar No. 177125
   elizabeth.day@dlapiper.com
3  TIMOTHY LOHSE, Bar No. 177230
   timothy.lohse@dlapiper.com
4  SAL LIM, Bar No. 211836
   sal.lim@dlapiper.com
5  GREGORY J. LUNDELL, Bar No. 234941
   greg.lundell@dlapiper.com
6  BRIAN P. WIKNER, Bar No. 244292
   brian.wikner@dlapiper.com
7  DLA PIPER US LLP
   2000 University Avenue
8  East Palo Alto, CA  94303-2214
   Tel:  650.833.2000
9  Fax:  650.833.2001

10 Attorneys for Defendant and Counter-Plaintiff
   SAMSUNG ELECTRONICS CO., LTD.

11

12              UNITED STATES DISTRICT COURT

13            NORTHERN DISTRICT OF CALIFORNIA

14              SAN FRANCISCO DIVISION

15

16 | WISTRON CORPORATION, a Taiwan corporation | CASE NO.  C-07-4748 MEJ |

17 |  Plaintiff and Counter-Defendant, | **ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT; AMENDED COUNTERCLAIMS FOR PATENT INFRINGEMENT** |

18 |  |  |

19 |  v. |  |

20 | SAMSUNG ELECTRONICS CO., LTD., a Republic of Korea corporation | **DEMAND FOR A JURY TRIAL** |

21 |  Defendant and Counter-Plaintiff. | **CERTIFICATION OF INTERESTED ENTITIES OR PARTIES** |

22 |  |  |

23 | SAMSUNG ELECTRONICS CO., LTD., |  |

24 |  Counterclaim-Plaintiff, |  |

25 |  v. |  |

26 | WISTRON CORPORATION, and WISTRON INFOCOMM (TEXAS) CORPORATION, |  |

27 |  |  |

28 |  Counterclaim-Defendants. |  |

DLA PIPER US LLP
EAST PALO ALTO

PA\10519437.1
347269-36

-1-

SAMSUNG'S ANSWER AND AMENDED COUNTERCLAIMS FOR PATENT INFRINGEMENT;
CASE NO. C-07-4748 MEJ

1   Plaintiff Samsung Electronics Co., Ltd. ("Samsung") hereby answers Wistron

2   Corporation's ("Wistron Corp.") Complaint for Declaratory Judgment of Non-Infringement and

3   Invalidity of U.S. Patent Nos. 5,333,273, 5,625,275 and 6,523,100 (the "Complaint") in

4   numbered paragraphs corresponding to the numbered paragraphs of the Complaint, and submits

5   Counterclaims for patent infringement against Wistron Corp. and Wistron InfoComm (Texas)

6   Corporation ("Wistron InfoComm").

7   ## SAMSUNG'S ANSWER

8   ## JURISDICTION

9   1.      Samsung admits jurisdiction exists under 28 U.S.C. §§ 2201 and 2202.  Samsung

10   admits the Complaint seeks the declaratory relief alleged in paragraph 1 of the Complaint.

11   Samsung denies the remaining allegations of paragraph 1 of the Complaint, and specifically

12   denies that Wistron is entitled to the declaratory relief sought by paragraph 1.

13   2.      Samsung admits that this Court has jurisdiction to hear the Complaint pursuant to

14   28 U.S.C. §§ 1331 and 1338(a).

15   ## VENUE

16   3.      Samsung admits venue is proper to this District.  Samsung denies venue is proper

17   in this District under 28 U.S.C. § 1400(a).  Samsung admits Samsung Semiconductor, Inc. is

18   headquartered and has its principal place of business in this District.  Samsung admits that a

19   substantial part of the events that give rise to the action occurred in this District.  Samsung denies

20   the remaining allegations of paragraph 3.

21   ## INTRA-DISTRICT ASSIGNMENT

22   4.      Samsung denies the applicability of Civil L.R. 3-11.  Samsung otherwise admits

23   the allegations of paragraph 4 of the Complaint.

24   ## THE PARTIES

25   5.      Samsung is without sufficient information or belief to admit or deny this paragraph

26   and, on that basis, denies the allegations of this paragraph.

27   6.      Samsung admits the first sentence of paragraph 6 of the Complaint.  Samsung

28   admits Samsung Semiconductor, Inc. is a corporation organized and existing under the laws of

DLA PIPER US LLP
EAST PALO ALTO

PA\10519437.1
347269-36

-2-

SAMSUNG'S ANSWER AND AMENDED COUNTERCLAIMS FOR PATENT INFRINGEMENT;
CASE NO. C-07-4748 MEJ

1    California, with its headquarters and principal place of business in San Jose, California.  Samsung

2    denies the remaining allegations of paragraph 6 of the Complaint.

3                              **GENERAL ALLEGATIONS**

4        7.    Deny.

5        8.    Samsung admits U.S. Patent No. 5,333,273 (the "'273 Patent") was found valid

6    and infringed in the case entitled *Samsung Electronics Co., Ltd. v. Quanta Computer, et al.*, No.

7    3:00-CV-04524 VRW (the "Quanta case").  Samsung admits Samsung referred Wistron to that

8    case.  Samsung lacks sufficient information and belief sufficient to admit or deny whether

9    "Wistron, in good faith, received the pleadings and rulings in the *Quanta* case," and, on this basis,

10   denies those allegations.  Samsung denies the remaining allegations of paragraph 8 of the

11   Complaint.

12       9.    Samsung admits it contends Wistron infringes U.S. Patent Nos. 5,625,275 and

13   6,523,100.  Samsung admits discussing with Wistron that patent litigation is expensive.  Samsung

14   denies the remaining allegations of paragraph 9 of the Complaint.

15       10.   Samsung admits it advised Wistron of the possibility Samsung would file a patent

16   infringement suit against Wistron for Wistron's infringement of Samsung's patents absent a

17   satisfactory resolution of Samsung's claims against Wistron.  Samsung denies the remaining

18   allegations of paragraph 10 of the Complaint.

19       11.   Samsung denies the Travelmate PC manufactured by Wistron does not infringe

20   any valid claim of the patents-in-suit.  Samsung admits Wistron seeks declaratory judgment as

21   alleged in the Complaint, but denies that Wistron is entitled to the relief it seeks.  Samsung denies

22   the remaining allegations of paragraph 11 of the Complaint.

23                              **CLAIM FOR RELIEF**

24       12.   Samsung answers with, and incorporates by reference, the answers of paragraphs 1

25   through 11, above.

26       13.   Admit.

27   ///

28   ///

DLA PIPER US LLP
EAST PALO ALTO

PA\10519437.1
347269-36

-3-

SAMSUNG'S ANSWER AND AMENDED COUNTERCLAIMS FOR PATENT INFRINGEMENT;
CASE NO. C-07-4748 MEJ

## SAMSUNG'S AMENDED COUNTERCLAIM FOR INFRINGEMENT OF U.S. PATENT NOS. 5,333,273, 5,625,275 AND 6,523,100

Counter-Plaintiff Samsung alleges as follows:

## JURISDICTION

1.    This action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.* This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), and 1367.

## VENUE

2.    Venue is proper in this judicial district under 28 U.S.C. §§ 1391(d) and 1400(b).

## INTRA-DISTRICT ASSIGNMENT

3.    Pursuant to Civil L.R. 3-2(c), this case is appropriate for assignment on a district-wide basis because this is an Intellectual Property Action.  Pursuant to Civil L.R. 3-12, this case is related to the case entitled *Samsung Electronics Co., Ltd. v. Quanta Computer, et al.*, No. 3:00-CV-04524 VRW, which was assigned to Chief Judge Vaughn R. Walker.

## PARTIES

4.    Counter-Plaintiff Samsung is a corporation organized and existing under the laws of the Republic of Korea with its principal place of business in the Republic of Korea.  Samsung is in the business of, among other things, designing, manufacturing and selling notebook computers.

5.    Samsung alleges on information and belief that Counter-Defendant Wistron Corp. is organized and existing under the laws of the Republic of China (Taiwan) with its principal place of business located in Hsichih, Taiwan.  Samsung alleges on information and belief that Wistron Corp. is an Original Design Manufacturing ("ODM") company that designs, develops and manufactures electronic products for customers to sell under their own brand name.  Samsung alleges on information and belief that Wistron manufactured notebook personal computers are sold throughout the United States.

6.    Samsung alleges on information and belief that Counter-Defendant Wistron InfoComm is organized and existing under the laws of the State of Texas with its principal place

DLA PIPER US LLP
EAST PALO ALTO

PA\10519437.1
347269-36

SAMSUNG'S ANSWER AND AMENDED COUNTERCLAIMS FOR PATENT INFRINGEMENT; CASE NO. C-07-4748 MEJ

1   of business located at 4051 Freeport Parkway, Suite 200, Grapevine, Texas, 76051. Samsung

2   alleges on information and belief that Wistron InfoComm is engaged in the sale, service,

3   maintenance, repair, or importation into the United States of electronics products, including

4   notebook personal computers, manufactured by Wistron Corp.

5                                   **THE PATENTS-IN-SUIT**

6          7.      On July 26, 1994, United States Patent No. 5,333,273 (the "'273 Patent"), entitled

7   "Protected Hot Key Function For Microprocessor-Based Computer System," was duly and legally

8   issued by the United States Patent and Trademark Office ("USPTO") to Charles F. Raasch et al.,

9   who assigned their rights in the '273 Patent to AST Research, Inc. AST assigned its rights in the

10  '273 Patent to Samsung on December 23, 1998. Samsung is the owner of the entire right, title

11  and interest in and to the '273 Patent. A true and correct copy of the '273 Patent is attached

12  hereto as Exhibit A.

13         8.      On April 29, 1997, United States Patent No. 5,625,275 (the "'275 Patent"), entitled

14  "Power Supply Which Provides a Variable Charging Current to a Battery in a Portable Computer

15  System," was duly and legally issued by the USPTO to Roy Tanikawa, et al., who assigned their

16  rights in the '275 Patent to AST Research, Inc. on May 16, 1995. AST Research, Inc. assigned its

17  rights in the '275 Patent to Samsung Electronics America, Inc. on March 8, 2002. Samsung

18  America, Inc. assigned its rights in the '275 Patent to Counter-Plaintiff and Third-Party Plaintiff,

19  Samsung Electronics Co., Ltd. on March 26, 2002. Samsung is the owner of the entire right, title

20  and interest in and to the '275 Patent. A true and correct copy of the '275 Patent is attached

21  hereto as Exhibit B.

22         9.      On February 18, 2003, United States Patent No. 6,523,100 (the "'100 Patent"),

23  entitled "Multiple Mode Memory Module," was duly and legally issued by the USPTO to Edward

24  D. Mann who assigned his rights in the '100 Patent to Wang Laboratories, Inc. on March 5, 1989.

25  On August 29, 1997, Wang Laboratories, Inc. assigned its rights in the '100 Patent to Samsung.

26  Samsung is the owner of the entire right, title and interest in and to the '100 Patent. A true and

27  correct copy of the '100 Patent is attached hereto as Exhibit C.

28  /////

DLA PIPER US LLP
EAST PALO ALTO

PA\10519437.1
347269-36

-5-

SAMSUNG'S ANSWER AND AMENDED COUNTERCLAIMS FOR PATENT INFRINGEMENT;
CASE NO. C-07-4748 MEJ

1

## NOTICE OF INFRINGEMENT

2      10.    On August 7, 2006, Samsung gave Wistron Corp. actual notice that Wistron Corp.

3   was infringing the Patents-In-Suit.

4

## FIRST CLAIM FOR RELIEF

5

### (PATENT INFRINGEMENT OF THE '273 PATENT
### AGAINST ALL DEFENDANTS)
6   ### (35 U.S.C. § 271)

7      11.    Samsung incorporates the allegations set forth above in paragraphs 1 through 10.

8      12.    Samsung alleges on information and belief that Wistron Corp. and Wistron

9   InfoComm have infringed and continue to infringe, have induced and continue to induce others to

10  infringe, and/or have committed and continue to commit acts of contributory infringement of, one

11  or more claims of the '273 Patent by importing, making, using, selling and/or offering for sale in

12  the United States and this District computer notebook products and components thereof that

13  embody the inventions of the '273 Patent.  Such infringing activities violate 35 U.S.C. § 271.

14     13.    Upon information and belief, Samsung alleges that Wistron Corp. and Wistron

15  InfoComm's infringement has been and continues to be intentional and willful.

16     14.    As a consequence of Wistron Corp. and Wistron InfoComm's infringing activities,

17  Samsung has suffered monetary damages in an amount not yet determined, and Samsung will

18  continue to suffer harm (including irreparable harm) in the future unless and until Wistron Corp.

19  and Wistron InfoComm's infringing activities are enjoined by this Court.

20     15.    Wistron Corp. and Wistron InfoComm's infringement of the '273 Patent makes

21  this an "exceptional" case within the meaning of 35 U.S.C. § 285.

22

## SECOND CLAIM FOR RELIEF

23

### (PATENT INFRINGEMENT OF THE '275 PATENT
### AGAINST ALL DEFENDANTS)
24  ### (35 U.S.C. § 271)

25     16.    Samsung incorporates the allegations set forth above in paragraphs 1 through 15.

26     17.    Samsung alleges on information and belief that Wistron Corp. and Wistron

27  InfoComm have infringed and continue to infringe, have induced and continue to induce others to

28  infringe, and/or have committed and continue to commit acts of contributory infringement of, one

DLA PIPER US LLP
East Palo Alto

PA\10519437.1
347269-36

-6-

SAMSUNG'S ANSWER AND AMENDED COUNTERCLAIMS FOR PATENT INFRINGEMENT;
CASE NO. C-07-4748 MEJ

1   or more claims of the '275 Patent by importing, making, using, selling and/or offering for sale in

2   the United States and this District computer notebook products and components thereof that

3   embody the inventions of the '275 Patent. Such infringing activities violate 35 U.S.C. § 271.

4         18.   Upon information and belief, Samsung alleges that Wistron Corp. and Wistron

5   InfoComm's infringement has been and continues to be intentional and willful.

6         19.   As a consequence of Wistron Corp. and Wistron InfoComm's infringing activities,

7   Samsung has suffered monetary damages in an amount not yet determined, and Samsung will

8   continue to suffer harm (including irreparable harm) in the future unless and until Wistron Corp.

9   and Wistron InfoComm's infringing activities are enjoined by this Court.

10        20.   Wistron Corp. and Wistron InfoComm's infringement of the '275 Patent makes

11   this an "exceptional" case within the meaning of 35 U.S.C. § 285.

12   

**THIRD CLAIM FOR RELIEF**

13
14   

**(PATENT INFRINGEMENT OF THE '100 PATENT
AGAINST ALL DEFENDANTS)
(35 U.S.C. § 271)**

15        21.   Samsung incorporates the allegations set forth above in paragraphs 1 through 20.

16        22.   Samsung alleges on information and belief that Wistron Corp. and Wistron

17   InfoComm have infringed and continue to infringe, have induced and continue to induce others to

18   infringe, and/or have committed and continue to commit acts of contributory infringement of, one

19   or more claims of the '100 Patent by importing, making, using, selling and/or offering for sale in

20   the United States and this District computer notebook products and components thereof that

21   embody the inventions of the '100 Patent. Such infringing activities violate 35 U.S.C. § 271.

22        23.   Upon information and belief, Samsung alleges that Wistron Corp. and Wistron

23   InfoComm's infringement has been and continues to be intentional and willful.

24        24.   As a consequence of Wistron Corp. and Wistron InfoComm's infringing activities,

25   Samsung has suffered monetary damages in an amount not yet determined, and Samsung will

26   continue to suffer harm (including irreparable harm) in the future unless and until Wistron Corp.

27   and Wistron InfoComm's infringing activities are enjoined by this Court.

28   /////

DLA PIPER US LLP
EAST PALO ALTO

PA\10519437.1
347269-36

-7-

SAMSUNG'S ANSWER AND AMENDED COUNTERCLAIMS FOR PATENT INFRINGEMENT;
CASE NO. C-07-4748 MEJ

25.     Wistron Corp. and Wistron InfoComm's infringement of the '100 Patent makes this an "exceptional" case within the meaning of 35 U.S.C. § 285.

## **PRAYER FOR RELIEF**

WHEREFORE, Samsung prays for judgment against Wistron as follows:

1.     That Wistron Corp.'s Complaint be dismissed with prejudice and that Wistron Corp. recover nothing thereon;

2.     That each of the Defendants be declared and adjudged to have infringed, induced others to infringe and/or committed acts of contributory infringement of the Patents-In-Suit, that Samsung should be entitled to all rights of recovery thereunder, and that such patents are valid and enforceable;

3.     That each of the Defendants' officers, agents, servants, employees, and attorneys, and all those persons acting or attempting to act in concert or participation with them or acting on their behalf, be immediately, preliminarily and permanently enjoined and restrained from infringement of the Patents-In-Suit;

4.     That each of the Defendants be ordered to account for and pay to Samsung all damages caused to Samsung by reason of each of their infringement of the Patents-In-Suit pursuant to 35 U.S.C. § 284, including any enhanced damages;

5.     That Samsung be granted pre-judgment and post-judgment interest on the damages caused to it by reason of each of the Defendants' infringement of the Patents-In-Suit;

6.     That this be declared an "exceptional case" pursuant to 35 U.S.C. § 285 and that each of the Defendants be ordered to pay Samsung's attorney fees and costs, and interest thereon at a legal rate; and

7.     That the Court grant such other and further relief as the Court deems just and proper under the circumstances.

/////

/////

/////

/////

DLA Piper US LLP
East Palo Alto

PA\10519437.1
347269-36

-8-

SAMSUNG'S ANSWER AND AMENDED COUNTERCLAIMS FOR PATENT INFRINGEMENT;
CASE NO. C-07-4748 MEJ

1

## **DEMAND FOR JURY TRIAL**

2         Samsung demands trial by jury for all so triable pursuant to Fed. R. Civ. Pro. 38(b) and

3     Civil L.R. 3-6(a).

4

5     Dated:  September 24, 2007

6                                           DLA PIPER US LLP

7                                       By _____

8                                         SAL LIM

                                    Attorneys for Defendant and Counter-Plaintiff

9                                         SAMSUNG ELECTRONICS CO., LTD

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DLA PIPER US LLP
EAST PALO ALTO

PA\10519437.1
347269-36

-9-

SAMSUNG'S ANSWER AND AMENDED COUNTERCLAIMS FOR PATENT INFRINGEMENT;
CASE NO. C-07-4748 MEJ

## CERTIFICATION OF INTERESTED ENTITIES OR PARTIES

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

Dated:  September 24, 2007

DLA PIPER US LLP

By _____
SAL LIM
Attorneys for Defendant and Counter-Plaintiff
SAMSUNG ELECTRONICS CO., LTD

DLA PIPER US LLP
EAST PALO ALTO

PA\10519437.1
347269-36

-10-

SAMSUNG'S ANSWER AND AMENDED COUNTERCLAIMS FOR PATENT INFRINGEMENT;
CASE NO. C-07-4748 MEJ