MICHAEL J. BETTINGER (STATE BAR NO. 122196)
TIMOTHY P. WALKER, PhD (STATE BAR NO. 105001)
HAROLD H. DAVIS, JR. (STATE BAR NO. 235552)
K&L GATES
55 Second Street, Suite 1700
San Francisco, California  94105-3493
Telephone: 415.882.8200
Facsimile: 415.882.8220
mike.bettinger@klgates.com
timothy.walker@klgates.com
harold.davis@klgates.com

Attorneys for Plaintiff and Counter-Defendant
WISTRON CORPORATION and
Counter-Defendant WISTRON
INFOCOMM (TEXAS) CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WISTRON CORPORATION, a Taiwan corporation, <br><br> Plaintiff and Counter-Defendant, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO., LTD., a Republic of Korea corporation, <br><br> Defendant and Counter-Plaintiff <br><br> SAMSUNG ELECTRONICS CO., LTD., <br><br> Counterclaim-Plaintiff <br><br> vs. <br><br> WISTRON CORPORATION, and WISTRON INFOCOMM (TEXAS) CORPORATION <br><br> Counterclaim-Defendant | Case No. C 07-04748 VRW <br><br> **COUNTER-DEFENDANTS' ANSWER TO DEFENDANT SAMSUNG'S AMENDED COUNTERCLAIMS FOR PATENT INFRINGEMENT** <br><br> **JURY TRIAL DEMAND** <br><br> **CERTIFICATION OF INTERESTED PARTIES** |

# ANSWER

Plaintiff and counter-defendant, WISTRON CORPORATION and counter-defendant WISTRON INFOCOMM (collectively "Counter-defendants"), answer the counterclaims for patent infringement ("Counterclaims") of defendant and counter-claimant SAMSUNG ELECTRONICS CO., LTD. ("Samsung") as follows:

## JURISDICTION

1. Counter-defendants admit that the Counterclaims purport to be an action arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq*. Counter-defendants admit this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332 and 1338(a). Except as so admitted, Counter-defendants deny the allegations of paragraph 1 of the Counterclaims.

## VENUE

2. As to itself, Wistron Corp., admits that venue is proper in this judicial district under 28 U.S.C. §§ 1391(d) and 1400(b). Except as so admitted, Counter-defendants deny the allegations of paragraph 2 of the Counterclaims.

## INTRA-DISTRICT ASSIGNMENT

3. Counter-defendants admit this case is considered an Intellectual Property Action under Civil Local Rule 3-2(c). Except as so admitted, Counter-defendants deny the allegations of paragraph 3 of the Counterclaims.

## PARTIES

4. Counter-defendants are without sufficient information or belief to admit or deny the allegations in paragraph 4 of the Counterclaims and, on that basis, deny them.

5. As to itself, Wistron Corp. admits that it is a Taiwanese corporation, has a place of business in Hsichih, Taiwan and designs, manufactures and sells electronic products including notebook computers. Except as so admitted, Counter-defendants deny the allegations of paragraph 5 of the Counterclaims.

6. As to itself, Wistron InfoComm (Texas) Corp. admits that it is organized under the

laws of the State of Texas with a place of business located at 4051 Freeport Parkway, Suite 200, Grapevine, Texas, 76051.  Except as admitted, Counter-defendants deny the allegations of paragraph 6 of the Counterclaims.

**THE PATENTS-IN SUIT**

7. Counter-defendants admit that U.S. Patent No. 5,333,273 ("the '273 patent"), on its face, indicates an issue date of July 26, 1994, bears the title, "Protected Hot Key Function For Microprocessors-Based Computer System," and identifies Charles F. Raasch et al., as inventor.  Counter-defendants further admit that a copy of the '273 patent is attached to the Counterclaims as Exhibit A.  Except as so admitted, Counter-defendants deny the allegations of paragraph 7 of the Counterclaims.

8. Counter-defendants admit that U.S. Patent No. 5,625,275 ("the '275 patent"), on its face, indicates an issue date of April 29, 1997, bears the title, "Power Supply Which Provides a Variable Charging Current to a Battery in a Portable Computer System," and identifies Roy Tanikawa, et al., as inventor.  Counter-defendants further admit that a copy of the '275 patent is attached to the Counterclaims as Exhibit B.  Except as so admitted, Counter-defendants deny the allegations of paragraph 8 of the Counterclaims.

9. Counter-defendants admit that U.S. Patent No. 6,523,100 ("the '100 patent"), on its face, indicates an issue date of February 18, 2003, bears the title, "Multiple Mode Memory Module," and identifies Edward D. Mann, as inventor.  Counter-defendants further admit that a copy of the '100 patent is attached to the Counterclaims as Exhibit C.  Except as so admitted, Counter-defendants deny the allegations of paragraph 9 of the Counterclaims.

**NOTICE OF INFRINGEMENT**

10. Counter-defendants deny the allegations of paragraph 10 of the Counterclaims.

**FIRST CLAIM FOR RELIEF**

**(PATENT INFRINGEMENT OF THE '273 PATENT
AGAINST ALL COUNTER-DEFENDANTS)
(35 U.S.C. § 271)**

11. Counter-defendants incorporate by reference their responses to paragraphs 1 through

1  10 above, as though fully set forth herein.

2  12. Counter-defendants deny the allegations in paragraph 12 of the Counterclaims.

3  13. Counter-defendants deny the allegations in paragraph 13 of the Counterclaims.

4  14. Counter-defendants deny the allegations in paragraph 14 of the Counterclaims.

5  15. Counter-defendants deny the allegations in paragraph 15 of the Counterclaims.

**SECOND CLAIM FOR RELIEF**

**(PATENT INFRINGEMENT OF THE '275 PATENT
AGAINST ALL COUNTER-DEFENDANTS)
(35 U.S.C. § 273)**

16. Counter-defendants incorporate by reference their responses to paragraphs 1 through 15 above, as though fully set forth herein.

17. Counter-defendants deny the allegations in paragraph 17 of the Counterclaims.

18. Counter-defendants deny the allegations in paragraph 18 of the Counterclaims.

19. Counter-defendants deny the allegations in paragraph 19 of the Counterclaims.

20. Counter-defendants deny the allegations in paragraph 20 of the Counterclaims.

**THIRD CLAIM FOR RELIEF**

**(PATENT INFRINGEMENT OF THE '100 PATENT
AGAINST ALL COUNTER-DEFENDANTS)
(35 U.S.C. § 271)**

21. Counter-defendants incorporate by reference their responses to paragraphs 1 through 20 above, as though fully set forth herein.

22. Counter-defendants deny the allegations in paragraph 22 of the Counterclaims.

23. Counter-defendants deny the allegations in paragraph 23 of the Counterclaims.

24. Counter-defendants deny the allegations in paragraph 24 of the Counterclaims.

25. Counter-defendants deny the allegations in paragraph 25 of the Counterclaims.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Samsung lacks sufficient right, title, or interest in the '273, '275 and '100 patents to maintain this suit.

**SECOND AFFIRMATIVE DEFENSE**

The asserted claims of the '273, '275 and '100 patents are invalid because they fail to comply with the requirements of 35 U.S.C. § 101.

**THIRD AFFIRMATIVE DEFENSE**

The asserted claims of the '273, '275 and '100 patents are invalid because they are anticipated by prior art under, or otherwise fail to comply with, the requirements of 35 U.S.C. § 102.

**FOURTH AFFIRMATIVE DEFENSE**

The asserted claims of the '273, '275 and '100 patents are invalid because they are made obvious by prior art under, or otherwise fail to comply with, the requirements of 35 U.S.C. § 103.

**FIFTH AFFIRMATIVE DEFENSE**

The asserted claims of the '273, '275 and '100 patents are invalid because they do not satisfy the written description, enablement, definiteness, best mode and/or other requirements of 35 U.S.C. § 112.

**SIXTH AFFIRMATIVE DEFENSE**

Counter-defendants have not directly or indirectly, contributorily or by inducement, infringed any valid claim of the '273, '275 and '100 patents literally or under the doctrine of equivalents.

**SEVENTH AFFIRMATIVE DEFENSE**

The asserted claims of the '273, '275 and '100 patents are barred under the equitable doctrines of laches and/or prosecution estoppel.

**EIGHTH AFFIRMATIVE DEFENSE**

The asserted claims of the '273, '275 and '100 patents cannot be enforced against Counter-defendants under the doctrine of prosecution history estoppel, and Samsung is estopped from claiming that the asserted claims of the '273, '275 and '100 patents cover the accused products.

**NINTH AFFIRMATIVE DEFENSE**

Samsung's claims are barred, in whole or in part, because it has not suffered detriment, injury or damage.

**TENTH AFFIRMATIVE DEFENSE**

If Samsung has suffered any injury or damage, then it failed to mitigate those damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

Any past damages claimed by Samsung are barred for failure to mark pursuant to 35 U.S.C. § 287.

**TWELFTH AFFIRMATIVE DEFENSE**

Samsung may not recover damages more than 6 years prior to the filing of this action, or prior to proper notification, pursuant to 35 U.S.C. § 286 and § 287(a).

**PRAYER FOR RELIEF**

WHEREFORE, Counter-defendants pray for relief as follows:

1. Judgment that Counter-defendants have not infringed any valid claim of the '273, '275 and '100 patents;

2. Judgment that the asserted claims of the '273, '275 and '100 patents are not valid;

3. Judgment that the asserted claims of the '273, '275 and '100 patents are not enforceable;

4. Judgment that Samsung takes nothing by this action;

5. Judgment that this action be declared an exceptional case under 35 U.S.C. § 285, and that Counter-defendants be awarded their costs, including reasonable attorneys' fees; and

6. For such other relief as the Court deems just and proper.

Dated: October 26, 2007                    Respectfully Submitted,

                                           K&L Gates


                                           By_____/s/_____
                                             Michael J. Bettinger
                                             Attorneys for Plaintiff and Counter-Defendant
                                             WISTRON CORPORATION and
                                             Counter-Defendant WISTRON
                                             INFOCOMM (TEXAS) CORPORATION

**JURY TRIAL DEMANDED**

Counter-defendants request a trial by jury on each claim or issue in this action, including their affirmative defenses, for which a trial by jury is proper.

Dated: October 26, 2007

Respectfully Submitted,

K&L Gates

By  /s/
Michael J. Bettinger
Attorneys for Plaintiff and Counter-Defendant
WISTRON CORPORATION and
Counter-Defendant WISTRON
INFOCOMM (TEXAS) CORPORATION

## CERTIFICATION OF INTERESTED PARTIES

Pursuant to Civil Local Rule 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

Dated: October 26, 2007

Respectfully Submitted,

K&L Gates

By _____/s/_____
Michael J. Bettinger
Attorneys for Plaintiff and Counter-Defendant
WISTRON CORPORATION and
Counter-Defendant WISTRON
INFOCOMM (TEXAS) CORPORATION