IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAMSUNG ELECTRONICS CO, LTD,         No   C-00-4524 VRW

    Plaintiff,                      ORDER

    v

QUANTA COMPUTER, INC, et al,

    Defendants.
_____/

        Plaintiff's United States Patent No 5,333,273 (the "'273 patent") has been the subject of considerable litigation both in this court and in the Southern District of Texas before Magistrate Judge Johnson and Judge Rainey.  On May 12, 2005, the court construed the terms in the '273 patent, including the term "ISA-compatible computer," which appears in claims 1 and 5 of the patent.  Doc #227 (Order).  Adopting the same construction as the Texas court, this court construed "ISA-compatible computer" to mean "a computer that can handle ISA standard defined interrupts."  Id at 10.  That construction was also the one proposed by defendants Quanta Computer, Inc and Quanta Computer USA, Inc ("Quanta").  Doc #196 (Joint Claim Construction Statement), Ex C at 2.  Nonetheless,

Quanta now moves the court "further" to construe the term "ISA-compatible computer" as "a computer having an ISA bus capable of handling ISA standard defined interrupts." Doc #311 (Add Constr Mot) at 2.

I

Although Quanta characterizes the instant motion as a "motion for further construction of claim term 'ISA compatible computer,'" in essence, Quanta requests the court to reconsider its prior claim construction. But Quanta did not bother to follow Civ L R 7-9(a), which provides that "[n]o party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." Because Quanta filed the present motion without first requesting leave of this court, the motion is properly denied on that ground.

Nonetheless, Quanta suggests that the court's claim construction order explicitly contemplated that Quanta would be able to file the instant motion. See Add Constr Mot at 2 ("At the Court's invitation, Quanta Defendants file this motion to ask the Court to further construe the term 'ISA-compatible computer' * * * as 'a computer having an ISA bus capable of handling ISA standard defined interrupts.'") (citing Order at 10). But Quanta misconstrues that order, which permitted the parties to apply for a further construction <u>only</u> to define particular interrupts that a computer must handle to be considered "ISA-compatible":

> The Texas construction * * * is sufficient, at least for the time being. Nothing in this language excludes the possibility that some interrupts might not be used in a given computer. Plaintiff is free to argue that point to the jury. It may be that the

2

> parties' true dispute is not over an ISA-compatible computer's <u>ability to handle</u> interrupts, but rather over what interrupts <u>must be defined</u> for a computer to be dubbed 'ISA-compatible.' <u>If so</u>, the parties may apply to the court for a further construction of 'ISA-compatible computer.'

Order at 10:9-14. (emphasis added). The order says nothing about allowing the parties to move the court to add an "ISA bus" as another limitation in the claim, which is the "further construction" that Quanta presently seeks. Accordingly, the court did not in any way "invite" Quanta to file the present motion.

Even putting aside these procedural details, the motion itself appears frivolous and provides no basis for altering the court's prior construction. Quanta asserts that further construction is appropriate because <u>Phillips v AWH Corp</u>, 415 F3d 1303 (Fed Cir 2005), "changed the focus of claim construction." Add Constr Mot at 4. Quanta continues:

> While <u>Phillips</u> did not change the general rule that the focus in construing claims remains on the intrinsic evidence, extrinsic evidence may be considered, particularly if the intrinsic evidence is not sufficient to provide a construction. When considering extrinsic evidence, expert opinion and technical treatises are on at least an equal footing with dictionary definitions.
>
> Samsung used dictionary definitions almost exclusively in the Texas actions to defeat a construction of ISA compatible computer that referenced an ISA bus. Following <u>Phillips</u>, Samsung's arguments are no longer appropriate.

Id at 4-5.

//

//

//

//

3

Quanta's argument is flawed in many ways. First, Phillips did not fundamentally change the principles of claim construction. Characterizing its previous decision in Vitronics Corp v Conceptronic, Inc, 90 F3d 1576 (Fed Cir 1996), the Phillips court stated "we did not attempt to provide a rigid algorithm for claim construction, but simply attempted to explain why, in general, certain types of evidence are more valuable than others. Today, we adhere to that approach and reaffirm the approach to claim construction outlined in that case, in Markman v Westview Instruments, Inc, 52 F3d 967, 979-81 (Fed Cir 1995) and in Innova/Pure Water, Inc v Safari Water Filtration Systems, Inc, 381 F3d 1111 (Fed Cir 2004)." Phillips, 415 F3d at 1324 (emphasis added) (citations altered).

More importantly, even if Phillips changed the focus of claim construction, those changes would not support the further construction that Quanta presently espouses. In determining whether an "ISA-compatible computer" necessarily included an "ISA bus," the Texas district court adopted Magistrate Judge Johnson's report and recommendation (R&R) in full. The R&R relied on intrinsic evidence to decide that the term "ISA-compatible computer" as used in the '273 patent did not require the additional limitation of an ISA bus:

> Defendant Arima invites the court to adopt a construction that would specify that an ISA-compatible computer must include an ISA bus as one of its components. However, the court finds no legal justification for carrying its claim construction to that level of specificity. Such a narrow definition is not required either by the claims themselves or the intrinsic evidence. Defendant Arima argues that, although no mention of the ISA bus is made in the claims, it is clear from the specification that the only portion of the ISA-compatible computer that

4

> the patent is concerned with is the system of
> interrupts. Therefore, following Defendant Arima's
> logic, the ISA bus, as a main component of the
> commonly used system of interrupts described as a
> preferred embodiment in the specification, should be
> included in the definition. The court cannot give
> credence to this argument. Limitations to the
> claims should not be inferred from a preferred
> embodiment.

Doc #321, Ex A (R&R) at 13-14 (emphasis added). Quanta's "further" construction, on the contrary, relies primarily on extrinsic evidence, Add Constr Mot at 6, and improperly attempts to limit the claim based on an "exemplary" embodiment in the specification, id at 5. Compare <u>Teleflex, Inc v Ficosa North Am Corp</u>, 299 F3d 1313, 1326 (Fed Cir 2002) ("[T]he claims must be read in view of the specification, but limitations from the specification are not to be read into the claims * * *." (citations omitted)); <u>Phillips</u>, 415 F3d at 1323. Accordingly, because the court's prior construction of "ISA-compatible computer" comports with the principles enunciated in <u>Phillips</u> -- unlike Quanta's proposed construction -- there is no reason to construe that term again.

//
//
//
//
//
//
//
//
//
//
//

United States District Court
For the Northern District of California

II

As described above, Quanta's instant motion appears to rely on frivolous arguments. The motion has imposed on plaintiff the expense of opposing the motion and has delayed the action. Accordingly, the court invites plaintiff to serve and file a motion for such relief as may be appropriate.

For all of the above reasons, the court DENIES Quanta's motion for "further" construction of the term "ISA-compatible computer."

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge