MARK D. FOWLER, Bar No. 124235
mark.fowler@dlapiper.com
ELIZABETH DAY, Bar No. 177125
elizabeth.day@dlapiper.com
TIMOTHY LOHSE, Bar No. 177230
timothy.lohse@dlapiper.com
SAL LIM, Bar No. 211836
sal.lim@dlapiper.com
GREGORY J. LUNDELL, Bar No. 234941
greg.lundell@dlapiper.com
BRIAN P. WIKNER, Bar No. 244292
brian.wikner@dlapiper.com
DLA PIPER US LLP
2000 University Avenue
East Palo Alto, CA  94303-2214
Tel:  650.833.2000
Fax:  650.833.2001

Attorneys for Defendant and Counter-Plaintiff
SAMSUNG ELECTRONICS CO., LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WISTRON CORPORATION, a Taiwan corporation,<br><br>    Plaintiff and Counter-Defendant,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Republic of Korea corporation,<br><br>    Defendant and Counter-Plaintiff. | CASE NO.  C-07-4748 VRW<br><br>**SAMSUNG ELECTRONICS CO., LTD.'S NOTICE OF MOTION AND MOTION FOR REALIGNMENT OF THE PARTIES; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:         February 7, 2008<br>Time:        2:30 p.m.<br>Courtroom:  17th Floor, Courtroom No. 6<br>Judge:       Honorable Vaughn R. Walker |
| SAMSUNG ELECTRONICS CO., LTD.,<br><br>    Counterclaim-Plaintiff,<br><br>v.<br><br>WISTRON CORPORATION, and WISTRON INFOCOMM (TEXAS) CORPORATION,<br><br>    Counterclaim-Defendants. | |

1  TO PLAINTIFF WISTRON CORPORATION AND COUNTER-DEFENDANTS WISTRON
2  CORPORATION AND WISTRON INFOCOMM (TEXAS) CORPORATION:

3  **PLEASE TAKE NOTICE THAT** on February 7, 2008, at 2:30 p.m. in Courtroom 6 of
4  the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California, or as
5  soon thereafter as the matter may be heard, Defendant/Counter-Plaintiff Samsung Electronics
6  Co., Ltd. ("Samsung") will move this Court for an Order for realignment of the parties to this
7  action.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.      INTRODUCTION.**

Samsung respectfully moves the Court for an Order realigning the parties to reflect that Samsung is the properly named plaintiff in this action. On September 14, 2007, Wistron Corporation ("Wistron") initiated this action by filing a declaratory judgment lawsuit alleging non-infringement and invalidity of U.S. Patent Nos. 5,333,273, 5,625,275, and 6,523,100 (the "patents-in-suit"). Samsung answered on September 21, 2007, and on September 25, 2007, filed amended counterclaims against both Wistron and its U.S. subsidiary, Wistron InfoComm (Texas) Corporation ("Wistron InfoComm"), alleging infringement of the patents-in-suit. Because the relevant factors indicate that it should be designated the plaintiff in this action, Samsung requests that the Court issue an Order realigning the parties accordingly.

**II.     REALIGNMENT IS APPROPRIATE IN THIS CASE.**

**A.      THE COURT CAN REALIGN THE PARTIES IN THIS CASE.**

It is well within the Court's discretion to realign the parties. *Plumtree Software, Inc. v. Datamize, LLC*, 2003 U.S. Dist. LEXIS 26948, at *8 (N.D. Cal. 2003) (Walker, J.). In determining whether to exercise its discretion, the Court should look to the "primary purpose" of the litigation to determine which party should be the plaintiff. *Id.* at *8-9. "[T]he Court should align the parties in accordance with the primary dispute in the controversy, 'despite the fact that there may be actual and substantial ancillary or secondary issues to the primary issue.'" *Id.* at *9 (quoting *U.S. Fidelity & Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1089 (6th Cir. 1992)). This Court has found a defendant's counterclaim of patent infringement to be the primary purpose

of a litigation, notwithstanding that the litigation may have originated as an action for declaratory relief of non-infringement and invalidity. *See id.* The primary purpose of this lawsuit (patent infringement) supports realignment here.

### B. THE PRIMARY PURPOSE OF THIS LITIGATION IS PATENT INFRINGEMENT AND SAMSUNG IS THE NATURAL PLAINTIFF BECAUSE IT IS THE PATENT HOLDER.

The primary purpose of this litigation is to determine whether Wistron infringes Samsung's patents-in-suit. This makes Samsung the natural plaintiff in this action because it is the party asserting and bearing the burden of proving infringement. "In traditional terms, infringement constitutes the case in chief of the patent owner," and a declaratory action for non-infringement and invalidity, alone, is a defense to an infringement counterclaim. *Id.* at *10 (citing Donald Chisum, 6 *Chisum on Patents* § 19.01(1) at 19-14). This Court recognized in *Plumtree* that the affirmative position of the declaratory judgment defendant in a patent infringement action makes it more appropriately the plaintiff in the action. *See id.* (finding that the party asserting the affirmative claim of infringement is the natural plaintiff).

An invalidity claim does not undercut a patent holder's role as the natural plaintiff. "Invalidity, by virtue of the statutory presumption of validity, constitutes a defense available to the defendant or accused infringer." *Id.* (citing Donald Chisum, 6 *Chisum on Patents* § 19.01(1) at 19-14).

### C. THE PATENT LOCAL RULES AND CONSISTENCY SUPPORT REALIGNMENT.

Realigning Samsung as plaintiff in this action is also more consistent with this District's Patent Local Rules. As discussed in *Plumtree*, the Patent Local Rules treat the patent holder as the putative plaintiff regardless of whether it was the party who brought the action. *Id.* at *14-15. Because Samsung will be required to proceed as if it were the plaintiff according to the Patent Local Rules, it is "consistent with the spirit of those rules to treat [it] as the plaintiff in the remainder of the action." *Id.* at *15. Indeed, the parties have agreed to adhere to the Patent Local Rules in this case. (*See* Order Regarding Joint Case Management Statement, Dec. 13, 2007.) Realigning Samsung as plaintiff will be also beneficial when this case reaches trial, as it is more

1  logical, and less likely to cause juror confusion, to present the case for infringement before that of
2  non-infringement. *See Plumtree*, 2003 U.S. Dist. LEXIS at *14.

3  Other factors the Court may consider in determining the primary purpose of the action
4  include whether there is evidence of forum shopping and which party initiated the litigation. *See*
5  *id.* at *9, 15. Samsung does not dispute that Wistron was the first to file suit, and there is no
6  evidence of forum shopping in this action. In fact, Wistron chose to file the instant declaratory
7  judgment action in the same Court in which Samsung, as plaintiff, previously sued Compal
8  Electronics, Inc., Quanta Computer, Inc., and Twinhead Corporation on one of the same patents-
9  in-suit involved in this action.

10  Samsung asserted patent infringement against Wistron's subsidiary, Wistron InfoComm.
11  Without realignment, Samsung's claims against Wistron InfoComm simultaneously make
12  Samsung a declaratory-defendant and a natural plaintiff. Accordingly, consistency favors
13  realigning Wistron's declaratory judgment claims against Samsung and making Samsung the
14  plaintiff against both Wistron and Wistron InfoComm.

### D. WISTRON'S CITATIONS TO *FRESENIUS* ARE NOT APPLICABLE TO THE FACTS OF THIS CASE.

17  Cases denying motions to realign, notably *Fresenius Med. Care Holdings, Inc. v. Baxter*
18  *Int'l, Inc.*, 2006 U.S. Dist. LEXIS 42159 (N.D. Cal. 2006), are distinguishable from the facts
19  presently before the Court. First, *Fresenius* recognizes that the most important issue supporting
20  Samsung's motion to realign is met in this case. *Id.* at *25-26 ("First, and most importantly, at
21  the time the motion in *Plumtree* was granted, there was no infringement finding of any claims of
22  the asserted patents."). No issues of infringement have been determined in the present case.
23  Second, the motion to realign in *Fresenius* was a motion *in limine*, brought on the eve of trial. *Id.*
24  at *17. Here, the parties have only just begun this litigation and will be governed procedurally by
25  the Patent Local Rules, which, as discussed, treat Samsung as a putative plaintiff. Samsung
26  therefore bears the burden of litigating and presenting its entire case of patent infringement, a
27  superior claim to invalidity and the claim from which non-infringement depends. *See Plumtree*,
28  2003 U.S. Dist. LEXIS at *10 (citing Donald Chisum, 6 *Chisum on Patents* § 19.01(1) at 19-14).

1  Finally, unlike *Fresenius*, the declaratory judgment plaintiff Wistron has not alleged that any of
2  the patents-in-suit are unenforceable.  *Cf. Fresenius*, 2006 U.S. Dist. LEXIS at *21.  It is, thus,
3  more logical for Samsung, as the patent holder, to proceed in this action as plaintiff.  This action
4  is both procedurally and factually more in line with *Plumtree* than *Fresenius*, and, accordingly,
5  this Court should grant Samsung's motion to realign.

### III.  CONCLUSION.

Samsung, as the patent holder of the patents-in-suit, is the natural plaintiff in this action. Because realignment is consistent with the Patent Local Rules and would make for a more logical and uniform presentation at trial, Samsung respectfully requests that the Court realign the parties to make Samsung the plaintiff against defendants Wistron and Wistron InfoComm.

Dated:  December 21, 2007               DLA PIPER US LLP


                                        By /s/ Mark Fowler
                                           MARK FOWLER
                                           ELIZABETH DAY
                                           GREGORY J. LUNDELL
                                           Attorneys for Defendant and Counter-Plaintiff
                                           SAMSUNG ELECTRONICS CO., LTD.