1  MICHAEL J. BETTINGER (STATE BAR NO. 122196)
   TIMOTHY P. WALKER, PHD (STATE BAR NO. 105001)
2  HAROLD H. DAVIS, JR. (STATE BAR NO. 235552)
     mike.bettinger@klgates.com
3    timothy.walker@klgates.com
     harold.davis@klgates.com
4  KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP
5  55 Second Street, Suite 1700
   San Francisco, California 94105-3493
6  Telephone: 415.882.8200
   Facsimile: 415.882.8220
7

8  Attorneys for Plaintiffs and Counter-Defendant
   WISTRON CORPORATION and
9  Counter-Defendant WISTRON
   INFOCOMM (TEXAS) CORPORATION
10

11
12                        UNITED STATES DISTRICT COURT
13                       NORTHERN DISTRICT OF CALIFORNIA
14                            SAN FRANCISCO DIVISION

15 | WISTRON CORPORATION,
   |
   |             Plaintiff and Counter-Defendant,       Case No. C 07-04748 VRW
16 |
17 |     vs.                                            **WISTRON CORPORATION AND
   |                                                    WISTRON INFOCOMM (TEXAS)
18 | SAMSUNG ELECTRONICS CO., LTD.,                     CORPORATION'S OPPOSITION TO
   |                                                    SAMSUNG'S MOTION FOR
19 |             Defendant and Counter-Plaintiff        REALIGNMENT OF THE PARTIES**
20 |
   | SAMSUNG ELECTRONICS CO., LTD.,                    Date:       February 7, 2008
21 |                                                   Time:       2:30 p.m.
   |              Counterclaim-Plaintiff,              Courtroom:  17th Floor, Courtroom No. 6
22 |     vs.                                           Judge:      Honorable Vaughn R. Walker
23 |
   | WISTRON CORPORATION, and
24 | WISTRON INFOCOMM (TEXAS)
   | CORPORATION
25 |
   |              Counterclaim-Defendants.
26 |
27
28

Plaintiffs and Counterclaim-Defendants WISTRON CORPORATION ("Wistron") and WISTRON INFOCOMM (TEXAS) CORPORATION ("Wistron Infocomm") (collectively "Plaintiffs") oppose Defendant Samsung Electronics Co., Ltd.'s ("Samsung") Motion For Realignment of the Parties and state as follows:

## I.     INTRODUCTION

The parties should not be realigned because Plaintiff Wistron filed a proper declaratory judgment action, and as the first to file, has the right to proceed as plaintiff absent extraordinary circumstances. There is no dispute that Wistron's declaratory judgment action is procedurally proper. Despite the opportunity to move to dismiss Wistron's complaint, Samsung answered the Complaint and asserted counter- and cross- claims for patent infringement and agreed that this case should have been reassigned to this Court as sought by Plaintiffs. Now dissatisfied that it will be called "Defendant," in part, to a jury and will be obligated to present its case at trial after Plaintiffs, Samsung moves to realign the parties. Samsung has not presented any compelling reason for realignment that would overcome Plaintiffs' rights to proceed as plaintiffs.

Further, granting Samsung's motion on the grounds advanced in its motion would represent a *de facto* rule that no declaratory judgment plaintiff in this district would *ever* be allowed to proceed as plaintiff in a case where there are counterclaims for patent infringement. Because such a consequence is contrary to the Declaratory Judgment Act and the Patent Local Rules for this District, Samsung's motion should be denied.

## II.     ARGUMENT

**A.     The Court Should Deny the Motion for Realignment Because Wistron First Filed a Proper Declaratory Judgment Action and Has the Burden of Proof on Issues at Trial**

As the party that filed the lawsuit first, Wistron is entitled to proceed as "Plaintiff." The Declaratory Judgment Act gives a party the right to proceed as a plaintiff in order to obtain a declaration that a patent is invalid. Dishman v. American Gen. Assurance Co., 193 F. Supp. 2d 1119, 1128 (N.D. Iowa 2002) ("Ordinarily, the trial court extends the privilege of opening and closing the case to the party that has the burden of proof.") citing Anheuser-Busch, Inc. v. John

1  Labatt, 89 F.3d 1339, 1344 (8th Cir. 1996) (upholding district court's denial of motion to realign the
2  parties since "[b]oth Labatt and [Anheuser-Busch] bore the burden of proof on distinct counts of
3  their causes of action. The District Court understandably chose to allow the actual plaintiff, the party
4  that filed the lawsuit, to proceed first."); see also Martin v. Chesebrough-Pond's, Inc., 614 F.2d 498,
5  501 (5th Cir. 1980) (same); Goodyear Tire & Rubber Co. v. Releasomers, Inc., 824 F.2d 953, 956
6  (Fed. Cir. 1987); Arrowhead Indus. Water, Inc. v. Ecolo-chem, Inc., 846 F.2d 731, 735 (Fed. Cir.
7  1988) ("After the [Declaratory Judgment] Act, those competitors were no longer restricted to an *in*
8  *terrorem* choice between the incurrence of a growing potential liability for patent infringement and
9  abandonment of their enterprises; they could clear the air by suing for a judgment that would settle
10 the conflict of interests.")
11         This is true even where the plaintiff seeks only a declaratory judgment. Id.; see also Rowan
12 Cos., Inc. v. Ainsworth, 50 F. Supp. 2d 588, 590-01 (W.D. La. 1999) ("There is sound reason for
13 placing the procedural burden of proof on the declaratory plaintiff in most cases despite his role as
14 the real and traditional defendant.") (citation and internal quotations omitted). "After all, it is the
15 declaratory plaintiff who volunteers to bring the case in this forum at this time." Id. at 591.
16         Wistron has asserted invalidity and non-infringement as part of its complaint. Complaint ¶
17 13 [Dkt. # 1]. Wistron will bear the burden of proof to show that the patents-in-suit are invalid. 35
18 U.S.C. § 282; see also Cardinal Chem. Co. v. Morton Int'l, Inc., 508 U.S. 83, 96 (1993) (finding that
19 "[a] party seeking a declaratory judgment of invalidity presents a claim independent of the patentee's
20 charge of infringement."). Consequently, Samsung's motion for realignment should be denied.
21 Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc., Case No. C 03-01431 SBA, 2006 WL
22 1646110 (N.D. Cal. June 12, 2006) (denying defendant's motion to realign parties in a patent
23 infringement suit holding that the plaintiff "[wa]s entitled to proceed first in all phases of the case"
24 because it had first filed a declaratory judgment action seeking a declaration of invalidity and
25 unenforceability); see also Alloc, Inc. v. Unilin Decor N.V., 2005 WL 3448060, *6 (E.D. Wis. Dec.
26 15, 2005) ("Where the parties to a declaratory judgment action each bear the burden of proof on
27 respective issues, a district court may properly deny motions for realignment."); Ericsson, Inc. v.
28

1  Harris Corp., No. CIV A3:98CV2903D, 1999 WL 604827, at *2 (N.D. Tex. Aug. 11, 1999) (same);

2  GMIS, Inc. v. Health Payment Review, Inc., Civ. A. No. 94-576, 1995 WL 33101, at *2 (E.D. Pa.

3  Jan. 21, 1995) (same).

4        Defendant Samsung's motion should also be denied because it is contrary to the local rules.

5  See Patent L.R. 3-5. By providing for how the parties' initial disclosures and other applications of

6  the patent rules operate in declaratory judgment cases, the Patent Local anticipate that Declaratory

7  Judgment Plaintiffs' will ordinarily be treated as plaintiffs. Rather than require realignment of the

8  parties, the rule simply makes clear how the procedures of the local rules operate when there is a

9  declaratory defendant who asserts infringement claims. Had this District intended for a nearly

10 reflexive realignment of the parties, as Samsung advocates, then there would be no need for Patent

11 L.R. 3-5. Instead, the existence of the rule demonstrates that a declaratory plaintiff should be treated

12 as plaintiff absent extraordinary circumstances. The Fresenius Court recognized these important

13 reasons for denying Samsung's motion for realignment:

> Courts have given various supporting rationales for the denial of realignment
> motions, including (1) looking to the purposes of the Declaratory Judgment Act, (2)
> explaining burden of proof considerations, especially where both parties to the action
> bear burdens of proof on various issues in the case, and (3) finding that changing the
> order of proof at trial would not make the presentation of the evidence clearer for the
> jury.

18 Fresenius Med. Care Holdings, Inc., 2006 WL 1646110 at *1 (internal citations omitted).

19      **B.    Defendant Samsung Has Offered No Compelling Reason for Realignment**

20      Samsung has asserted that the Court should realign the parties because a) it is the "natural"

21 plaintiff, b) to be "consistent" and c) to avoid jury confusion. Samsung Memorandum In Support of

22 Motion for Realignment ("Mot.") at 3-4. These arguments should be rejected given the facts in this

23 case.

24      First, Wistron has the right to proceed as plaintiff by bringing a permissible claim under the

25 Declaratory Judgment Act. See supra at II.A. Because its claims for invalidity are independent of

26 Samsung's counterclaims for infringement, Wistron, by being the first to file, is actually the

27 "natural" plaintiff. Id.

28

Second, rather than fostering consistency, Samsung's position would undercut Patent L.R. 3-5 by making it superfluous in all cases in which a defendant counterclaimed for infringement, and would be against the weight of case law in this and other jurisdictions. See supra at II.A. Moreover, as the first to file, it would be more consistent to allow Plaintiffs' to enforce their rights under the Declaratory Judgment Act.

Third, Samsung's jury confusion argument is also without merit in this case. Given a simple preliminary instruction by the Court which explains the nature of the lawsuit and the roles of the party, any such jury confusion will be obviated. Other Courts have recognized that any such jury confusion in a declaratory judgment action would be cured by a simple preliminary instruction. BS2 Multidata GmbH v. A-Dat Corp., 2007 WL 2463234, *6 (E.D. Mich. Aug. 28, 2007) (denying Defendants' motion to realign parties, allowing party that filed case first to proceed as plaintiff and avoiding "possible jury confusion" "through [the use of] a preliminary instruction."); L-3 Communs. Corp. v. OSI Sys., 418 F. Supp. 2d 380, 382 (S.D.N.Y. 2005) (denying motion to realign the parties finding that realignment "will not advance any efficiency rationale or make the presentation of the evidence clearer for the jury.").

Finally, the Fresenius court explained at least one alternative way in which the case could be structured so that the declaratory plaintiff would be allowed to present its case first in a logical manner. 2006 WL 1646110 at *3. Samsung fails to explain how a jury would be confused, when as in the Fresenius case, the jury will be fully apprised as to the technology at issue in the case, and Samsung will likely have expert witnesses that are fully capable of explaining its inventions and general technology. There is no reason why a jury would be confused should Wistron be allowed to present its invalidity evidence first. Id.

**C.    The Weight of Authority Supports Denying Samsung's Motion**

Samsung relies upon this Court's prior decision in Plumtree Software, Inc. v. Datamize, LLC, No. C 02-5693, 2003 U.S. Dist. LEXIS 26948 (N.D. Cal. Oct. 6, 2003) to support its motion for realignment. That case is in apposite for several reasons.

First, this Court noted that the patent holder in <u>Plumtree</u> was actually the first to file the lawsuit in a previous jurisdiction and thus the declaratory plaintiff did not file the lawsuit at is own volition. <u>Id.</u> at *2 and *9-10. Here, Wistron was the first to file and thus deserves the right to proceed as plaintiff. <u>See</u> <u>supra</u> at II.A; Mot. at 4:5-6 (agreeing that Wistron filed this action first).

Second, this Court noted that the <u>Plumtree</u> case did not involve the traditional reasons for bringing a declaratory judgment action. 2003 U.S. Dist. LEXIS at 11-12. Rather, the Court explained that the patent holder had "actually brought suit at the time [declaratory plaintiff] filed the declaratory judgment action. Thus, the 'Damoclean' threats to potential defendant Plumtree [did] not exist." <u>Id. at 12.</u> This case, in contrast, involves the typical justiciable dispute that necessitated Wistron's instant lawsuit. <u>See</u> Complaint ¶¶ 7-11.

Third, a critical reason this Court allowed realignment in <u>Plumtree</u> was because it made an express finding that the declaratory plaintiff engaged in a blatant form of forum shopping and that realignment was an equitable remedy for such abuse. <u>Id.</u> at *15-16; <u>see also</u> <u>Alloc, Inc. v. Unilin Decor N.V.</u>, 2005 WL 3448060, *6 (E.D. Wis. Dec. 15, 2005) (recognizing and distinguishing <u>Plumtree</u> because Court "expressly found that Plumtree had engaged in a blatant form of forum shopping."). Even Samsung admits that there is "no evidence of forum shopping this action," Mot. at 4:5-6, thus precluding a key reason for the <u>Plumtree</u> Court's grant of realignment.

Fourth, in <u>Plumtree</u>, this Court only realigned the parties after it found **<u>six</u>** factors weighing in favor of realignment. Because many of the most critical factors are not at issue in this case, and Plaintiffs as the first to file have the right to proceed as plaintiffs, the <u>Plumtree</u> decision should be limited to the facts of that case. Indeed, the Northern District of California, in a later case with facts much closer to the instant suit, recognized that the factors of <u>Plumtree</u> were fundamentally different. <u>Fresenius</u>, 2006 WL 1646110 at *1.

Samsung's purported distinctions of <u>Fresenius</u> are without a difference. Samsung asserts that <u>Fresenius</u> is inapplicable because a) in that case there was a finding of infringement on *some* of the patent holder's asserted claims, b) that the motion to realign came later in the procedural posture of that case, and c) there were claims of unenforceability. Mot. at 4:17 – 5:5.

1    Although the Fresenius court discussed the fact that there were findings of infringement on
2 some claims, the Court recognized that invalidity was a critical issue in the case. Similarly,
3 Wistron's invalidity contentions will be a critical issue here. Complaint ¶13. Second, the timing of
4 the motion to realign was not taken into consideration in Fresenius. Of far more import to the Court
5 was the fact that Plaintiff had legitimately filed a declaratory judgment action first, and as the first to
6 file had the right to proceed as plaintiff. 2006 WL at 1646110, *1-2. Samsung is simply incorrect
7 that there are not unenforceability issues in this case. See Answer to Amended Counterclaims [Dkt.
8 #20] e.g. First, Seventh, Ninth, Tenth Defenses and Prayer for Relief. Further, as in Fresenius, there
9 are substantial issues of invalidity which Plaintiffs bear an independent burden of proof that they are
10 allowed to bring as part of a declaratory judgment.
11    Because the majority of authority considering realignment weighs in favor of Plaintiffs,
12 Samsung's motion should be denied.

### III.    CONCLUSION

14    Wistron was the first to file this procedurally proper declaratory judgment action and
15 allowing it proceed as plaintiffs will not likely create jury confusion or be inefficient. As a result,
16 Plaintiffs should be allowed to proceed as plaintiffs. For this and the foregoing reasons, Plaintiffs
17 respectfully request that Samsung's Motion for Realignment be denied.

1

2  Dated:  January 17, 2008                    Respectfully submitted,

3                                              KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP

4
                                       By:    /s/ Harold H. Davis /s/
5                                              Michael J. Bettinger
                                               Timothy P. Walker
6                                              Harold H. Davis, Jr.
                                               55 Second St., Suite 1700
7                                              San Francisco, CA 94108
                                               (415) 882.8200
8                                              (415) 882.8220 (fax)
                                               mike.bettinger@klgates.com
9                                              timothy.walker@klgates.com
                                               harold.davis@klgates.com
10

11                                             Attorneys for Plaintiff and Counter-Defendant
                                               WISTRON CORPORATION and Counter-Defendant
12                                             WISTRON INFOCOMM (TEXAS) CORPORATION

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' OPPOSITION TO MOTION FOR REALIGNMENT     -7-                    PRINTED ON RECYCLED PAPER
Case No. C 07-04748 VRW