1  MARK D. FOWLER, Bar No. 124235
   mark.fowler@dlapiper.com
2  ELIZABETH DAY, Bar No. 177125
   elizabeth.day@dlapiper.com
3  TIMOTHY LOHSE, Bar No. 177230
   timothy.lohse@dlapiper.com
4  SAL LIM, Bar No. 211836
   sal.lim@dlapiper.com
5  GREGORY J. LUNDELL, Bar No. 234941
   greg.lundell@dlapiper.com
6  BRIAN P. WIKNER, Bar No. 244292
   brian.wikner@dlapiper.com
7  DLA PIPER US LLP
   2000 University Avenue
8  East Palo Alto, CA  94303-2214
   Tel:  650.833.2000
9  Fax:  650.833.2001

10 Attorneys for Defendant and Counter-Plaintiff
   SAMSUNG ELECTRONICS CO., LTD.

11

12                   UNITED STATES DISTRICT COURT

13                  NORTHERN DISTRICT OF CALIFORNIA

14                       SAN FRANCISCO DIVISION

15

| | |
|---|---|
| 16  WISTRON CORPORATION, a Taiwan corporation, | CASE NO.  C-07-4748 VRW |
| 17         Plaintiff and Counter-Defendant, | **SAMSUNG ELECTRONICS CO., LTD.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR REALIGNMENT OF THE PARTIES** |
| 18  v. | |
| 19  SAMSUNG ELECTRONICS CO., LTD., a Republic of Korea corporation, | Date:       February 7, 2008<br>Time:       2:30 p.m.<br>Courtroom:  17th Floor, Courtroom No. 6<br>Judge:      Honorable Vaughn R. Walker |
| 20 | |
| 21         Defendant and Counter-Plaintiff. | |
| 22 | |
| 23  SAMSUNG ELECTRONICS CO., LTD., | |
| 24         Counterclaim-Plaintiff, | |
| 25  v. | |
| 26  WISTRON CORPORATION and WISTRON INFOCOMM (TEXAS) CORPORATION, | |
| 27 | |
| 28         Counterclaim-Defendants. | |

-1-

Samsung Electronics Co., Ltd. ("Samsung") moved the Court for an Order realigning the parties to reflect that Samsung is the properly named plaintiff in this action. Plaintiff and Counter-Defendant Wistron Corporation ("Wistron Corp.") and Counter-Defendant Wistron InfoComm ("Wistron InfoComm") (collectively, "Wistron") opposed Samsung's motion.[1] Samsung replies accordingly.

## I. INTRODUCTION.

Wistron's Opposition fails to refute any of the grounds for Samsung's motion: (1) this Court may realign the parties based on which party bears the burden of proof on the primary purpose of the litigation; (2) the primary purpose of this litigation is patent infringement, and Samsung ultimately bears the burden of proof on this issue; (3) the Patent Local Rules and consistency support realignment in this case; and (4) this Court's precedent favors realignment in this case. Instead, Wistron argues that because it was first to the courthouse, it should be the plaintiff. Nothing in Wistron's Opposition changes the applicable legal analysis or prevents the Court from naming Samsung as plaintiff against both Wistron Corp. and Wistron InfoComm. The Court should realign the parties so Samsung is consistently the plaintiff and both Wistron parties are consistently the defendants.

## II. ARGUMENT.

### A. THE COURT HAS THE POWER TO REALIGN THE PARTIES.

Wistron failed to refute, or even address, the fact that this Court has the discretion to realign the parties in this case based on the primary purpose of the litigation. *Plumtree Software, Inc. v. Datamize, LLC*, 2003 U.S. Dist. LEXIS 26948, at *8 (N.D. Cal. 2003) (Walker, J.). Thus, it is undisputed the Court has this power.

---

[1] Even this rote procedural history supports the need to realign the parties. Wistron erred in its Opposition and identified Wistron Corp. and Wistron InfoComm as "Plaintiffs and Counterclaim-Defendants" and labels the two parties as "Plaintiffs." Wistron's Opposition ("Opp.") at 1. However, Wistron InfoComm is not a party to Wistron Corp.'s Complaint and is therefore not a plaintiff to this action, but rather only is a counter-defendant on Samsung's patent infringement claims against both Wistron entities. *See, e.g.,* Counter-Defendant's Answer to Samsung's Amended Counterclaims for Patent Infringement, at 1.

B. **WISTRON'S REQUEST FOR DECLARATORY JUDGMENT DOES NOT CHANGE THE PRIMARY PURPOSE OF THIS LITIGATION.**

The primary purpose of this lawsuit remains the determination of whether Wistron infringes Samsung's patents-in-suit. It does not conclude the analysis of which party should be Plaintiff to state, as Wistron does, that Wistron filed a complaint for declaratory judgment. Instead, the Ninth Circuit rule looks at which party bears the burden of proof on the primary claim in the case. *Plumtree*, 2003 U.S. Dist LEXIS 26948, at **8-9 (citing *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000).

Regardless of which party filed the first paper in the instant case, this dispute is about patent infringement. And, as the party asserting the affirmative claim of infringement, Samsung is "more properly considered the natural plaintiff." *Plumtree*, 2003 U.S. Dist. LEXIS, at *10. Rather than address the Ninth Circuit rule in this case, Wistron attempts to cloud this issue with citations to multiple cases, none of which are on point and controlling. Based on the facts here, Samsung bears the true burden of proving the essential issue – infringement. *Id.* at *11. Therefore, the Court should realign the parties so Samsung may proceed as the Plaintiff consistent with its burden.

C. **THE PATENT LOCAL RULES AND CONSISTENCY FAVOR REALIGNMENT IN THIS CASE.**

1. **Patent Local Rule 3-5 Confirms Samsung Should Be The Plaintiff In This Case.**

Wistron's premise that "Samsung's motion should be denied because it is contrary to the local rules" is wrong. *Plumtree*, 2003 U.S. Dist LEXIS, at **14-15 (holding that "realignment of the parties is more consistent with . . . the Patent Local Rules" because "[t]he Patent Local Rules seem to treat the patent holder as the putative plaintiff . . . for purposes of disclosures and document production."). To the contrary, the Local Rules support realignment of the parties in this case. Specifically, Patent Local Rule 3-5 sets out a procedure by which a declaratory judgment plaintiff is treated as a defendant if there is an infringement claim, and as the plaintiff if there is not an infringement claim. Rule 3-5 provides, in pertinent part:

> Patent Local Rule 3-5. Disclosure Requirement in Patent Cases for Declaratory Judgment.
> (a) Invalidity Contentions If No Claim of Infringement. In all cases in which a party files a complaint or other pleading seeking a declaratory judgment that a patent is not infringed, is invalid, or is unenforceable, Patent L.R. 3-1 and 3-2 shall not apply unless and until a claim for patent infringement is made by a party. If the defendant does not assert a claim for patent infringement in its answer to the complaint, no later that 10 days after the defendant serves its answer, or 10 days after the Initial Case Management Conference, whichever is later, the party seeking a declaratory judgment must serve upon each opposing party its Preliminary Invalidity Contentions that conform to Patent L.R. 3-3 and produce or make available for inspection and copying the documents described in Patent L.R. 3-4.
> ***
> (c) Inapplicability of Rule. This Patent L.R. 3-5 shall not apply to cases in which a request for a declaratory judgment that a patent is not infringed, is invalid, or is unenforceable is filed in response to a complaint for infringement of the same patent.

Thus, as is the case here, Rule 3-5 treats the declaratory judgment plaintiff in a case in which an infringement claim is asserted as a putative defendant and the declaratory judgment defendant bears the plaintiff's burden of being first to satisfy the Patent Local Rues. Therefore, Rule 3-5 supports the realignment of the parties as it dictates a process in which the declaratory relief defendant is treated as the plaintiff.

Along with the Local Rules, the procedural history of this case highlights the need for realignment. Neither Wistron party objected to Samsung being the putative plaintiff under the Local Rules for purposes of disclosures and document production. Wistron Corp. has not argued that Rule 3-5 treats it unfairly because Wistron Corp. was not first to articulate its positions on infringement and validity. On the other hand, Samsung has already met its burden to proceed under the Patent Local Rules. *See* Pat. L.R. 3-1 and 3-2. Samsung should not be required to proceed as a plaintiff for purposes of patent disclosures and document productions and then be denied the right to proceed as the plaintiff throughout the remainder of the case.

**2. Samsung Should Be The Plaintiff As To Both Wistron Corp. And Wistron InfoComm.**

Wistron Corp. filed a complaint for declaratory relief. In response, Samsung filed counterclaims of patent infringement against both Wistron Corp. and Wistron InfoComm. *See*

-4-

Samsung's Amended Answer and Counterclaims. In its Answer to Samsung's Amended Answer and Counterclaims, Wistron InfoComm asserted no counterclaims of its own. Accordingly, as it currently stands, Wistron InfoComm only is a counter-defendant, while Wistron Corp. is both a plaintiff and a counter-defendant. The case would be simplified by designating Samsung as Plaintiff and the Wistron parties as Defendants.

### D. THE *PLUMTREE* ANALYSIS SHOULD INFORM THE COURT'S DECISION IN THIS CASE.

#### 1. The Factors In *Plumtree* Favor Designating Samsung As Plaintiff.

*Plumtree* presents the closest analogy to the present circumstances and should guide the Court's analysis. Samsung agrees there is no forum shopping in the present case. Even with that difference, *Plumtree* is still more similar to the present case than the *Fresenius* analysis. *Plumtree* identifies six factors this Court used to identify the true plaintiff in a previous declaratory judgment patent lawsuit. These factors are instructive to determine which party should be the Plaintiff here. The factors are, in the order they appear in *Plumtree*: (1) which party filed first; (2) the primary purpose of the lawsuit; (3) the circumstances of the declaratory judgment action; (4) logical presentation at trial; (5) consistency with the Patent Local Rules; and (6) mitigation of forum shopping. *Plumtree*, 2003 U.S. Dist LEXIS, at **9-16.

The first factor, timing of filing, appears in the decision as a statement of fact and receives very little analysis. The second factor received the most analysis and, here, favors Samsung because Samsung is the party that ultimately bears the burden on the primary issue in the case, infringement. The third factor is neutral here because Samsung has claimed patent infringement against Wistron InfoComm. So, as was the case in *Plumtree*, "the basic rationale for declaratory judgment is inapposite" because Samsung has brought suit against Wistron InfoComm before Wistron InfoComm filed any claims against Samsung (Wistron InfoComm still has no independent claim against Samsung).

The fourth factor also favors Samsung because Samsung is the patent holder and "it is simply more logical to present the affirmative case for infringement first, rather than presenting the case for noninfringement first." *Id.* at *14. The fifth factor also favors Samsung because, as

discussed above, it "is consistent with the spirit of [the Local Rules] to treat [the patent holder] as the plaintiff in the remainder of the action." *Id.* at *15. The sixth factor is neutral here, because forum shopping is not an issue in this case. Based on these factors, this Court should conclude that the primary purpose of this litigation is the adjudication of Samsung's infringement claim. *Id.* at *16. Therefore, the Court should exercise its discretion to designate Samsung as Plaintiff. *Id.*

### 2. *Fresenius* Is Not Helpful To The Court's Analysis In This Case.

Wistron's analysis of *Fresenius* is not helpful to the resolution of the present motion. *See* Opposition at 6:1-10. First, Wistron's unsupported statement that "invalidity was a critical issue in the case" ignores the context in which the motion to realign was decided in that case. Specifically, in *Fresenius,* the Court had previously entered summary judgment of infringement on two patents. In the *absence* of the infringement claims, the remaining invalidity claims gained their significance. *Fresenius*, 2006 U.S. Dist, LEXIS 42159, **22-23. Furthermore, the *Fresenius* Court noted that Fresenius' lack of any evidence of noninfringement distinguished that case from *Plumtree*. *Id.* at **23-24. Here, by contrast, infringement is the primary issue to be decided.

Second, *Fresenius* was a ruling on a motion in *limine* and did not apparently consider the impact that the Patent Local Rules have on a patent holder in the declaratory judgment defendant position. *Id.* at *19. Indeed, the heading in *Fresenius*, "As the Party that Filed Suit Under the Declaratory Judgment Act, Fresenius is Entitled to Proceed First in All Phases of the Case," seems to ignore this Court's reasoned analysis in *Plumtree* of the Local Rules. *Cf. Id.* at *19 *with Plumtree*, 2003 U.S. Dist. LEXIS, at **12-14.

Third, unlike *Fresenius*, Wistron has not asserted a declaratory relief claim of unenforceability against Samsung. Rather, unenforceability only has been asserted as an affirmative defense. An affirmative defense is not a necessary ruling for a court in the same way that a counterclaim for declaratory judgment is. *Cardinal Chem.*, 508 U.S. at 93-94 ("An unnecessary ruling on an affirmative defense is not the same as the necessary resolution of a counterclaim for a declaratory judgment."). This posture further highlights the difference

between this case and *Fresenius* and further supports the Court granting Samsung's motion to realign the parties. *Fresenius*, 2006 U.S. Dist. LEXIS, at *24 (finding that because Fresenius did not have any evidence of noninfringement, its sole evidence at trial would be on its declaratory judgment claims of invalidity and unenforceability).

## III. CONCLUSION.

This Court has the discretion to realign the parties in this case and it has done so in similar cases. Samsung bears the true burden on the essential element of this case. The Patent Local Rules treat Samsung as the Plaintiff. Designating Samsung as Plaintiff will lend consistency to the case and, because infringement is at issue, will make a more logical and uniform presentation at trial. Samsung respectfully requests that the Court realign the parties to make Samsung the Plaintiff against Defendants Wistron and Wistron InfoComm.

Dated: January 24, 2008                    DLA PIPER US LLP


By /s/ Mark Fowler
   MARK FOWLER
   ELIZABETH DAY
   GREGORY J. LUNDELL
   Attorneys for Defendant and Counter-Plaintiff
   SAMSUNG ELECTRONICS CO., LTD.