**K&L|GATES**

Kirkpatrick & Lockhart Preston Gates Ellis LLP
55 Second Street
Suite 1700
San Francisco, CA 94105-3493

T 415.882.8200     www.klgates.com

February 5, 2008

Harold H. Davis, Jr.

D 415.249.1008
F 415.882.8220
harold.davis@klgates.com

**Via E-Filing**

Honorable Vaughn R. Walker
Chief Judge of the United States District Court
Northern District of California
Courtroom 6, 17th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   Wistron v. Samsung, Case No. C 07-04748 VRW

Dear Hon. Judge Walker:

This law firm represents Wistron Corporation ("Wistron") in the above referenced action. Wistron files this letter in response to Defendant Samsung Electronics Co., Ltd.'s ("Samsung") letter brief filed January 28, 2008.

Wistron believes that the parties only have a disagreement over a single provision in a proposed protective order and not a "discovery" dispute as characterized by Defendant Samsung. During the negotiation of a joint proposed protective order, it became apparent that the parties could not agree as to the treatment of source code. Wistron proposed submitting to the Court each side's proposed provisions regarding source code so that the Court could select which provision it believed appropriate. Samsung declined this proposal and filed its letter brief seeking relief for a "discovery" dispute instead.

### Summary of the Issue

The issue between the parties is whether or not the proposed protective order should permit Wistron to produce for inspection at Wistron's counsel's office in downtown San Francisco, during normal business hours, Wistron source code in electronic format, or whether Wistron should be compelled to produce unsecured, multiple copies of its source code to Samsung and its consultants and retained experts so that they may have unfettered, uncontrolled and unsupervised access to such information.

### Wistron's Proposal is Reasonable

As an initial matter, the Federal Rules of Civil Procedure give a party the option of producing requested documents and things for inspection or providing copies of such documents.

K&L|GATES

Hon. Judge Walker
February 5, 2008
Page 2


*See* Rule 34(a). Thus, Wistron should not be obligated to produce copies of its source code for off-site production and unsupervised review by Defendant Samsung and its consultants.

Wistron also has good cause for offering its source code for inspection at counsel's offices rather than producing easily duplicated, uncontrolled electronic copies of such information. Source code is often the "crown jewels" of a company's intellectual property assets. For Wistron, its source code is the product of thousands of man-hours in labor and substantial financial investment. Indeed, Wistron source code represents some of Wistron's most valuable trade secrets and know-how. Wistron and its counsel have previously experienced serious problems in Samsung's proposed demands for unrestricted and uncontrolled electronic copies of source code.

For example, source code has been downloaded onto multiple computers in contravention of protective orders, once downloaded, source code is difficult to permanently delete after the litigation is over (unless by physical destruction of all media the code was ever stored or transmitted on), is easily recoverable after "deletion," there are inadequate protections for unauthorized distribution and viewing, and mistakes can be (and have been) made by staff as to proper access to such information. Once source code is released, regardless of intent, it is virtually impossible to put the genie back in the bottle.

Moreover, contrary to Samsung bald assertions, it would not be prejudiced by Wistron's proposal. First, Samsung has not presented any evidence whatsoever that having 40 hours of access to the source code per week, over the next approximately six months (nearly 1000 hours of viewing and inspection time) would be insufficient or unduly burdensome. Second, Wistron's counsel's office is in downtown San Francisco, easily accessible to Samsung counsel and consultants, less than one hour from Samsung's counsel's offices, and is open Monday through Friday, 8:30 AM to 5:00 PM. In fact, Wistron and its counsel has never before had any objection to production of source code for inspection only and believe it to be a common practice in the industry.

Because there is no "discovery" dispute, Wistron respectfully request that the Court review each side's proposed protective order provisions and select the appropriate provision regarding source code. Further, Wistron respectfully requests that its proposed inspection of source code be accepted as a reasonable production as required by Fed. R. Civ. P. 34.

Sincerely,

*/s/ Harold H. Davis, Jr.*

Harold H. Davis, Jr.

cc:   Mike Bettinger, Esq. (via e-mail)