MICHAEL J. BETTINGER (State Bar No. 122196)
TIMOTHY P. WALKER, PHD (State Bar No. 105001)
HAROLD H. DAVIS, JR. (State Bar No. 235552)
  mike.bettinger@klgates.com
  timothy.walker@klgates.com
  harold.davis@klgates.com
K&L GATES
55 Second Street, Suite 1700
San Francisco, CA 94105-3493
Telephone: (415) 882-8200
Facsimile: (415) 882-8220

Attorneys for Plaintiff and Counter-Defendant
WISTRON CORPORATION and Counter-
Defendant WISTRON
INFOCOMM (TEXAS) CORPORATION

MARK D. FOWLER (State Bar No. 124235)
ELIZABETH DAY (State Bar No. 177125)
TIMOTHY LOHSE (State Bar No. 177230)
SAL LIM (State Bar No. 211836)
GREGORY J. LUNDELL (State Bar No. 234941)
BRIAN P. WIKNER (State Bar No. 244292)
  mark.fowler@dlapiper.com
  elizabeth.day@dlapiper.com
  timothy.lohse@dlapiper.com
  sal.lim@dlapiper.com
  greg.lundell@dlapiper.com
  brian.wikner@dlapiper.com
DLA PIPER US LLP
2000 University Avenue
East Palo Alto, CA 94303-2214
Telephone: (650) 833-2000
Facsimile: (650) 833-2001

Attorneys for Defendant and Counter-Plaintiff
SAMSUNG ELECTRONICS CO., LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WISTRON CORPORATION,<br><br>    Plaintiff and Counter-Defendant,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br><br>    Defendant and Counter-Plaintiff<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br><br>    Counter-Plaintiff,<br>vs.<br><br>WISTRON CORPORATION, and<br>WISTRON INFOCOMM (TEXAS)<br>CORPORATION<br><br>    Counter-Defendants. | Case No. C 07-04748 VRW<br><br>**[PROPOSED] PROTECTIVE ORDER REGARDING DISCLOSURE OF CONFIDENTIAL MATERIALS** |

Pursuant to Federal Rule of Civil Procedure 26(c), Wistron Corporation (hereinafter "Wistron") and Samsung Electronics Co., Ltd. (hereinafter "Samsung") hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order"). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

1. A party or nonparty (hereinafter collectively "designating party") may designate as confidential, in whole or in part, any document, thing, or information (collectively "material") that is confidential or that contains confidential information, which is to be disclosed or produced to a party or pursuant to a subpoena in this action.

2. Any designating party shall have the right to designate as "CONFIDENTIAL" any material that constitutes or contains proprietary information, trade secret information, confidential business information, or other information that is not publicly known.

3. Any designating party shall have the right to designate as "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" any material that constitutes or contains highly sensitive financial information, licensing information, non-public ongoing patent prosecution information, or recent product information, technical information, or research and development information, that will harm a party's competitive position if it becomes known to a person or party other than the designating party.

4. Any designating party shall have the right to designate as "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" any material that constitutes or contains non-public source code of the designating party's software or computer applications.

5. Designation shall be made, where practical, by marking each page of a document, each separate part or component of a thing, or each separate item of other material in a conspicuous manner. If not practical to so mark the material itself, a container for or a tag attached to the material shall be so marked. The marking shall state: 1) "CONFIDENTIAL" or other similar legend; 2) "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or other similar legend; or 3) "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" or similar legend.

6. If during the course of a deposition taken in this action, any questions are to be asked or any answers are to be given regarding confidential material, then only persons designated in paragraphs 10-12 below, as appropriate, the deponent (and the deponent's counsel in the case of a separately represented nonparty), and the reporter and videographer are allowed to be present during such portion of the deposition. This paragraph shall not be deemed to authorize disclosure of any confidential material to any person to whom disclosure is prohibited under this Order.

7. For confidential material presented in a deposition, a designating party may (1) ask the reporter to clearly identify material designated as confidential in the transcript, such as by inserting a header or footer on each page that includes such material; or (2) have until fourteen (14) calendar days after receipt of the deposition transcript within which to inform the other parties, in writing, that portions of the transcript are designated confidential. (If the designating party is a nonparty, such written notice shall be provided to all parties).

8. No deposition transcript shall be disclosed to any person other than persons described in paragraphs 10-12 below, as appropriate, and the deponent (and the deponent's counsel in the case of a separately represented nonparty) during the fourteen (14) calendar days after receipt of the transcript, and no person attending a deposition shall disclose the contents of the deposition to any person other than those described in paragraphs 10-12, as appropriate, during said fourteen (14) calendar days. Upon being informed that certain portions of a deposition are designated as confidential, each party shall cause each copy of the transcript in its possession, custody or control to be marked in accordance with paragraph 5 of this Order, to the extent not already marked by the

reporter. Any deposition transcript, or portions of a deposition transcript, designated confidential under this paragraph shall be subject to all other paragraphs in this Order affecting material so designated.

9. Designated material shall not be used by any recipient or disclosed to anyone for any purpose other than in connection with the above-captioned action and shall not be disclosed by the recipient to anyone other than those persons designated in paragraphs 10-12 below, as appropriate, unless and until the restrictions herein are removed by order of the Court or by written agreement of the parties.

10. Access to material designated CONFIDENTIAL shall be limited to:

a) the parties' outside counsel;

b) the parties' in-house counsel;

c) the clerical employees of such counsel listed in subparagraphs (a) and (b) (including secretaries, paralegals, and clerks) actually assisting such counsel in preparation of this case, as well as copying and graphics support contractors unaffiliated with the parties retained by outside counsel for a receiving party who execute Exhibit A to the protective order;

d) nonparty experts or consultants, including their secretarial and clerical personnel, retained to assist counsel in this case and who become qualified to receive material designated under this Order in accordance with the procedure identified in paragraph 13 below;

e) court reporters involved in transcribing depositions or other proceedings in this litigation, and videographers involved in recording depositions, provided that they agree to be subject to the terms of this Order and provided that they are provided designated material only to the extent necessary to perform their duties;

f) the Court;

g) Court personnel involved with this case;

h) members of the jury in this case; and

i) translators to whom disclosure is reasonably necessary for this litigation and who have signed Exhibit A.

11. Access to material designated CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY will be treated with at least the same level of confidentiality as material designated CONFIDENTIAL, and will be subject to the following additional restrictions:

   a) parties and employees of the parties, including their in house counsel, shall not be provided access to such material.

12. Access to material designated CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE shall be subject additional protections given the particularly sensitive nature of the information.

   a) In producing source code portions in electronic form, counsel shall comply with the following:

      i) Outside counsel of record shall maintain and store such material at their offices in a manner that prevents unauthorized access, including without limitation the following minimum safeguards:

         A) Any external media (e.g., hard drives, DVDs) containing source code must be kept in a locked safe or storage cabinet when not connected to or inserted in the non-networked computer for viewing. The external media must be disconnected from and/or removed from the non-networked computer and stored in such locked safe or cabinet when it is not actually being used to view the source code contained therein;

         B) The non-networked computer and the safe or storage cabinet must be kept in a locked and secure room.

         C) The locked room shall not be on the ground floor of the building. Access to the floor on which the locked and secure room is located is permitted only via a key (or card) system;

       D) The non-networked computer and/or external media used to store the source code shall be password protected; and

       E) At the end of the case, any entity receiving source code will certify that: (a) all external media, print-outs, and copies containing source code have been destroyed, with the exception of exhibits that were attached to filed pleadings or admitted into evidence; (b) the hard drives of the non-networked computer and any other storage or memory media which may contain source code have been reformatted and destroyed; and (c) the access and print logs have been archived along with counsel's other records from this litigation. Other than set forth in this subparagraph, counsel may not maintain a file copy of source code material.

ii) One electronic copy of the source code portions shall be produced directly to outside counsel of record for the requesting party;

iii) Each copy of the source code may be provided on or loaded onto a single, non-networked computer, respectively;

iv) No electronic copies, other than volatile copies necessarily made in the course of loading and accessing the source code on the non-networked computer, shall be made;

v) Any paper copies of portions of source code that are printed shall be printed onto paper marked "CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY - SOURCE CODE" on each page;

vi) If counsel desires to store and access such source code at a secure facility at a location other than the offices of outside counsel of record, counsel shall propose in writing to outside counsel of record for the designating party the precise location of the proposed secure facility. Source code shall not be taken to such new facility unless approved by the designating party.

13. Nonparty experts or consultants may become qualified to receive material designated under the Order in accordance with the following procedure:

a) Counsel for any party proposing any such person shall submit to outside counsel of record for other parties (and also to third parties in the event the nonparty expert or consultant will have access to designated material produced by such third parties under this Order) a copy of an Undertaking in the form attached as Exhibit A signed by such person, a current resume or curriculum vitae for such person. The original of each such Undertaking shall be maintained by counsel proposing the expert;

b) Unless any other counsel shall notify proposing counsel of its objection to any such proposed person, and the basis therefore, within five (5) business days after the receipt of a copy of the Undertaking referred to in subparagraph (a) above, such person shall thereafter be deemed a qualified recipient and entitled to receive material pursuant to the terms and conditions of the Protective Order;

c) Counsel for the receiving party may in good faith request additional information from the proposing counsel. If so, the five (5) business day period for objection shall be tolled until the proposing party responds; and

d) Should any counsel timely notify proposing counsel of its objection to any such proposed person and of the basis for its objection in accordance with subparagraph (b) above, or if any counsel requests additional information pursuant to subparagraph (c) more than twice and the proposing counsel thereafter requests a meet and confer, the parties shall promptly meet and confer and attempt to resolve the issue. If the issue is not resolved through the meet and confer, then the proposing party may file a motion to propose such access. However, proposing counsel shall not disclose material designated under this Protective Order to such proposed person before the expiration of the time for objection or before the resolution of any such objection by the parties or the Court. There shall be a reasonable basis for such objection.

14. Each recipient of designated materials shall maintain such material in a secure, safe area and shall exercise the same standard of care with respect to the storage, custody, use and dissemination of such material as is exercised by the recipient with respect to its own confidential and proprietary material.

15. Except upon consent of the designating party or upon order of the Court, any and all designated materials produced, served or otherwise made available during the course of this action, together with all reproductions, copies, excerpts, abstracts, indices, compilations or summaries of those materials, and including testimony, conversations, or presentations that might reveal designated material, shall be used only for preparation and presentation of this action and for no other purpose whatsoever.

16. A party or non-party that seeks to file under seal any designated materials must comply with Civil L.R. 79-5. Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A designating party must take care to designate for protection only those parts of material that qualify so that other portions of the material for which protection is not warranted are not swept unjustifiably within the ambit of this Order. To the extent any briefs, interrogatory responses or expert reports in this action are designated "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" pursuant to this protective order, the designating party shall serve with the designated version (or within the next forty-eight hours), redacted versions such that non-outside attorneys' eyes only information may be promptly reviewed by appropriate party personnel. To the extent a receiving party is dissatisfied with the extent of the redactions, a receiving party may propose a revised redacted version to the designating party's counsel, and the designating party must respond with two days with either an acceptance of the revised redacted version or an explanation as to why the revised redaction version is not accepted (the explanation may include an acceptance of some but not all proposed revisions to the redactions). If the resulting redacted materials are not believed sufficient, the receiving party may apply for relief from the

Court, and the designating party shall bear the burden of persuasion with respect to the justification for maintaining redactions that are challenged.

17. A party's production of confidential material without any designation or with an inaccurate or less restrictive designation shall not be deemed a waiver of confidentiality with regard to the information disclosed or inaccurately designated. The designating party must provide written notice of same and send newly designated replacement copies of such materials to the parties who previously received them. All recipients of such replacement materials must cooperate in order to return and/or destroy the materials previously produced and such cooperation will not be argued or deemed to be a concession that any designation by the designating party was appropriate.

18. Should any designated material be disclosed, through inadvertence or otherwise, to a person or party not authorized under this Order, then the disclosing party shall use its best efforts to bind such person or party to the terms of this Order within five (5) calendar days; and the disclosing party shall (a) identify such person immediately to the party that designated the document as confidential; (b) promptly inform such person of the provisions of this Order; (c) request such person to sign the agreement in the form attached hereto as Exhibit A; (d) promptly provide that signed agreement to the designating party; and (e) use its best efforts to retrieve the designated information within five (5) calendar days and prevent any unauthorized use. The actions provided by this paragraph of the Order are without prejudice to any rights and remedies of the designating party, and any actions taken by the disclosing party to comply with this paragraph shall not be argued as a concession of liability or admission by the disclosing party.

19. Nothing in this Order shall be construed to prevent a party from opposing the designation or production of materials at any time during the course of this litigation. A party opposing a designation shall serve a written objection, including a statement of the grounds for the objection, on the designating party. The designating party will have ten (10) business days following the receipt of the objection to meet and confer with the objecting party and modify or withdraw its designation. If the designation is not modified or withdrawn, the objecting party may promptly move the Court for an order modifying or removing the designation. On such a motion,

1  the designating party shall bear the burden of proof to justify the disputed designation. Failure to so
2  object or move shall not constitute an admission that the material was properly designated.

3      20.    Nothing in this Order shall be construed as requiring disclosure of privileged
4  materials, materials subject to protection under the work product doctrine, or materials that are
5  otherwise beyond the scope of permissible discovery.

6      21.    If information subject to a claim of attorney-client privilege, work-product immunity,
7  or any other applicable claim of privilege or immunity is inadvertently produced, such production
8  shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege
9  or immunity for such information. If a party has inadvertently produced material subject to a claim
10 of immunity or privilege, then within five (5) calendar days following that party's written request
11 identifying the material for which a claim of inadvertent production is made, that material shall be
12 returned and all copies or reproductions of that material that may have been made shall be destroyed.
13 The party returning such information may move the Court for an Order compelling production of
14 such information, but the motion shall not assert as a ground for production the fact or circumstances
15 of the inadvertent production.

16     22.    Nothing in this Order or any productions or designations of materials under this Order
17 shall be construed to prevent a designating party from seeking further protections for confidential
18 material, or modifying this Order, as may be appropriate.

19     23.    The designation or non-designation of any material under this Order shall not be
20 admissible as evidence in any litigation for any purpose.

21     24.    Nothing in this Order or any productions or designations of materials under this Order
22 shall be construed as a waiver by any party of any objections that might be raised as to the
23 admissibility of any material at trial.

24     25.    Nothing in this Order shall bar or otherwise restrict counsel to the parties from
25 rendering advice to their clients with respect to this litigation and, in the course thereof, referring to
26 or relying upon examination of information designated pursuant to this Order, so long as the content
27 of the designated information is not disclosed.

28

26. This Order shall remain in effect after the final determination of this action, unless otherwise ordered by the Court.

27. If a party that received designated material is served with a subpoena or an order issued in other litigation that would compel disclosure of any material designated confidential by a designating party, the receiving party must so notify the designating party in writing (by fax, if possible) immediately, in no event more than three (3) business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena or order to issue and present an objection to production of any materials designated for protection under this Order. The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The designating party shall bear the burdens and the expenses of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

28. Unless counsel agree otherwise in writing, upon final disposition of this action, receiving counsel (and all persons who have received designated materials, including consultants, etc.) shall either destroy (or cause to be destroyed) or return promptly all (a) documents which are designated and (b) copies made thereof, including copies provided to other persons within sixty (60) calendar days from the final disposition of this action. Notwithstanding the foregoing, counsel of record shall be permitted to retain attorney work product and one file copy of all court filings, including materials made part of the trial record or which have been filed under seal with the Clerk of the Court, and one copy of all depositions (and exhibits) and any notes or memoranda relating thereto. Such materials must continue to be maintained under the terms of this Protective Order.

29. Nothing herein shall restrict a designating party with respect to its own treatment and handling of its own designated information. Thus, nothing herein shall restrict a designating party from having access to its own designated information that it designated or produced in discovery or from having access to portions of any derivatives, abstracts, briefs, memoranda, reports, or testimony that refer to the designating party's own designated materials that it designated or produced in discovery. For example, a designating party shall be permitted to have access to portions of any expert reports, testimony or court filings that address the party's own materials. The receiving party may prepare appropriate redacted versions of materials designated under this Order that refer to a designating party's own information to allow a designating party to have access to materials that refer to the designating party's own information.

30. Nothing herein shall prohibit counsel for a party in this action from disclosing a document or information that constitutes designated information to a person identified as an author, addressee (including blind carbon copy addressee), or recipient of such document or information, or from disclosing information or testimony relating to a conversation or meeting to which the person is identified as a participant. Additionally, any document or information that constitutes designated information may be shown, by counsel for a party in this action, to any current employee, consultant, expert witness, or representative of the party that produced the document or information so designated, during the deposition of that current employee, consultant, expert witness, or representative. Also, any document or information that constitutes designated information may be shown to any former employee, consultant, expert witness, or representative of the party that produced the document or information so designated, during the deposition or other testimony of that former employee, consultant, expert witness, or representative, if the document or information so designated was in existence during the period of such individual's relationship with the disclosing party. A document that constitutes designated information that contains handwriting may be shown to a deposition witness for the purpose of determining whether the deposition witness is the author of the document, provided that counsel establishes through the deposition testimony of the witness a reasonable and good faith basis for believing that the handwriting was or could have been authored

1 | by the deposition witness, and provided that the counsel takes reasonable steps to ensure that no
2 | unnecessary disclosure of designated information takes place (e.g., by showing the deposition
3 | witness a limited sample of the handwriting at issue).

6 | DATED: February 12, 2008

K&L Gates

By _____
Michael J. Bettinger
Attorneys for Plaintiff and Counter-
Defendant WISTRON CORPORATION and
Counter-Defendant WISTRON
INFOCOMM (TEXAS) CORPORATION

12 | DATED: February 14, 2008

DLA Piper US LLP

By _____
Mark D. Fowler
Attorneys for Defendant and Counter-
Plaintiff SAMSUNG ELECTRONICS CO.,
LTD.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____, 2008

_____
THE HONORABLE VAUGHN R. WALKER
UNITED STATES DISTRICT JUDGE