**K&L|GATES**

Kirkpatrick & Lockhart Preston Gates Ellis LLP
55 Second Street
Suite 1700
San Francisco, CA 94105-3493

T 415.882.8200   www.klgates.com

February 22, 2008

christy.lapierre@klgates.com

**VIA E-MAIL**

Judge Vaughn R. Walker
U.S. District Court, Northern District of California
450 Golden Gate Avenue
17th Floor, Courtroom 6
San Francisco, CA 94102

Re:   *Wistron Corporation v. Samsung Electronics Co., Ltd.*
      Case No. C 07-04748 VRW – Discovery Dispute

Dear Hon. Judge Walker:

      Pursuant to the Court's Standing Order, Wistron Corporation ("Wistron") files this letter regarding Defendant Samsung Electronics Co., Ltd's ("Samsung") failure to adequately address several of Wistron's interrogatories and requests for production of documents. The following subjects are at issue:

1. **Pre-Filing Investigation – Whether Samsung Should State Facts Relating to Its Pre-Filing Investigation of Wistron's Accused Products.**

      As part of its initial discovery requests, Wistron served Samsung with the following interrogatory:

> Describe all investigation and analysis performed prior to Samsung's filing of its Counter-complaint to determine if any product produced, offered for sale and/or sold by Wistron infringes Samsung's patents-in-suit, including, without limitation, all information relating to Wistron products that Samsung had access to or possession and/or control of prior to filing this lawsuit; all reverse engineering, studies, reports, analysis performed to determine whether Wistron's products infringed Samsung's patents-in-suit, all persons involved in the investigation and analysis, the documents or other information they provided, and the dates each aspect of the investigation occurred.

      Samsung has refused to provide discoverable details in response to this interrogatory including: who performed what analysis, which products were examined, when those products were examined, what tests or analysis, if any, Samsung conducted on the accused products, and the results of those investigations.

      Wistron believes that this information is critical in order to determine whether the

investigation conducted was reasonable and is relevant to Wistron's non-infringement defenses. Wistron also believes that this information is highly relevant in determining Samsung's state of mind concerning Wistron's products.

2.   **Third-Party Information** – **Whether Samsung May Withhold Responsive Documents Based on an Assertion of Confidentiality**

Samsung is withholding responsive documents in response to several of Wistron's document requests based on its objection that it cannot produce responsive documents due to Samsung's confidentiality obligations with third parties. Although Samsung has not disclosed the nature of all of the documents it is withholding, it has stated that it would not produce any settlement agreements from the previous, related litigation even though such documents are responsive to Wistron's requests.

Wistron believes that the recently entered protective order [Dkt. #37] obviates this objection and that Samsung should be compelled to produce these documents. Wistron notes that a resolution of this particular dispute prior to March 1, 2008 would benefit the parties due to a mediation scheduled on March 10, 2008. Wistron believes that the requested settlement agreements are germane to a reasonable royalty and damages analysis, and will assist the parties in the settlement negotiations.

3.   **Inventorship Details** – **Whether Samsung Should Provide Details of Inventorship Relating to the Patents-in-suit, or State That it Has No Knowledge of Such Facts**

Wistron has asked Samsung to provide details of conception, reduction to practice, and development of the inventions asserted in the patents-in-suit. Samsung has failed to state the facts as to the inventors' role(s) in the conception and/or reduction to practice of the inventions. Samsung's refusal to provide such information is surprising in that it submitted a lengthy declaration from a witness in the prior litigation (Dr. Wedig) in which the witness provided such facts for the '273 patent. Samsung has refused to include that information in response to Wistron's interrogatory and has not provided any information regarding the '100 or '275 patents. If Samsung does not have any knowledge responsive to the request and has not contacted the inventors of the patents-in-suit, then Wistron respectfully submits that Samsung should so state in a verified interrogatory response.

Wistron respectfully requests that the Court permit the parties to brief these issues or hold a conference with the parties in order to resolve this dispute.

Very truly yours,

KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP

Christy V. La Pierre