**K&L|GATES**

Kirkpatrick & Lockhart Preston Gates Ellis LLP
55 Second Street
Suite 1700
San Francisco, CA 94105-3493

T 415.882.8200    www.klgates.com

April 14, 2008

christy.lapierre@klgates.com

**VIA E-MAIL**

Judge Vaughn R. Walker
U.S. District Court, Northern District of California
450 Golden Gate Avenue
17th Floor, Courtroom 6
San Francisco, CA 94102

Re:   *Wistron Corporation v. Samsung Electronics Co., Ltd.*
      Case No. C 07-04748 VRW – Discovery Dispute

Dear Hon. Judge Walker:

      Pursuant to the Court's Standing Order, Wistron Corporation ("Wistron") files this letter regarding Defendant Samsung Electronics Co., Ltd's ("Samsung") failure to adequately respond to Wistron's Interrogatory No. 4 regarding its pre-filing investigation.

1.   **Interrogatory at Issue**
     **Interrogatory No. 4** - Describe all investigation and analysis performed prior to Samsung's filing of its Counter-complaint to determine if any product produced, offered for sale and/or sold by Wistron infringes Samsung's patents-in-suit, including, without limitation, all information relating to Wistron products that Samsung had access to or possession and/or control of prior to filing this lawsuit; all reverse engineering, studies, reports, analysis performed to determine whether Wistron's products infringed Samsung's patents-in-suit, all persons involved in the investigation and analysis, the documents or other information they provided, and the dates each aspect of the investigation occurred.

2.   **Procedural History of the Dispute**
     Wistron has asked the Court to compel Samsung's response to this interrogatory before. The patent-holder in a patent infringement suit is required to state all relevant facts regarding their pre-filing investigation of the accused infringer's products and services. *See, e.g. View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000); *Network Caching Tech., LLC v. Novell, Inc.*, 2002 WL 32126128 at *3-4 (N.D. Cal. Aug. 13, 2002). During a February 22, 2008 conference call with the Court on this issue, the Court ordered Samsung to provide a supplemental response which identified the "who, what, when, and where" in response to this request. Instead of timely responding, Samsung waited over two months, and only after counsel's request to take the issue to the court, before offering a 5 line "supplemental" answer which only vaguely identified the timing of Samsung's pre-filing investigation.

K&L|GATES

Judge Vaughn R. Walker
April 14, 2008
Page 2

**Supplemental Response to Interrogatory No. 4: (Supplemental Response Served On April 7, 2008)**
Samsung incorporates by reference its objections and response to Wistron Interrogatory No. 4 and further responds as follows: Prior to Wistron's filing of this lawsuit on September 14, 2007, Samsung performed testing of the Acer TravelMate 2410 notebook computer. The TravelMate 2410 was ordered on or about August 29, 2005, and was received by Samsung on or about September 12, 2005. Samsung performed its testing between February 2006 and August 2006, and created claim charts for the TravelMate 2410 (SEC-WE 00000018-00000031) between May 2006 and August 2006.

**3. Samsung has waived its privilege objections and should completely respond to the interrogatory.** By referring to a 14 page document that was produced in this litigation as the product of its pre-filing investigation, Defendant Samsung has waived all privilege claims with respect to that document. The Northern District of California was recently presented with a similar situation in *Avago Techs. Gen. IP PTE Ltd. v. Elan Microelectronics Corp.*, 2006 WL 3290400 (N.D. Cal. Nov. 13, 2006). In attempting to show that Avago complied with its duty under Fed. R. Civ. P. 11 to investigate before filing a claim of patent infringement, an Avago employee declared that Avago had performed a pre-filing investigation, and detailed the results of that investigation. *Avago*, 2006 WL 3290400 at *2. The court held that Avago had waived the work product privilege with respect to the report of the investigation, as it had disclosed part of the report and relied upon its contents. *Id.* Because Samsung contends that this document reflects the totality of its pre-filing investigation, Samsung should be obligated to answer the interrogatory with respect to at least this document and all other pre-filing investigation.

In particular, Samsung's supplemental response is deficient in that it fails to identify or explain (1) which individuals performed what testing, (2) what testing was performed on the TravelMate 2410, (3) all results of the testing (preliminary and otherwise), (4) who drafted the document referred to in the interrogatory response, (5) where the accused product (TravelMate 2410) was ordered from, how much was paid for it, the packaging and other details regarding the acquisition of the product; (6) where the testing took place; (7) all documents generated as a result of and relating to the testing; and (8) any specific time period beyond a general seven month period in which the unspecified testing took place.

The response is additionally deficient in that it does not identify all information relating to Wistron products that Samsung had access to or possession and/or control of prior to filing this lawsuit.

Wistron respectfully requests that the Court permit the parties to brief these issues or hold a conference with the parties in order to resolve this dispute.

Very truly yours,

KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP

Christy V. La Pierre