**DLA PIPER**

DLA Piper US LLP
2000 University Avenue
East Palo Alto, California 94303-2214
www.dlapiper.com

Brian P. Wikner
brian.wikner@dlapiper.com
T 650.833.2251
F 650.687.1250

April 15, 2008

OUR FILE NO. 347269-36

Via E-Filing and FedEx

The Honorable Vaughn R. Walker
Chief Judge of the United States District Court
Northern District of California
Courtroom 6, 17th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re: **Wistron Corporation v. Samsung Electronics Co., Ltd.**
**United States District Court, Northern District of California, Case No. C 07-4748 VRW**

Dear Judge Walker:

We are counsel for Samsung Electronics Co., Ltd. ("Samsung") in this action. We write in response to the April 14, 2008, letter filed by Plaintiff and Counter-Defendant Wistron Corp. ("Wistron") regarding a dispute concerning Samsung's response to Wistron Interrogatory No. 4. In short, Samsung complied with its discovery obligations and it is unsure why Wistron brought this matter to Court's attention as there is no genuine discovery dispute to resolve.

### Samsung Complied With The Court's Order

On February 22, 2008, the Court held a conference call with the parties for the purpose of resolving several discovery disputes. During the call, Wistron challenged the sufficiency of Samsung's response to Wistron Interrogatory No. 4, which sought information, including reports, studies and analysis, relating to Samsung's pre-filing investigation of Wistron's products. Samsung asserted that much of the information sought by Wistron's interrogatory, especially infringement analyses and reports, is protected from discovery by the attorney work product doctrine. Samsung understood the Court's February 22, 2008, order to require Samsung to identify the non-privileged facts relating to its pre-filing investigation and to provide, for information claimed to be privileged, a privilege log to Wistron, from which Wistron can evaluate the claimed privilege.

Prior to the February 22, 2008, conference call with the Court, Samsung's initial interrogatory response (not quoted in Wistron's letter to the Court) already: (a) identified the names of the individuals involved in the pre-filing investigation of Wistron's products; and (b) identified by document production numbers two non-privileged reports pertaining to the investigation that Samsung already had produced to Wistron. Among other things, the two reports identify the product tested and show the analysis performed and the results of the testing. Samsung also had agreed, prior to the February 22, 2008, conference call with the Court, to supplement its interrogatory response with information regarding the dates of the pre-filing investigation activities. Samsung provided this additional information, as well as an identification of the product tested, in Samsung's First Supplemental Response to Wistron Interrogatory No. 4. The Supplemental Response also once again cited the two previously produced reports.



Hon. Vaughn R. Walker
April 15, 2008
Page Two

Samsung further complied with the Court's order by producing to Wistron a privilege log identifying documents for which Samsung asserts privilege. The log includes the date of the documents (the "when"), the author and recipient of the documents (the "who"), and provides a description of the document (the "what"). Wistron has made no complaint to Samsung as to the sufficiency of the privilege log, which includes many entries relating to Samsung's pre-filing investigation. In fact, Wistron's letter to the Court fails even to acknowledge the privilege log. Perhaps this is because Wistron has not yet served any privilege log as to any withheld Wistron document.

Wistron's letter to the Court lists eight alleged "deficiencies" in Samsung's interrogatory response. However, alleged deficiency nos. (1), (4), (5) and (6) pertain to information not requested by Interrogatory No. 4. Moreover, as to the other alleged deficiencies, Samsung provided the names of the Samsung personnel involved and the dates in question, and the non-privileged documents produced to Wistron show the non-privileged tests performed and the test results.

### Samsung Did Not Waive Privilege

Wistron's assertion that Samsung waived the privilege as to pre-filing information that has not been produced is unfounded. In response to Wistron Interrogatory No. 4, Samsung produced two written reports which Samsung previously disclosed to Wistron during pre-litigation licensing negotiations. Samsung never claimed privilege as to these two reports.

The case Wistron relies upon, *Avago Technologies General IP PTE Ltd. v. Elan Microelectronics Corp.*, 2006 WL 3290400 (N.D. Cal. 2006), is inapposite. *Avago* involved the question of whether statements made in a declaration about the contents of a report waived work product protection as to the report, thus requiring the report be produced. Here, Samsung produced the two reports and made no claim of work product protection as to those two documents.

Contrary to Wistron's unsupported (and incorrect) assertion, the two reports produced by Samsung do not reflect the totality of Samsung's pre-filing investigation. There is other privileged information that has not been produced as to which there has been no waiver. Samsung's interrogatory response asserts privilege as an objection, and, to the extent such information is documented, all such documents that have been identified to date are listed on the privilege log in the manner directed by the Court.

Accordingly, Samsung respectfully requests that Wistron be denied the relief it seeks.

Respectfully Submitted,

DLA Piper US LLP

Brian P. Wikner
Attorneys for Samsung Electronics Co., Ltd.

PA\10548338.1