| | |
|---|---|
| MARK D. FOWLER, Bar No. 124235<br>mark.fowler@dlapiper.com<br>ELIZABETH DAY, Bar No. 177125<br>elizabeth.day@dlapiper.com<br>TIMOTHY LOHSE, Bar No. 177230<br>timothy.lohse@dlapiper.com<br>SAL LIM, Bar No. 211836<br>sal.lim@dlapiper.com<br>GREGORY J. LUNDELL, Bar No. 234941<br>greg.lundell@dlapiper.com<br>BRIAN P. WIKNER, Bar No. 244292<br>brian.wikner@dlapiper.com<br>DLA PIPER US LLP<br>2000 University Avenue<br>East Palo Alto, CA  94303-2214<br>Tel:  650.833.2000<br>Fax:  650.833.2001<br><br>Attorneys for Defendant and Counter-Plaintiff<br>SAMSUNG ELECTRONICS CO., LTD. | MICHAEL J. BETTINGER Bar No. 122196<br>michael.bettinger@klgates.com<br>TIMOTHY P. WALKER, PHD Bar No. 105001<br>timothy.walker@klgates.com<br>HAROLD H. DAVIS, JR. Bar No.  235552<br>harold.davis@klgates.com<br>**K&L Gates**<br>55 Second Street, Suite 1700<br>San Francisco, California  94105-3493<br>Telephone: 415.882.8200<br>Facsimile: 415.882.8220<br><br><br>Attorneys for Plaintiffs and Counter-Claim Defendants<br>WISTRON CORPORATION and<br>WISTRON INFOCOMM (TEXAS)CORPORATION |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WISTRON CORPORATION, a Taiwan corporation,<br><br>             Plaintiff and Counter-Defendant,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Republic of Korea corporation,<br><br>             Defendant and Counter-Plaintiff.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br><br>             Counterclaim-Plaintiff,<br><br>    v.<br><br>WISTRON CORPORATION, and WISTRON INFOCOMM (TEXAS) CORPORATION,<br><br>             Counterclaim-Defendants. | CASE NO.  C-07-4748 VRW<br><br>**SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Case Management Conference:<br>Date:  May 1, 2008<br>Time:  3:30 p.m.<br>Dept:  6<br>Judge:  Hon. Vaughn R. Walker |

DLA PIPER US LLP
EAST PALO ALTO

EM\7229022.1
347269-36

-1-
SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER;
CASE NO. C-07-4748 VRW

1   The parties to the above-entitled action jointly submit this Supplemental Joint Case
2   Management Statement and [Proposed] Order and request that the Court adopt it as its
3   Supplemental Case Management Order in this case.

## ALTERNATIVE DISPUTE RESOLUTION

4

5   **1.   The prospects for settlement:**

6   At present, the prospects for settlement are uncertain.

7   **2.   ADR efforts by the parties to date:**

8   The parties participated in a private mediation on March 10, 2008, which was
9   unsuccessful.

## PROGRESS TO DATE

10

11  **3.   Discovery:**

12  Discovery is underway.  Non-party discovery also is underway.

13  **4.   Disclosures under the Patent Local Rules:**

14  Samsung served its preliminary infringement contentions on December 28, 2007.  Wistron
15  served its preliminary invalidity contentions on February 28, 2008.

16  **5.   Claim Construction:**

17  The parties are filing the Joint Claim Construction Statement today.  Claim construction
18  discovery will be completed by May 21, 2008.

## CASE SCHEDULE

19

20  **6.   Expert Discovery.**

21  **Wistron's Position.**  It appears that per Fed. R. Civ. P. 26(a)(2)(C), initial expert reports
22  are due September 2, 2008.  Further, as now scheduled, the Court is to hear dispositive motions
23  on or before September 25, 2008, which would require opening briefs to be due on August 21,
24  well before the parties are required to even identify expert witnesses.    Wistron believes,
25  therefore, that the current case schedule does not allow for enough time to complete expert
26  discovery.  Wistron believes that the trial schedule should be extended in order to allow enough
27  time to depose experts after the exchange of rebuttal reports and to allow expert discovery to
28  conclude prior to the current date set for the hearing of dispositive motions.  Alternatively,

DLA PIPER US LLP
EAST PALO ALTO
EM\7229022.1
347269-36
-2-
SUBSEQUENT JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER;
CASE NO. C-07-4748 VRW

1  Wistron could accept the current trial schedule if the expert disclosure deadline were advanced
2  before its current September 2, 2008 date.  The difficulty in so advancing the expert disclosure
3  date, however, is that the claim construction hearing is currently set for August 7, and that the
4  experts will need to have the claim construction order in order to offer their opinions in this case.
5  Consequently, Wistron proposes that the Court consider extending the trial schedule in order to
6  accommodate expert discovery.

7  **Samsung's Position.**  Samsung opposes Wistron's request to extend the trial and pre-trial
8  schedule in this case.  The Court set the current trial and pre-trial dates at the initial Case
9  Management Conference, at which time Samsung and Wistron both provided input into and
10  consented to the current schedule.  Indeed, both Wistron and Samsung asserted it was important
11  to proceed to trial as promptly as possible.

12  The current case schedule, as supplemented by the expert report deadlines set forth in
13  Rule 26(a)(2)(C), is feasible.  Under the existing schedule, initial expert reports are due on
14  September 2, 2008, and rebuttal expert reports are due on October 2, 2008.   The Markman
15  hearing is scheduled for August 7, 2008.  If the Court issues its Markman order before the initial
16  expert reports are due, Samsung's expert witnesses will be prepared to serve their reports on the
17  issue of infringement based upon the claim constructions set forth in the Court's Markman order.
18  Based upon the Court's statements at the initial Case Management Conference, Samsung believes
19  the Court is likely to issue its Markman order promptly after the Markman hearing (which was
20  one of the reasons the Court set August 21 as the last day to file dispositive motions).  However,
21  if the Court were to issue its Markman order at a later date, Samsung's experts still would be
22  prepared to issue their reports by the current September 2, 2008, deadline because they would be
23  prepared to address the issue of infringement under the alternative claim constructions offered by
24  Samsung and Wistron.  Samsung's initial expert report on damages is not dependent on claim
25  construction.

26  Wistron notes that, under the current schedule, motions for summary judgment would be
27  filed before expert reports are due to be served.  This does not present a problem.  As an initial
28  matter, any summary judgment motion that is filed will be decided based upon whether there is a

DLA PIPER US LLP
EAST PALO ALTO
EM\7229022.1
347269-36
-3-
SUBSEQUENT JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER;
CASE NO. C-07-4748 VRW

disputed issue of fact. While experts may assist in explaining facts, they do not create or change them. In any event, either party is free to submit an expert declaration with its summary judgment papers. If the opposing party takes issue with the expert's declaration, it can depose the expert before it must file responsive papers. As long as the parties coordinate the scheduling of the depositions in advance, there should be no resulting problems.

## SUPPLEMENTAL CASE MANAGEMENT ORDER

The Case Management Statement and [Proposed] Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

Dated: April 21, 2008

/s/ Mark Fowler
Mark D. Fowler
Attorney for Samsung Electronics Co., Ltd.

Dated: April 21, 2008

/s/ Harold Davis
Harold Davis
Attorney for Wistron Corp. and Wistron InfoComm

**IT IS SO ORDERED:**

Dated: _____

Hon. Vaughn R. Walker
UNITED STATES DISTRICT JUDGE

DLA PIPER US LLP
EAST PALO ALTO

EM\7229022.1
347269-36

-4-
SUBSEQUENT JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER;
CASE NO. C-07-4748 VRW