| | |
|---|---|
| MARK D. FOWLER, Bar No. 124235<br>mark.fowler@dlapiper.com<br>ELIZABETH DAY, Bar No. 177125<br>elizabeth.day@dlapiper.com<br>TIMOTHY LOHSE, Bar No. 177230<br>timothy.lohse@dlapiper.com<br>SAL LIM, Bar No. 211836<br>sal.lim@dlapiper.com<br>GREGORY J. LUNDELL, Bar No. 234941<br>greg.lundell@dlapiper.com<br>BRIAN P. WIKNER, Bar No. 244292<br>brian.wikner@dlapiper.com<br>DLA PIPER US LLP<br>2000 University Avenue<br>East Palo Alto, CA 94303-2214<br>Tel: 650.833.2000<br>Fax: 650.833.2001<br><br>Attorneys for Defendant and Counter-Plaintiff<br>SAMSUNG ELECTRONICS CO., LTD. | MICHAEL J. BETTINGER Bar No. 122196<br>michael.bettinger@klgates.com<br>TIMOTHY P. WALKER, PHD Bar No. 105001<br>timothy.walker@klgates.com<br>HAROLD H. DAVIS, JR. Bar No. 235552<br>harold.davis@klgates.com<br>**K&L Gates**<br>55 Second Street, Suite 1700<br>San Francisco, California 94105-3493<br>Telephone: 415.882.8200<br>Facsimile: 415.882.8220<br><br>Attorneys for Plaintiffs and Counter-Claim Defendants<br>WISTRON CORPORATION and<br>WISTRON INFOCOMM (TEXAS)CORPORATION |

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| WISTRON CORPORATION, a Taiwan corporation,<br><br>    Plaintiff and Counter-Defendant,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Republic of Korea corporation,<br><br>    Defendant and Counter-Plaintiff. | CASE NO. C-07-4748 VRW<br><br>**JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT**<br><br>Claim Construction Hearing:<br>Date: August 7, 2008<br>Time: 2:30 p.m.<br>Dept: 6<br>Judge: Hon. Vaughn R. Walker |
| SAMSUNG ELECTRONICS CO., LTD.,<br><br>    Counterclaim-Plaintiff,<br><br>    v.<br><br>WISTRON CORPORATION, and WISTRON INFOCOMM (TEXAS) CORPORATION,<br><br>    Counterclaim-Defendants. | |

Pursuant to this Court's Standing Orders and Patent L.R. 4-3, the parties to the above-entitled action jointly submit this Joint Claim Construction and Prehearing Statement.

## I. JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT

Pursuant to Patent L.R. 4-2(c), the parties have met and conferred and jointly submit this Joint Claim Construction and Prehearing Statement. This Statement includes the following Exhibits:

- Exhibits A, B and C are copies of the patents-in-suit: United States Patent No. 5,333,273 (the '273 Patent), United States Patent No. 5,625,275 (the '275 Patent), and United States Patent No. 6,523,100 (the '100 Patent).

- Exhibit D is a summary of the constructions of those claim terms, phrases, or clauses on which the parties agree according to Patent L.R. 4-3(a).

- Exhibit E is a chart presenting the parties' proposed constructions of disputed claim terms, phrases, or clauses and supporting evidence required under this Court's Standing Orders for the '273 Patent.

- Exhibit F is a chart presenting the parties' proposed constructions of disputed claim terms, phrases, or clauses and supporting evidence required under this Court's Standing Orders for the '275 Patent.

- Exhibit G is a chart presenting the parties' proposed constructions of disputed claim terms, phrases, or clauses and supporting evidence required under this Court's Standing Orders for the '100 Patent.

## II. CLAIM CONSTRUCTION HEARING AND BRIEFING SCHEDULE

The Court's Joint Case Management Statement and Order sets out the following briefing schedule leading up to a claim construction hearing:

Samsung's Opening Brief:  June 9, 2008;

Wistron's Responsive Brief:  June 26, 2008;

Samsung's Reply Brief:  July 10, 2008; and

Claim Construction Hearing:  August 7, 2008, at 2:30 p.m.

## III. EXPERT WITNESSES

The parties understand that there will be no live expert testimony at the Claim Construction Hearing. The parties expect to provide expert declarations in support of their Claim Construction Briefs.

## IV. CLAIM CONSTRUCTION HEARING

The parties request 3-4 hours for the Claim Construction Hearing for the disputed terms.

The parties propose the following order of presentation:

1. Wistron requests that each party is permitted a short opening statement addressing pertinent global issues. Samsung does not believe that a short opening statement addressing pertinent global issues is necessary.
2. Then, the disputed claim language is addressed on a patent-by-patent basis, such that all claim disputes addressed at the hearing for a first patent are addressed before any claim disputes are addressed for the next patent.
3. For each patent, Samsung presents first on each disputed term, then Wistron address the disputed claim language; and then Samsung and Wistron make any rebuttal points.
4. Time permitting, Wistron requests that each party is permitted a short closing statement. Samsung does not believe that a short closing statement is necessary.

The parties are willing to submit a tutorial if the Court so desires, particularly on the '275 and '100 patents which were not at issue in the prior litigation. Samsung does not believe that a separate tutorial is necessary. If the Court does request a tutorial, then the parties request a brief telephonic conference with the Court to discuss the nature and form of such a tutorial preferred by the Court.

Dated: April 21, 2008         /s/ Mark Fowler
                              Mark D. Fowler
                              Attorney for Samsung Electronics Co., Ltd.

Dated: April 21, 2008         /s/ Harold Davis
                              Harold Davis
                              Attorney for Wistron Corp. and Wistron InfoComm