**K&L|GATES**

Kirkpatrick & Lockhart Preston Gates Ellis LLP
55 Second Street
Suite 1700
San Francisco, CA 94105-3493

T 415.882.8200    www.klgates.com

May 9, 2008

christy.lapierre@klgates.com

**VIA E-MAIL**

Judge Vaughn R. Walker
U.S. District Court, Northern District of California
450 Golden Gate Avenue
17th Floor, Courtroom 6
San Francisco, CA 94102

Re:   *Wistron Corporation v. Samsung Electronics Co., Ltd.*
      Case No. C 07-04748 VRW – Discovery Dispute

Dear Hon. Judge Walker:

Pursuant to your Honor's Standing Orders, Wistron Corporation ("Wistron") files this letter regarding Defendant Samsung Electronics Co., Ltd's ("Samsung") failure to produce documents relating to third parties.

1.  **Third-Party Information – Whether Samsung May Withhold Responsive Documents Based on an Assertion of Confidentiality**

Samsung is withholding responsive documents based on its objection that it cannot produce responsive documents due to Samsung's confidentiality obligations with third-parties. On April 30, 2008 Samsung wrote a letter stating that they would not produce infringement charts or other documents relating to Quanta products, even though such documents are responsive to Wistron's document requests and related to the pending litigation. Samsung's refusal was based on Quanta's lack of consent to produce documents containing information about Quanta's products. Furthermore, Samsung has not produced infringement charts or expert reports exchanged in the prior Samsung litigation relating to Quanta[1], based upon confidentiality obligations with third-parties.

Wistron believes that the protective order [Dkt. #37] obviates this objection and that Samsung should be compelled to produce these documents. Wistron notes that a resolution of this particular dispute prior to May 15, 2008 would benefit the parties due to a deposition scheduled on May 19, 2008. Wistron believes that the withheld third-party documents are

---

[1] The defendants in the prior Samsung litigation, *Samsung Electronics v. Quanta Computer, et al*, were Quanta Computer, Inc., Q-lity Computer, Inc., Compal Electronics, Inc., Bizcom Electronics, Inc., Sceptre Technologies, Inc., Inventec Corporation, and Arima Computer Corporation.

**K&L|GATES**

relevant in evaluating Samsung's previous infringement analyses concerning prior defendants' products.

Very truly yours,

KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP

Christy V. La Pierre