

**DLA Piper US LLP**
2000 University Avenue
East Palo Alto, California 94303-2214
www.dlapiper.com

Sal Lim
sal.lim@dlapiper.com
T  650.833.2101
F  650.687.1121

OUR FILE NO. 347269-36

May 28, 2008
*VIA E-FILING*
*VIA HAND DELIVERY*

The Honorable Vaughn R. Walker
Chief Judge of the U.S. District Court
Northern District of California
450 Golden Gate Avenue
17th Floor, Courtroom 6
San Francisco, CA 94102

Re:   **Wistron Corp. v. Samsung Electronics. Co., Ltd.**
      **Northern District of California, Case No. C 07-04748 VRW**

Dear Judge Walker:

We are counsel for Samsung Electronics Co., Ltd. ("Samsung") in this action.  This letter concerns a dispute concerning documents Wistron Corporation ("Wistron") claims are privileged and of which Samsung seeks production.  Because the documents in dispute relate to the questioning of a Wistron witness in a series of depositions currently occurring in Taiwan, Samsung respectfully requests the Court's assistance at this time.  Specifically, Samsung requests Wistron be compelled to produce the Function Key ("Fn") Hotkey tables referenced as an attachment to the email labeled WIS-E 01021313.  By agreement of counsel, a copy of the email, which Wistron also claims is privileged, is enclosed with the copy of this letter that is being hand-delivered to the Court.

Yesterday, Wistron listed this email and its attachments, including the Fn Hotkey tables, on an updated privilege log.  However, neither Mr. Tsao, who sent the email and attached the Fn Hotkey tables, nor Mr. Chen, who received the email, is an attorney.  Rather, they are Wistron engineers.  Further, the subject matter of the Fn Hotkey tables is the engineering fact of which hotkeys or hotkey combinations are used in Wistron's computers.  Thus, the tables neither constitute an attorney-client communication, nor reflect attorney advice.  Indeed, the email is dated January 16, 2007 – eight months before Wistron filed this litigation.

Despite the privilege log's silence as to attorney work-product, Wistron's counsel recently informed Samsung that Wistron also asserts privilege under that doctrine.  But the work-product doctrine only protects documents prepared "in anticipation of litigation or for trial" that protect counsel's thought processes and strategies. Fed. R. Civ. Proc. 26(b)(3); *see also Hickman v Taylor*, 329 U.S. 495, 511-12 (1947) ("[T]he work product doctrine only attaches to documents prepared in anticipation of litigation or for use in trial."); *In re Grand Jury Subpoena*, 357 F.3d 900, 907 (9th Cir. 2004) ("At its core, the work-product doctrine shelters the mental processes of the attorney….").  However, the Fn Hotkey tables, which were prepared at least eight months prior to this litigation, were not prepared by counsel and do not purport to reflect any attorney thought process.  Rather, the tables simply reflect facts – which computers use which hotkeys.

Therefore, Samsung requests that Wistron be compelled to produce the attachments referenced in the email at WIS-E 01021313, specifically the Fn-Hotkey tables.



The Honorable Vaugh R. Walker
May 28, 2008
Page 2


Samsung and Wistron's counsel currently are in Taiwan taking depositions in this case.  Samsung's counsel requests a teleconference with the Court to resolve this issue at the Court's earliest availability as Samsung wishes to depose Mr. Tsao about this document.  Mr. Tsao is being produced for deposition in Taiwan at this time in both his individual capacity and as a corporate representative under Rule 30(b)(6).  Counsel are available between 4:00 P.M. and 5:00 P.M. PDT.  The DLA Piper teleconference bridge line can be used to accommodate any teleconference.

Respectfully submitted,

**DLA Piper US LLP**


**/s/ Sal Lim**

Sal Lim

cc:     Michael J. Bettinger (via email)
        Timothy P. Walker (via email)
        Harold Davis, Jr. (via email)


Enclosure (With Hand-Delivery Copy To Court Only)
WST\21412130