**K&L|GATES**

Kirkpatrick & Lockhart Preston Gates Ellis LLP
55 Second Street
Suite 1700
San Francisco, CA 94105-3493

T 415.882.8200   www.klgates.com

May 29, 2008

christy.lapierre@klgates.com

**VIA E-FILING**
**VIA HAND DELIVERY**

The Honorable Vaughn R. Walker
U.S. District Court, Northern District of California
450 Golden Gate Avenue
17th Floor, Courtroom 6
San Francisco, CA 94102

Re:   *Wistron Corporation v. Samsung Electronics Co., Ltd.*
      Case No. C 07-04748 VRW – Discovery Dispute

Dear Judge Walker:

Pursuant to your Honor's Standing Orders, Wistron Corporation ("Wistron") files this letter regarding Defendant Samsung Electronics Co., Ltd's ("Samsung") improper and unsubstantiated withholding of an inadvertently produced privileged document.

1.   **The Privileged Document**

Samsung has demanded that Wistron turn over an attachment to an e-mail (WIS-E 01021313) that was inadvertently produced. The attachment and the e-mail is work product. Specifically, Herman Chang, a Wistron employee, created the document–at-issue at the direction of Wistron in-house counsel. The document was created in January 2007, over six months **after** Samsung had alleged infringement. It was created in order to assist Wistron's internal legal investigation of Samsung's allegations and in anticipation of litigation threatened by Samsung in August 2006. The internal investigation was ordered and overseen by Wistron's legal department (namely, by Wistron's General Counsel Michael Wu). The document at issue shows, beyond just the factual information contained therein, internal evaluations by the author of which Fn hotkeys were relevant to the legal department's investigation. Additionally, the document serves as a summary of a large amount of documents requested by in-house legal counsel. The e-mail chain itself shows that the document was ultimately provided to Andy Liu, one of Wistron's in-house legal counsel.

Consequently, on May 27, 2008, Wistron made a written request that Samsung return the document, pursuant to Paragraph 21 of the Protective Order [Dkt. #37] entered in this action. Paragraph 21 requires the return of inadvertently produced documents. Samsung has failed to return all copies of the requested document.

K&L|GATES

The Honorable Vaughn R. Walker
May 29, 2008
Page 2

2. **<u>Samsung Has Not Demonstrated Any Need For the Document or That The Information is Not Otherwise Available to Samsung</u>**

Samsung has not demonstrated any need for the document-at-issue and indeed its request is directed to uncover attorney-work product. The factual information that is partially represented by the document has already been produced in the form of BIOS code, source code, and product specifications. Moreover, Samsung may obtain any such information by simply looking at and/or operating the accused products. Because Samsung has not met its burden of showing that it cannot obtain the information from previously produced information, and that the document is not privileged, Samsung's motion to compel must be denied.

3. **<u>Samsung's Improper Withholding of Inadvertently Produced Privileged Documents</u>**

Samsung's own cited authority shows that Samsung is not entitled to the document-at-issue. Moreover, by refusing to return all copies of the document Samsung has violated Paragraph 21 of the Protective Order and its ethical obligations. *Hersh & Hersh v. US HHS*, 2008 U.S. Dist. LEXIS 26237, *25-27 (N.D. Cal. Mar. 31, 2008) (ordering return of all previously produced privileged documents to defendants); *see also Group v. Case, Kay & Lynch*, 829 F.2d 909, 915 (9th Cir. 1987) (District court did not abuse discretion in ordering return of privileged document inadvertently produced in action pending before the court); *Beilstein-Institut Zur Forderung Der Chemischen Wissenschaften v. MDL Info. Sys.*, 2006 U.S. Dist. LEXIS 65848, *2-5 (N.D. Cal. Sept. 5, 2006) (rejecting argument that party had waived privilege by inadvertently producing certain privileged documents. Further, the court cited to the protective order between the parties in rejecting plaintiff's motion to compel.).

4. **<u>Samsung's Failure to Provide Responsive Information to Wistron's Interrogatory No. 13</u>**

As part of its discovery requests, Wistron served Samsung with the following interrogatory:

> Please state whether Samsung has disclosed all of its patents and patent applications involving memory module technology, including without limitation, the technology described in Samsung's '100 patent, to any standards setting organization, including without limitation, JEDEC, in accordance with that organization's patent disclosure policy, and state all facts relating to Samsung's failure to disclose and/or actual disclosure of such patents and/or patent applications so identified.

Samsung has failed to provide discoverable details in response to this interrogatory. A timely response is needed as depositions of a third party will be taking place in the next few weeks.

Very truly yours,

KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP

Christy V. La Pierre