**K&L|GATES**

Kirkpatrick & Lockhart Preston Gates Ellis LLP
55 Second Street
Suite 1700
San Francisco, CA 94105-3493

T 415.882.8200    www.klgates.com

June 6, 2008

christy.lapierre@klgates.com

**VIA E-FILING**
**VIA HAND DELIVERY**

The Honorable Vaughn R. Walker
U.S. District Court, Northern District of California
450 Golden Gate Avenue
17th Floor, Courtroom 6
San Francisco, CA 94102

Re:  *Wistron Corporation v. Samsung Electronics Co., Ltd.*
     Case No. C 07-04748 VRW – Discovery Dispute

Dear Judge Walker:

Pursuant to the Court's Standing Order, Wistron Corporation ("Wistron") files this letter regarding Defendant Samsung Electronics Co., Ltd's ("Samsung") failure to adequately address Wistron's Interrogatory No. 1. Although this issue may have been raised during the February 22, 2008 conference call with the Court, we do not believe that the Court actually made a ruling regarding this issue.

1.  **Inventorship Details – Whether Samsung Should Provide Details of Inventorship Relating to the Patents-in-suit, or State That it Has No Knowledge of Such Facts**

As part of its initial discovery requests, Wistron served Samsung with the following interrogatory:

> Please state when you contend that the alleged inventions claimed in Samsung's patents-in-suit were conceived and reduced to practice and state all facts that support your contentions.

Wistron has asked Samsung to provide details of conception, reduction to practice, and development of the inventions asserted in the patents-in-suit. Samsung has failed to state the facts as to the inventors' role(s) in the conception and/or reduction to practice of the inventions. Samsung's refusal to provide such information is surprising in that it submitted a lengthy declaration from a witness in the prior litigation (Dr. Wedig) in which the witness provided such facts for the '273 patent. Samsung has refused to include that information in response to Wistron's interrogatory and has further failed to provide responsive information regarding the '100 or '275 patents.

K&L|GATES

Judge Vaughn R. Walker
June 6, 2008
Page 2

Samsung's response to Interrogatory No. 1, dated January 7, 2008, states as follows:

> Samsung objections [sic] to this interrogatory to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege and/or the attorney work-product protection. Samsung also objects to this interrogatory as overly broad and unduly burdensome. Subject to and without waiving the foregoing general and specific objections, Samsung responds as follows:
> The date of conception and the date of reduction to practice of each asserted claim of each of the patents-in-suit are at least as early as the following dates:
> **Claims 1-7 of the '273 Patent:** Date of Conception: no later than June 11, 1990; Date of reduction to practice: no later than October 19, 1990.
> **Claims 1-3, 5-8, 10-13, 15-16 of the '275 Patent:** Date of Conception: no later than October 25, 1994; Date of reduction to practice: no later than October 26, 1994.
> **Claims 1-6 of the '100 Patent:** Date of conception: no later than November 3, 1987; Date of reduction to practice: no later than May 5, 1989.
> Pursuant to Rule 33(d), Wistron may ascertain additional requested information from the following documents produced by Samsung:
> SEC-W 00000657-00003226.
> Discovery in this matter is ongoing, and Samsung will amend or supplement this response if and when new information becomes available.

If Samsung does not have any knowledge responsive to the request and has not contacted the inventors of the patents-in-suit, then Wistron respectfully submits that Samsung should so state in a verified interrogatory response.

Very truly yours,

KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP

Christy V. La Pierre