**EXHIBIT G**

| *Notice of Allowability* | Application No. 08/449,534 | Applicant(s) Tanikawa et al. |
|---|---|---|
| | Examiner Patrick Law | Group Art Unit 2111 |

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance and Issue Fee Due or other appropriate communication will be mailed in due course.

☒ This communication is responsive to *amendment filed 10/28/96*.

☒ The allowed claim(s) is/are *1-16*.

☐ The drawings filed on _____ are acceptable.

☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

  ☐ All ☐ Some* ☐ None  of the CERTIFIED copies of the priority documents have been

  ☐ received.

  ☐ received in Application No. (Series Code/Serial Number) _____.

  ☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

  *Certified copies not received: _____.

☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

A SHORTENED STATUTORY PERIOD FOR RESPONSE to comply with the requirements noted below is set to EXPIRE THREE MONTHS FROM THE "DATE MAILED" of this Office action. Failure to timely comply will result in ABANDONMENT of this application. Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

☐ Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL APPLICATION, PTO-152, which discloses that the oath or declaration is deficient. A SUBSTITUTE OATH OR DECLARATION IS REQUIRED.

☒ Applicant MUST submit NEW FORMAL DRAWINGS

  ☒ because the originally filed drawings were declared by applicant to be informal.

  ☐ including changes required by the Notice of Draftsperson's Patent Drawing Review, PTO-948, attached hereto or to Paper No. _____.

  ☐ including changes required by the proposed drawing correction filed on _____, which has been approved by the examiner.

  ☐ including changes required by the attached Examiner's Amendment/Comment.

Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the reverse side of the drawings. The drawings should be filed as a separate paper with a transmittal letter addressed to the Official Draftsperson.

☐ Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

Any response to this letter should include, in the upper right hand corner, the APPLICATION NUMBER (SERIES CODE/SERIAL NUMBER). If applicant has received a Notice of Allowance and Issue Fee Due, the ISSUE BATCH NUMBER and DATE of the NOTICE OF ALLOWANCE should also be included.

Attachment(s)

  ☐ Notice of References Cited, PTO-892
  ☐ Information Disclosure Statement(s), PTO-1449, Paper No(s). _____
  ☐ Notice of Draftsperson's Patent Drawing Review, PTO-948
  ☐ Notice of Informal Patent Application, PTO-152
  ☐ Interview Summary, PTO-413
  ☐ Examiner's Amendment/Comment
  ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material
  ☒ Examiner's Statement of Reasons for Allowance

U. S. Patent and Trademark Office
PTO-37 (Rev. 9-95)      Notice of Allowability      Part of Paper No. 5

Serial Number: 08/449,534                                                                                          Page 2

Art Unit: 2111

### REASONS FOR ALLOWANCE

1.  The following is an examiner's statement of reasons for allowance:  The prior art of record does not anticipate nor make obvious a variable level of charging current delivered to the battery used along with sensing three conditions (i.e., current supplied, charging current and output voltage to the battery) as claimed in claims 1, 7 and 15.  Similarly, the prior art of record does not anticipate nor make obvious a control signal to a charging current control circuit which causes the charging current level to be approximately equal to the difference between the a predetermined maximum current level and the current supplied to the load (which impliedly is accomplished by varying the charging current) used in conjunction with an output voltage sensing circuit connected to the power supply output as claimed in claim 11.  Finally, the prior art does not anticipate nor make obvious a control signal which is specifically responsive to a difference in the detected current level and a predetermined maximum input current level while maintaining the maximum input current level as claimed in claim 16.

It is noted that Narita et al. show that conventional AC adapters for use in charging and powering computers is well known in the art as shown in Figures 7 and 8.  Further, with respect to Figure 8 of Narita et al., the prior art employs a charging process which accomplishes a similar result as the Applicants' claimed invention (See column 1, line 59 through column 2, line 5). The prior art is taught to include varying the amount of current delivered to the battery inversely to the amount of detected current supplied to the computer.  Applicants' invention functions in

Serial Number: 08/449,534                                                                                          Page 3

Art Unit: 2111

the same way since the control of current based on the difference between a predetermined maximum current level and the current supplied to the load yields an inverse relationship of current supplied to the battery and current supplied to the computer. Thus claim 16 of the present application would be anticipated or clearly obvious in light of Narita et al. except that in lines 10-14 of column 2, in a seemingly contradictory statement, the patentees state that prior art shown in Figure 8 cannot utilize the surplus power of the AC adaptor for charging the battery when the computer load current is small. Thus the charging current flow of the prior art would not be at a level such that the input current is maintained at a maximum level as claimed in amended claim 16. Claims 1, 7 and 15 of the present application would also be anticipated or obvious in light of Figure 8 of Narita et al. except for this prior art, which Narita et al. seeks to improve upon by providing a non-conventional AC adaptor, does not appear to specifically disclose or need to use the two additional sensors for sensing voltage and current delivered to the battery as taught by Narita et al. and the Applicants. To combine the prior art disclosed by Narita et al. with the invention of Narita et al. is Finally, claim 11 would likewise be anticipated or obvious in light of the prior art disclosed by Narita et al. except that the prior art does not disclose nor seem to make obvious the use of an output voltage sensing circuit connected to the output of the power supply in order to control the charging level and again it would be questionable to combine the prior art of Narita et al. with the patented invention of Narita since the invention seeks to improve upon the prior art of Figures 7 and 8.

Serial Number: 08/449,534 Page 4

Art Unit: 2111

Any comments considered necessary by applicant must be submitted no later than the payment of the issue fee and, to avoid processing delays, should preferably accompany the issue fee. Such submissions should be clearly labeled "Comments on Statement of Reasons for Allowance."

2. Any inquiry concerning this communication or earlier communications from the examiner should be directed to Patrick Law whose telephone number is (703) 308-7479.

PETER S. WONG
SUPERVISORY PATENT EXAMINER
GROUP 2100

PBL
November 22, 1996