

DLA Piper US LLP
2000 University Avenue
East Palo Alto, California 94303-2214
www.dlapiper.com

Sal Lim
sal.lim@dlapiper.com
T  650.833.2101
F  650.687.1121

June 12, 2008
*VIA E-FILING*
*VIA HAND DELIVERY*

OUR FILE NO. 347269-36

The Honorable Vaughn R. Walker
Chief Judge of the U.S. District Court
Northern District of California
450 Golden Gate Avenue
17th Floor, Courtroom 6
San Francisco, CA 94102

Re:   **Wistron Corp. v. Samsung Electronics. Co., Ltd.**
      **Northern District of California, Case No. C 07-04748 VRW**

Dear Judge Walker:

We are counsel for Samsung Electronics Co., Ltd. ("Samsung") in this action. This letter concerns two discovery issues. First, Wistron Corporation ("Wistron") improperly prevented Samsung from fully deposing Wistron's Rule 30(b)(6) designees during the recent deposition in Taiwan. In particular, Wistron (1) limited the scope of Samsung's deposition with privilege assertions that Wistron now disavows and (2) terminated the deposition before Samsung's questioning was completed. Second, Samsung responds to Wistron's incorrect assertion that Samsung's response to Wistron's Interrogatory No. 13 is inadequate.

**Wistron Improperly Prevented Samsung from Conducting Its Rule 30(b)(6) Deposition of Wistron**

Wistron's actions during and after Samsung's recent deposition of Wistron's 30(b)(6) witnesses unfairly frustrated Samsung's legitimate attempts at discovery. For at least the reasons described below, Wistron should be compelled to produce witnesses prepared on the topics identified in Samsung's Notice of Deposition Related to Technical Topics. Further, Wistron should be made to produce its witnesses in the United States to alleviate the burden on Samsung of returning to Taiwan.

First, after Samsung concluded its questioning of Wistron's two corporate designees on technical topics related to the '100 patent and the '275 patent, Wistron supplemented its Interrogatory Responses and identified for the first time two additional models of notebook computers. Wistron then produced schematics and source code for these models while Samsung was deposing Wistron's corporate designee on technical topics related to the '273 patent. Wistron must have known about these models of notebook computer before Samsung traveled to Taiwan to depose Wistron's engineers because the schematics bear dates from 2006 and 2007. Consequently, Samsung has had no opportunity to depose Wistron on topics related to the '100 and '275 patent with respect to these newly identified computers.

Second, it is now clear that Wistron improperly limited Samsung's questioning of Wistron's corporate designee, Mr. Tsao, on topics related to the '273 patent. During Samsung's deposition of Wistron, Wistron claimed an inadvertent production resulted in the release to Samsung of an allegedly privileged e-mail and attachment (the attachment comprised an "Fn Hotkey table"). Samsung brought Wistron's claim of privilege concerning the attachment to the Court's attention and the Court ordered Wistron to produce the attachment. At that time, Samsung returned or destroyed all copies of the e-mail pursuant to its obligation under the Protective Order. Following the Court's Order, Samsung attempted to depose Mr. Tsao regarding the circumstances that lead to his creation of the Fn Hotkey table, but Wistron's counsel


**DLA PIPER**

The Honorable Vaugh R. Walker
June 12, 2008
Page 2

instructed Mr. Tsao not to answer based on privilege. Wistron's counsel again asserted privilege and instructed Mr. Tsao not to answer Samsung's questions related to Wistron's attempts to design around the '273 patent. On June 10, 2008, well after the parties returned from Taiwan, Wistron re-produced the previously privileged e-mail that attached the Fn Hotkeys table. This e-mail describes a "ScanCode solution," which appears to be a design alternative to the '273 patent. Without the ability to further depose Wistron's engineers, Samsung will be unable to fully investigate Wistron's ScanCode solution.

Third, Wistron's counsel terminated the deposition of Mr. Tsao before Samsung could reasonably complete its questioning. The Case Management Order in this Case provides that Rule 30(b)(6) depositions are limited only to a "reasonable amount of time." The parties never agreed to any further limit for these depositions. Wistron chose to produce Mr. Tsao last, despite Wistron's choice to designate Mr. Tsao on more topics than any other technical witness. Further, Wistron designated Mr. Tsao as its witness on topics related to Wistron's BIOS code and Mr. Tsao took significant time during his deposition to review the code before answering Samsung's questions (time that adequate preparation could have saved). As previously noted, Wistron identified two new notebooks just before Mr. Tsao's deposition and produced documents, including source code, for these notebooks during Mr. Tsao's deposition. Wistron also produced source code for a large number of the models at issue during Mr. Tsao's deposition and only after Mr. Tsao confirmed during his deposition that the source code for these models is missing. This late identification and tardy production further hampered Samsung's efforts to organize and compete its questioning of Mr. Tsao. Because Wistron improperly and prematurely concluded the deposition, Samsung was unable to depose Mr. Tsao on Topics 6 and 7 (relating generally to the use of BIOS code for battery charging) of its Technical Notice or the damages topics on which Wistron designated Mr. Tsao as its corporate representative. For these reasons, Samsung respectfully requests that the Court compel Wistron to prepare and produce corporate designees to allow Samsung to complete its noticed deposition.

### Samsung Fully Responded to Wistron's Interrogatory No. 13

Wistron asks the Court to compel Samsung to supplement its response to Wistron's Interrogatory No. 13. Samsung already has fully responded. On June 6, 2008, Samsung produced over seventy thousand pages of documents and identified those documents pursuant to Rule 33(d) in response to this interrogatory. (SEC WE-00038608-00111523). These are all the documents that we have located to date which may be responsive to Wistron's interrogatory. Samsung's investigation is ongoing and to the extent that additional responsive information or documents are discovered, Samsung will supplement its response.

Respectfully submitted,

DLA Piper US LLP

Sal Lim

WEST\21444492.1