**K&L|GATES**

Kirkpatrick & Lockhart Preston Gates Ellis LLP
55 Second Street
Suite 1700
San Francisco, CA  94105-3493

T  415.882.8200    www.klgates.com

June 12, 2008

christy.lapierre@klgates.com

**VIA E-FILING**
**VIA HAND DELIVERY**

The Honorable Vaughn R. Walker
U.S. District Court, Northern District of California
450 Golden Gate Avenue
17th Floor, Courtroom 6
San Francisco, CA 94102

Re:    *Wistron Corporation v. Samsung Electronics Co., Ltd.*
       Case No. C 07-04748 VRW

Dear Judge Walker:

1.    **Third-Party Information**
      Per the Court's request, Wistron is submitting the following discovery responses, served by Samsung, where Samsung has stated its third-party objection. Wistron is also submitting the subpoena to Quanta Computer, USA, Inc.

    **a.**    Samsung Electronics Co., Ltd.'s Responses to Wistron's First Set of Requests for Production of Documents (Nos. 1-84);

    **b.**    Samsung Electronics Co., Ltd.'s Responses to Wistron's Second Set of Requests for Production of Documents (Nos. 89-96);

    **c.**    Samsung Electronics Co., Ltd.'s First Supplemental Responses to Wistron's Second Set of Requests for Production of Documents (Nos. 89-96); and

    **d.**    Subpoena to Quanta Computer USA, Inc.

Samsung is withholding responsive documents based on its objection that it cannot produce responsive documents due to Samsung's confidentiality obligations with third-parties. The issues for this Court are: (1) whether Samsung has to identify the third-party documents it is withholding; and (2) whether it may withhold such relevant documents in light of the protective order in this case. Wistron is unaware what third-party documents Samsung is withholding. Samsung's privilege logs do not state which documents Samsung is withholding based upon its confidentiality obligations with third-parties. In fact, Samsung's privilege logs **only** state that documents are being withheld on an attorney-client basis or a work product basis. Samsung's failure to identify which documents it is withholding prohibits Wistron from even identifying what documents are in dispute. Further, it is Wistron's position that the protective order [Dkt. #37] obviates Samsung's third-party objection and that Samsung should be compelled to produce these documents.

Judge Vaughn R. Walker
June 12, 2008
Page 2

2.    **Samsung's Failure to Provide Responsive Information to Wistron's Interrogatory No. 13**

As part of its discovery requests, Wistron served Samsung with the following interrogatory:

Interrogatory No. 13

Please state whether Samsung has disclosed all of its patents and patent applications involving memory module technology, including without limitation, the technology described in Samsung's '100 patent, to any standards setting organization, including without limitation, JEDEC, in accordance with that organization's patent disclosure policy, and state all facts relating to Samsung's failure to disclose and/or actual disclosure of such patents and/or patent applications so identified.

This interrogatory is relevant as discussed in *Qualcomm Inc. v. Broadcom Corp.*, 2008 U.S. Dist. LEXIS 911 (S.D. Cal., Jan. 7, 2008). Samsung has only responded by citing to 70,000 pages of material. Given that the first half of the interrogatory requires a yes or no response and that the second half of the interrogatory is factually based, Samsung's reference to over 70,000 pages is evasive and inadequate. Samsung has now failed to answer this interrogatory twice. The first being when its initial response disclosed nothing more than boiler plate objections, and the second time when they chose to refer Wistron to over 70,000 pages of documents without even attempting to provide a substantive response. It would be impossible for Wistron to properly determine an answer to this request by looking through these 70,000 pages.

3.    **Inventorship Details**

Although Samsung supplemented its answer today to Wistron's Interrogatory No. 1, its supplementation merely cites to two entries in the privilege log.[1] The two documents are not privileged as they are invention disclosure statements, which merely provide factual details as to the inventors' actions. Furthermore, Samsung fails to comply with the Court's directive that Samsung indicate it currently has no other non-privileged information.

As requested previously, if Samsung does not have any knowledge responsive to the request and has not contacted the inventors of the patents-in-suit, then Wistron respectfully submits that Samsung should so state in a verified interrogatory response.

Very truly yours,

KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP

Christy V. La Pierre

---

[1] This is the first time that Samsung has cited to these two allegedly privileged documents. Samsung did not reference either of these two documents in their initial response to Interrogatory No. 1.

# EXHIBIT A

1   MARK D. FOWLER, Bar No. 124235
    mark.fowler@dlapiper.com
2   ELIZABETH DAY, Bar No. 177125
    elizabeth.day@dlapiper.com
3   TIMOTHY LOHSE, Bar No. 177230
    timothy.lohse@dlapiper.com
4   SAL LIM, Bar No. 211836
    sal.lim@dlapiper.com
5   GREGORY J. LUNDELL, Bar No. 234941
    greg.lundell@dlapiper.com
6   BRIAN P. WIKNER, Bar No. 244292
    brian.wikner@dlapiper.com
7   DLA PIPER US LLP
    2000 University Avenue
8   East Palo Alto, CA  94303-2214
    Tel:  650.833.2000
9   Fax:  650.833.2001

10  Attorneys for Defendant and Counter-Plaintiff
    SAMSUNG ELECTRONICS CO., LTD.

11

12                  UNITED STATES DISTRICT COURT

13                  NORTHERN DISTRICT OF CALIFORNIA

14                    SAN FRANCISCO DIVISION

15
    WISTRON CORPORATION, a Taiwan          CASE NO.  C-07-4748 VRW
16  corporation,
                                           SAMSUNG ELECTRONICS CO., LTD.'S
17             Plaintiff and Counter-      RESPONSES TO WISTRON'S FIRST SET
               Defendant,                  OF REQUESTS FOR PRODUCTION OF
18                                         DOCUMENTS (NOS. 1-84)
        v.
19
    SAMSUNG ELECTRONICS CO., LTD., a
20  Republic of Korea corporation,

21             Defendant and Counter-
               Plaintiff.
22

23  SAMSUNG ELECTRONICS CO., LTD.,

24             Counterclaim-Plaintiff,

25      v.

26  WISTRON CORPORATION, and
    WISTRON INFOCOMM (TEXAS)
27  CORPORATION,

28             Counterclaim-Defendants.

DLA PIPER US LLP                          -1-
EAST PALO ALTO
        EM\7225178.2           SAMSUNG'S RESPONSES TO WISTRON'S FIRST SET OF REQUESTS FOR PRODUCTION OF
                                            DOCUMENTS; CASE NO. C-07-4748 VRW

1  **PROPOUNDING PARTY:  Counterclaim-Defendant Wistron Corporation.**

2  **RESPONDING PARTY:    Counterclaim-Plaintiff Samsung Electronics Co., Ltd.**

3  **SET NO. :            One**

4         Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Counterclaim-

5  Plaintiff Samsung Electronics Co., Ltd. ("Samsung") responds to Counterclaim-Defendant

6  Wistron Corporation's ("Wistron") first set of requests for production of documents and things

7  (Nos. 1-84) as follows.

8                      <u>GENERAL STATEMENTS AND OBJECTIONS</u>

9         1.     The following response is based on discovery available as of the date hereof.

10  Discovery is continuing, and this response is accordingly subject to revision.  Further discovery,

11  independent investigation and analysis may supply additional facts and add meaning to known

12  facts, as well as establish entirely new factual conclusions and legal contentions, all of which may

13  lead to additions, changes to, or variations from the information herein set forth.

14         2.     The following responses are given without prejudice to Samsung's right to

15  produce or rely on subsequently discovered documents.  Samsung accordingly reserves the right

16  to change the responses herein and/or produce or rely on subsequently discovered documents as

17  additional facts are ascertained, analysis is made, legal research is completed, and contentions are

18  made.  The responses contained herein are made in a good faith effort to comply with the

19  provisions of Rule 34 of the Federal Rules of Civil Procedure, and to supply such responsive

20  documents as exist and are presently within Samsung's possession, custody or control, but are in

21  no way to be deemed to be to the prejudice of Samsung in relation to further discovery, research

22  and analysis.

23         3.     In addition to any specific objections which may be made on an individual basis in

24  the separate responses set forth below, Samsung objects generally to each request to the extent

25  that it seeks to elicit documents subject to and protected by the attorney-client privilege and/or the

26  attorney work-product doctrine.  Nothing contained herein is intended to be or should be

27  construed as a waiver of the attorney-client privilege, the attorney work product doctrine, or any

28  other applicable privilege, protection, or doctrine.

DLA Piper US LLP
East Palo Alto
                                                      -2-
EM\7225178.2

4.      These responses are made solely for the purpose of discovery in this action. Nothing herein is intended to waive the following objections, which are expressly reserved:  all objections as to competency, relevancy, authenticity, propriety, materiality, and admissibility of the subject matter of the discovery requests; all objections as to vagueness, ambiguity, or undue burden; all objections on any ground as to the use of any information provided in response to these discovery requests; all objections on any ground to any request for further responses to these or other discovery requests; and any and all other objections and grounds which would or could require or permit the exclusion of any document or statement therein from evidence, all of which objections and grounds are reserved and may be interposed at the time of trial.

5.      Any statement made herein of an intent to produce documents is not, and shall not be deemed, an admission of any factual or legal contention contained in any individual request. Samsung objects to each request to the extent that it contains any factual or legal misrepresentations.

6.      Samsung objects to these requests, and to each and every individual request contained therein, to the extent that they call for information not within the possession, custody, or control of Samsung.  The responses given herein are based upon information reasonably available to Samsung and documents within Samsung's possession, custody, or control.

7.      Samsung objects to these requests, and to each and every individual request contained therein, as overbroad, unduly burdensome, and oppressive to the extent they fail to specify any relevant time period, and thus are neither limited to events relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

8.      Samsung objects to these requests, and to each and every individual request contained therein, as overbroad, unduly burdensome, and oppressive to the extent they are so general that they require Samsung to search thousands of pages of documents to ascertain whether any responsive documents exist.

9.      Samsung objects to these requests, and to each and every individual request contained therein, to the extent they seek documents that are publicly or equally available to Wistron.

10.    Samsung objects to these requests to the extent that they seek documents that are subject to confidentiality agreements, protective orders, or other confidentiality obligations owed to third parties.

11.    Samsung objects to the Definitions and Instructions sections of Wistron's Requests to the extent they seek to impose obligations or requirements on Samsung that are greater than or different from those imposed by the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the Northern District of California.

12.    Samsung objects to the definition of "SAMSUNG" to the extent that such definition requires Samsung to produce documents that are either not within the possession, custody or control of Samsung Electronics Co., Ltd. or that are subject to the attorney-client privilege or the attorney work product doctrine.

13.    These General Statement and Objections shall be deemed to be incorporated in full into each response set forth below, and any statement of intent to produce documents contained in any such response is subject to the limitations, objections, and exceptions set forth herein. Moreover, any statement of intent to produce documents responsive to a particular request is not, and shall not be deemed, a representation that any such documents exist or are in the possession, custody or control of Samsung.

Subject to the foregoing, Samsung responds as follows:

### DOCUMENTS AND THINGS TO BE PRODUCED

**REQUEST FOR PRODUCTION NO. 1:**

All documents filed, served or produced by Samsung, including, without limitation, to pleadings, briefs, declarations, infringement contentions, stipulations, disclosures, case management conference statements, proposed claim constructions, claim construction statements, exhibits in *Samsung Electronics Co., Ltd. v. Quanta Computer, et al.*, No. 3:00-CV-04524 VRW (N.D. Cal.).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Samsung objects to this request as overly broad, unduly burdensome, and oppressive. Samsung objects to this request on the ground that it seeks documents that are publicly or equally

1    available to Wistron. Samsung objects to this request on the ground that it seeks documents

2    neither relevant to a claim or defense of any party nor reasonably calculated to lead to the

3    discovery of admissible evidence. Samsung objects to this request to the extent it seeks

4    information subject to the attorney-client privilege, attorney work product doctrine, or other

5    privilege. Samsung further objects to this request to the extent it seeks to cause Samsung and/or

6    its attorneys to violate the stipulated protective orders in place in *Samsung Electronics Co., Ltd. v.*

7    *Quanta Computer, et al.*, No. 3:00-CV-04524 VRW (N.D. Cal.). To the extent responsive

8    documents exist, Samsung will produce only those documents that do not contain third-party

9    information absent the explicit approval to produce such documents by the third party.

10         Subject to and without waiving the foregoing specific and general objections, Samsung

11    will produce non-privileged, responsive documents within its possession, custody, and control to

12    the extent such documents exist.

13    **REQUEST FOR PRODUCTION NO. 2:**

14         All documents filed, served or produced by defendants or respondents, including but not

15    limited to briefs, declarations, infringement contentions, stipulations, disclosures, case

16    management conference statements, proposed claim constructions, claim construction statements,

17    exhibits in *Samsung Electronics Co., Ltd. v. Quanta Computer, et al.*, No. 3:00-CV-04524 VRW

18    (N.D. Cal.).

19    **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

20         Samsung objects to this request as overly broad, unduly burdensome, and oppressive.

21    Samsung objects to this request on the ground that it seeks documents that are publicly or equally

22    available to Wistron. Samsung objects to this request on the ground that it seeks documents

23    neither relevant to a claim or defense of any party nor reasonably calculated to lead to the

24    discovery of admissible evidence. Samsung objects to the extent that the request seeks

25    documents outside of Samsung's possession, custody, or control. Samsung further objects to this

26    request to the extent it seeks to cause Samsung and/or its attorneys to violate the stipulated

27    protective orders in place in *Samsung Electronics Co., Ltd. v. Quanta Computer, et al.*, No. 3:00-

28    CV-04524 VRW (N.D. Cal.). To the extent responsive documents exist, Samsung will produce

1   only those documents that do not contain third-party information absent the explicit approval to

2   produce such documents by the third party.

3   Subject to and without waiving the foregoing specific and general objections, Samsung

4   will produce non-privileged, responsive documents within its possession, custody, and control to

5   the extent such documents exist.

6   **REQUEST FOR PRODUCTION NO. 3:**

7   All documents filed, served or produced by Samsung, without limitation, to pleadings,

8   briefs, declarations, infringement contentions, stipulations, disclosures, case management

9   conference statements, proposed claim constructions, claim construction statements, exhibits in

10  *Samsung Electronics Co., Ltd. v. Arima Computer Corp., et al.*, H-01-0175 (S.D. Tex.).

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

12  Samsung objects to this request as overly broad, unduly burdensome, and oppressive.

13  Samsung objects to this request on the ground that it seeks documents that are publicly or equally

14  available to Wistron.  Samsung objects to this request on the ground that it seeks documents

15  neither relevant to a claim or defense of any party nor reasonably calculated to lead to the

16  discovery of admissible evidence.  Samsung further objects to this request to the extent it seeks

17  information subject to the attorney-client privilege, attorney work product doctrine, or other

18  privilege.  Samsung further objects to this request to the extent it seeks to cause Samsung and/or

19  its attorneys to violate the stipulated protective orders in place in *Samsung Electronics Co., Ltd. v.*

20  *Arima Computer Corp., et al.*, H-01-0175 (S.D. Tex.).  To the extent responsive documents exist,

21  Samsung will produce only those documents that do not contain third-party information absent

22  the explicit approval to produce such documents by the third party.

23  Subject to and without waiving the foregoing specific and general objections, Samsung

24  will produce non-privileged, responsive documents within its possession, custody, and control to

25  the extent such documents exist.

26  **REQUEST FOR PRODUCTION NO. 4:**

27  All documents filed, served or produced by defendants or respondents, including but not

28  limited to briefs, declarations, infringement contentions, stipulations, disclosures, case

1   management conference statements, proposed claim constructions, claim construction statements,

2   exhibits in *Samsung Electronics Co., Ltd. v. Arima Computer Corp., et al.*, H-01-0175 (S.D.

3   Tex.).

4   **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

5        Samsung objects to this request as overly broad, unduly burdensome, and oppressive.

6   Samsung objects to this request on the ground that it seeks documents that are publicly or equally

7   available to Wistron. Samsung objects to this request on the ground that it seeks documents

8   neither relevant to a claim or defense of any party nor reasonably calculated to lead to the

9   discovery of admissible evidence. Samsung objects to the extent that the request seeks

10   documents outside of Samsung's possession, custody, or control. Samsung further objects to this

11   request to the extent it seeks to cause Samsung and/or its attorneys to violate the stipulated

12   protective orders in place in *Samsung Electronics Co., Ltd. v. Arima Computer Corp., et al.*,

13   H-01-0175 (S.D. Tex.). To the extent responsive documents exist, Samsung will produce only

14   those documents that do not contain third-party information absent the explicit approval to

15   produce such documents by the third party.

16        Subject to and without waiving the foregoing specific and general objections, Samsung

17   will produce non-privileged, responsive documents within its possession, custody, and control to

18   the extent such documents exist.

19   **REQUEST FOR PRODUCTION NO. 5:**

20        All deposition, hearing and trial transcripts and their exhibits in *Samsung Electronics Co.,*

21   *Ltd. v. Quanta Computer, et al.*, No. 3:00-CV-04524 VRW (N.D. Cal.) and/or *Samsung*

22   *Electronics Co., Ltd. v. Arima Computer Corp., et al.*, H-01-0175 (S.D. Tex.).

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

24        Samsung objects to this request as overly broad, unduly burdensome, and oppressive.

25   Samsung objects to this request on the ground that it seeks documents that are publicly or equally

26   available to Wistron. Samsung objects to this request on the ground that it seeks documents

27   neither relevant to a claim or defense of any party nor reasonably calculated to lead to the

28   discovery of admissible evidence. Samsung objects to the extent that the request seeks

1   documents outside of Samsung's possession, custody, or control. Samsung further objects to this

2   request to the extent it seeks to cause Samsung and/or its attorneys to violate the stipulated

3   protective orders in place in *Samsung Electronics Co., Ltd. v. Quanta Computer, et al.*, No. 3:00-

4   CV-04524 VRW (N.D. Cal.) or *Samsung Electronics Co., Ltd. v. Arima Computer Corp., et al.*,

5   H-01-0175 (S.D. Tex.). To the extent responsive documents exist, Samsung will produce only

6   those documents that do not contain third-party information absent the explicit approval to

7   produce such documents by the third party.

8          Subject to and without waiving the foregoing specific and general objections, Samsung

9   will produce non-privileged, responsive documents within its possession, custody, and control to

10  the extent such documents exist.

11  **REQUEST FOR PRODUCTION NO. 6:**

12         All documents filed under seal in *Samsung Electronics Co., Ltd. v. Quanta Computer, et*

13  *al.*, No. 3:00-CV-04524 VRW (N.D. Cal.) and/or *Samsung Electronics Co., Ltd. v. Arima*

14  *Computer Corp., et al.*, H-01-0175 (S.D. Tex.).

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

16         Samsung objects to this request as overly broad, unduly burdensome, and oppressive.

17  Samsung objects to this request on the ground that it seeks documents neither relevant to a claim

18  or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

19  Samsung objects to the extent that the request seeks documents outside of Samsung's possession,

20  custody, or control. Samsung further objects to this request to the extent it seeks to cause

21  Samsung and/or its attorneys to violate the stipulated protective orders in place in *Samsung*

22  *Electronics Co., Ltd. v. Quanta Computer, et al.*, No. 3:00-CV-04524 VRW (N.D. Cal.) or

23  *Samsung Electronics Co., Ltd. v. Arima Computer Corp., et al.*, H-01-0175 (S.D. Tex.). To the

24  extent responsive documents exist, Samsung will produce only those documents that do not

25  contain third-party information absent the explicit approval to produce such documents by the

26  third party.

27         Subject to and without waiving the foregoing specific and general objections, Samsung

28  will produce non-privileged, responsive documents within its possession, custody, and control to

1  the extent such documents exist.

2  **REQUEST FOR PRODUCTION NO. 7:**

3      All documents referring or relating to any notice, warning or charge of infringement that

4  Samsung made or considered making to any person or entity in connection with Samsung's

5  patents-in-suit.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

7      Samsung objects to this request on the grounds that it is vague, ambiguous, and overly

8  broad as to timeframe. Samsung further objects to this request to the extent that it seeks

9  production of documents protected by the attorney-client privilege, attorney work product

10  doctrine, or any other applicable privilege. Samsung further objects on the ground that the

11  request is irrelevant and is not reasonably calculated to lead to the discovery of admissible

12  evidence.

13      Subject to and without waiving the foregoing specific and general objections, Samsung

14  will produce non-privileged, responsive documents within its possession, custody, and control to

15  the extent such documents exist.

16  **REQUEST FOR PRODUCTION NO. 8:**

17      All documents that constitute, refer or relate to any demand letter or settlement agreement

18  relating to any dispute regarding any of Samsung's patents-in-suit.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

20      Samsung objects to this request on the grounds that it is vague, ambiguous, and overly

21  broad as to timeframe and subject matter. Samsung objects to this requests to the extent that it

22  seeks documents that are subject to confidentiality agreements, protective orders, or other

23  confidentiality obligations owed to third parties. Samsung further objects to this request to the

24  extent that it seeks production of documents protected by the attorney-client privilege, attorney

25  work product doctrine, or any other applicable privilege. Samsung further objects on the ground

26  that the request is irrelevant and is not reasonably calculated to lead to the discovery of

27  admissible evidence.

28      Subject to and without waiving the foregoing specific and general objections, Samsung

1  will produce non-privileged, responsive documents within its possession, custody, and control to

2  the extent such documents exist.

3  **REQUEST FOR PRODUCTION NO. 9:**

4      All documents referring or relating to any notice, warning or claim of breach of a license

5  agreement that Samsung made or considered making to any person or entity in connection with

6  Samsung's patents-in-suit.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

8      Samsung objects to this request on the grounds that it is vague, ambiguous, burdensome

9  and oppressive. Samsung objects to this requests to the extent that it seeks documents that are

10  subject to confidentiality agreements, protective orders, or other confidentiality obligations owed

11  to third parties. Samsung objects that this request is overly broad as to timeframe and subject

12  matter. Samsung further objects to this request to the extent that it seeks production of documents

13  protected by the attorney-client privilege, attorney work product doctrine, or any other applicable

14  privilege. Samsung further objects on the ground that the request is irrelevant and is not

15  reasonably calculated to lead to the discovery of admissible evidence.

16      Subject to and without waiving the foregoing specific and general objections, Samsung

17  will produce non-privileged, responsive documents within its possession, custody, and control to

18  the extent such documents exist.

19  **REQUEST FOR PRODUCTION NO. 10:**

20      All documents that constitute, refer or relate to any other lawsuit, arbitration or other legal

21  proceeding that Samsung has filed and/or participated in at any time in any forum alleging

22  infringement of any of Samsung's patents-in-suit.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

24      Samsung objects to this request on the grounds that it is vague, ambiguous, burdensome

25  and oppressive. Samsung further objects that this request is overly broad as to timeframe and

26  subject matter. Samsung objects to this requests to the extent that it seeks documents that are

27  subject to confidentiality agreements, protective orders, or other confidentiality obligations owed

28  to third parties. Samsung further objects to this request to the extent that it seeks production of

1   documents protected by the attorney-client privilege, attorney work product doctrine, or any other

2   applicable privilege. Samsung further objects on the ground that the request is irrelevant and is

3   not reasonably calculated to lead to the discovery of admissible evidence.

4        Subject to and without waiving the foregoing specific and general objections, Samsung

5   will produce non-privileged, responsive documents within its possession, custody, and control to

6   the extent such documents exist.

7   **REQUEST FOR PRODUCTION NO. 11:**

8        All documents referring or relating to any notice, warning or charge of infringement that

9   Samsungs made or considered making to Wistron in connection with Samsung's patents-in-suit.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

11        Samsung objects to this request on the grounds that it is vague and ambiguous. Samsung

12   further objects to this request to the extent that it seeks production of documents protected by the

13   attorney-client privilege, attorney work product doctrine, or any other applicable privilege.

14        Subject to and without waiving the foregoing specific and general objections, Samsung

15   will produce non-privileged, responsive documents within its possession, custody, and control to

16   the extent such documents exist.

17   **REQUEST FOR PRODUCTION NO. 12:**

18        All documents referring or relating to the decision to bring any lawsuit, arbitration, or

19   other legal proceedings alleging infringement of one or more claims of Samsung's patents-in-suit.

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

21        Samsung objects to this request on the grounds that it is vague, ambiguous, burdensome

22   and oppressive. Samsung further objects that this request is overly broad as to timeframe and

23   subject matter. Samsung further objects to this request to the extent that it seeks production of

24   documents protected by the attorney-client privilege, attorney work product doctrine, or any other

25   applicable privilege. Samsung further objects on the ground that the request is irrelevant and is

26   not reasonably calculated to lead to the discovery of admissible evidence.

27        Subject to and without waiving the foregoing specific and general objections, Samsung

28   will produce non-privileged, responsive documents within its possession, custody, and control to

1 | the extent such documents exist.

2 | **REQUEST FOR PRODUCTION NO. 13:**

3 | All documents referring or relating to the manner in which Samsung determined that

4 | Wistron used, manufactured, performed, sold, or offered to sell any product, system or

5 | technology that Samsung contends infringes any asserted claim of Samsung's patents-in-suit.

6 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

7 | Samsung objects to this request on the grounds that it is vague, ambiguous, burdensome

8 | and oppressive. Samsung further objects that this request is overly broad as to timeframe and

9 | subject matter. Samsung objects to this requests to the extent that it seeks documents that are

10 | subject to confidentiality agreements, protective orders, or other confidentiality obligations owed

11 | to third parties. Samsung objects to this request on the ground that it seeks documents that are

12 | publicly or equally available to Wistron. Samsung further objects to this request to the extent that

13 | it seeks production of documents protected by the attorney-client privilege, attorney work product

14 | doctrine, or any other applicable privilege.

15 | Subject to and without waiving the foregoing specific and general objections, Samsung

16 | will produce non-privileged, responsive documents within its possession, custody, and control to

17 | the extent such documents exist.

18 | **REQUEST FOR PRODUCTION NO. 14:**

19 | All documents that constitute, discuss, describe, explain, reflect or refer to the

20 | architecture, design, makeup, or operation of any of Wistron's products which allegedly infringe

21 | Samsung's patents-in-suit.

22 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

23 | Samsung objects to this request on the grounds that it is vague, ambiguous, burdensome

24 | and oppressive. Samsung further objects that this request is overly broad as to timeframe and

25 | subject matter. Samsung objects to this requests to the extent that it seeks documents that are

26 | subject to confidentiality agreements, protective orders, or other confidentiality obligations owed

27 | to third parties. Samsung objects to this request on the ground that it seeks documents that are

28 | publicly or equally available to Wistron. Samsung further objects to this request to the extent that

DLA PIPER US LLP
EAST PALO ALTO

EM\7225178.2

-12-

1    it seeks production of documents protected by the attorney-client privilege, attorney work product

2    doctrine, or any other applicable privilege.

3         Subject to and without waiving the foregoing specific and general objections, Samsung

4    will produce non-privileged, responsive documents within its possession, custody, and control to

5    the extent such documents exist.

6    **REQUEST FOR PRODUCTION NO. 15:**

7         All documents that support, dispute, or otherwise relate Samsung's contention that any of

8    Wistron's products infringe Samsung's patents-in-suit.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

10        Samsung objects to this request on the grounds that it is vague, ambiguous, burdensome

11   and oppressive. Samsung further objects that this request is overbroad as to timeframe and

12   subject matter. Samsung objects to this requests to the extent that it seeks documents that are

13   subject to confidentiality agreements, protective orders, or other confidentiality obligations owed

14   to third parties. Samsung objects to this request on the ground that it seeks documents that are

15   publicly or equally available to Wistron. Samsung further objects to this request to the extent that

16   it seeks production of documents protected by the attorney-client privilege, attorney work product

17   doctrine, or any other applicable privilege.

18        Subject to and without waiving the foregoing specific and general objections, Samsung

19   will produce non-privileged, responsive documents within its possession, custody, and control to

20   the extent such documents exist.

21   **REQUEST FOR PRODUCTION NO. 16:**

22        All documents and things referring or relating to the conception of the claimed

23   invention(s) of each asserted claim of Samsung's patents-in-suit, including, but not limited to,

24   models, prototypes, specifications, schematics, simulations, notes, laboratory notebooks, manuals,

25   memoranda, correspondence or e-mail.

26   **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

27        Samsung objects to this request as overly broad and unduly burdensome. Samsung further

28   objects to this request to the extent that it seeks production of documents protected by the

1  attorney-client privilege, attorney work product doctrine, or any other applicable privilege.

2       Subject to and without waiving the foregoing specific and general objections, Samsung

3  will produce non-privileged, responsive documents within its possession, custody, and control to

4  the extent such documents exist.

5  **REQUEST FOR PRODUCTION NO. 17:**

6       All documents and things referring or relating to the reduction to practice of the claimed

7  invention of each asserted claim of Samsung's patents-in-suit, including, but not limited to,

8  models, prototypes, specifications, schematics, simulations, test results, notes, laboratory

9  notebooks, manuals, memoranda, correspondence or e-mail.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

11       Samsung objects to this request as overly broad and unduly burdensome.  Samsung further

12  objects to this request to the extent that it seeks production of documents protected by the

13  attorney-client privilege, attorney work product doctrine, or any other applicable privilege.

14       Subject to and without waiving the foregoing specific and general objections, Samsung

15  will produce non-privileged, responsive documents within its possession, custody, and control to

16  the extent such documents exist.

17  **REQUEST FOR PRODUCTION NO. 18:**

18       All documents and things referring or relating to the diligence in the reduction to practice

19  of the claimed invention of each asserted claim of Samsung's patents-in-suit, including, but not

20  limited to, models, prototypes, schematics, simulations, notes, laboratory notebooks, manuals,

21  memoranda, correspondence or e-mail.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

23       Samsung objects to this request as overly broad and unduly burdensome.  Samsung further

24  objects to this request to the extent that it seeks production of documents protected by the

25  attorney-client privilege, attorney work product doctrine, or any other applicable privilege.

26       Subject to and without waiving the foregoing specific and general objections, Samsung

27  will produce non-privileged, responsive documents within its possession, custody, and control to

28  the extent such documents exist.

1    **REQUEST FOR PRODUCTION NO. 19:**

2         All documents referring or relating to the involvement or contribution of any person with

3    respect to the conception and reduction to practice, in whole or in part, of any alleged invention

4    described in Samsung's patents-in-suit.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

6         Samsung objects to this request as overly broad and unduly burdensome. Samsung further

7    objects to this request to the extent that it seeks production of documents protected by the

8    attorney-client privilege, attorney work product doctrine, or any other applicable privilege.

9         Subject to and without waiving the foregoing specific and general objections, Samsung

10   will produce non-privileged, responsive documents within its possession, custody, and control to

11   the extent such documents exist.

12   **REQUEST FOR PRODUCTION NO. 20:**

13        All documents and things referring or relating to the any of the following: the first

14   presentation, first disclosure, first demonstration, first display, first sale, first offer for sale or first

15   use of any alleged invention described in Samsung's patents-in-suit.

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

17        Samsung objects to this request as overly broad and unduly burdensome. Samsung further

18   objects on the ground that the request is irrelevant and is not reasonably calculated to lead to the

19   discovery of admissible evidence.

20        Subject to and without waiving the foregoing specific and general objections, Samsung

21   will produce non-privileged, responsive documents within its possession, custody, and control to

22   the extent such documents exist.

23   **REQUEST FOR PRODUCTION NO. 21:**

24        All documents and things referring or relating to any testing, development or research

25   activity conducted in connection with any alleged invention described in Samsung's patents-in-

26   suit, including, but not limited to, models, prototypes, specifications, schematics, test results,

27   notes, laboratory notebooks, manuals, memoranda, correspondence or e-mail.

28

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

2      Samsung objects to this request as overly broad and unduly burdensome. Samsung further

3  objects to this request to the extent that it seeks production of documents protected by the

4  attorney-client privilege, attorney work product doctrine, or any other applicable privilege.

5      Subject to and without waiving the foregoing specific and general objections, Samsung

6  will produce non-privileged, responsive documents within its possession, custody, and control to

7  the extent such documents exist.

8  **REQUEST FOR PRODUCTION NO. 22:**

9      All textbooks, articles, journals or other publications of any kind referring or relating to

10  any alleged invention described in Samsung's patents-in-suit.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

12      Samsung objects to this request on the grounds that it is vague, ambiguous, unduly

13  burdensome and oppressive. Samsung further objects that the request is overly broad as to

14  timeframe and subject matter. Samsung further objects to the extent that such materials are

15  publicly or equally available to Wistron.

16      Subject to and without waiving the foregoing specific and general objections, Samsung

17  will produce non-privileged, responsive documents within its possession, custody, and control to

18  the extent such documents exist.

19  **REQUEST FOR PRODUCTION NO. 23:**

20      All documents referring or relating to any prior art or possible prior art with respect to

21  Samsung's patents-in-suit, including, but not limited to, the results of any prior art search

22  conducted by or on behalf of Samsung and any references asserted as prior art to Samsung by any

23  person or entity.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

25      Samsung objects to this request on the grounds that it is vague, ambiguous, unduly

26  burdensome and oppressive. Samsung further objects that the request is overly broad as to

27  timeframe and subject matter. Samsung further objects to the extent that such materials are

28  publicly or equally available to Wistron. Samsung further objects to this request to the extent it

1  seeks information protected by the attorney-client privilege, attorney work product doctrine, or

2  other applicable privilege or protection.

3      Subject to and without waiving the foregoing specific and general objections, Samsung

4  will produce non-privileged, responsive documents within its possession, custody, and control to

5  the extent such documents exist.

6  **REQUEST FOR PRODUCTION NO. 24:**

7      All documents that constitute, refer or relate to the results of any patentability, validity,

8  prior art, and/or infringement study conducted by Samsung or any named inventor of any of

9  Samsung's patents-in-suit.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

11      Samsung objects to this request on the grounds that it is vague, ambiguous, unduly

12  burdensome and oppressive.  Samsung further objects that the request is overly broad as to

13  timeframe and subject matter.  Samsung further objects to the extent that such materials are

14  publicly or equally available to Wistron.  Samsung further objects to this request to the extent it

15  seeks information protected by the attorney-client privilege, attorney work product doctrine, or

16  other applicable privilege or protection.

17      Subject to and without waiving the foregoing specific and general objections, Samsung

18  will produce non-privileged, responsive documents within its possession, custody, and control to

19  the extent such documents exist.

20  **REQUEST FOR PRODUCTION NO. 25:**

21      All documents that constitute, refer, or relate to any oral or written opinion related to or

22  concerning the validity or infringement of any of Samsung's patents-in-suit.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

24      Samsung objects to this request on the grounds that it is vague, ambiguous, unduly

25  burdensome and oppressive.  Samsung further objects that the request is overly broad as to

26  timeframe and subject matter.  Samsung further objects to this request to the extent it seeks

27  information protected by the attorney-client privilege, attorney work product doctrine, or other

28  applicable privilege or protection.

1    Subject to and without waiving the foregoing specific and general objections, Samsung

2    will produce non-privileged, responsive documents within its possession, custody, and control to

3    the extent such documents exist.

4    **REQUEST FOR PRODUCTION NO. 26:**

5    All documents referring or relating to Charles F. Raasch's work on, involvement in,

6    and/or conception of any technology covered by, described or claimed in Samsung's patents-in-

7    suit, including, but not limited to, models, prototypes, specifications, schematics, simulations, test

8    results, notes, laboratory notebooks, manuals, memoranda, correspondence or e-mail.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

10    Samsung objects to this request as overly broad and unduly burdensome.  Samsung further

11    objects to this request to the extent that it seeks production of documents protected by the

12    attorney-client privilege, attorney work product doctrine, or any other applicable privilege.

13    Subject to and without waiving the foregoing specific and general objections, Samsung

14    will produce non-privileged, responsive documents within its possession, custody, and control to

15    the extent such documents exist.

16    **REQUEST FOR PRODUCTION NO. 27:**

17    All documents and things referring or relating to Michael K. Goodman's work on,

18    involvement in, and/or conception of any technology covered by, described or claimed in

19    Samsung's patents-in-suit, including, but not limited to, models, prototypes, specifications,

20    schematics, simulations, test results, notes, laboratory notebooks, manuals, memoranda,

21    correspondence or e-mail.

22    **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

23    Samsung objects to this request as overly broad and unduly burdensome.  Samsung further

24    objects to this request to the extent that it seeks production of documents protected by the

25    attorney-client privilege, attorney work product doctrine, or any other applicable privilege.

26    Subject to and without waiving the foregoing specific and general objections, Samsung

27    will produce non-privileged, responsive documents within its possession, custody, and control to

28    the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 28:**

All documents and things referring or relating to Roy Tanikawa's work on, involvement in, and/or conception of any technology covered by, described or claimed in Samsung's patents-in-suit, including, but not limited to, models, prototypes, specifications, schematics, simulations, test results, notes, laboratory notebooks, manuals, memoranda, correspondence or e-mail.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Samsung objects to this request as overly broad and unduly burdensome. Samsung further objects to this request to the extent that it seeks production of documents protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege.

Subject to and without waiving the foregoing specific and general objections, Samsung will produce non-privileged, responsive documents within its possession, custody, and control to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 29:**

All documents and things referring or relating to Hien Le's work on, involvement in, and/or conception of any technology covered by, described or claimed in Samsung's patents-in-suit, including, but not limited to, models, prototypes, specifications, schematics, simulations, test results, notes, laboratory notebooks, manuals, memoranda, correspondence or e-mail.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Samsung objects to this request as overly broad and unduly burdensome. Samsung further objects to this request to the extent that it seeks production of documents protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege.

Subject to and without waiving the foregoing specific and general objections, Samsung will produce non-privileged, responsive documents within its possession, custody, and control to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 30:**

All documents and things referring or relating to Edward D. Mann's work on, involvement in, and/or conception of any technology covered by, described or claimed in Samsung's patents-in-suit, including, but not limited to, models, prototypes, specifications,

1   schematics, simulations, test results, notes, laboratory notebooks, manuals, memoranda,

2   correspondence or e-mail.

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

4        Samsung objects to this request as overly broad and unduly burdensome.  Samsung further

5   objects to this request to the extent that it seeks production of documents protected by the

6   attorney-client privilege, attorney work product doctrine, or any other applicable privilege.

7        Subject to and without waiving the foregoing specific and general objections, Samsung

8   will produce non-privileged, responsive documents within its possession, custody, and control to

9   the extent such documents exist.

10  **REQUEST FOR PRODUCTION NO. 31:**

11       All documents from the files of each named inventor of each of Samsung's patents-in-suit

12  that refer or relate to any of Samsung's patents-in-suit or any purported invention claimed in any

13  of Samsung's patents-in-suit.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

15       Samsung objects to this request on the grounds that it is overly broad as to timeframe and

16  subject matter.  Samsung further objects on the grounds that the request is unduly burdensome

17  and oppressive.  Samsung further objects to the extent the request calls for documents outside of

18  Samsung's possession, custody, or control.  Samsung further objects to the extent the request

19  seeks information protected by the attorney-client privilege, attorney work product doctrine, or

20  any other applicable privilege or protection.

21       Subject to and without waiving the foregoing specific and general objections, Samsung

22  will produce non-privileged, responsive documents within its possession, custody, and control to

23  the extent such documents exist.

24  **REQUEST FOR PRODUCTION NO. 32:**

25       All documents authored or co-authored by any named inventor of Samsung's patents-in-

26  suit that relate or refer to the subject matter disclosed in Samsung's patents-in-suit.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

28       Samsung objects to this request on the grounds that it is overly broad as to timeframe and

1   subject matter. Samsung further objects on the grounds that the request is vague, ambiguous,

2   unduly burdensome and oppressive. Samsung further objects to the extent the request calls for

3   documents outside of Samsung's possession, custody, or control. Samsung further objects to the

4   extent the request seeks information protected by the attorney-client privilege, attorney work

5   product doctrine, or any other applicable privilege or protection.

6       Subject to and without waiving the foregoing specific and general objections, Samsung

7   will produce non-privileged, responsive documents within its possession, custody, and control to

8   the extent such documents exist.

9   **REQUEST FOR PRODUCTION NO. 33:**

10      Documents sufficient to reflect a current resume for every named inventor of any of

11  Samsung's patents-in-suit.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

13      Samsung objects to this request to the extent that it seeks information not in the

14  possession, custody, or control of Samsung. Samsung objects to this request on the ground that it

15  seeks documents neither relevant to a claim or defense of any party nor reasonably calculated to

16  lead to the discovery of admissible evidence. Samsung further objects to the extent that the

17  request calls for the creation of a document.

18      Subject to and without waiving the foregoing specific and general objections, Samsung

19  will produce non-privileged, responsive documents within its possession, custody, and control to

20  the extent such documents exist.

21  **REQUEST FOR PRODUCTION NO. 34:**

22      All documents referring or relating to research papers, studies, experiments, tests,

23  demonstrations, simulations, trade secrets, patents, interviews, presentations, or publications

24  authored, edited, performed or given by any inventor of the inventions claimed in Samsung's

25  patents-in-suit.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

27      Samsung objects to this request on the grounds that the request is overly broad as to time-

28  frame and subject matter. Samsung objects on the grounds that the request is vague, ambiguous,

1   unduly burdensome and oppressive. Samsung objects to this request on the ground that it seeks

2   documents neither relevant to a claim or defense of any party nor reasonably calculated to lead to

3   the discovery of admissible evidence. Samsung objects to the extent the request seeks

4   information protected by the attorney-client privilege, attorney work product doctrine, or any

5   other applicable privilege or protection. Samsung further objects to this request to the extent it

6   seeks confidential or proprietary Samsung trade secret information.

7           Subject to and without waiving the foregoing specific and general objections, Samsung

8   will produce non-privileged, responsive documents within its possession, custody, and control to

9   the extent such documents exist.

10  **REQUEST FOR PRODUCTION NO. 35:**

11          All documents written, authored or received by anyone contributing to research, design,

12  development, or reduction to practice of any alleged invention described in Samsung's patents-in-

13  suit, including, but not limited to, all documents descriptive of the best mode of each asserted

14  claim, documents descriptive of the earliest embodiment of each asserted claim, invention

15  disclosure forms, lab notebooks, journals, writings, research papers, notes, studies,

16  documentation, experimental data, hypotheses, results, memoranda, and correspondence.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

18          Samsung objects to this request on the grounds that the request is overly broad as to time-

19  frame and subject matter. Samsung further objects on the grounds that the request is vague,

20  ambiguous, unduly burdensome and oppressive. Samsung further objects to the extent the request

21  seeks information protected by the attorney-client privilege, attorney work product doctrine, or

22  any other applicable privilege or protection.

23          Subject to and without waiving the foregoing specific and general objections, Samsung

24  will produce non-privileged, responsive documents within its possession, custody, and control to

25  the extent such documents exist.

26  **REQUEST FOR PRODUCTION NO. 36:**

27          All documents that constitute, refer or relate to patent rights arising from any project or

28  task under which any named inventor of any of Samsung's patents-in-suit was working when the

1    inventor conceived, developed, or reduced to practice any claimed purported inventions,

2    including but not limited to all agreements between any named inventor and a named inventor's

3    employer or between a named inventor's employer and any party.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

5        Samsung objects to this request to the extent it seeks information protected by the

6    attorney-client privilege, attorney work product doctrine, or any other applicable privilege or

7    protection. Samsung further objects on the grounds that the request is vague, ambiguous, and

8    overly broad as to timeframe and subject matter.

9        Subject to and without waiving the foregoing specific and general objections, Samsung

10    will produce non-privileged, responsive documents within its possession, custody, and control to

11    the extent such documents exist.

12    **REQUEST FOR PRODUCTION NO. 37:**

13        Documents sufficient to identify the names of all supervisors, coworkers, and subordinates

14    for any named inventor of any of Samsung's patents-in-suit during the times of conception,

15    development, and reduction to practice of any purported claimed invention in any of Samsung's

16    patents-in-suit, including but not limited to an organizational listing of personnel for each

17    department in which any named inventor worked during such times and identification of any

18    person in who may have participated, in any way, in the conception, development, or reduction to

19    practice of any claimed purported invention in any of Samsung's patents-in-suit.

20    **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

21        Samsung objects to this request on the ground that it is overly broad as to timeframe and

22    subject matter. Samsung objects on the grounds that the request is vague, ambiguous, unduly

23    burdensome and oppressive. Samsung objects to this request on the ground that it seeks

24    documents neither relevant to a claim or defense of any party nor reasonably calculated to lead to

25    the discovery of admissible evidence. Samsung further objects to the extent the request calls for

26    documents outside of Samsung's possession, custody, or control.

27        Subject to and without waiving the foregoing specific and general objections, Samsung

28    will produce non-privileged, responsive documents within its possession, custody, and control to

1    the extent such documents exist.

2    **REQUEST FOR PRODUCTION NO. 38:**

3        All documents, including any drafts thereof, referring or relating to the ownership of, or

4    grant of rights in, any of Samsung's patents-in-suit including, without limitation, assignments,

5    recordations, transfers of title or ownership, license agreements, proposed license agreements, or

6    authorizations or permissions to use or practice any alleged invention claimed in Samsung's

7    patents-in-suit, or other transfer of any interest in the subject matter of Samsung's patents-in-suit.

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

9        Samsung objects to this request to the extent it seeks information protected by the

10   attorney-client privilege, attorney work product doctrine, or any other applicable privilege or

11   protection. Samsung objects on the ground that the request is overly broad as to timeframe and

12   subject matter. Samsung further objects to the extent the documents requested are equally

13   available to Wistron.

14        Subject to and without waiving the foregoing specific and general objections, Samsung

15   will produce non-privileged, responsive documents within its possession, custody, and control to

16   the extent such documents exist.

17   **REQUEST FOR PRODUCTION NO. 39:**

18        All documents referring or relating to any potential (unnamed) inventor, error of

19   inventorship, or potential interference that was considered by or brought to the attention of

20   Samsung, its legal representative, or any named inventor of any of Samsung's patents-in-suit.

21   **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

22        Samsung objects to this request on the grounds that it is vague, ambiguous, and overly

23   broad as to timeframe and subject matter. Samsung further objects to this request to the extent it

24   seeks information protected by the attorney-client privilege, attorney work product doctrine, or

25   any other applicable privilege or protection.

26        Subject to and without waiving the foregoing specific and general objections, Samsung

27   will produce non-privileged, responsive documents within its possession, custody, and control to

28   the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 40:**

All documents referring or relating to any claim by any person, who is not named as an inventor of any of Samsung's patents-in-suit, that that person is an inventor or should be named as an inventor of Samsung's patents-in-suit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Samsung objects to this request on the grounds that it is vague and ambiguous. Samsung further objects to this request to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing specific and general objections, Samsung will produce non-privileged, responsive documents within its possession, custody, and control to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 41:**

All documents referring or relating to any effort or attempt, whether successful or not, to assign, sell, transfer, license, or offer to assign, offer to sell, offer to transfer or offer to license any interest in Samsung's patents-in-suit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Samsung objects to this request on the grounds that it is vague, ambiguous, and overly broad as to timeframe and subject matter. Samsung further objects to this request to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing specific and general objections, Samsung will produce non-privileged, responsive documents within its possession, custody, and control to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 42:**

All documents referring or relating to the assignment of any inventions of Samsung's patents-in-suit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Samsung objects to this request to the extent it seeks information protected by the

1    attorney-client privilege, attorney work product doctrine, or any other applicable privilege or

2    protection.  Samsung further objects on the ground that the request is overly broad as to

3    timeframe and subject matter.  Samsung further objects to the extent the documents requested are

4    equally available to Wistron.

5         Subject to and without waiving the foregoing specific and general objections, Samsung

6    will produce non-privileged, responsive documents within its possession, custody, and control to

7    the extent such documents exist.

8    **REQUEST FOR PRODUCTION NO. 43:**

9         All documents referring or relating to any secondary considerations of nonobviousness of

10   any invention described in Samsung's patents-in-suit, including, but not limited to, commercial

11   success, long felt but unresolved need, failure of others or copying.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

13        Samsung objects to this request on the grounds that it is vague, ambiguous, and overly

14   broad as to timeframe and subject matter.  Samsung further objects to this request to the extent it

15   seeks information protected by the attorney-client privilege, attorney work product doctrine, or

16   any other applicable privilege or protection.

17        Subject to and without waiving the foregoing specific and general objections, Samsung

18   will produce non-privileged, responsive documents within its possession, custody, and control to

19   the extent such documents exist.

20   **REQUEST FOR PRODUCTION NO. 44:**

21        All documents that constitute, refer or relate to any comment made by Samsung or other

22   person regarding the performance, advantages, disadvantages, problems, or features of the

23   claimed alleged invention in any of Samsung's patents-in-suit.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

25        Samsung objects to this request on the grounds that it is vague, ambiguous, unduly

26   burdensome and oppressive.  Samsung further objects that the request is overly broad as to time-

27   frame and subject matter.  Samsung further objects to this request to the extent it seeks

28   information protected by the attorney-client privilege, attorney work product doctrine, or any

1    other applicable privilege or protection.

2         Subject to and without waiving the foregoing specific and general objections, Samsung

3    will produce non-privileged, responsive documents within its possession, custody, and control to

4    the extent such documents exist.

5    **REQUEST FOR PRODUCTION NO. 45:**

6         All documents referring or relating to any commercial success that has allegedly been

7    achieved by any product, system or technology that uses, embodies or performs, in whole or in

8    part, any alleged invention described in Samsung's patents-in-suit.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 45 :**

10        Samsung objects to this request on the grounds that it is vague, ambiguous, unduly

11   burdensome and oppressive. Samsung further objects that the request is overly broad as to time-

12   frame and subject matter. Samsung further objects to this request to the extent it seeks

13   information protected by the attorney-client privilege, attorney work product doctrine, or any

14   other applicable privilege or protection.

15        Subject to and without waiving the foregoing specific and general objections, Samsung

16   will produce non-privileged, responsive documents within its possession, custody, and control to

17   the extent such documents exist.

18   **REQUEST FOR PRODUCTION NO. 46:**

19        All documents referring or relating to any alleged consumer demand or long-felt need that

20   Samsung contends has been met by any product, system or technology that uses, embodies or

21   performs, in whole or in part, any alleged invention described in Samsung's patents-in-suit.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

23        Samsung objects to this request on the grounds that it is vague, ambiguous, unduly

24   burdensome and oppressive. Samsung further objects that the request is overly broad as to time-

25   frame and subject matter. Samsung further objects to this request to the extent it seeks

26   information protected by the attorney-client privilege, attorney work product doctrine, or any

27   other applicable privilege or protection.

28        Subject to and without waiving the foregoing specific and general objections, Samsung

1  will produce non-privileged, responsive documents within its possession, custody, and control to

2  the extent such documents exist.

3  **REQUEST FOR PRODUCTION NO. 47:**

4      All documents referring or relating to any evidence that Samsung has made consistent

5  marking for all its products in the United States.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

7      Samsung objects to this request on the grounds that it is vague, ambiguous, unduly

8  burdensome and oppressive. Samsung further objects that the request is overly broad as to time-

9  frame and subject matter. Samsung further objects to this request to the extent it seeks

10  information protected by the attorney-client privilege, attorney work product doctrine, or any

11  other applicable privilege or protection.

12      Subject to and without waiving the foregoing specific and general objections, Samsung

13  will produce non-privileged, responsive documents within its possession, custody, and control to

14  the extent such documents exist.

15  **REQUEST FOR PRODUCTION NO. 48:**

16      All documents referring or relating to any communication between Samsung and Wistron

17  regarding the alleged infringement of Samsung's patents-in-suit by Wistron.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

19      Samsung objects to this request to the extent it seeks information protected by the

20  attorney-client privilege, attorney work product doctrine, or any other applicable privilege or

21  protection.

22      Subject to and without waiving the foregoing specific and general objections, Samsung

23  will produce non-privileged, responsive documents within its possession, custody, and control to

24  the extent such documents exist.

25  **REQUEST FOR PRODUCTION NO. 49:**

26      All non-privileged communications with third parties referring or relating to this lawsuit

27  or Wistron.

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Samsung objects to this request on the grounds that it is overly broad as to timeframe and subject matter. Samsung further objects that the request is unduly burdensome and oppressive.

Subject to and without waiving the foregoing specific and general objections, Samsung will produce non-privileged, responsive documents within its possession, custody, and control to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 50:**

All communications with past, current or potential investors in or financial partners of Samsung, referring or relating to this suit or Wistron.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Samsung objects to this request on the grounds that it is overly broad as to timeframe and subject matter. Samsung further objects that the request is unduly burdensome and oppressive. Samsung further objects to this request to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing specific and general objections, Samsung will produce non-privileged, responsive documents within its possession, custody, and control to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 51:**

Documents sufficient to identify all shareholders, officers, directors, and management of Samsung from the date that Samsung gave Wistron notice of Samsung's patents-in-suit to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Samsung objects to this request on the grounds that it is vague, ambiguous, unduly burdensome and oppressive. Samsung objects to this request on the ground that it seeks documents neither relevant to a claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Samsung further objects to this request on the ground that it is overly broad as to subject matter.

-29-

1   **REQUEST FOR PRODUCTION NO. 52:**

2       Documents sufficient to show the organizational structure of Samsung, including, but not

3   limited to, all divisions, departments, and personnel involved in assisting with the suit against

4   Wistron.

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

6       Samsung objects to this request on the grounds that it is vague, ambiguous, unduly

7   burdensome and oppressive.  Samsung objects to this request on the ground that it seeks

8   documents neither relevant to a claim or defense of any party nor reasonably calculated to lead to

9   the discovery of admissible evidence.  Samsung further objects to this request on the ground that

10  it is overly broad as to subject matter.

11  **REQUEST FOR PRODUCTION NO. 53:**

12      All documents referring or relating to any complaint or problem discovered by or reported

13  to Samsung relating to the performance of any product, system or technology that uses or

14  embodies, in whole or in part, any alleged invention described in Samsung's patents-in-suit.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

16      Samsung objects to this request on the grounds that it is vague, ambiguous, unduly

17  burdensome and oppressive.  Samsung further objects to this request on the ground that it is

18  overly broad as to timeframe and subject matter, and that the request is not reasonably calculated

19  to lead to the discovery of admissible evidence.  Samsung further objects to this request to the

20  extent it seeks information protected by the attorney-client privilege, attorney work product

21  doctrine, or any other applicable privilege or protection.

22      Subject to and without waiving the foregoing specific and general objections, Samsung

23  will produce non-privileged, responsive documents within its possession, custody, and control to

24  the extent such documents exist.

25  **REQUEST FOR PRODUCTION NO. 54:**

26      All documents referring or relating to any feedback, test results or test data received by

27  Samsung from any person with a prototype or a sample of a product, which when used,

28  incorporates or performs any alleged invention described in Samsung's patents-in-suit.

DLA PIPER US LLP
EAST PALO ALTO

EM\72251782                          -30-
                    SAMSUNG'S RESPONSES TO WISTRON'S FIRST SET OF REQUESTS FOR PRODUCTION OF
                                        DOCUMENTS; CASE NO. C-07-4748 VRW

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

2         Samsung objects to this request on the grounds that it is vague, ambiguous, unduly

3   burdensome and oppressive. Samsung further objects to this request on the ground that it is

4   overly broad as to timeframe and subject matter, and that the request is not reasonably calculated

5   to lead to the discovery of admissible evidence. Samsung further objects to this request to the

6   extent it seeks information protected by the attorney-client privilege, attorney work product

7   doctrine, or any other applicable privilege or protection.

8         Subject to and without waiving the foregoing specific and general objections, Samsung

9   will produce non-privileged, responsive documents within its possession, custody, and control to

10  the extent such documents exist.

11  **REQUEST FOR PRODUCTION NO. 55:**

12        All documents referring or relating to any decision to call or not to call any information to

13  the attention of the U.S. Patent and Trademark Office in connection with the prosecution of any

14  patent application related to Samsung's patents-in-suit, whether such decision occurred prior to,

15  during, or after such prosecution.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

17        Samsung objects to this request on the grounds that it is vague, ambiguous, unduly

18  burdensome and oppressive. Samsung objects to the extent the request calls for documents

19  outside of Samsung's possession, custody, or control. Samsung further objects to the extent the

20  request seeks information protected by the attorney-client privilege, attorney work product

21  doctrine, or any other applicable privilege or protection. Samsung further objects on the ground

22  that the request is irrelevant and is not reasonably calculated to lead to the discovery of

23  admissible evidence.

24  **REQUEST FOR PRODUCTION NO. 56:**

25        All documents referring or relating to the initiation, preparation, or prosecution of any

26  application leading to the issuance of any of Samsung's patents-in-suit, including but not limited

27  to all of the prosecuting attorney files and any invention disclosure form or communication with

28  any named inventor.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Samsung objects to this request to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection. Samsung further objects to the extent the request calls for documents outside of Samsung's possession, custody, or control. Samsung further objects that this request is vague, ambiguous, unduly burdensome and oppressive. Samsung further objects on the ground that the request is overly broad as to timeframe and subject matter. Samsung further objects to the extent the documents requested are equally available to Wistron.

Subject to and without waiving the foregoing specific and general objections, Samsung will produce non-privileged, responsive documents within its possession, custody, and control to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 57:**

All documents referring or relating to any undisclosed embodiment of any alleged invention described in Samsung's patents-in-suit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

Samsung objects to this request on the grounds that it is vague, ambiguous, unduly burdensome and oppressive. Samsung further objects on the ground that the request is overly broad as to timeframe and subject matter. Samsung further objects to this request to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing specific and general objections, Samsung will produce non-privileged, responsive documents within its possession, custody, and control to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 58:**

All documents relating to the prosecution of each patent or patent application in the patent family of Samsung's patents-in-suit, including without limitation, complete copies of the files from any foreign patent office proceedings by which anyone has sought or seeks a foreign patent or similar protection for the inventions claimed by patents or patent applications in Samsung's

1  patents-in-suit patent family, and complete copies of all documents regarding such foreign

2  prosecution, including all prior art disclosed, discussed or considered in connection with such

3  foreign prosecution.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

5      Samsung objects to this request on the grounds that it is vague, ambiguous, unduly

6  burdensome and oppressive. Samsung objects to the extent the request calls for documents

7  outside of Samsung's possession, custody, or control. Samsung objects on the ground that the

8  request is overly broad as to timeframe and subject matter. Samsung objects to this request to the

9  extent it seeks information protected by the attorney-client privilege, attorney work product

10  doctrine, or any other applicable privilege or protection. Samsung further objects to the extent

11  that the requested documents are equally available to Wistron.

12      Subject to and without waiving the foregoing specific and general objections, Samsung

13  will produce non-privileged, responsive documents within its possession, custody, and control to

14  the extent such documents exist.

15  **REQUEST FOR PRODUCTION NO. 59:**

16      All documents referring or relating to any patent or patent application, whether foreign or

17  domestic, that resulted in Samsung's patents-in-suit, including, but not limited to, provisionals,

18  continuations, continuations-in-part, divisionals, foreign counterparts, attorneys files, prosecution

19  history files, published applications, and all references cited therein.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

21      Samsung objects to this request on the grounds that it is vague, ambiguous, unduly

22  burdensome and oppressive. Samsung further objects on the ground that the request is overly

23  broad as to timeframe and subject matter. Samsung further objects to the extent the request calls

24  for documents outside of Samsung's possession, custody, or control. Samsung further objects to

25  this request to the extent it seeks information protected by the attorney-client privilege, attorney

26  work product doctrine, or any other applicable privilege or protection.

27      Subject to and without waiving the foregoing specific and general objections, Samsung

28  will produce non-privileged, responsive documents within its possession, custody, and control to

1    the extent such documents exist.

2    **REQUEST FOR PRODUCTION NO. 60:**

3        All documents that discuss, reflect, refer to or were prepared in connection with any

4    contested proceedings or any threatened contested proceedings (including interferences,

5    oppositions, nullity actions, reexaminations or reissue proceedings) involving Samsung's patents-

6    in-suit, or any foreign patent or foreign application counterpart (in whole or in part) to Samsung's

7    patents-in-suit or counterpart (in whole or in part) to any application in the chain of applications

8    from which Samsung's patents-in-suit issued.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

10        Samsung objects to this request on the grounds that it is vague, ambiguous, unduly

11    burdensome and oppressive. Samsung further objects on the ground that the request is overly

12    broad as to timeframe and subject matter. Samsung further objects to the extent the request calls

13    for documents outside of Samsung's possession, custody, or control. Samsung further objects to

14    this request to the extent it seeks information protected by the attorney-client privilege, attorney

15    work product doctrine, or any other applicable privilege or protection.

16        Subject to and without waiving the foregoing specific and general objections, Samsung

17    will produce non-privileged, responsive documents within its possession, custody, and control to

18    the extent such documents exist.

19    **REQUEST FOR PRODUCTION NO. 61:**

20        All documents sufficient to identify all companies, individuals or entities that have been

21    offered and/or accepted a license to Samsung's patents-in-suit (alone or in conjunction with other

22    patents) by any owner or assignee of any rights to Samsung's patents-in-suit, and the terms that

23    such license was offered and/or accepted, which includes but is not limited to any executed

24    licenses.

25    **RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

26        Samsung objects to this request on the grounds that it is vague, ambiguous, unduly

27    burdensome and oppressive. Samsung objects to this requests to the extent that it seeks

28    documents that are subject to confidentiality agreements, protective orders, or other

1    confidentiality obligations owed to third parties. Samsung objects on the ground that the request

2    is overly broad as to timeframe and subject matter. Samsung further objects to this request to the

3    extent it seeks information protected by the attorney-client privilege, attorney work product

4    doctrine, or any other applicable privilege or protection.

5         Subject to and without waiving the foregoing specific and general objections, Samsung

6    will produce non-privileged, responsive documents within its possession, custody, and control to

7    the extent such documents exist.

8    **REQUEST FOR PRODUCTION NO. 62:**

9         Documents sufficient to identify every license that Samsung contends uses any alleged

10   invention described in Samsung's patents-in-suit.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

12        Samsung objects to this request on the grounds that it is vague, ambiguous, unduly

13   burdensome and oppressive. Samsung objects to this requests to the extent that it seeks

14   documents that are subject to confidentiality agreements, protective orders, or other

15   confidentiality obligations owed to third parties. Samsung further objects on the ground that the

16   request is overly broad as to timeframe and subject matter. Samsung further objects to this

17   request to the extent it seeks information protected by the attorney-client privilege, attorney work

18   product doctrine, or any other applicable privilege or protection.

19   **REQUEST FOR PRODUCTION NO. 63:**

20        All documents that identify by manufacturer and model number any product, system,

21   technology or service that is or has been subject to a license or other grant of rights under

22   Samsung's patents-in-suit.

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

24        Samsung objects to this request on the grounds that it is vague, ambiguous, unduly

25   burdensome and oppressive. Samsung objects on the ground that the request is overly broad as to

26   timeframe and subject matter, and that the request seeks information not likely to lead to the

27   discovery of admissible evidence. Samsung objects to this requests to the extent that it seeks

28   documents that are subject to confidentiality agreements, protective orders, or other

1  confidentiality obligations owed to third parties.  Samsung further objects to this request to the

2  extent it seeks information protected by the attorney-client privilege, attorney work product

3  doctrine, or any other applicable privilege or protection.

4  **REQUEST FOR PRODUCTION NO. 64:**

5      All licensee reports for any product, system, technology or service that is or has been

6  subject to a license or other grant of rights under Samsung's patents-in-suit.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

8      Samsung objects to this request on the grounds that it is vague, ambiguous, unduly

9  burdensome and oppressive.  Samsung objects to this requests to the extent that it seeks

10  documents that are subject to confidentiality agreements, protective orders, or other

11  confidentiality obligations owed to third parties.  Samsung further objects on the ground that the

12  request is overly broad as to timeframe and subject matter, and that the request seeks information

13  not likely to lead to the discovery of admissible evidence.  Samsung further objects to the extent

14  that the request seeks information outside of Samsung's possession, custody, or control.

15  Samsung further objects on the ground that the request is irrelevant and is not reasonably

16  calculated to lead to the discovery of admissible evidence.

17      Subject to and without waiving the foregoing specific and general objections, Samsung

18  will produce non-privileged, responsive documents within its possession, custody, and control to

19  the extent such documents exist.

20  **REQUEST FOR PRODUCTION NO. 65:**

21      All non-disclosure or confidentiality agreements between Samsung on the one hand, and

22  any person, on the other hand, referring or relating to any product, system or technology, which

23  when used, incorporates, uses or performs any alleged invention described in Samsung's patents-

24  in-suit.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

26      Samsung objects to this request on the grounds that it is vague, ambiguous, unduly

27  burdensome and oppressive.  Samsung objects to this requests to the extent that it seeks

28  documents that are subject to confidentiality agreements, protective orders, or other

1  confidentiality obligations owed to third parties. Samsung further objects on the ground that the

2  request is overly broad as to timeframe and subject matter, and that the request seeks information

3  not likely to lead to the discovery of admissible evidence. Samsung further objects to the extent

4  that the request seeks information outside of Samsung's possession, custody, or control.

5  Samsung further objects to this request to the extent it seeks information protected by the

6  attorney-client privilege, attorney work product doctrine, or any other applicable privilege or

7  protection. Samsung further objects on the ground that the request is irrelevant and is not

8  reasonably calculated to lead to the discovery of admissible evidence.

9  **REQUEST FOR PRODUCTION NO. 66:**

10      All documents referring or relating to any royalty for, or the value of, any license under

11  Samsung's patents-in-suit.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

13      Samsung objects to this request on the grounds that it is vague, ambiguous, unduly

14  burdensome and oppressive. Samsung objects to this requests to the extent that it seeks

15  documents that are subject to confidentiality agreements, protective orders, or other

16  confidentiality obligations owed to third parties. Samsung further objects on the ground that the

17  request is overly broad as to timeframe and subject matter. Samsung further objects to this

18  request to the extent it seeks information protected by the attorney-client privilege, attorney work

19  product doctrine, or any other applicable privilege or protection. Samsung further objects to this

20  request to the extent it seeks to cause Samsung and/or its attorneys to violate any applicable

21  stipulated protective orders from prior litigation.

22      Subject to and without waiving the foregoing specific and general objections, Samsung

23  will produce non-privileged, responsive documents within its possession, custody, and control to

24  the extent such documents exist.

25  **REQUEST FOR PRODUCTION NO. 67:**

26      All documents that describe, discuss, reflect, analyze or refer to actual, potential, or

27  appropriate royalty rates or licensing fees for Samsung's patents-in-suit.

28

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

2        Samsung objects to this request on the grounds that it is vague, ambiguous, unduly

3    burdensome and oppressive.  Samsung objects to this requests to the extent that it seeks

4    documents that are subject to confidentiality agreements, protective orders, or other

5    confidentiality obligations owed to third parties.  Samsung further objects on the ground that the

6    request is overly broad as to timeframe and subject matter.  Samsung further objects to this

7    request to the extent it seeks information protected by the attorney-client privilege, attorney work

8    product doctrine, or any other applicable privilege or protection.  Samsung further objects to this

9    request to the extent it seeks to cause Samsung and/or its attorneys to violate any applicable

10   stipulated protective orders from prior litigation.

11       Subject to and without waiving the foregoing specific and general objections, Samsung

12   will produce non-privileged, responsive documents within its possession, custody, and control to

13   the extent such documents exist.

14   **REQUEST FOR PRODUCTION NO. 68:**

15       All documents and things that refer to, relate to or reflect what Samsung considers to be,

16   or have been, an established or usual royalty in the industry to which Samsung's patents-in-suit

17   relate.

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

19       Samsung objects to this request on the grounds that it is vague, ambiguous, unduly

20   burdensome and oppressive.  Samsung objects to this requests to the extent that it seeks

21   documents that are subject to confidentiality agreements, protective orders, or other

22   confidentiality obligations owed to third parties.  Samsung further objects on the ground that the

23   request is overly broad as to timeframe and subject matter.  Samsung further objects to this

24   request to the extent it seeks information protected by the attorney-client privilege, attorney work

25   product doctrine, or any other applicable privilege or protection.

26       Subject to and without waiving the foregoing specific and general objections, Samsung

27   will produce non-privileged, responsive documents within its possession, custody, and control to

28   the extent such documents exist.

DLA PIPER US LLP
EAST PALO ALTO

EM\7225178.2

SAMSUNG'S RESPONSES TO WISTRON'S FIRST SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS: CASE NO. C-07-4748 VRW

1  **REQUEST FOR PRODUCTION NO. 69:**

2      All documents that describe, discuss, reflect or refer to methods or strategies for

3  generating revenue from a patent portfolio, including but not limited to business or operation

4  plans, forecasts, budgets, reports, presentations, seminar materials, articles or memoranda.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

6      Samsung objects to this request on the grounds that it is vague, ambiguous, unduly

7  burdensome and oppressive. Samsung further objects on the ground that the request is overly

8  broad as to timeframe and subject matter. Samsung further objects to this request to the extent it

9  seeks information protected by the attorney-client privilege, attorney work product doctrine, or

10  any other applicable privilege or protection. Samsung further objects on the ground that the

11  request is irrelevant and is not reasonably calculated to lead to the discovery of admissible

12  evidence.

13  **REQUEST FOR PRODUCTION NO. 70:**

14      All documents referring or relating to any license payments, royalties, or any other

15  consideration Samsung has received or expects to receive for any license or other grant of rights

16  under Samsung's patents-in-suit.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

18      Samsung objects to this request on the grounds that it is vague, ambiguous, unduly

19  burdensome and oppressive. Samsung objects to this requests to the extent that it seeks

20  documents that are subject to confidentiality agreements, protective orders, or other

21  confidentiality obligations owed to third parties. Samsung further objects on the ground that the

22  request is overly broad as to timeframe and subject matter. Samsung further objects to this

23  request to the extent it seeks information protected by the attorney-client privilege, attorney work

24  product doctrine, or any other applicable privilege or protection.

25      Subject to and without waiving the foregoing specific and general objections, Samsung

26  will produce non-privileged, responsive documents within its possession, custody, and control to

27  the extent such documents exist.

28

1  **REQUEST FOR PRODUCTION NO. 71:**

2      All documents referring or relating to the dollar amount of payments, royalties, and other

3  consideration paid or to be paid under each license or other grant of rights under Samsung's

4  patents-in-suit.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

6      Samsung objects to this request on the grounds that it is vague, ambiguous, unduly

7  burdensome and oppressive.  Samsung objects to this requests to the extent that it seeks

8  documents that are subject to confidentiality agreements, protective orders, or other

9  confidentiality obligations owed to third parties.  Samsung further objects on the ground that the

10  request is overly broad as to timeframe and subject matter.  Samsung further objects to this

11  request to the extent it seeks information protected by the attorney-client privilege, attorney work

12  product doctrine, or any other applicable privilege or protection.

13      Subject to and without waiving the foregoing specific and general objections, Samsung

14  will produce non-privileged, responsive documents within its possession, custody, and control to

15  the extent such documents exist.

16  **REQUEST FOR PRODUCTION NO. 72:**

17      All documents that support Samsung's contention that it is entitled to damages for lost

18  profits.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

20      Samsung objects to this request to the extent it seeks information protected by the

21  attorney-client privilege, attorney work product doctrine, or any other applicable privilege or

22  protection.  Samsung further objects that such documents are already in the possession, custody,

23  or control of Wistron.

24      Subject to and without waiving the foregoing specific and general objections, Samsung

25  will produce non-privileged, responsive documents within its possession, custody, and control to

26  the extent such documents exist.

27  **REQUEST FOR PRODUCTION NO. 73:**

28      All documents referring or relating to Samsung's alleged damages from Wistron's alleged

-40-

1  infringement of Samsung's patents-in-suit.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

3      Samsung objects to this request on the grounds that it is vague, ambiguous, unduly

4  burdensome and oppressive. Samsung objects to this requests to the extent that it seeks

5  documents that are subject to confidentiality agreements, protective orders, or other

6  confidentiality obligations owed to third parties. Samsung further objects to this request to the

7  extent it seeks information protected by the attorney-client privilege, attorney work product

8  doctrine, or any other applicable privilege or protection.

9      Subject to and without waiving the foregoing specific and general objections, Samsung

10  will produce non-privileged, responsive documents within its possession, custody, and control to

11  the extent such documents exist.

12  **REQUEST FOR PRODUCTION NO. 74:**

13      All documents that support, dispute or otherwise relate to Samsung's contention that

14  Wistron's alleged infringement of Samsung's patents-in-suit have been and continues to be

15  willful.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

17      Samsung objects to this request to the extent it seeks information protected by the

18  attorney-client privilege, attorney work product doctrine, or any other applicable privilege or

19  protection. Samsung further objects that such documents are already in the possession, custody,

20  or control of Wistron.

21      Subject to and without waiving the foregoing specific and general objections, Samsung

22  will produce non-privileged, responsive documents within its possession, custody, and control to

23  the extent such documents exist.

24  **REQUEST FOR PRODUCTION NO. 75:**

25      All documents that analyze, describe, discuss or refer to the market, projected market or

26  demand for products Samsung contends are covered by its patents-in-suit, including without

27  limitation, to documents concerning competitors, market analyses, marketing plans, market

28  research, market segments and market shares in the market or projected market for such products.

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

2      Samsung objects to this request on the grounds that it is vague, ambiguous, unduly

3  burdensome and oppressive. Samsung further objects on the ground that the request is overly

4  broad as to timeframe and subject matter. Samsung further objects to this request to the extent it

5  seeks information protected by the attorney-client privilege, attorney work product doctrine, or

6  any other applicable privilege or protection.

7      Subject to and without waiving the foregoing specific and general objections, Samsung

8  will produce non-privileged, responsive documents within its possession, custody, and control to

9  the extent such documents exist.

10  **REQUEST FOR PRODUCTION NO. 76:**

11      All documents that constitute, discuss, describe, reflect, or refer to any analysis of the

12  value, importance, or benefits of the Samsung patents-in-suit, including without limitation,

13  documents that assess the value, importance, or benefits of any of the alleged inventions claimed

14  or described in Samsung's patents-in-suit.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

16      Samsung objects to this request on the grounds that it is vague, ambiguous, unduly

17  burdensome and oppressive. Samsung further objects on the ground that the request is overly

18  broad as to timeframe and subject matter. Samsung further objects to this request to the extent it

19  seeks information protected by the attorney-client privilege, attorney work product doctrine, or

20  any other applicable privilege or protection.

21      Subject to and without waiving the foregoing specific and general objections, Samsung

22  will produce non-privileged, responsive documents within its possession, custody, and control to

23  the extent such documents exist.

24  **REQUEST FOR PRODUCTION NO. 77:**

25      All business plans, financial forecasts or board meeting minutes of Samsung that refer or

26  relate to any patent application related to Samsung's patents-in-suit, to Samsung's patens-in-suit,

27  or to any product that embodies any claimed invention of Samsung's patents-in-suit.

28

DLA PIPER US LLP
EAST PALO ALTO

EM\7225178.2

-42-

SAMSUNG'S RESPONSES TO WISTRON'S FIRST SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS: CASE NO. C-07-4748 VRW

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

2        Samsung objects to this request on the grounds that it is vague, ambiguous, unduly

3    burdensome and oppressive. Samsung further objects on the ground that the request is overly

4    broad as to timeframe and subject matter. Samsung further objects to this request to the extent it

5    seeks information protected by the attorney-client privilege, attorney work product doctrine, or

6    any other applicable privilege or protection. Samsung further objects on the ground that the

7    request is irrelevant and is not reasonably calculated to lead to the discovery of admissible

8    evidence.

9        Subject to and without waiving the foregoing specific and general objections, Samsung

10    will produce non-privileged, responsive documents within its possession, custody, and control to

11    the extent such documents exist.

12    **REQUEST FOR PRODUCTION NO. 78:**

13        All documents that constitute, refer or relate to any Samsung's past, present or future

14    strategy for advertising, marketing, or selling any alleged invention claimed in Samsung's

15    patents-in-suit, including but not limited to any competitive analysis, description of any national

16    or regional market, analysis of consumer demand, and list of target customers.

17    **RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

18        Samsung objects to this request on the grounds that it is vague, ambiguous, unduly

19    burdensome and oppressive. Samsung further objects on the ground that the request is overly

20    broad as to timeframe and subject matter. Samsung further objects to this request to the extent it

21    seeks information protected by the attorney-client privilege, attorney work product doctrine, or

22    any other applicable privilege or protection.

23        Subject to and without waiving the foregoing specific and general objections, Samsung

24    will produce non-privileged, responsive documents within its possession, custody, and control to

25    the extent such documents exist.

26    **REQUEST FOR PRODUCTION NO. 79:**

27        All financial reports of Samsung from 1998 to present.

28

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

2          Samsung objects to this request on the grounds that it is vague, ambiguous, unduly

3    burdensome and oppressive. Samsung further objects on the ground that the request is overly

4    broad as to timeframe and subject matter, and that the request seeks information not likely to lead

5    to the discovery of admissible evidence. Samsung further objects to this request to the extent it

6    seeks information protected by the attorney-client privilege, attorney work product doctrine, or

7    any other applicable privilege or protection.

8          Subject to and without waiving the foregoing specific and general objections, Samsung

9    will produce non-privileged, responsive documents within its possession, custody, and control to

10   the extent such documents exist.

11   **REQUEST FOR PRODUCTION NO. 80:**

12         All documents that support, dispute or otherwise relate to Samsung's contentions that

13   Wistron has "infringed and continue[s] to infringe, ha[s] induced and continue[s] to induce others

14   to infringe, and/or ha[s] committed and continue[s] to commit acts of contributory infringement

15   of, one or more claims of the" patents-in-suit as alleged in paragraphs 12, 17, and 22 of the

16   Amended Countercomplaint.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

18         Samsung objects to this request to the extent it seeks information protected by the

19   attorney-client privilege, attorney work product doctrine, or any other applicable privilege or

20   protection. Samsung further objects to the extent that such documents are already in the

21   possession, custody, or control of Wistron.

22         Subject to and without waiving the foregoing specific and general objections, Samsung

23   will produce non-privileged, responsive documents within its possession, custody, and control to

24   the extent such documents exist.

25   **REQUEST FOR PRODUCTION NO. 81:**

26         All documents that support, dispute or otherwise relate to Samsung's contention that

27   Wistron's "infringement has been and continues to be intentional and willful" as alleged in

28   paragraphs 13, 18, and 23 of the Amended Countercomplaint.

DLA PIPER US LLP
EAST PALO ALTO

EM\7225178.2          SAMSUNG'S RESPONSES TO WISTRON'S FIRST SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS; CASE NO. C-07-4748 VRW

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

2      Samsung objects to this request to the extent it seeks information protected by the

3  attorney-client privilege, attorney work product doctrine, or any other applicable privilege or

4  protection. Samsung further objects to the extent that such documents are already in the

5  possession, custody, or control of Wistron.

6      Subject to and without waiving the foregoing specific and general objections, Samsung

7  will produce non-privileged, responsive documents within its possession, custody, and control to

8  the extent such documents exist.

9  **REQUEST FOR PRODUCTION NO. 82:**

10      All documents that support, dispute or otherwise relate to Samsung's contention that

11  Samsung has "suffered monetary damages . . . and Samsung will continue to suffer harm

12  (including irreparable harm) in the future . . ." as alleged in paragraphs 14, 19, and 24 of the

13  Amended Countercomplaint.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

15      Samsung objects to this request to the extent it seeks information protected by the

16  attorney-client privilege, attorney work product doctrine, or any other applicable privilege or

17  protection. Samsung further objects to this request on the grounds that it is unduly burdensome

18  and oppressive.

19      Subject to and without waiving the foregoing specific and general objections, Samsung

20  will produce non-privileged, responsive documents within its possession, custody, and control to

21  the extent such documents exist.

22  **REQUEST FOR PRODUCTION NO. 83:**

23      All documents referring or relating to any policy, instruction or set of instructions,

24  directive, policy statement, study, or other communication by Samsung relating to the destruction

25  or retention of documents or records.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

27      Samsung objects to this request on the grounds that it is vague, ambiguous, and overly

28  broad as to timeframe and subject matter. Samsung further objects to this request to the extent it

1  seeks information protected by the attorney-client privilege, attorney work product doctrine, or

2  any other applicable privilege or protection.

3      Subject to and without waiving the foregoing specific and general objections, Samsung

4  will produce non-privileged, responsive documents within its possession, custody, and control to

5  the extent such documents exist.

6  **REQUEST FOR PRODUCTION NO. 84:**

7      All documents, to the extent not already requested, that Samsung contends support any

8  allegation made in Samsung's Amended Countercomplaint.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

10     Samsung objects to this request to the extent it seeks information protected by the

11  attorney-client privilege, attorney work product doctrine, or any other applicable privilege or

12  protection.  Samsung further objects to this request on the grounds that it is vague, ambiguous,

13  unduly burdensome and oppressive.

14     Subject to and without waiving the foregoing specific and general objections, Samsung

15  will produce non-privileged, responsive documents within its possession, custody, and control to

16  the extent such documents exist.

17

18  Dated:  January 7, 2008

19                              DLA PIPER US LLP

20                              By

21                                 SAL LIM
                                Attorneys for Defendant and Counter-Plaintiff
22                                SAMSUNG ELECTRONICS CO., LTD

23

24

25

26

27

28

1  MARK D. FOWLER, Bar No. 124235
   mark.fowler@dlapiper.com
2  ELIZABETH DAY, Bar No. 177125
   elizabeth.day@dlapiper.com
3  TIMOTHY LOHSE, Bar No. 177230
   timothy.lohse@dlapiper.com
4  SAL LIM, Bar No. 211836
   sal.lim@dlapiper.com
5  GREGORY J. LUNDELL, Bar No. 234941
   greg.lundell@dlapiper.com
6  BRIAN P. WIKNER, Bar No. 244292
   brian.wikner@dlapiper.com
7  DLA PIPER US LLP
   2000 University Avenue
8  East Palo Alto, CA  94303-2214
   Tel:  650.833.2000
9  Fax:  650.833.2001

10 Attorneys for Defendant and Counter-Plaintiff
   SAMSUNG ELECTRONICS CO., LTD.

11

12                  UNITED STATES DISTRICT COURT

13                 NORTHERN DISTRICT OF CALIFORNIA

14                     SAN FRANCISCO DIVISION

15
   WISTRON CORPORATION, a Taiwan          CASE NO.  C-07-4748 VRW
16 corporation,
                                          PROOF OF SERVICE
17              Plaintiff and Counter-
                Defendant,
18
            v.
19
   SAMSUNG ELECTRONICS CO., LTD., a
20 Republic of Korea corporation,

21              Defendant and Counter-
                Plaintiff.
22

23 SAMSUNG ELECTRONICS CO., LTD.,

24              Counterclaim-Plaintiff,

25          v.

26 WISTRON CORPORATION, and
   WISTRON INFOCOMM (TEXAS)
27 CORPORATION,

28              Counterclaim-Defendants.

DLA PIPER US LLP
EAST PALO ALTO    EM\7225327.1

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is DLA Piper US LLP, 2000 University Avenue, East Palo Alto, California 94303-2214. On January 7, 2008, I served the within documents:

**SAMSUNG ELECTRONICS CO., LTD.'S RESPONSES TO WISTRON'S FIRST SET OF INTERROGATORIES (NOS. 1-9)**

**SAMSUNG ELECTRONICS CO., LTD.'S RESPONSES TO WISTRON'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS (NOS. 1-84)**

[X]   by causing such document to be transmitted by electronic mail to the office of the addressees.

MICHAEL J. BETTINGER, ESQ.
HAROLD H. DAVIS, JR., ESQ.
TIMOTHY WALKER, ESQ.
CATHERINE POPE, ESQ.
CATHY WILLIAMS, ESQ.
JULIA ALVAREZ, ESQ.
PERRY BROOKS, ESQ.
DINA DELAUTER, ESQ.
K&L GATES
55 SECOND STREET, SUITE 1700
SAN FRANCISCO, CA 94105
E-mails:
mike.betttinger@klgates.com
harold.davis@klgates.com
timothy.walker@klgates.com
catherine.pope@klgates.com
cathy.williams@klgates.com
julia.alvarez@klgates.com
perry.brooks@klgates.com
dina.delauter@klgates.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the Bar of or permitted to practice before this Court at whose direction the service was made.

Executed on January 7, 2008, at East Palo Alto, California.

_Zoya Khodosh_
ZOYA KHODOSH

DLA PIPER US LLP
EAST PALO ALTO

EM\7225327.1

PROOF OF SERVICE
CASE NO. C-07-4748 VRW

# EXHIBIT B

1  MARK D. FOWLER, Bar No. 124235
   mark.fowler@dlapiper.com
2  ELIZABETH DAY, Bar No. 177125
   elizabeth.day@dlapiper.com
3  TIMOTHY LOHSE, Bar No. 177230
   timothy.lohse@dlapiper.com
4  SAL LIM, Bar No. 211836
   sal.lim@dlapiper.com
5  GREGORY J. LUNDELL, Bar No. 234941
   greg.lundell@dlapiper.com
6  DLA PIPER US LLP
   2000 University Avenue
7  East Palo Alto, CA  94303-2214
   Tel:  650.833.2000
8  Fax:  650.833.2001

9  Attorneys for Defendant and Counter-Plaintiff
   SAMSUNG ELECTRONICS CO., LTD.

10

11              UNITED STATES DISTRICT COURT

12            NORTHERN DISTRICT OF CALIFORNIA

13               SAN FRANCISCO DIVISION

14

15 WISTRON CORPORATION, a Taiwan          CASE NO.  C-07-4748 VRW
   corporation,
16                                        **SAMSUNG ELECTRONICS CO., LTD.'S**
              Plaintiff and Counter-      **RESPONSES TO WISTRON'S SECOND**
17            Defendant,                  **SET OF REQUESTS FOR PRODUCTION**
                                          **OF DOCUMENTS (NOS. 89-96)**
18       v.

19 SAMSUNG ELECTRONICS CO., LTD., a
   Republic of Korea corporation,
20
              Defendant and Counter-
21            Plaintiff.

22 SAMSUNG ELECTRONICS CO., LTD.,

23            Counterclaim-Plaintiff,

24       v.

25 WISTRON CORPORATION, and
   WISTRON INFOCOMM (TEXAS)
26 CORPORATION,

27            Counterclaim-Defendants.

28

DLA PIPER US LLP        WEST\21340518.1                    -1-
  EAST PALO ALTO

1    **PROPOUNDING PARTY: Counterclaim-Defendant Wistron Corporation.**

2    **RESPONDING PARTY:    Counterclaim-Plaintiff Samsung Electronics Co., Ltd.**

3    **SET NO. :                Two**

4          Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Counterclaim-

5    Plaintiff Samsung Electronics Co., Ltd. ("Samsung") responds to Counterclaim-Defendant

6    Wistron Corporation's ("Wistron") second set of requests for production of documents and things

7    (Nos. 89-96) as follows.

8                        **GENERAL STATEMENTS AND OBJECTIONS**

9          1.    The following response is based on discovery available as of the date hereof.

10   Discovery is continuing, and this response is accordingly subject to revision.  Further discovery,

11   independent investigation and analysis may supply additional facts and add meaning to known

12   facts, as well as establish entirely new factual conclusions and legal contentions, all of which may

13   lead to additions, changes to, or variations from the information herein set forth.

14         2.    The following responses are given without prejudice to Samsung's right to

15   produce or rely on subsequently discovered documents.  Samsung accordingly reserves the right

16   to change the responses herein and/or produce or rely on subsequently discovered documents as

17   additional facts are ascertained, analysis is made, legal research is completed, and contentions are

18   made.  The responses contained herein are made in a good faith effort to comply with the

19   provisions of Rule 34 of the Federal Rules of Civil Procedure, and to supply such responsive

20   documents as exist and are presently within Samsung's possession, custody or control, but are in

21   no way to be deemed to be to the prejudice of Samsung in relation to further discovery, research

22   and analysis.

23         3.    In addition to any specific objections which may be made on an individual basis in

24   the separate responses set forth below, Samsung objects generally to each request to the extent

25   that it seeks to elicit documents subject to and protected by the attorney-client privilege and/or the

26   attorney work-product doctrine.  Nothing contained herein is intended to be or should be

27   construed as a waiver of the attorney-client privilege, the attorney work product doctrine, or any

28   other applicable privilege, protection, or doctrine.

1      4.      These responses are made solely for the purpose of discovery in this action.

2    Nothing herein is intended to waive the following objections, which are expressly reserved: all

3    objections as to competency, relevancy, authenticity, propriety, materiality, and admissibility of

4    the subject matter of the discovery requests; all objections as to vagueness, ambiguity, or undue

5    burden; all objections on any ground as to the use of any information provided in response to

6    these discovery requests; all objections on any ground to any request for further responses to

7    these or other discovery requests; and any and all other objections and grounds which would or

8    could require or permit the exclusion of any document or statement therein from evidence, all of

9    which objections and grounds are reserved and may be interposed at the time of trial.

10      5.      Any statement made herein of an intent to produce documents is not, and shall not

11    be deemed, an admission of any factual or legal contention contained in any individual request.

12    Samsung objects to each request to the extent that it contains any factual or legal

13    misrepresentations.

14      6.      Samsung objects to these requests, and to each and every individual request

15    contained therein, to the extent that they call for information not within the possession, custody,

16    or control of Samsung.  The responses given herein are based upon information reasonably

17    available to Samsung and documents within Samsung's possession, custody, or control.

18      7.      Samsung objects to these requests, and to each and every individual request

19    contained therein, as overbroad, unduly burdensome, and oppressive to the extent they fail to

20    specify any relevant time period, and thus are neither limited to events relevant to this litigation

21    nor reasonably calculated to lead to the discovery of admissible evidence.

22      8.      Samsung objects to these requests, and to each and every individual request

23    contained therein, as overbroad, unduly burdensome, and oppressive to the extent they are so

24    general that they require Samsung to search thousands of pages of documents to ascertain

25    whether any responsive documents exist.

26      9.      Samsung objects to these requests, and to each and every individual request

27    contained therein, to the extent they seek documents that are publicly or equally available to

28    Wistron.

1      10.    Samsung objects to these requests to the extent that they seek documents that are

2 subject to confidentiality agreements, protective orders, or other confidentiality obligations owed

3 to third parties.

4      11.    Samsung objects to the Definitions and Instructions sections of Wistron's Requests

5 to the extent they seek to impose obligations or requirements on Samsung that are greater than or

6 different from those imposed by the Federal Rules of Civil Procedure and/or the Local Rules of

7 the United States District Court for the Northern District of California.

8      12.    Samsung objects to the definition of "Samsung," "Defendant," "You," or "Your"

9 to the extent that such definition seeks to require Samsung to produce documents or provide

10 information which is either not within the possession, custody or control of Samsung Electronics

11 Co., Ltd. or that is subject to the attorney-client privilege or the work product doctrine.

12      13.    Samsung objects to the definitions of "Concerning," "Relate," "Refer," and

13 "Reflect" as overly broad, vague, ambiguous, and requiring subjective judgment on the part of

14 Samsung and its attorneys. Samsung further objects to the definitions to the extent they would

15 require the disclosure of information revealing conclusion, opinion, or mental impression of

16 counsel in violation of the attorney-client privilege or the attorney work product doctrine.

17      14.    Samsung objects to the definition of "Related Patents" and "Related Patent

18 Applications" as overly broad and unduly burdensome.

19      15.    Samsung objects to the definition of "development" as overly broad and unduly

20 burdensome.

21      16.    These General Statement and Objections shall be deemed to be incorporated in full

22 into each response set forth below, and any statement of intent to produce documents contained in

23 any such response is subject to the limitations, objections, and exceptions set forth herein.

24 Moreover, any statement of intent to produce documents responsive to a particular request is not,

25 and shall not be deemed, a representation that any such documents exist or are in the possession,

26 custody or control of Samsung. Samsung reserves the right to supplement its answers as more

27 information becomes available and/or as the scope of Wistron's requests for production are

28 further defined.

DLA PIPER US LLP
EAST PALO ALTO

WEST\21340518.1

SAMSUNG'S RESPONSES TO WISTRON'S SECOND SET OF RFPS
CASE NO. C-07-4748 VRW

1    Subject to the foregoing, Samsung responds as follows:

2    **DOCUMENTS AND THINGS TO BE PRODUCED**

3    **REQUEST FOR PRODUCTION NO. 89:**

4    All documents referring or relating to Samsung's membership in JEDEC.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

6    Samsung objects to this request on the ground that it is overbroad as to timeframe and

7    subject matter. Samsung further objects on the grounds that the request is vague, ambiguous,

8    unduly burdensome and oppressive. Samsung objects to this request on the ground that it seeks

9    documents that are publicly or equally available to Wistron. Samsung objects to this request on

10   the grounds that it seeks documents neither relevant to a claim or defense of any party nor

11   reasonably calculated to lead to the discovery of admissible evidence. Samsung further objects to

12   the extent the request calls for documents outside of Samsung's possession, custody, or control.

13   Samsung objects to this request to the extent it seeks information subject to the attorney-client

14   privilege, attorney work product doctrine, or other privilege. To the extent responsive documents

15   exist, Samsung will produce only those documents that do not contain third-party information

16   absent the explicit approval to produce such documents by the third party.

17   Subject to and without waiving the foregoing specific and general objections, Samsung

18   will produce non-privileged, responsive documents within its possession, custody, and control to

19   the extent such documents exist.

20   **REQUEST FOR PRODUCTION NO. 90:**

21   All documents referring or relating to disclosures made by Samsung to any standards

22   setting organization, including without limitation JEDEC, regarding Samsung's patents-in-suit.

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

24   Samsung objects to this request on the ground that it is overbroad as to timeframe and

25   subject matter. Samsung further objects on the grounds that the request is vague, ambiguous,

26   unduly burdensome and oppressive. Samsung objects to this request on the ground that it seeks

27   documents that are publicly or equally available to Wistron. Samsung objects to this request on

28   the grounds that it seeks documents neither relevant to a claim or defense of any party nor

-5-

1    reasonably calculated to lead to the discovery of admissible evidence. Samsung further objects to

2    the extent the request calls for documents outside of Samsung's possession, custody, or control.

3    Samsung objects to this request to the extent it seeks information subject to the attorney-client

4    privilege, attorney work product doctrine, or other privilege. Samsung will not produce

5    documents that containing third-party confidential information absent the explicit approval to

6    produce such documents by the third party.

7        Subject to and without waiving the foregoing specific and general objections, Samsung

8    will produce its non-privileged disclosures to JEDEC regarding the patents-in-suit to the extent

9    that any such documents exist, and are within Samsung's possession, custody, and control

10   **REQUEST FOR PRODUCTION NO. 91:**

11       All documents referring or relating to disclosures made by Samsung to any standards

12   setting organization, including without limitation JEDEC, regarding patent applications relating

13   to memory module technology.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

15       Samsung objects to this request on the ground that it is overbroad as to timeframe and

16   subject matter. Samsung further objects to this request on the ground that the phrases "any

17   standards setting organization" and "relating to memory module technology" are overbroad as to

18   time and subject matter. Samsung further objects on the grounds that the request is vague,

19   ambiguous, unduly burdensome and oppressive. Samsung objects to this request on the ground

20   that it seeks documents that are publicly or equally available to Wistron. Samsung objects to this

21   request on the ground that it seeks documents neither relevant to a claim or defense of any party

22   nor reasonably calculated to lead to the discovery of admissible evidence. Samsung further

23   objects to the extent the request calls for documents outside of Samsung's possession, custody, or

24   control. Samsung objects to this request to the extent it seeks information subject to the attorney-

25   client privilege, attorney work product doctrine, or other privilege. Samsung will not produce

26   documents that containing third-party confidential information absent the explicit approval to

27   produce such documents by the third party.

28   ///

1    **REQUEST FOR PRODUCTION NO. 92:**

2        All communications between Samsung and other JEDEC member companies referring or

3    relating to Samsung's patents and patent applications relating to memory module technology.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

5        Samsung objects to this request on the ground that it is overbroad as to timeframe and

6    subject matter. Samsung further objects on the grounds that the request is vague, ambiguous,

7    unduly burdensome and oppressive. In particular, Samsung further objects to the phrases

8    "memory module technology" and "Samsung's patents and patent applications" as overbroad

9    with respect to time and subject matter, vague, and ambiguous. Samsung objects to this request

10   on the ground that it seeks documents that are publicly or equally available to Wistron. Samsung

11   objects to this request on the ground that it seeks documents neither relevant to a claim or defense

12   of any party nor reasonably calculated to lead to the discovery of admissible evidence. Samsung

13   further objects to the extent the request calls for documents outside of Samsung's possession,

14   custody, or control. Samsung objects to this request to the extent it seeks information subject to

15   the attorney-client privilege, attorney work product doctrine, or other privilege. Samsung will not

16   produce documents that containing third-party confidential information absent the explicit

17   approval to produce such documents by the third party.

18   **REQUEST FOR PRODUCTION NO. 93:**

19       All communications between Samsung and JEDEC from September 21, 1999 to the

20   present concerning the disclosure of any technology relating to the technology disclosed in the

21   patents-in-suit.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

23       Samsung objects to this request on the ground that it is overbroad as to timeframe and

24   subject matter. Samsung further objects on the grounds that the request is overbroad, vague,

25   ambiguous, unduly burdensome and oppressive. In particular, Samsung further objects to the

26   phrase "any technology relating to the technology disclosed in the patents-in-suit" as overbroad as

27   to subject matter, vague, and ambiguous. Samsung objects to this request on the ground that it

28   seeks documents that are publicly or equally available to Wistron. Samsung objects to this

1  request on the ground that it seeks documents neither relevant to a claim or defense of any party

2  nor reasonably calculated to lead to the discovery of admissible evidence.  Samsung further

3  objects to the extent the request calls for documents outside of Samsung's possession, custody, or

4  control.  Samsung objects to this request to the extent it seeks information subject to the attorney-

5  client privilege, attorney work product doctrine, or other privilege.  Samsung will not produce

6  documents that containing third-party confidential information absent the explicit approval to

7  produce such documents by the third party.

8  **REQUEST FOR PRODUCTION NO. 94:**

9      All documents referring or relating to Samsung's procedure and/or protocol for disclosing

10  patents and patent applications to any standards setting organization, including without limitation

11  JEDEC.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

13      Samsung objects to this request on the ground that it is overbroad as to timeframe and

14  subject matter.  Samsung further objects on the grounds that the request is vague, ambiguous,

15  unduly burdensome and oppressive.  Samsung further objects to this request on the ground that

16  the terms "procedure" and "protocol" are overbroad as to time and subject matter, vague, and

17  ambiguous.  Samsung further objects to this request on the ground that the phrase "any standards

18  setting organization" is overbroad as to time and subject matter.  Samsung objects to this request

19  on the ground that it seeks documents that are publicly or equally available to Wistron.  Samsung

20  objects to this request on the ground that it seeks documents neither relevant to a claim or defense

21  of any party nor reasonably calculated to lead to the discovery of admissible evidence.  Samsung

22  further objects to the extent the request calls for documents outside of Samsung's possession,

23  custody, or control.  Samsung objects to this request to the extent it seeks information subject to

24  the attorney-client privilege, attorney work product doctrine, or other privilege.  Samsung will not

25  produce documents that containing third-party confidential information absent the explicit

26  approval to produce such documents by the third party.

27      Subject to and without waiving the foregoing specific and general objections, Samsung

28  will produce non-privileged, responsive documents related to JEDEC within its possession,

-8-

1    custody, and control to the extent such documents exist.

2    **REQUEST FOR PRODUCTION NO. 95:**

3        All documents referring or relating to Samsung's attendance and/or participation in

4    JEDEC committees and/or meetings from September 21, 1999 to the present.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

6        Samsung objects to this request on the ground that it is overbroad as to timeframe and

7    subject matter.  Samsung further objects on the grounds that the request is vague, ambiguous,

8    unduly burdensome and oppressive.  Samsung objects to this request on the ground that it seeks

9    documents that are publicly or equally available to Wistron.  Samsung objects to this request on

10    the ground that it seeks documents neither relevant to a claim or defense of any party nor

11    reasonably calculated to lead to the discovery of admissible evidence.  Samsung further objects to

12    the extent the request calls for documents outside of Samsung's possession, custody, or control.

13    Samsung objects to this request to the extent it seeks information subject to the attorney-client

14    privilege, attorney work product doctrine, or other privilege.  Samsung will not produce

15    documents that containing third-party confidential information absent the explicit approval to

16    produce such documents by the third party.

17        Subject to and without waiving the foregoing specific and general objections, Samsung

18    will produce non-privileged, responsive documents related to the patents-in-suit within its

19    possession, custody, and control to the extent such documents exist.

20    **REQUEST FOR PRODUCTION NO. 96:**

21        All documents referring or relating to Samsung's patents and patent applications

22    referenced in JEDEC standards and publications.

23    **RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

24        Samsung objects to this request on the ground that it is overbroad as to timeframe and

25    subject matter.  Samsung further objects on the grounds that the request is vague, ambiguous,

26    unduly burdensome and oppressive.  Samsung objects to this request on the ground that it seeks

27    documents that are publicly or equally available to Wistron.  Samsung objects to this request on

28    the ground that it seeks documents neither relevant to a claim or defense of any party nor

1    reasonably calculated to lead to the discovery of admissible evidence. Samsung further objects to

2    the extent the request calls for documents outside of Samsung's possession, custody, or control.

3    Samsung objects to this request to the extent it seeks information subject to the attorney-client

4    privilege, attorney work product doctrine, or other privilege. Samsung will not produce

5    documents that containing third-party confidential information absent the explicit approval to

6    produce such documents by the third party.

7         Subject to and without waiving the foregoing specific and general objections, Samsung

8    will produce non-privileged, responsive documents related to the patents-in-suit within its

9    possession, custody, and control to the extent such documents exist.

10

11   Dated: May 19, 2008

12                                    DLA PIPER US LLP

13                                    By

14                                    MARK FOWLER
                                      M. ELIZABETH DAY
15                                    TIM LOHSE
                                      SAL LIM
16                                    GREGORY LUNDELL
                                      Attorneys for Defendant and Counter-Plaintiff
17                                    SAMSUNG ELECTRONICS CO., LTD

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT C

1  MARK D. FOWLER, Bar No. 124235
   mark.fowler@dlapiper.com
2  ELIZABETH DAY, Bar No. 177125
   elizabeth.day@dlapiper.com
3  TIMOTHY LOHSE, Bar No. 177230
   timothy.lohse@dlapiper.com
4  SAL LIM, Bar No. 211836
   sal.lim@dlapiper.com
5  GREGORY J. LUNDELL, Bar No. 234941
   greg.lundell@dlapiper.com
6  DLA PIPER US LLP
   2000 University Avenue
7  East Palo Alto, CA 94303-2214
   Tel: 650.833.2000
8  Fax: 650.833.2001

9  Attorneys for Defendant and Counter-Plaintiff
   SAMSUNG ELECTRONICS CO., LTD.

10

11              UNITED STATES DISTRICT COURT

12            NORTHERN DISTRICT OF CALIFORNIA

13                SAN FRANCISCO DIVISION

14

15  WISTRON CORPORATION, a Taiwan          CASE NO.  C-07-4748 VRW
    corporation,
16                                         **SAMSUNG ELECTRONICS CO., LTD.'S**
                    Plaintiff and Counter- **FIRST SUPPLEMENTAL RESPONSES TO**
17                  Defendant,             **WISTRON'S SECOND SET OF**
                                           **REQUESTS FOR PRODUCTION OF**
                                           **DOCUMENTS (NOS. 89-96)**
18       v.

19  SAMSUNG ELECTRONICS CO., LTD., a
    Republic of Korea corporation,
20
                    Defendant and Counter-
21                  Plaintiff.

22  SAMSUNG ELECTRONICS CO., LTD.,

23                  Counterclaim-Plaintiff,

24       v.

25  WISTRON CORPORATION, and
    WISTRON INFOCOMM (TEXAS)
26  CORPORATION,

27                  Counterclaim-Defendants.

28

1    **PROPOUNDING PARTY: Counterclaim-Defendant Wistron Corporation.**

2    **RESPONDING PARTY:    Counterclaim-Plaintiff Samsung Electronics Co., Ltd.**

3    **SET NO. :            Two**

4    　　　　　Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Counterclaim-

5    Plaintiff Samsung Electronics Co., Ltd. ("Samsung") responds to Counterclaim-Defendant

6    Wistron Corporation's ("Wistron") second set of requests for production of documents and things

7    (Nos. 89-96) as follows.

8    　　　　　　　**GENERAL STATEMENTS AND OBJECTIONS**

9    　　　　　1.　　　The following response is based on discovery available as of the date hereof.

10   Discovery is continuing, and this response is accordingly subject to revision. Further discovery,

11   independent investigation and analysis may supply additional facts and add meaning to known

12   facts, as well as establish entirely new factual conclusions and legal contentions, all of which may

13   lead to additions, changes to, or variations from the information herein set forth.

14   　　　　　2.　　　The following responses are given without prejudice to Samsung's right to

15   produce or rely on subsequently discovered documents. Samsung accordingly reserves the right

16   to change the responses herein and/or produce or rely on subsequently discovered documents as

17   additional facts are ascertained, analysis is made, legal research is completed, and contentions are

18   made. The responses contained herein are made in a good faith effort to comply with the

19   provisions of Rule 34 of the Federal Rules of Civil Procedure, and to supply such responsive

20   documents as exist and are presently within Samsung's possession, custody or control, but are in

21   no way to be deemed to be to the prejudice of Samsung in relation to further discovery, research

22   and analysis.

23   　　　　　3.　　　In addition to any specific objections which may be made on an individual basis in

24   the separate responses set forth below, Samsung objects generally to each request to the extent

25   that it seeks to elicit documents subject to and protected by the attorney-client privilege and/or the

26   attorney work-product doctrine. Nothing contained herein is intended to be or should be

27   construed as a waiver of the attorney-client privilege, the attorney work product doctrine, or any

28   other applicable privilege, protection, or doctrine.

-2-

1      4.      These responses are made solely for the purpose of discovery in this action.

2   Nothing herein is intended to waive the following objections, which are expressly reserved: all

3   objections as to competency, relevancy, authenticity, propriety, materiality, and admissibility of

4   the subject matter of the discovery requests; all objections as to vagueness, ambiguity, or undue

5   burden; all objections on any ground as to the use of any information provided in response to

6   these discovery requests; all objections on any ground to any request for further responses to

7   these or other discovery requests; and any and all other objections and grounds which would or

8   could require or permit the exclusion of any document or statement therein from evidence, all of

9   which objections and grounds are reserved and may be interposed at the time of trial.

10      5.      Any statement made herein of an intent to produce documents is not, and shall not

11   be deemed, an admission of any factual or legal contention contained in any individual request.

12   Samsung objects to each request to the extent that it contains any factual or legal

13   misrepresentations.

14      6.      Samsung objects to these requests, and to each and every individual request

15   contained therein, to the extent that they call for information not within the possession, custody,

16   or control of Samsung.  The responses given herein are based upon information reasonably

17   available to Samsung and documents within Samsung's possession, custody, or control.

18      7.      Samsung objects to these requests, and to each and every individual request

19   contained therein, as overbroad, unduly burdensome, and oppressive to the extent they fail to

20   specify any relevant time period, and thus are neither limited to events relevant to this litigation

21   nor reasonably calculated to lead to the discovery of admissible evidence.

22      8.      Samsung objects to these requests, and to each and every individual request

23   contained therein, as overbroad, unduly burdensome, and oppressive to the extent they are so

24   general that they require Samsung to search thousands of pages of documents to ascertain

25   whether any responsive documents exist.

26      9.      Samsung objects to these requests, and to each and every individual request

27   contained therein, to the extent they seek documents that are publicly or equally available to

28   Wistron.

1      10.    Samsung objects to these requests to the extent that they seek documents that are

2   subject to confidentiality agreements, protective orders, or other confidentiality obligations owed

3   to third parties.

4      11.    Samsung objects to the Definitions and Instructions sections of Wistron's Requests

5   to the extent they seek to impose obligations or requirements on Samsung that are greater than or

6   different from those imposed by the Federal Rules of Civil Procedure and/or the Local Rules of

7   the United States District Court for the Northern District of California.

8      12.    Samsung objects to the definition of "Samsung," "Defendant," "You," or "Your"

9   to the extent that such definition seeks to require Samsung to produce documents or provide

10  information which is either not within the possession, custody or control of Samsung Electronics

11  Co., Ltd. or that is subject to the attorney-client privilege or the work product doctrine.

12     13.    Samsung objects to the definitions of "Concerning," "Relate," "Refer," and

13  "Reflect" as overly broad, vague, ambiguous, and requiring subjective judgment on the part of

14  Samsung and its attorneys.  Samsung further objects to the definitions to the extent they would

15  require the disclosure of information revealing conclusion, opinion, or mental impression of

16  counsel in violation of the attorney-client privilege or the attorney work product doctrine.

17     14.    Samsung objects to the definition of "Related Patents" and "Related Patent

18  Applications" as overly broad and unduly burdensome.

19     15.    Samsung objects to the definition of "development" as overly broad and unduly

20  burdensome.

21     16.    These General Statement and Objections shall be deemed to be incorporated in full

22  into each response set forth below, and any statement of intent to produce documents contained in

23  any such response is subject to the limitations, objections, and exceptions set forth herein.

24  Moreover, any statement of intent to produce documents responsive to a particular request is not,

25  and shall not be deemed, a representation that any such documents exist or are in the possession,

26  custody or control of Samsung.  Samsung reserves the right to supplement its answers as more

27  information becomes available and/or as the scope of Wistron's requests for production are

28  further defined.

-4-

1    Subject to the foregoing, Samsung responds as follows:

2    **DOCUMENTS AND THINGS TO BE PRODUCED**

3    **REQUEST FOR PRODUCTION NO. 89:**

4    All documents referring or relating to Samsung's membership in JEDEC.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

6    Samsung objects to this request on the ground that it is overbroad as to timeframe and

7    subject matter. Samsung further objects on the grounds that the request is vague, ambiguous,

8    unduly burdensome and oppressive. Samsung objects to this request on the ground that it seeks

9    documents that are publicly or equally available to Wistron. Samsung objects to this request on

10    the grounds that it seeks documents neither relevant to a claim or defense of any party nor

11    reasonably calculated to lead to the discovery of admissible evidence. Samsung further objects to

12    the extent the request calls for documents outside of Samsung's possession, custody, or control.

13    Samsung objects to this request to the extent it seeks information subject to the attorney-client

14    privilege, attorney work product doctrine, or other privilege. To the extent responsive documents

15    exist, Samsung will produce only those documents that do not contain third-party information

16    absent the explicit approval to produce such documents by the third party.

17    Subject to and without waiving the foregoing specific and general objections, Samsung

18    will produce non-privileged, responsive documents within its possession, custody, and control to

19    the extent such documents exist.

20    **REQUEST FOR PRODUCTION NO. 90:**

21    All documents referring or relating to disclosures made by Samsung to any standards

22    setting organization, including without limitation JEDEC, regarding Samsung's patents-in-suit.

23    **RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

24    Samsung objects to this request on the ground that it is overbroad as to timeframe and

25    subject matter. Samsung further objects on the grounds that the request is vague, ambiguous,

26    unduly burdensome and oppressive. Samsung objects to this request on the ground that it seeks

27    documents that are publicly or equally available to Wistron. Samsung objects to this request on

28    the grounds that it seeks documents neither relevant to a claim or defense of any party nor

-5-

1   reasonably calculated to lead to the discovery of admissible evidence.  Samsung further objects to

2   the extent the request calls for documents outside of Samsung's possession, custody, or control.

3   Samsung objects to this request to the extent it seeks information subject to the attorney-client

4   privilege, attorney work product doctrine, or other privilege.  Samsung will not produce

5   documents that containing third-party confidential information absent the explicit approval to

6   produce such documents by the third party.

7          Subject to and without waiving the foregoing specific and general objections, Samsung

8   will produce its non-privileged disclosures to JEDEC regarding the patents-in-suit to the extent

9   that any such documents exist, and are within Samsung's possession, custody, and control.

10  **REQUEST FOR PRODUCTION NO. 91:**

11         All documents referring or relating to disclosures made by Samsung to any standards

12  setting organization, including without limitation JEDEC, regarding patent applications relating

13  to memory module technology.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

15         Samsung objects to this request on the ground that it is overbroad as to timeframe and

16  subject matter.  Samsung further objects to this request on the ground that the phrases "any

17  standards setting organization" and "relating to memory module technology" are overbroad as to

18  time and subject matter.  Samsung further objects on the grounds that the request is vague,

19  ambiguous, unduly burdensome and oppressive.  Samsung objects to this request on the ground

20  that it seeks documents that are publicly or equally available to Wistron.  Samsung objects to this

21  request on the ground that it seeks documents neither relevant to a claim or defense of any party

22  nor reasonably calculated to lead to the discovery of admissible evidence.  Samsung further

23  objects to the extent the request calls for documents outside of Samsung's possession, custody, or

24  control.  Samsung objects to this request to the extent it seeks information subject to the attorney-

25  client privilege, attorney work product doctrine, or other privilege.  Samsung will not produce

26  documents that containing third-party confidential information absent the explicit approval to

27  produce such documents by the third party.

28         Subject to and without waiving the foregoing specific and general objections, Samsung

-6-

1   will produce its non-privileged disclosures to JEDEC regarding patent applications related to the

2   patents-in-suit to the extent that any such documents exist, and are within Samsung's possession,

3   custody, and control.

4   **REQUEST FOR PRODUCTION NO. 92:**

5       All communications between Samsung and other JEDEC member companies referring or

6   relating to Samsung's patents and patent applications relating to memory module technology.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

8       Samsung objects to this request on the ground that it is overbroad as to timeframe and

9   subject matter. Samsung further objects on the grounds that the request is vague, ambiguous,

10  unduly burdensome and oppressive. In particular, Samsung further objects to the phrases

11  "memory module technology" and "Samsung's patents and patent applications" as overbroad

12  with respect to time and subject matter, vague, and ambiguous. Samsung objects to this request

13  on the ground that it seeks documents that are publicly or equally available to Wistron. Samsung

14  objects to this request on the ground that it seeks documents neither relevant to a claim or defense

15  of any party nor reasonably calculated to lead to the discovery of admissible evidence. Samsung

16  further objects to the extent the request calls for documents outside of Samsung's possession,

17  custody, or control. Samsung objects to this request to the extent it seeks information subject to

18  the attorney-client privilege, attorney work product doctrine, or other privilege. Samsung will not

19  produce documents that containing third-party confidential information absent the explicit

20  approval to produce such documents by the third party.

21      Subject to and without waiving the foregoing specific and general objections, Samsung

22  will produce its non-privileged communications with other JEDEC member companies referring

23  or relating to Samsung's patents and patent applications relating the patents-in-suit to the extent

24  that any such documents exist, and are within Samsung's possession, custody, and control.

25

26

27

28

1  **REQUEST FOR PRODUCTION NO. 93:**

2      All communications between Samsung and JEDEC from September 21, 1999 to the

3  present concerning the disclosure of any technology relating to the technology disclosed in the

4  patents-in-suit.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

6      Samsung objects to this request on the ground that it is overbroad as to timeframe and

7  subject matter. Samsung further objects on the grounds that the request is overbroad, vague,

8  ambiguous, unduly burdensome and oppressive. In particular, Samsung further objects to the

9  phrase "any technology relating to the technology disclosed in the patents-in-suit" as overbroad as

10  to subject matter, vague, and ambiguous. Samsung objects to this request on the ground that it

11  seeks documents that are publicly or equally available to Wistron. Samsung objects to this

12  request on the ground that it seeks documents neither relevant to a claim or defense of any party

13  nor reasonably calculated to lead to the discovery of admissible evidence. Samsung further

14  objects to the extent the request calls for documents outside of Samsung's possession, custody, or

15  control. Samsung objects to this request to the extent it seeks information subject to the attorney-

16  client privilege, attorney work product doctrine, or other privilege. Samsung will not produce

17  documents that containing third-party confidential information absent the explicit approval to

18  produce such documents by the third party.

19      Subject to and without waiving the foregoing specific and general objections, Samsung

20  will produce its non-privileged communications with JEDEC regarding the patents-in-suit to the

21  extent that any such documents exist, and are within Samsung's possession, custody, and control.

22  **REQUEST FOR PRODUCTION NO. 94:**

23      All documents referring or relating to Samsung's procedure and/or protocol for disclosing

24  patents and patent applications to any standards setting organization, including without limitation

25  JEDEC.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

27      Samsung objects to this request on the ground that it is overbroad as to timeframe and

28  subject matter. Samsung further objects on the grounds that the request is vague, ambiguous,

1   unduly burdensome and oppressive.  Samsung further objects to this request on the ground that

2   the terms "procedure" and "protocol" are overbroad as to time and subject matter, vague, and

3   ambiguous.  Samsung further objects to this request on the ground that the phrase "any standards

4   setting organization" is overbroad as to time and subject matter.  Samsung objects to this request

5   on the ground that it seeks documents that are publicly or equally available to Wistron.  Samsung

6   objects to this request on the ground that it seeks documents neither relevant to a claim or defense

7   of any party nor reasonably calculated to lead to the discovery of admissible evidence.  Samsung

8   further objects to the extent the request calls for documents outside of Samsung's possession,

9   custody, or control.  Samsung objects to this request to the extent it seeks information subject to

10  the attorney-client privilege, attorney work product doctrine, or other privilege.  Samsung will not

11  produce documents that containing third-party confidential information absent the explicit

12  approval to produce such documents by the third party.

13      Subject to and without waiving the foregoing specific and general objections, Samsung

14  will produce non-privileged, responsive documents related to JEDEC within its possession,

15  custody, and control to the extent such documents exist.

16  **REQUEST FOR PRODUCTION NO. 95:**

17      All documents referring or relating to Samsung's attendance and/or participation in

18  JEDEC committees and/or meetings from September 21, 1999 to the present.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

20      Samsung objects to this request on the ground that it is overbroad as to timeframe and

21  subject matter.  Samsung further objects on the grounds that the request is vague, ambiguous,

22  unduly burdensome and oppressive.  Samsung objects to this request on the ground that it seeks

23  documents that are publicly or equally available to Wistron.  Samsung objects to this request on

24  the ground that it seeks documents neither relevant to a claim or defense of any party nor

25  reasonably calculated to lead to the discovery of admissible evidence.  Samsung further objects to

26  the extent the request calls for documents outside of Samsung's possession, custody, or control.

27  Samsung objects to this request to the extent it seeks information subject to the attorney-client

28  privilege, attorney work product doctrine, or other privilege.  Samsung will not produce

DLA PIPER US LLP
EAST PALO ALTO

WEST\21417628.1

SAMSUNG'S FIRST SUPPLEMENTAL RESPONSES TO WISTRON'S SECOND SET OF RFPS
CASE NO. C-07-4748 VRW

1   documents that containing third-party confidential information absent the explicit approval to

2   produce such documents by the third party.

3         Subject to and without waiving the foregoing specific and general objections, Samsung

4   will produce non-privileged, responsive documents related to the patents-in-suit within its

5   possession, custody, and control to the extent such documents exist.

6   **REQUEST FOR PRODUCTION NO. 96:**

7         All documents referring or relating to Samsung's patents and patent applications

8   referenced in JEDEC standards and publications.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

10        Samsung objects to this request on the ground that it is overbroad as to timeframe and

11   subject matter.  Samsung further objects on the grounds that the request is vague, ambiguous,

12   unduly burdensome and oppressive.  Samsung objects to this request on the ground that it seeks

13   documents that are publicly or equally available to Wistron.  Samsung objects to this request on

14   the ground that it seeks documents neither relevant to a claim or defense of any party nor

15   reasonably calculated to lead to the discovery of admissible evidence.  Samsung further objects to

16   the extent the request calls for documents outside of Samsung's possession, custody, or control.

17   Samsung objects to this request to the extent it seeks information subject to the attorney-client

18   privilege, attorney work product doctrine, or other privilege.  Samsung will not produce

19   documents that containing third-party confidential information absent the explicit approval to

20   produce such documents by the third party.

21        Subject to and without waiving the foregoing specific and general objections, Samsung

22   will produce non-privileged, responsive documents related to the patents-in-suit within its

23   possession, custody, and control to the extent such documents exist.

24

25

26

27

28

1

2     Dated: May 2?, 2008

3                                        DLA PIPER US LLP

4                                        By

5                                           MARK FOWLER
                                            M. ELIZABETH DAY
6                                           TIM LOHSE
                                            SAL LIM
7                                           GREGORY LUNDELL
                                            Attorneys for Defendant and Counter-Plaintiff
                                            SAMSUNG ELECTRONICS CO., LTD

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  MARK D. FOWLER, Bar No. 124235
   mark.fowler@dlapiper.com
2  ELIZABETH DAY, Bar No. 177125
   elizabeth.day@dlapiper.com
3  TIMOTHY LOHSE, Bar No. 177230
   timothy.lohse@dlapiper.com
4  SAL LIM, Bar No. 211836
   sal.lim@dlapiper.com
5  GREGORY J. LUNDELL, Bar No. 234941
   greg.lundell@dlapiper.com
6  DLA PIPER US LLP
   2000 University Avenue
7  East Palo Alto, CA  94303-2214
   Tel: 650.833.2000
8  Fax: 650.833.2001

9  Attorneys for Defendant and Counter-Plaintiff
   SAMSUNG ELECTRONICS CO., LTD.

10

11                  UNITED STATES DISTRICT COURT

12              NORTHERN DISTRICT OF CALIFORNIA

13                  SAN FRANCISCO DIVISION

14

15 | WISTRON CORPORATION, a Taiwan corporation, | CASE NO.  C-07-4748 VRW

16 |           Plaintiff and Counter-Defendant, | **PROOF OF SERVICE**

17 |           v.

18 | SAMSUNG ELECTRONICS CO., LTD., a Republic of Korea corporation,

19 |

20 |           Defendant and Counter-Plaintiff.

21 |

22 | SAMSUNG ELECTRONICS CO., LTD.,

23 |           Counterclaim-Plaintiff,

24 |           v.

25 | WISTRON CORPORATION, and WISTRON INFOCOMM (TEXAS)

26 | CORPORATION,

27 |           Counterclaim-Defendants.

28

DLA PIPER US LLP
EAST PALO ALTO

WEST\21418681.1

PROOF OF SERVICE
CASE NO. C-07-4748 VRW

1

## PROOF OF SERVICE

2      I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is DLA Piper US LLP, 2000 University Avenue, East

3 Palo Alto, California 94303-2214. On May 30, 2008, I served the within documents:

4 **SAMSUNG ELECTRONICS CO., LTD.'S FIRST SUPPLEMENTAL RESPONSES TO WISTRON'S SECOND SET OF REQUESTS FOR**

5 **PRODUCTION OF DOCUMENTS (NOS. 89-96)**

6      ☒      by causing such document to be transmitted by electronic mail to the office of the addressees.

7

8 MICHAEL J. BETTINGER, ESQ.
HAROLD H. DAVIS, JR., ESQ.

9 TIMOTHY WALKER, ESQ.
CATHY WILLIAMS, ESQ.

10 JULIA ALVAREZ, ESQ.
PERRY BROOKS, ESQ.

11 DINA DELAUTER, ESQ.
CHRISTY LA PIERRE, ESQ.

12 JAS S. DHILLON, ESQ.
K&L GATES

13 55 SECOND STREET, SUITE 1700

14 SAN FRANCISCO, CA 94105
**E-mails:**

15 mike.betttinger@klgates.com
harold.davis@klgates.com

16 timothy.walker@klgates.com
cathy.williams@klgates.com

17 julia.alvarez@klgates.com

18 perry.brooks@klgates.com
dina.delauter@klgates.com

19 christy.lapierre@klgates.com
jas.dhillon@klgates.com

20

21      I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same

22 day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage

23 meter date is more than one day after date of deposit for mailing in affidavit.

24      I declare that I am employed in the office of a member of the Bar of or permitted to practice before this Court at whose direction the service was made.

25      Executed on May 30, 2008, at East Palo Alto, California.

26

27 _____

28                          Celestine Seals

# EXHIBIT D

AO88 (Rev. 12/06) Subpoena in a Civil Case

### Issued by the
# UNITED STATES DISTRICT COURT

NORTHERN _____ DISTRICT OF _____ CALIFORNIA

WISTRON CORPORATION

V.

SAMSUNG ELECTRONICS CO., LTD.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  C 07-04748 VRW

TO:   QUANTA COMPUTER USA, INC.
      45630 NORTHPORT LOOP EAST
      FREMONT, CA 94538

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Please see attachment A.

| PLACE    K&L Gates LLP, 55 Second Street, Suite 1700, San Francisco, CA 94105-3493  Tel: 415.882-8200  Fax: 415.882.8220 | DATE AND TIME   3/10/2008 10:00 am |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  /Plaintiff | DATE   2/6/2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Harold H. Davis, Jr. (SBN 235552), K&L Gates LLP, 55 Second Street, Suite 1700, San Francisco, CA 94105-3493
Tel: 415.882.8200  Fax: 415.882.8220

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing, or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

A.    The terms "**Samsung**," or "**Defendant**," when used herein refer to Samsung Electronics Co., Ltd., alone and/or together, any affiliated corporations, individuals or entities, including, without limitation, any parent and subsidiary corporations, predecessors, successors, officers, directors, stockholders, partners, employees, agents and representatives thereof.

B.    The term "**Wistron**" when used herein refers to Wistron Corporation, including, without limitation, predecessors, successors, officers, directors, stockholders, partners, employees, agents and representatives thereof.

C.    The term "**QUANTA**," or **YOU** or **YOUR** when used herein refers to QUANTA COMPUTER USA, INC., alone and/or together, any affiliated corporations, individuals or entities, including, without limitation, any parent and subsidiary corporations, predecessors, successors, officers, directors, stockholders, partners, employees, agents and representatives thereof.

D.    The term "**documents**" is used in the broadest sense and means, without limitation, all correspondence, advertising materials, brochures, literature, signage, books, memoranda, computer disks, e-mail, any electronically stored information whatever the format, reports, certificates of registration, records, invoices, labels, writings, displays, photographs, videotapes, drawings, sketches, mockups, art work, specimens, illustrative materials, magnetic recording tapes, microfilms, computer data, and other materials, documents and things, whether printed, typewritten, handwritten, recorded, photocopied or otherwise reproduced, by any mechanical process, and all other matter and things as described and contemplated by Fed. R. Civ. P. 34.

E.    "**Person**" or "**persons**" shall mean each and every individual, corporation, partnership, joint venture, social or political organization or any other entity, whether real or juridical, or incorporated or unincorporated.

SF-147483 v1

F.    The term "'**273 patent**" shall refer to United States .5,333,273 issued to Charles F. Raasch et al., on July 26, 1994 for a "Protected Hot Key Function For Microprocessors-Based Computer System."

G.    The term "'**275 patent**" shall refer to United States Patent No. 5,625,275 issued to Roy Tanikawa, et al., on April 29, 1997 for "Power Supply Which Provides a Variable Charging Current to a Battery in a Portable Computer System."

H.    The term "'**100 patent**" shall refer to United States Patent No. 6,523,100 issued to Edward D. Mann on February 18, 2003 for "Multiple Mode Memory Module."

I.    The term "**prior art**" refers to the knowledge or use by others, the patents, the publications, the public uses, the placing on sale, the subject matter an inventor learned or derived from others, and the prior inventions by others and all other subject matter described in each and every subdivision of 35 U.S.C. § 102.

J.    The terms "**Samsung's patents-in-suit**" and "**patents-in-suit**" refer to the '273 patent, the '275 patent, the '100 patent, the applications for these patents, and any other patent that Samsung claims is infringed by Wistron in this litigation.

K.    The terms "**related patents**" and "**related patent applications**" refer to any patent or patent application filed anywhere in the world which claims or claimed priority, either in whole or in part, to the patents-in-suit, or any related applications listed on the faces of the patents-in-suit.

L.    The terms "**concerning**", "**relate**", "**refer**", "**reflect**" and any forms thereof shall be construed to mean constituting, reflecting, representing, supporting, contradicting, referring to, stating, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating, pertaining to, being connected with, or relevant to a stated subject matter. As indicated, the terms necessarily include information which is in opposition to as well as in support of your position(s) and claim(s) in this action.

M.    In construing these document requests:

- 2 -

(1)     The singular shall include the plural and the plural shall include the singular;

(2)     A masculine, feminine or neuter pronoun shall not exclude the other genders; and

(3)     The terms "and" and "or" shall be construed interchangeably.

N.     If any claim of privilege of any kind whatsoever is asserted as a basis for withholding information or documents otherwise responsive to one or more of these document requests, please provide a privilege log that includes the following information for each document or piece of information withheld:

(1)     The nature of and basis for the claim of privilege asserted;

(2)     The nature and format of the document or information, and, as applicable, the date(s) of creation and dissemination; and

(3)     The identity of all persons who created, or otherwise have had access to, the documents or information.

O.     If in answering these requests you claim any ambiguity in either a request or a definition or instruction applicable thereto, identify in your response the language you consider ambiguous and state the interpretation you are using in responding.

P.     If you or your attorneys know of the existence, past or present, of any document described in any of these requests, but such document is not presently in your possession, custody, or control or in the possession, custody, or control of your agents, representatives, or attorneys, you shall so state in response to the request, identify such document in response to the request, and identify the individual in whose possession, custody, or control the document was last known to reside.  If any responsive documents have been destroyed or otherwise removed from your custody or control, please state when, how, and why such document was destroyed or removed from your custody.

## DOCUMENTS TO BE PROVIDED PURSUANT TO FED. R. CIV. P. 45

1.      All expert reports filed, served, produced or prepared by YOU in the case
*Samsung Electronics Co., Ltd. v. Quanta Computer, et al.*, No. 3:00-CV-04524 VRW (N.D.
Cal.), including, without limitation, disclosures required by Fed. R. Civ. P. 26(a)(2), reports
described in Fed. R. Civ. P. 26(a)(2)(B), any rebuttal reports, all documents relied upon by
experts in making any such reports, all declarations signed by experts, and any exhibits to any
reports or declarations.

2.      All non-infringement contentions filed, served, produced or prepared by YOU in
the case *Samsung Electronics Co., Ltd. v. Quanta Computer, et al.*, No. 3:00-CV-04524 VRW
(N.D. Cal.), including, without limitation, responses to interrogatories requesting such
information, any expert reports, dispositive motions, mediation briefs, exhibits, or deposition or
trial transcripts that disclose YOUR non-infringement contentions.

3.      All invalidity contentions filed, served, produced or prepared by YOU in the case
*Samsung Electronics Co., Ltd. v. Quanta Computer, et al.*, No. 3:00-CV-04524 VRW (N.D.
Cal.), including, without limitation, disclosures required by Patent Local Rule 3-3, documents
required by Patent Local Rule 3-4, any expert reports, dispositive motions, mediation briefs,
exhibits, or deposition or trial transcripts that disclose YOUR invalidity contentions.

4.      All disclosures pursuant to 35 U.S.C. § 282(4) filed, served, produced or prepared
by YOU in the case *Samsung Electronics Co., Ltd. v. Quanta Computer, et al.*, No. 3:00-CV-
04524 VRW (N.D. Cal.).

5.      All documents that constitute, refer or relate to any prior art or prior art search
reports relating to any of Samsung's patents-in-suit.

6.      All contentions alleging that any of Samsung's patents-in-suit are unenforceable
that were filed, served, produced or prepared by YOU in the case *Samsung Electronics Co., Ltd.
v. Quanta Computer, et al.*, No. 3:00-CV-04524 VRW (N.D. Cal.), including, without limitation,
any expert reports, dispositive motions, mediation briefs, exhibits, or deposition or trial

transcripts that disclose YOUR unenforceability contentions.

7.      All deposition, hearing and trial transcripts and their exhibits in *Samsung Electronics Co., Ltd. v. Quanta Computer, et al..*, No. 3:00-CV-04524 VRW and/or *Samsung Electronics Co., Ltd. v. Arima Computer Corp. et al.*, No. H-01-0175 (S.D. Tex.).

8.      All documents filed under seal in *Samsung Electronics Co., Ltd. v. Quanta Computer, et al..*, No. 3:00-CV-04524 VRW and/or *Samsung Electronics Co., Ltd. v. Arima Computer Corp. et al.*, No. H-01-0175 (S.D. Tex.).

9.      All documents referring or relating to any notice, warning or charge of infringement that Samsung made to YOU in connection with Samsung's patents-in-suit.

10.      All documents that constitute, refer or relate to any settlement agreement relating to any dispute regarding any of Samsung's patents-in-suit.

11.      All documents referring or relating to any notice, warning or claim of breach of a license agreement that Samsung made to YOU in connection with Samsung's patents-in-suit.

12.      All documents that constitute, refer or relate to any other lawsuit, arbitration or other legal proceeding that Samsung has filed against YOU at any time, in any forum alleging infringement of any of Samsung's patents-in-suit.