**K&L | GATES**

Kirkpatrick & Lockhart Preston Gates Ellis LLP
55 Second Street
Suite 1700
San Francisco, CA 94105-3493

T 415.882.8200     www.klgates.com

June 12, 2008

Harold.Davis@klgates.com

**VIA E-MAIL and Hand Delivery**

Judge Vaughn R. Walker
U.S. District Court, Northern District of California
450 Golden Gate Avenue, 17th Floor, Courtroom 6
San Francisco, CA 94102

Re:     *Wistron Corp. v. Samsung Electronics Co., Ltd.*, Case No. C 07-04748 VRW

Dear Judge Walker:

This letter is in response to Samsung's new misleading and incorrect allegations in its June 12 letter.[1]

**1. Whereas Wistron Acted Reasonably, Samsung Committed Discovery Abuse in Questioning Wistron's 30(b)(6) Designates for nearly 50 hours, Acting Inappropriately During the Depositions, and Failing to Meet and Confer on the Issues Raised for the First Time its Letter**

Samsung issued *two* 30(b)(6) notices on April 7, 2008 listing over 68 separate topics including subparts. Ex. 1. Although Wistron objected to the scope of the notices, it produced a qualified, prepared witness to testify to each topic. Ex. 2. Samsung spent nearly 50 hours deposing Wistron's designated witnesses and was given well over 10 hours with each witness in an effort to insure that Samsung had completed its questioning. Without meeting and conferring, Samsung filed its June 12 letter regarding these depositions.

The Federal Rules limit the duration of witness depositions, even 30(b)(6) witnesses, to 7 hours. Fed. R. Civ. P. 30(d)(1); Advisory Committee Notes, 2000 Amendment. "Absent agreement, a court order is needed" to extend this 7 hour durational limit. Id. Despite Samsung's revisionism and reneging on the agreement, the parties *did* agree that depositions involving a translator would last for 10 hours. The Case Management Order recognizes this limitation. Moreover, Wistron repeatedly reminded Samsung about this time limitation both well before the depositions and during the depositions themselves, yet Samsung refused to bring the issue to the Court in a timely fashion. See Ex. 3 [5/12/08 E-mail]; Ex. 4 [5/13/08 e-mail]; Ex. 5 [5/14/08 e-mail]. Samsung could have sought to resolve the issue either prior to, or at the depositions in Taipei, but it chose not to do so.

Nevertheless, as a good faith attempt to informally resolve the matter, Wistron ***did not*** impose a rigid 10 hour limitation. Indeed, Wistron allotted Samsung significant additional time past the 10 hour limitation (without waiving its objections) so that Samsung could complete the deposition to its satisfaction. For example, Samsung actually questioned Mr. Scott Lin for over 10 ½ hours [Ex. 6], Mr. Jeff Lee for nearly 12 hours [Ex. 7], and Mr. Jin Tsao for nearly **18 hours** (50% longer than any other witness) [Ex. 8]. For Mr. Lin and Mr. Lee, Samsung *voluntarily* concluded the deposition, did not reserve any right to keep the deposition open, nor indicated that it was missing any documents that precluded it from completing the deposition. Ex. 6 [287:22-24], Ex. 7 [at 228:11-12].

---

[1] The subject of Friday's call with the Court is Wistron's 30(b)(6) notice to Samsung and Samsung's refusal to produce a witness to 15 of 44 listed topics and third-party documents. Samsung's letter comes without notifying Wistron of these issues or attempting to meet and confer in good-faith. Wistron has attached 3 exhibits [Ex. 6-8] that it requests should be kept under seal as they contain confidential information.

K&L|GATES

With regard to Mr. Tsao's deposition, at the conclusion of the second full day of the deposition and nearly **15 hours** of testimony, Wistron again stated its objections to the length and asked Samsung how long it needed to complete the deposition. Samsung's counsel estimated that he had 3 hours left of deposition time. Again, in an effort to compromise, <u>Wistron gave Samsung the additional 3 hours requested</u>. Ex. 8 [289:10-14]. Even given the extra-time, however, rather than efficiently use it to ask questions on topics Samsung now asserts are so critical, Samsung's counsel argued with the witness, asked the witness to read from documents, repeatedly asked the same question, and sought answers to inadmissible questions on ultimate legal issues such as why the deponent felt that Wistron's products do not infringe. See e.g. Ex. 8 [251:6-254:7; 259:1-15; 274:4 – 282:2; 283:2-22; 294-14-15; 295:23-296:13].[2] Samsung also squandered its time by asking open ended questions (e.g. describe all "steps") about each project made by Wistron in the last 3 years without any effort to speed the deposition along. Moreover, Samsung's counsel wasted time by acting inappropriately toward the witness including making faces at the witness, laughing at the witness' answers, glaring at the witness after an answer had been given, and even giving him a sarcastic "thumbs up" sign on several occasions. Wistron's counsel had to admonish Samsung's counsel <u>at least 3 times</u> on the record for such inappropriate behavior. Ex. 6 [204:20 – 205:13]; Ex. 7 [Rough Transcript p. 75:10-14]; Ex. 8 [257:9-11]. Unsatisfied with the time requested and received, Samsung now seeks an unlimited, and undefined second bite at the apple for additional depositions with no end in sight so that it can further harass Wistron's representatives. This request must be denied.

**2. Samsung's Remaining Allegations in Its June 12 Letter Are Incorrect**

Samsung's proffered reasons for continued, open-ended depositions are without merit. Samsung's first contention is baseless because Samsung voluntarily concluded all but one of the depositions, and until its letter, never asserted that it lacked any necessary documents that precluded it from completing a reasonable deposition. Moreover, Samsung wasted the time it was given, has not shown that it is entitled to additional time beyond its already 10+ hours to discuss these products, that these products are any different than the 47 other products discussed with Wistron witnesses, or that it cannot obtain the information needed through less burdensome means such as written discovery.

Samsung's second assertion (without citation) is demonstrably false as Samsung questioned the witness for nearly 30 minutes on the document the court ordered produced. Ex. 8 (16:13 – 27:10). Wistron's counsel only made 3 objections to Samsung's inappropriate questions seeking "why" the document was created (because such a question necessarily would have invaded attorney work product opinions) and when Samsung veered into territory that solely involved conversations with counsel about considerations of alternative designs for products that have never actually been produced or sold.

Samsung's third assertion is unfounded for all the reasons above. Wistron's alleged "tardy document production" did not "hamper" Samsung's efforts to complete such questioning. Samsung's lawyer was able to go through every produced document. Further, even after all such documents had been produced, Samsung estimated that it had only 3 hours of deposition time remaining, which it was given. Ex. 8 [234:5-237:17]. Thus, Samsung's failure to complete its deposition in a timely fashion was of its own doing.

Consequently, Samsung's new motion filed with the Court today should be denied because a) Samsung failed to meet and confer with Wistron prior to bringing the dispute to the Court, b) Samsung had sufficient time, indeed over 10 hours per witness, for questioning, c) Samsung voluntarily concluded all but one of the 30(b)(6) designate depositions, and d) any failure to get to certain topics was the fault of Samsung's counsel in wasting time during the deposition, asking inefficient and inappropriate questions, and acting inappropriately during the deposition.

---

[2] Wistron repeatedly warned Samsung of its intention to conclude the deposition, yet Samsung refused to get to topics that it now alleges are so important. Ex. 8 at 156:2-20; 177:4-178:11; 232:22-237:6; 286:12-15; 289:10-14.

K&L | GATES

Very truly yours,

KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP

Harold H. Davis, Jr.