Exhibit 2

1  MICHAEL J. BETTINGER (STATE BAR NO. 122196)
   michael.bettinger@klgates.com
2  TIMOTHY P. WALKER, PHD (STATE BAR NO. 105001)
   timothy.walker@klgates.com
3  HAROLD H. DAVIS, JR. (STATE BAR NO. 235552)
   harold.davis@klgates.com
4  **K&L GATES**
   55 Second Street, Suite 1700
5  San Francisco, California 94105-3493
   Telephone: 415.882.8200
6  Facsimile: 415.882.8220

7  Attorneys for Plaintiff
   WISTRON CORPORATION and
8  WISTRON INFOCOMM (TEXAS)
   CORPORATION
9

10

11                       UNITED STATES DISTRICT COURT

12                      NORTHERN DISTRICT OF CALIFORNIA

13

14                          SAN FRANCISCO DIVISION

15  WISTRON CORPORATION,                    Case No. C 07-04748 VRW
      a Taiwan corporation,
16                                          **OBJECTIONS TO NOTICE OF
17              Plaintiff and Counter-      DEPOSITION OF WISTRON CORP.
                Defendant,                  REGARDING NON-TECHNICAL TOPICS**
18       vs.

19  SAMSUNG ELECTRONICS CO., LTD.,
      a Republic of Korea corporation,
20
                Defendant and Counter-
21  .             Plaintiff

22  SAMSUNG ELECTRONICS CO., LTD.,

23              Counterclaim-Plaintiff

24       vs.

25  WISTRON CORPORATION, and
    WISTRON INFOCOMM (TEXAS)
26  CORPORATION

27              Counterclaim-Defendant

28

**PRELIMINARY STATEMENT**

Wistron Corporation ("Wistron") objections and responses to Samsung's 30(b)(6) Deposition Notice are made pursuant to Rules 26, 30 and 34 of the Federal Rules of Civil Procedure solely for purposes of this action. Each response is subject to all objections as to competence, relevance, materiality, propriety and admissibility, and any and all other objections and grounds which would require the exclusion of any statement herein if the questions were asked of, or any statements contained herein were made by, a witness present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of trial.

Wistron has not yet completed its investigation of the facts relating to this case, and has not completed its preparation for trial. Wistron's responses are based upon information presently available to Wistron and are made without prejudice to Wistron's right to utilize subsequently discovered facts or documents. Wistron anticipates that further discovery, independent investigation, legal research and analysis may supply additional facts and add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions, changes, and variations to the following responses. Wistron accordingly reserves the right to change any responses as additional facts are ascertained, analyses are made, legal research is completed and contentions are made.

Wistron further objects to the overly burdensome and unduly broad nature of the proposed deposition topics. Samsung has requested Wistron to produce a representative to testify to over **68** different areas. Many of these topics are similar to Samsung's previously issued document requests, so Wistron incorporates by reference its responses and objections to Samsung's document requests into its response to Samsung's 30(b)(6) deposition notice. Wistron will object to any further deposition beyond those topics or any further deposition after the currently noticed session.

**GENERAL OBJECTIONS**

1.      Wistron objects to Samsung's 30(b)(6) Deposition Topics, including any definitions and instructions therein, to the extent they exceed the requirements of and the limits set forth in the Federal Rules of Civil Procedure. Wistron's responses will comport with the Federal Rules rather than with Samsung's definitions and instructions.

2.      Wistron objects to providing any testimony in response to Samsung's deposition questions that is protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, immunity, protection or restriction, or which is otherwise not discoverable under the Federal Rules of Civil Procedure, the statutes of any relevant jurisdiction or the common law.

3.      Wistron objects to Samsung's 30(b)(6) Deposition Topics to the extent they seek information that does not pertain to the subject matter of this patent infringement action because (i) the topics, as stated, are overly broad; (ii) the information sought therein is not relevant to the subject matter of the pending action and not reasonably calculated to lead to the discovery of admissible evidence; and (iii) it would be unduly burdensome, annoying and oppressive to provide such information.

4.      Wistron objects to Samsung's 30(b)(6) topics to the extent they seek information not known to Wistron, or better known by a third party.  Wistron cannot and should not be expected to answer deposition questions about which it possesses no knowledge, information or documentation.

5.      Wistron objects insofar as Samsung's 30(b)(6) topics seek (a) confidential business documents and/or (b) confidential, proprietary and/or trade secret information.

6.      Wistron's investigation of information and documents relating to the claims at issue in this action is continuing.  Thus, Wistron's responses to Samsung's deposition questions are based only upon such information and documents as are available to it at the time of such response.  Wistron expressly reserves the right to modify and/or supplement all of its responses as its review of this matter continues, if and when further information and/or documents become available, through the trial of this matter.

7.      Wistron objects to Samsung's 30(b)(6) Deposition Notice to the extent that it seeks to have Wistron's designated witnesses summarize documents produced to Samsung on the grounds that, among other things, such documents speak for themselves and Samsung is equally capable of summarizing and/or understanding them.

8.      Wistron objects to the Samsung's 30(b)(6) Deposition Notice to the extent that it seeks anything other than facts, including legal conclusions and/or expert opinions.

9.    Wistron objects to the Samsung's 30(b)(6) Deposition Notice to the extent that it fails to describe with reasonable particularity the matters on which examination is requested, as required by Rule 30(b)(6) of the Federal Rules of Civil Procedure.

10.    Wistron objects to the Samsung's Amended 30(b)(6) Deposition Notice, pursuant to Rule 26(b)(2) of the Federal Rules of Civil Procedure, to the extent it seeks information that is obtainable from another source that is more convenient, less burdensome or less expensive (including, without limitation, through review of documents produced in discovery, or through review of public records maintained by the United States Patent and Trademark Office), and to the extent that the burden involved in providing testimony pursuant to the Samsung's 30(b)(6) Deposition Notice outweighs the likely benefit of such testimony.

11.    Wistron objects to Samsung's definition of the terms "Wistron" as overly vague, overly broad and requesting information outside of Wistron's possession, custody or control.  The definitions require Wistron to designate witnesses to provide testimony on behalf of persons and entities other than Wistron.  For example, the definitions encompass "anyone acting on its behalf."  The witnesses Wistron designates on any Topic will provide testimony only on behalf of and as matters within Wistron's possession, custody or control, as required by Rule 30(b)(6).

12.    Wistron objects to Samsung's definition of "IDENTIFIED NOTEBOOKS" as wholly overbroad and unduly burdensome in seeking testimony on literally hundreds of different products, the vast majority of which are not at issue in this litigation.

**Specific Objections to Samsung' 30(b)(6) Deposition Topics**

**TOPIC NO. 1**

WISTRON's promotion, marketing, and business communications with customers and potential customers regarding the features, performance, attributes, or characteristics of each IDENTIFIED NOTEBOOK involving the use of special purpose keys or key combinations in a notebook computer.

**RESPONSE TO TOPIC NO. 1:**

In addition to the foregoing General Responses and Objections, Wistron further objects on the grounds that this topic is vague and ambiguous as to the phrases "special purpose keys" and "key combinations."  Wistron further objects to this topic in that it calls for testimony that may require the testimony of several separate individuals based on the interpretation of the term

"IDENTIFIED NOTEBOOKS" referred to in the request.  Wistron further objects to this topic because it is overbroad and unduly burdensome in seeking an exhaustive deposition regarding promotion, marketing, and business communications with customers and potential customers regarding the features, performance, attributes, or characteristics of each IDENTIFIED NOTEBOOK.  Without waiving any of its objections, Wistron will produce a representative to testify generally as to the promotion, marketing, and business communications with customers and potential customers regarding the accused products.

## TOPIC NO. 2

WISTRON's promotion, marketing, and business communications with customers and potential customers regarding the features, performance, attributes, or characteristics of each IDENTIFIED NOTEBOOK involving hardware and software components utilized in determining the memory speed of each memory module and in generating memory access signals and memory access timing signals to each memory module in a notebook computer.

### RESPONSE TO TOPIC NO. 2:

In addition to the foregoing General Responses and Objections, Wistron further objects on the grounds that this topic is vague and ambiguous as to the phrase "software components." Wistron further objects to this topic in that it calls for testimony that may require the testimony of several separate individuals based on the interpretation of the term "IDENTIFIED NOTEBOOKS" referred to in the request.  Wistron further objects to this topic because it is overbroad and unduly burdensome in seeking an exhaustive deposition regarding promotion, marketing, and business communications with customers and potential customers regarding the features, performance, attributes, or characteristics of each IDENTIFIED NOTEBOOK.  Without waiving any of its objections, Wistron will produce a representative to testify as to the promotion, marketing, and business communications with customers and potential customers regarding the accused products.

## TOPIC NO. 3:

WISTRON's promotion, marketing, and business communications with customers and potential customers regarding the features, performance, attributes, or characteristics of each IDENTIFIED NOTEBOOK involving hardware and software components utilized in charging the battery in a notebook computer.

### RESPONSE TO TOPIC NO. 3:

In addition to the foregoing General Responses and Objections, Wistron further objects on

the grounds that this topic is vague and ambiguous as to the phrase "software components."

Wistron further objects to this topic in that it calls for testimony that may require the testimony of

several separate individuals based on the interpretation of the term "IDENTIFIED NOTEBOOKS"

referred to in the request.  Wistron further objects to this topic because it is overbroad and unduly

burdensome in seeking an exhaustive deposition regarding promotion, marketing, and business

communications with customers and potential customers regarding the features, performance,

attributes, or characteristics of each IDENTIFIED NOTEBOOK.  Without waiving any of its

objections, Wistron will produce a representative to testify as to the promotion, marketing, and

business communications with customers and potential customers regarding the accused products.

## TOPIC NO. 4:

The agreements (whether formal or informal, oral or written) between WISTRON and its UNITED
STATES CUSTOMERS for the design, development, manufacture, supply, sale or offer to sell each
IDENTIFIED NOTEBOOK, and RELATED PRODUCTS, including the communications leading to the
agreements, the negotiations of the agreements, the terms of the agreements, amendments and
modifications, and the activities of WISTRON and its UNITED STATES CUSTOMERS in performance
of those agreements (such as designing and developing products, creating specifications, modifying
specifications, providing forecasts and projections, placing orders, responding to orders, pricing, invoicing,
shipment, delivery, payment, and performing patent infringement indemnity or warranty obligations).

### RESPONSE TO TOPIC NO. 4:

In addition to the foregoing General Responses and Objections, Wistron further objects on

the grounds that this topic is vague and ambiguous as to what it may be seeking with regards to

"design, development, manufacture, supply, sale or offer to sell."  Wistron further objects to this

request in that it calls for testimony that may require the testimony of several separate individuals

based on the interpretation of the terms "IDENTIFIED NOTEBOOKS" and "RELATED

PRODUCTS" referred to in the request.  Wistron further objects to this topic because it is overbroad

and unduly burdensome in seeking an exhaustive deposition regarding the agreements between

WISTRON and its UNITED STATES CUSTOMERS for the design, development, manufacture,

supply, sale or offer to sell each IDENTIFIED NOTEBOOK and RELATED PRODUCTS.

Wistron further objects to the extent Defendant seeks confidential, proprietary, and trade

secret information.  Wistron also objects to the proposed deposition topic because it is so

broad as to impinge on Wistron's privileged attorney-client communications and attorney

OBJECTIONS TO NOTICE OF DEPOSITION OF WISTRON CORP. REGARDING NON-TECHNICAL TOPICS

6

work product.  Without waiving any of its objections, Wistron will produce a representative to

testify generally as to the agreements between Wistron and its United States customers for the design,

development, manufacture, supply, sale or offer to sell accused products.

**TOPIC NO. 5:**

WISTRON's agreements (whether formal or informal, oral or written) with its UNITED STATES
CUSTOMERs, or their distributors, representatives or agents regarding the transfer, delivery and
shipment of each IDENTIFIED NOTEBOOK and RELATED PRODUCTS to those customers, their
distributors, representatives or agents; and WISTRON's practices with respect to transfer, delivery and
shipment of those products, including but not limited to the transfer of title, the transfer of risk of loss,
the location from which WISTRON ships, the location to which WISTRON ships, the persons to whom
WISTRON ships, the method and terms of shipment and delivery, and the entities involved in shipment
and delivery.

### RESPONSE TO TOPIC NO. 5:

In addition to the foregoing General Responses and Objections, Wistron further objects on

the grounds that this topic is vague and ambiguous as to what it may be seeking with regards to

"transfer, delivery and shipment."  Wistron further objects to this request in that it calls for

testimony that may require the testimony of several separate individuals based on the interpretation

of the terms "IDENTIFIED NOTEBOOKS" and "RELATED PRODUCTS" referred to in the

request.  Wistron further objects to this topic because it is overbroad and unduly burdensome in

seeking an exhaustive deposition regarding the agreements with its UNITED STATES

CUSTOMERs, or their distributors, representatives or agents regarding the transfer, delivery and

shipment of each IDENTIFIED NOTEBOOK and RELATED PRODUCTS.  Wistron further

objects to the extent Defendant seeks confidential, proprietary, and trade secret information.

Wistron also objects to the proposed deposition topic because it is so broad as to impinge on

Wistron's privileged attorney-client communications and attorney work product. Wistron

further objects to this topic as overbroad and unduly burdensome and totally irrelevant to any

material issue in this litigation.  Without waiving any of its objections, Wistron will produce a

representative to testify generally as to the agreements with its United States Customers regarding

the transfer, delivery and shipment of accused products to such customers.

**TOPIC NO. 6:**

WISTRON's understanding of and compliance with the laws and regulations regarding the
sale and use of IDENTIFIED NOTEBOOKS in the United States (such as regulations regarding the

electromagnetic emissions and communications standards), WISTRON's designation on its IDENTIFIED NOTEBOOKS or elsewhere that they comply with such United States laws and regulations, and WISTRON's representations to its UNITED STATES CUSTOMERs that such products comply with such laws and regulations.

**RESPONSE TO TOPIC NO. 6:**

In addition to the foregoing General Responses and Objections, Wistron further objects on the grounds that this topic is vague and ambiguous as to the phrases "understanding of and compliance" and "representations." Wistron further objects to this topic in that it calls for testimony that may require the testimony of several separate individuals based on the interpretation of the term "IDENTIFIED NOTEBOOKS" referred to in the request. Wistron further objects to this topic to the extent that it seeks anything other than facts, including legal conclusions and/or expert opinions. Wistron also objects to the proposed deposition topic because it is so broad as to impinge on Wistron's privileged attorney-client communications and attorney work product. Wistron further objects to this topic as overbroad and unduly burdensome and totally irrelevant to any material issue in this litigation. Wistron further objects to this topic in that it necessarily calls for a fact witness to offer legal conclusions and opinions.

**TOPIC NO. 7:**

WISTRON's knowledge and information regarding the features of notebook computers that make them suitable or acceptable for use by consumers in the United States, including but not limited to WISTRON's decision to design and manufacture IDENTIFIED NOTEBOOKS having those features.

**RESPONSE TO TOPIC NO. 7:**

In addition to the foregoing General Responses and Objections, Wistron further objects on the grounds that this topic is vague and ambiguous as the request is unintelligible as written. Wistron further objects to this request in that it calls for testimony that may require the testimony of several separate individuals based on the interpretation of the term "IDENTIFIED NOTEBOOKS" referred to in the request. Wistron further objects to the extent Defendant seeks confidential, proprietary, and trade secret information. Without waiving any of its objections, Wistron will produce a representative to testify generally as to Wistron's knowledge and information regarding the features of its notebook computers.

**TOPIC NO. 8:**

WISTRON's agreements (whether formal or informal, oral or written) with its UNITED STATES CUSTOMERs, or their distributors, representatives or agents, regarding compliance with laws and regulations regarding the transfer, shipment, or sale of IDENTIFIED NOTEBOOKS into the United States, including but not limited to customs, duty, and tax laws and regulations, and WISTRON's activities regarding compliance with such laws and regulations.

**RESPONSE TO TOPIC NO. 8:**

In addition to the foregoing General Responses and Objections, Wistron further objects on the grounds that this topic is vague and ambiguous as to the phrase "compliance with laws and regulations regarding the transfer, shipment, or sale." Wistron further objects to this topic in that it calls for testimony that may require the testimony of several separate individuals based on the interpretation of the term "IDENTIFIED NOTEBOOKS" referred to in the request. Wistron further objects to this topic because it is overbroad and unduly burdensome in seeking an exhaustive deposition regarding the agreements with its United States customers, or their distributors, representatives or agents, regarding compliance with laws and regulations regarding the transfer, shipment, or sale of IDENTIFIED NOTEBOOKS into the United States. Wistron further objects to this topic to the extent that it seeks anything other than facts, including legal conclusions and/or expert opinions. Wistron further objects to the extent Defendant seeks confidential, proprietary, and trade secret information. Wistron also objects to the proposed deposition topic because it is so broad as to impinge on Wistron's privileged attorney-client communications and attorney work product.

**TOPIC NO. 9:**

WISTRON's knowledge and information regarding whether the IDENTIFIED NOTEBOOKS and RELATED PRODUCTS WISTRON made for or sold to its UNITED STATES CUSTOMERs were to be shipped to or delivered into the United States, sold to consumers in the United States, or used by consumers in the United States.

**RESPONSE TO TOPIC NO. 9:**

In addition to the foregoing General Responses and Objections, Wistron further objects on the grounds that this topic is vague and ambiguous as to the term "knowledge and information." Wistron further objects to this request in that it calls for testimony that may require the testimony of several separate individuals based on the interpretation of the terms "IDENTIFIED NOTEBOOKS"

and "RELATED PRODUCTS" referred to in the request.  Wistron further objects to the extent

Defendant seeks confidential, proprietary, and trade secret information.  Wistron further objects

to this topic to the extent it calls for information related to third parties and not in the possession

and/or control of Wistron.  Without waiving any of its objections, Wistron will produce a

representative to testify generally as to its knowledge and information regarding the shipping

and delivery of accused products.

**TOPIC NO. 10:**

WISTRON's knowledge and information regarding the percentage of IDENTIFIED
NOTEBOOKS WISTRON made for or sold to its UNITED STATES CUSTOMERs that were sold or
resold to consumers in the United States.

**RESPONSE TO TOPIC NO. 10:**

In addition to the foregoing General Responses and Objections, Wistron further objects on

the grounds that this topic is vague and ambiguous as to the phrases "knowledge and information."

Wistron further objects to this topic in that it calls for testimony that may require the testimony of

several separate individuals based on the interpretation of the term "IDENTIFIED NOTEBOOKS"

referred to in the request.  Wistron further objects to the extent Defendant seeks confidential,

proprietary, and trade secret information.  Wistron further objects to this topic to the extent it calls

for information related to third parties and not in the possession and/or control of Wistron.  Without

waiving any of its objections, Wistron will produce a representative to testify as to the design,

structure, and operation of accused products.

**TOPIC NO. 11:**

The manner by which WISTRON and its UNITED STATES CUSTOMERs determined the
prices, quantities, features, performance, attributes and characteristics of each of the IDENTIFIED
NOTEBOOKS, including but not limited to the factors that influenced the prices, quantities, features,
performance, attributes and characteristics of the products WISTRON supplied to those customers.

**RESPONSE TO TOPIC NO. 11:**

In addition to the foregoing General Responses and Objections, Wistron further objects on

the grounds that this topic is vague and ambiguous as to the phrases "manner by which."  Wistron

further objects to this topic in that it calls for testimony that may require the testimony of several

separate individuals based on the interpretation of the term "IDENTIFIED NOTEBOOKS" referred

to in the request. Wistron further objects to this topic because it is overbroad and unduly burdensome in seeking an exhaustive deposition regarding the manner by which Wistron and its UNITED STATES CUSTOMERs determined the prices, quantities, features, performance, attributes and characteristics of each of the IDENTIFIED NOTEBOOKS. Wistron further objects to the extent Defendant seeks confidential, proprietary, and trade secret information. Wistron further objects to this topic to the extent it calls for information related to third parties and not in the possession and/or control of Wistron. Without waiving any of its objections, Wistron will produce a representative to testify as to the prices, approximate quantities, and features of the accused products.

**TOPIC NO. 12:**

The effect of changes in WISTRON's costs on the prices and quantities of each IDENTIFIED NOTEBOOK that WISTRON made for, offered to sell to or sold to its UNITED STATES CUSTOMERs.

**RESPONSE TO TOPIC NO. 12:**

In addition to the foregoing General Responses and Objections, Wistron further objects to this topic because it is overly broad and unduly burdensome in calling for testimony as to "the effect of changes" because it would be nearly impossible for any individual to give precise economic / causal testimony for a multimillion dollar company on such topics. Wistron further objects to this topic in that it calls for testimony that may require the testimony of several separate individuals based on the interpretation of the term "IDENTIFIED NOTEBOOKS" referred to in the request. Wistron further objects to this topic because it is overbroad and unduly burdensome in seeking an exhaustive deposition regarding the effect of changes in Wistron's costs on the prices and quantities of each IDENTIFIED NOTEBOOK. Wistron further objects to the extent Defendant seeks confidential, proprietary, and trade secret information. Wistron further objects to this topic to the extent it calls for information related to third parties and not in the possession and/or control of Wistron. Wistron further objects to this request as unintelligible in presuming causal relationship between unidentified and undefined "costs" on prices of products.

**TOPIC NO. 13:**

WISTRON's accounting and other business methods, forms, reports, and terminology for compiling, maintaining, recording and analyzing financial data from 2002 to the present, including those relating to plans, budgets, forecasts, standard costs, actual results, and financial reports on a company-

wide basis, for specific products or product lines, and for specific accounts, contracts or customers.

**RESPONSE TO TOPIC NO. 13:**

In addition to the foregoing General Responses and Objections, Wistron further objects on the grounds that this topic is overbroad and unduly burdensome, cumulative, and wholly irrelevant to the issues in this matter. Wistron's "accounting and other business methods, forms reports, terminology for compiling, maintaining, recording and analyzing financial data" are totally irrelevant to this litigation. Wistron further objects to the over-expansive time period sought by this topic in that Samsung has admitted that it is not seeking damages for the period prior to 2006. Wistron further objects to the extent Defendant seeks confidential, proprietary, and trade secret information. Wistron also objects to the proposed deposition topic because it is so broad as to impinge on Wistron's privileged attorney-client communications and attorney work product.

**TOPIC NO. 14:**

WISTRON's unit sales and sales revenue for each IDENTIFIED NOTEBOOK, for all IDENTIFIED NOTEBOOKS, and for RELATED PRODUCTS.

**RESPONSE TO TOPIC NO. 14:**

In addition to the foregoing General Responses and Objections, Wistron further objects to this topic because it is overly broad and unduly burdensome in calling for testimony as to "unit sales and sales revenue" because it would be nearly impossible for any individual to give precise testimony for a multimillion dollar company on such topics. Wistron further objects to this topic because it is overly broad and unduly burdensome in calling for testimony as to "unit sales and sales revenues" because it would be nearly impossible for any individual to give precise testimony for multimillion dollar company on such topics. Wistron further objects to this topic in that it calls for testimony that may require the testimony of several separate individuals based on the interpretation of the term "IDENTIFIED NOTEBOOKS" and "RELATED PRODUCTS" referred to in the request. Wistron further objects to the extent Defendant seeks confidential, proprietary, and trade secret information. Wistron further objects to this topic to the extent it calls for information related to third parties and not in the possession and/or control of Wistron. Without waiving any of its objections, Wistron will produce a representative to testify as to approximate unit sales and sales

1    revenue for the accused products.

2    **TOPIC NO. 15:**

3        WISTRON's costs of production and sale for each IDENTIFIED NOTEBOOK, for all
4    IDENTIFIED NOTEBOOKS, and for RELATED PRODUCTS, including WISTRON's cost of goods
     sold for each product by product name or number (including direct labor and material costs, other direct
5    or variable costs and their nature, and overhead and other fixed or indirect costs and their nature),
     WISTRON's standard costs and associated variances, and the manner in which WISTRON determines
6    whether costs are direct or variable, or fined or indirect and the manner in which WISTRON determines the
7    amount of and allocates overhead or other costs to particular products.

8        **RESPONSE TO TOPIC NO. 15:**

9            In addition to the foregoing General Responses and Objections, Wistron further objects to

10   this topic because it is overly broad and unduly burdensome in calling for testimony as to "costs of

11   production and sale" because it would be nearly impossible for any individual to give precise

12   testimony for a multimillion dollar company on such topics.  Wistron further objects on the grounds

13   that this topic is vague and ambiguous as to the phrase "costs of production and sale."  Wistron

14   further objects to this topic in that it calls for testimony that may require the testimony of several

15   separate individuals based on the interpretation of the term "IDENTIFIED NOTEBOOKS" referred

16   to in the request.  Wistron further objects to this topic because it is overbroad and unduly

17   burdensome in seeking an exhaustive deposition for all IDENTIFIED NOTEBOOKS.  Wistron

18   further objects to the extent Defendant seeks confidential, proprietary, and trade secret

19   information.  Wistron further objects to this topic to the extent it calls for information related to

20   third parties and not in the possession and/or control of Wistron.  Without waiving any of its

21   objections, Wistron will produce a representative to testify as to costs of production and sale of

22   accused products.

23   **TOPIC NO. 16:**

24       WISTRON's gross profits, gross margin, standard margin, and net income or net profits before
     taxes for each IDENTIFIED NOTEBOOK, for all IDENTIFIED NOTEBOOKS, and for RELATED
25   PRODUCTS.

26       **RESPONSE TO TOPIC NO. 16:**

27           In addition to the foregoing General Responses and Objections, Wistron further objects to

28   this topic because it is overly broad and unduly burdensome in calling for testimony as to "gross

     profits, gross margin, standard margin, and net income or net profits before taxes" because it

OBJECTIONS TO NOTICE OF DEPOSITION OF WISTRON CORP. REGARDING NON-TECHNICAL TOPICS

13

would be nearly impossible for any individual to give precise testimony for a multimillion dollar company on such topics. Wistron further objects on the grounds that this topic is vague and ambiguous as to the phrase "gross profits, gross margin, standard margin, and net income or net profits." Wistron further objects to this topic in that it calls for testimony that may require the testimony of several separate individuals based on the interpretation of the term "IDENTIFIED NOTEBOOKS" and "RELATED PRODUCTS" referred to in the request. Wistron further objects to this topic because it is overbroad and unduly burdensome in seeking an exhaustive deposition for all IDENTIFIED NOTEBOOKS and RELATED PRODUCTS. Wistron further objects to the extent Defendant seeks confidential, proprietary, and trade secret information. Without waiving any of its objections, Wistron will produce a representative to testify as to approximate gross profits, gross margin, standard margin, and net income or net profits before taxes for its accused products.

**TOPIC NO. 17:**

WISTRON's gross profits, gross margin, standard margin, and net income or net profits before taxes for each UNITED STATES CUSTOMER for each IDENTIFIED NOTEBOOK, for all IDENTIFIED NOTEBOOKS, and for RELATED PRODUCTS of that customer.

**RESPONSE TO TOPIC NO. 17:**

In addition to the foregoing General Responses and Objections, Wistron further objects to this topic because it is overly broad and unduly burdensome in calling for testimony as to "gross profits, gross margin, standard margin, and net income or net profits before taxes" because it would be nearly impossible for any individual to give precise testimony for a multimillion dollar company on such topics. Wistron further objects on the grounds that this topic is vague and ambiguous as to the phrases "gross profits, gross margin, standard margin, and net income or net profits." Wistron further objects to this topic in that it calls for testimony that may require the testimony of several separate individuals based on the interpretation of the term "IDENTIFIED NOTEBOOKS" and "RELATED PRODUCTS" referred to in the request. Wistron further objects to this topic because it is overbroad and unduly burdensome in seeking an exhaustive deposition for all IDENTIFIED NOTEBOOKS and RELATED PRODUCTS for each UNITED STATES CUSTOMER. Wistron further objects to the extent

Defendant seeks confidential, proprietary, and trade secret information.  Without waiving any

of its objections, Wistron will produce a representative to testify as to approximate gross

profits, gross margin, net income or net profits for the accused products.

**TOPIC NO. 18:**

WISTRON's expected, projected, or anticipated future IDENTIFIED NOTEBOOKS and
RELATED PRODUCTS unit sales, sales revenue, costs and profits as of the date WISTRON first
sold a IDENTIFIED NOTEBOOK and at or before August 2006, including any estimates,
projections, forecasts, budgets, marketing plans, strategic plans, or capital expenditure plans or
requests prepared prior to such dates, and relating to a period including any time after such dates.

**RESPONSE TO TOPIC NO. 18:**

In addition to the foregoing General Responses and Objections, Wistron further objects to

this topic because it is overly broad and unduly burdensome in calling for testimony as to "unit

sales, sales revenues, costs and profits"  because it would be nearly impossible for any individual to

give precise testimony for a multimillion dollar company on such topics.  Wistron further objects to

this topic in that it calls for testimony that may require the testimony of several separate individuals

based on the interpretation of the term "IDENTIFIED NOTEBOOKS" and "RELATED

PRODUCTS" referred to in the request.  Wistron further objects to the extent Defendant seeks

confidential, proprietary, and trade secret information.  Wistron further objects to this topic to

the extent it calls for information related to third parties and not in the possession and/or control of

Wistron.  Without waiving any of its objections, Wistron will produce a representative to testify as

to expected, projected, or anticipated future unit sales and sales revenue for the accused

products.

**TOPIC NO. 19:**

WISTRON's rate of return on invested capital and WISTRON's net income or net profits during
the period 2002 through the present.

**RESPONSE TO TOPIC NO. 19:**

In addition to the foregoing General Responses and Objections, Wistron further

objects on the grounds that this topic is vague and ambiguous as to the phrases "rate of return

on invested capital" and "net income or net profits."  Wistron further objects on the grounds that

this topic is overbroad and unduly burdensome, cumulative, and wholly irrelevant to the

issues in this matter.  Wistron further objects to the extent Defendant seeks confidential, proprietary, and trade secret information.  Wistron further objects to this topic to the extent it calls for information related to third parties and not in the possession and/or control of Wistron.

**TOPIC NO. 20:**

WISTRON's knowledge or information regarding the rate of return on invested capital and the net income or net profits typically earned by manufacturers and sellers of notebook computers during the period 2002 through the present.

**RESPONSE TO TOPIC NO. 20:**

In addition to the foregoing General Responses and Objections, Wistron further objects on the grounds that this topic is vague and ambiguous as to the phrases "knowledge or information," "rate of return on invested capital," and "net income or netprofits."  Wistron further objects on the grounds that this topic is overbroad and unduly burdensome, cumulative, and wholly irrelevant to the issues in this matter.  Wistron further objects to the extent Defendant seeks confidential, proprietary, and trade secret information.  Wistron further objects to this topic to the extent it calls for information related to third parties and not in the possession and/or control of Wistron.

**TOPIC NO. 21:**

WISTRON's net income and net profits for its notebook computer business during the period 2002 through the present.

**RESPONSE TO TOPIC NO. 21:**

In addition to the foregoing General Responses and Objections, Wistron further objects to this topic because it is overly broad and unduly burdensome in calling for testimony as to "net income and net profits" because it would be nearly impossible for any individual to give precise testimony for a multimillion dollar company on such topics.  Wistron further objects on the grounds that this topic is vague and ambiguous as to the phrase "net income and net profits."  Wistron further objects to the extent Defendant seeks confidential, proprietary, and trade secret information.  Wistron further objects to this topic as overbroad in time as Samsung has admitted that it is not seeking damages for actions prior to 2006.  Without waiving any of its objections, Wistron will produce a representative to testify as to net income and net profits of accused products from 2006 to the present.

**TOPIC NO. 22:**

WISTRON's capital costs and other borrowing costs, during the period 2002 through the present

**RESPONSE TO TOPIC NO. 22:**

In addition to the foregoing General Responses and Objections, Wistron further objects to this topic because it is overly broad and unduly burdensome in calling for testimony as to "capital costs and other borrowing costs" because it would be nearly impossible for any individual to give precise testimony for a multimillion dollar company on such topics. Wistron further objects on the grounds that this topic is vague and ambiguous as to the phrases "capital costs" and "other borrowing costs." Wistron further objects to the extent Defendant seeks confidential, proprietary, and trade secret information. Wistron further objects to this topic as overbroad in time as Samsung has admitted that it is not seeking damages for actions prior to 2006. Without waiving any of its objections, Wistron will produce a representative to testify as to approximate costs of accused products.

**TOPIC NO. 23:**

The amounts that WISTRON has budgeted or set-aside for payment of potential future damages or license payments to SAMSUNG with respect to the PATENT-IN-SUIT.

**RESPONSE TO TOPIC NO. 23:**

In addition to the foregoing General Responses and Objections, Wistron further objects on the grounds that this topic is vague and ambiguous as to the phrase "budgeted or set-aside." Wistron further objects to the extent Defendant seeks confidential, proprietary, and trade secret information. Wistron also objects to the proposed deposition topic because it is so broad as to impinge on Wistron's privileged attorney-client communications and attorney work product. Without waiving any of its objections, Wistron will produce a representative to testify as to amounts budgeted or set-aside for payment for potential future damages or license payments for PATENT-IN-SUIT.

**TOPIC NO. 24:**

The market in which WISTRON sold its IDENTIFIED NOTEBOOKS, WISTRON's position in that market, manufacturers and sellers with whom WISTRON competes in that market, and the features, performance, attributes and characteristics of the notebook computers sold by those comparing companies in that market relating to the use of special purpose keys or key combinations in a notebook computer.

OBJECTIONS TO NOTICE OF DEPOSITION OF WISTRON CORP. REGARDING NON-TECHNICAL TOPICS

**RESPONSE TO TOPIC NO. 24:**

In addition to the foregoing General Responses and Objections, Wistron further objects on the grounds that this topic is vague and ambiguous as to the phrases "special purpose keys" and "key combinations." Wistron further objects to this topic in that it calls for testimony that may require the testimony of several separate individuals based on the interpretation of the term "IDENTIFIED NOTEBOOKS" referred to in the request. Wistron further objects to the extent Defendant seeks confidential, proprietary, and trade secret information. Without waiving any of its objections, Wistron will produce a representative to testify as to Wistron's market, market position, competitors for accused products.

**TOPIC NO. 25:**

The market in which WISTRON sold its IDENTIFIED NOTEBOOKS, WISTRON's position in that market, manufacturers and sellers with whom WISTRON competes in that market, and the features, performance, attributes and characteristics of the notebook computers sold by those competing companies in that market relating to hardware and software components utilized in determining the memory speed of each memory module and in generating memory access signals and memory access timing signals to each memory module in a notebook computer.

**RESPONSE TO TOPIC NO. 25:**

In addition to the foregoing General Responses and Objections, Wistron further objects on the grounds that this topic is vague and ambiguous as to the phrases "software components." Wistron further objects to this topic in that it calls for testimony that may require the testimony of several separate individuals based on the interpretation of the term "IDENTIFIED NOTEBOOKS" referred to in the request. Wistron further objects to the extent Defendant seeks confidential, proprietary, and trade secret information. Without waiving any of its objections, Wistron will produce a representative to testify as to Wistron's market, market position, competitors for accused products.

**TOPIC NO. 26:**

The market in which WISTRON sold its IDENTIFIED NOTEBOOKS, WISTRON's position in that market, manufacturers and sellers with whom WISTRON competes in that market, and the features, performance, attributes and characteristics of the notebook computers sold by those competing companies in that market relating to hardware and software components utilized in charging the battery in a notebook computer.

**RESPONSE TO TOPIC NO. 26:**

In addition to the foregoing General Responses and Objections, Wistron further objects on the grounds that this topic is vague and ambiguous as to the phrase "software components." Wistron further objects to this topic in that it calls for testimony that may require the testimony of several separate individuals based on the interpretation of the term "IDENTIFIED NOTEBOOKS" referred to in the request. Wistron further objects to the extent Defendant seeks confidential, proprietary, and trade secret information. Without waiving any of its objections, Wistron will produce a representative to testify as to Wistron's market, market position, competitors for accused products.

**TOPIC NO. 27:**

Alternative designs and components existing as of the date WISTRON first sold an IDENTIFIED NOTEBOOK and at or around August 2006 that WISTRON could or would have used in each of the IDENTIFIED NOTEBOOKS in place of the designs and components actually used by WISTRON relating to the use of special purpose keys or key combinations in a notebook computer.

**RESPONSE TO TOPIC NO. 27:**

In addition to the foregoing General Responses and Objections, Wistron further objects on the grounds that this topic is vague and ambiguous as to the phrases "alternative designs and components," "special purpose keys," and "key combinations." Wistron further objects to this topic in that it calls for testimony that may require the testimony of several separate individuals based on the interpretation of the term "IDENTIFIED NOTEBOOKS" referred to in the request. Wistron further objects to the extent Defendant seeks confidential, proprietary, and trade secret information. Wistron further objects to this topic to the extent it calls for information related to third parties and not in the possession and/or control of Wistron. Wistron further objects to this request in that, as drafted, it seeks hypothetical and expert opinion testimony.

**TOPIC NO. 28:**

Alternative designs and components existing as of the date WISTRON first sold an IDENTIFIED NOTEBOOK and at or around August 2006 that WISTRON could or would have used in each of the IDENTIFIED NOTEBOOKS in place of the designs and components actually used by WISTRON relating to hardware and software components utilized in determining the memory speed of each memory module and in generating memory access signals and memory access, timing signals to each memory module in a notebook computer.

**RESPONSE TO TOPIC NO. 28:**

In addition to the foregoing General Responses and Objections, Wistron further objects on the grounds that this topic is vague and ambiguous as to the phrases "alternative designs and components" and "software components." Wistron further objects to this topic in that it calls for testimony that may require the testimony of several separate individuals based on the interpretation of the term "IDENTIFIED NOTEBOOKS" referred to in the request. Wistron further objects to the extent Defendant seeks confidential, proprietary, and trade secret information. Wistron further objects to this topic to the extent it calls for information related to third parties and not in the possession and/or control of Wistron. Wistron further objects to this request in that, as drafted, it seeks hypothetical and expert opinion testimony.

**TOPIC NO. 29:**

Alternative designs and components existing as of the date WISTRON first sold an IDENTIFIED NOTEBOOK and at or around August 2006 that WISTRON could or would have used in each of the IDENTIFIED NOTEBOOKS in place of the designs and components actually used by WISTRON relating to hardware and software components utilized in charging the battery in a notebook computer.

**RESPONSE TO TOPIC NO. 29:**

In addition to the foregoing General Responses and Objections, Wistron further objects on the grounds that this topic is vague and ambiguous as to the phrases "alternative designs and components" and "software components." Wistron further objects to this topic in that it calls for testimony that may require the testimony of several separate individuals based on the interpretation of the term "IDENTIFIED NOTEBOOKS" referred to in the request. Wistron further objects to the extent Defendant seeks confidential, proprietary, and trade secret information. Wistron further objects to this topic to the extent it calls for information related to third parties and not in the possession and/or control of Wistron. Wistron further objects to this request in that, as drafted, it seeks hypothetical and expert opinion testimony.

**TOPIC NO. 30:**

The features, performance, attributes and characteristics that WISTRON's IDENTIFIED NOTEBOOKS would have had if WISTRON had employed alternative designs or components for the use of special purpose keys or key combinations in a notebook computer.

1

**RESPONSE TO TOPIC NO. 30:**

2          In addition to the foregoing General Responses and Objections, Wistron further

3     objects on the grounds that this topic is vague and ambiguous as to the phrases "alternative

4     designs and components," "special purpose keys," and "key combinations."  Wistron further

5     objects to this topic in that it calls for testimony that may require the testimony of several

6     separate individuals based on the interpretation of the term "IDENTIFIED NOTEBOOKS"

7     referred to in the request.  Wistron further objects to the extent Defendant seeks confidential,

8     proprietary, and trade secret information.  Wistron further objects to this topic to the extent it calls

9     for information related to third parties and not in the possession and/or control of Wistron.  Wistron

10    further objects to this request in that, as drafted, it seeks hypothetical and expert opinion testimony.

11    **TOPIC NO. 31:**

12         The features, performance, attributes and characteristics that WISTRON's IDENTIFIED
      NOTEBOOKS would have had if WISTRON had employed alternative designs or hardware or software
13    components utilized in determining the memory speed of each memory module and in generating memory
      access signals and memory access timing signals to each memory module in a notebook computer.
14
          **RESPONSE TO TOPIC NO. 31:**
15
               In addition to the foregoing General Responses and Objections, Wistron further
16
      objects on the grounds that this topic is vague and ambiguous as to the phrases "alternative
17
      designs and components" and "software components."  Wistron further objects to this topic in
18
      that it calls for testimony that may require the testimony of several separate individuals based
19
      on the interpretation of the term "IDENTIFIED NOTEBOOKS" referred to in the request.
20
      Wistron further objects to the extent Defendant seeks confidential, proprietary, and trade
21
      secret information.  Wistron further objects to this topic to the extent it calls for information related
22
      to third parties and not in the possession and/or control of Wistron.  Wistron further objects to this
23
      request in that, as drafted, it seeks hypothetical and expert opinion testimony.
24
      **TOPIC NO. 32:**
25
           The features, performance, attributes and characteristics that WISTRON's IDENTIFIED
26    NOTEBOOKS would have had if WISTRON had employed alternative designs or hardware or software
      components utilized in charging the battery in a notebook computer.
27

28

1    **RESPONSE TO TOPIC NO. 32:**

2         In addition to the foregoing General Responses and Objections, Wistron further

3    objects on the grounds that this topic is vague and ambiguous as to the phrases "alternative

4    designs and components" and "software components."  Wistron further objects to this topic in

5    that it calls for testimony that may require the testimony of several separate individuals based

6    on the interpretation of the term "IDENTIFIED NOTEBOOKS" referred to in the request.

7    Wistron further objects to the extent Defendant seeks confidential, proprietary, and trade

8    secret information.  Wistron further objects to this topic to the extent it calls for information related

9    to third parties and not in the possession and/or control of Wistron.  Wistron further objects to this

10   request in that, as drafted, it seeks hypothetical and expert opinion testimony.

11   **TOPIC NO. 33:**

12        Any communications between WISTRON and its UNITED STATES CUSTOMERs

13   regarding potential use in WISTRON's IDENTIFIED NOTEBOOKS of alternative designs and
     components existing as of the date WISTRON first sold an IDENTIFIED NOTEBOOKS and at or

14   around August 2006 relating to the use of special purpose keys or key combinations in a notebook
     computer, and the features and performance such IDENTIFIED NOTEBOOKS would have using

15   those alternative designs and components.

16   **RESPONSE TO TOPIC NO. 33:**

17        In addition to the foregoing General Responses and Objections, Wistron further

18   objects on the grounds that this topic is vague and ambiguous as to the phrases "alternative

19   designs and components," "special purpose keys," and "key combinations."  Wistron further

20   objects to this topic in that it calls for testimony that may require the testimony of several

21   separate individuals based on the interpretation of the term "IDENTIFIED NOTEBOOKS"

22   referred to in the request.  Wistron further objects to the extent Defendant seeks confidential,

23   proprietary, and trade secret information.  Wistron further objects to this topic to the extent it calls

24   for information related to third parties and not in the possession and/or control of Wistron.  Wistron

25   also objects to the proposed deposition topic because it is so broad as to impinge on Wistron's

26   privileged attorney-client communications and attorney work product.  Without waiving any

27   of its objections, Wistron will produce a representative to testify as to communications at or

28

about August 2006, between Wistron and its United States customers, the designs of its accused

products.

**TOPIC NO. 34:**

Any communications between WISTRON and its UNITED STATES CUSTOMERS regarding potential use in WISTRON's IDENTIFIED NOTEBOOKS of alternative designs and components existing as of the date WISTRON first sold an IDENTIFIED NOTEBOOK and at or around August 2006 relating to hardware and software components utilized in determining the memory speed of each memory module and in generating memory access signals and memory access timing signals to each memory module in a notebook computer, and the features and performance such IDENTIFIED NOTEBOOKS would have using those alternative designs and components.

**RESPONSE TO TOPIC NO. 34:**

In addition to the foregoing General Responses and Objections, Wistron further objects on the grounds that this topic is vague and ambiguous as to the phrases "alternative designs and components" and "software components." Wistron further objects to this topic in that it calls for testimony that may require the testimony of several separate individuals based on the interpretation of the term "IDENTIFIED NOTEBOOKS" referred to in the request. Wistron further objects to the extent Defendant seeks confidential, proprietary, and trade secret information. Wistron further objects to this topic to the extent it calls for information related to third parties and not in the possession and/or control of Wistron. Wistron also objects to the proposed deposition topic because it is so broad as to impinge on Wistron's privileged attorney-client communications and attorney work product. Without waiving any of its objections, Wistron will produce a representative to testify as to communications at or about August 2006, between Wistron and its United States customers, the designs of its accused products.

**TOPIC NO. 35:**

Any communications between WISTRON and its UNITED STATES CUSTOMERS regarding potential use in WISTRON's IDENTIFIED NOTEBOOKS of alternative designs and components existing as of the date WISTRON first sold an IDENTIFIED NOTEBOOK and at or around August 2006 relating to hardware and software components utilized in charging the battery in a notebook computer, and the features and performance such IDENTIFIED NOTEBOOKS would have using those alternative designs and components.

**RESPONSE TO TOPIC NO. 35:**

In addition to the foregoing General Responses and Objections, Wistron further objects on the grounds that this topic is vague and ambiguous as to the phrases "alternative

1    designs and components" and "software components."  Wistron further objects to this topic in

2    that it calls for testimony that may require the testimony of several separate individuals based

3    on the interpretation of the term "IDENTIFIED NOTEBOOKS" referred to in the request.

4    Wistron further objects to the extent Defendant seeks confidential, proprietary, and trade

5    secret information.  Wistron further objects to this topic to the extent it calls for information related

6    to third parties and not in the possession and/or control of Wistron.  Wistron also objects to the

7    proposed deposition topic because it is so broad as to impinge on Wistron's privileged

8    attorney-client communications and attorney work product.  Without waiving any of its

9    objections, Wistron will produce a representative to testify as to communications at or about

10   August 2006, between Wistron and its United States customers, the designs of its accused products.

11   **TOPIC NO. 36:**

12      WISTRON's policies, procedures or practices with respect to licensing of patents or know how

13   including inventions (whether granting licenses under WISTRON's patents and know how to others or
receiving licenses to patents and know how of others), and payments or royalties for such licenses.

14         **RESPONSE TO TOPIC NO. 36:**

15           In addition to the foregoing General Responses and Objections, Wistron further

16   objects on the grounds that this topic is vague and ambiguous as to the phrase "policies,

17   procedures or practices."  Wistron further objects to this topic to the extent that it seeks anything

18   other than facts, including legal conclusions and/or expert opinions.  Wistron further objects

19   to the extent Defendant seeks confidential, proprietary, and trade secret information.  Wistron

20   also objects to the proposed deposition topic because it is so broad as to impinge on Wistron's

21   privileged attorney-client communications and attorney work product. Wistron further objects

22   to this topic as wholly irrelevant to any issue in this litigation.

23   **TOPIC NO. 37:**

24      Licenses entered into by WISTRON for patents or know how including inventions related to

25   computers, notebook computers, IDENTIFIED NOTEBOOKS, or components of them, including the terms,
the rights licensed, the circumstances of the negotiation and the grant of such licenses.

26         **RESPONSE TO TOPIC NO. 37:**

27           In addition to the foregoing General Responses and Objections, Wistron further

28   objects to this topic in that it calls for testimony that may require the testimony of several

separate individuals based on the interpretation of the term "IDENTIFIED NOTEBOOKS"

referred to in the request.  Wistron further objects to this topic to the extent that it seeks anything

other than facts, including legal conclusions and/or expert opinions.  Wistron further objects

to the extent Defendant seeks confidential, proprietary, and trade secret information.  Wistron

also objects to the proposed deposition topic because it is so broad as to impinge on Wistron's

privileged attorney-client communications and attorney work product.  Wistron further

objects to this topic as wholly irrelevant to any issue in this litigation.

**TOPIC NO. 38:**

Licenses that have been offered to or by WISTRON for patents or know how including inventions related to computers, notebook computers, IDENTIFIED NOTEBOOKS, or components of them, that were not entered into by WISTRON, including the terms, the rights offered, the circumstances of the offers, and the negotiations pertaining to such proposed licenses.

**RESPONSE TO TOPIC NO. 38:**

In addition to the foregoing General Responses and Objections, Wistron further

objects to this topic in that it calls for testimony that may require the testimony of several

separate individuals based on the interpretation of the term "IDENTIFIED NOTEBOOKS"

referred to in the request.  Wistron further objects to the extent Defendant seeks confidential,

proprietary, and trade secret information.  Wistron also objects to the proposed deposition

topic because it is so broad as to impinge on Wistron's privileged attorney-client

communications and attorney work product.  Wistron further objects to this topic as wholly

irrelevant to any issue in this litigation.

**TOPIC NO. 39:**

WISTRON's knowledge and information about the terms, royalty rates and royalty bases for licenses relating to computers, notebook computers, IDENTIFIED NOTEBOOKS or components of them.

**RESPONSE TO TOPIC NO. 39:**

In addition to the foregoing General Responses and Objections, Wistron further

objects on the grounds that this topic is vague and ambiguous as to the phrases "knowledge

and information," "royalty rates," and "royalty bases."  Wistron further objects to this topic in

that it calls for testimony that may require the testimony of several separate individuals based

on the interpretation of the term "IDENTIFIED NOTEBOOKS" referred to in the request. Wistron further objects to the extent Defendant seeks confidential, proprietary, and trade secret information.  Wistron also objects to the proposed deposition topic because it is so broad as to impinge on Wistron's privileged attorney-client communications and attorney work products.  Wistron further objects to this topic as it likely calls for expert opinion testimony.  Wistron further objects to this topic as wholly irrelevant to any issue in this litigation.

**TOPIC NO. 40:**

The date and circumstances under which WISTRON first learned of the PATENTS-IN-SUIT.

**RESPONSE TO TOPIC NO. 40:**

In addition to the foregoing General Responses and Objections, Wistron further objects to the proposed deposition topic because it is so broad as to impinge on Wistron's privileged attorney-client communications and attorney work product.  Without waiving any of its objections, Wistron will produce a representative to testify regarding non-privileged circumstances under which it learned of the PATENTS-IN-SUIT.

**TOPIC NO. 41:**

The communications between SAMSUNG and WISTRON with respect to the PATENTS-IN-SUIT and potential licensing of the PATENTS-IN-SUIT.

**RESPONSE TO TOPIC NO. 41:**

In addition to the foregoing General Responses and Objections, Wistron further objects to the proposed deposition topic because it is so broad as to impinge on Wistron's privileged attorney-client communications and attorney work product.  Wistron further objects to the deposition of a Wistron representative on communications that all occurred under the promise of confidential and protected settlement discussions.

**TOPIC NO. 42:**

The actions and steps taken by WISTRON or WISTRON counsel after WISTRON first learned of the PATENTS-IN-SUIT to determine whether or not WISTRON infringed, whether those patents were valid or invalid, whether those patents were enforceable or unenforceable, and whether there were any other defenses that would preclude a successful claim by SAMSUNG for infringement of any of those patents.

1    **RESPONSE TO TOPIC NO. 42:**

2        In addition to the foregoing General Responses and Objections, Wistron further objects to the

3    proposed deposition topic because it is so broad as to impinge on Wistron's privileged attorney-client

4    communications and attorney work product.

5    **TOPIC NO. 43:**

6        WISTRON's communications with any of its UNITED STATES CUSTOMERS regarding
     the PATENTS-IN-SUIT, SAMSUNG's offer to license such patents to WISTRON, SAMSUNG's
7    communications with WISTRON regarding those patents and WISTRON's activities, and
     WISTRON's action for declaratory relief and SAMSUNG's counterclaims against WISTRON for
8    infringement of the PATENTS-IN-SUIT in that action.

9        **RESPONSE TO TOPIC NO. 43:**

10       In addition to the foregoing General Responses and Objections, Wistron further objects

11   on the grounds that this topic is vague and ambiguous as it is compound and unintelligible as

12   written.  Wistron further objects to this topic because it is overbroad and unduly burdensome in

13   seeking an exhaustive deposition regarding communications with any of Wistron's UNITED

14   STATES CUSTOMERS.  Wistron further objects to the extent Defendant seeks confidential,

15   proprietary, and trade secret information.  Wistron also objects to the proposed deposition

16   topic because it is so broad as to impinge on Wistron's privileged attorney-client

17   communications and attorney work product.  Wistron further objects to the extent that this

18   topic is duplicative of Topic 41 as to Samsung's communications with Wistron with respect to

19   the PATENTS-IN-SUIT, and it integrates all objections referenced in the response to Topic

20   41.  Without waiving any of its objections, Wistron will produce a representative to testify

21   generally as to the communications between Wistron and its United States Customers regarding the

22   PATENTS-IN-SUIT.

23   **TOPIC NO. 44:**

24       Any agreements (whether formal or informal, oral or written) between WISTRON and any of
     its UNITED STATES CUSTOMERs regarding the PATENTS-IN-SUIT, WISTRON's action for
25   declaratory relief and SAMSUNG's counterclaims against WISTRON for infringement of the
     PATENTS-IN-SUIT in. that action, the defense of this action, the settlement of this action, or any
26   potential license by SAMSUNG to WISTRON or its. UNITED STATES CUSTOMERs under the
     PATENTS-IN-SUIT, including any agreement by any customer to share the costs of WISTRON's
27   defense against SAMSUNG's counterclaims or to indemnify or pay to WISTRON all or any part of

28

any damages that might be awarded to SAMSUNG in any such action, and any communications between WISTRON and any of its UNITED STATES CUSTOMERS regarding such agreements.

### RESPONSE TO TOPIC NO. 44:

In addition to the foregoing General Responses and Objections, Wistron further objects on the grounds that this topic is vague and ambiguous as it is compound and unintelligible as written.  Wistron further objects to this topic because it is overbroad and unduly burdensome in seeking an exhaustive deposition regarding agreements with any of Wistron's United States Customers.  Wistron further objects to this topic to the extent that it seeks anything other than facts, including legal conclusions and/or expert opinions.  Wistron further objects to the extent Defendant seeks confidential, proprietary, and trade secret information.  Wistron also objects to the proposed deposition topic because it is so broad as to impinge on Wistron's privileged attorney-client communications and attorney work product.  Without waiving any of its objections, Wistron will produce a representative to testify generally as to the agreements between Wistron and its United States customers regarding agreements concerning the PATENTS-IN-SUIT.

### TOPIC NO. 45:

The WISTRON employees who are responsible for the decisions about what IDENTIFIED NOTEBOOKS WISTRON will make, offer to sell or sell, the consideration by those employees of any advice or opinions of WISTRON counsel with respect to whether WISTRON infringes any valid and enforceable claims of the PATENTS-IN-SUIT, and the decisions by those employees or others to continue to sell each of the IDENTIFIED NOTEBOOKS after such consideration.

### RESPONSE TO TOPIC NO. 45:

In addition to the foregoing General Responses and Objections, Wistron further objects to this topic in that it calls for testimony that may require the testimony of several separate individuals based on the interpretation of the term "IDENTIFIED NOTEBOOKS" referred to in the request.  Wistron further objects to this topic to the extent that it seeks anything other than facts, including legal conclusions and/or expert opinions.  Wistron further objects to the extent Defendant seeks confidential, proprietary, and trade secret information.  Wistron also objects to the proposed deposition topic because it is so broad as to impinge on Wistron's privileged attorney-client communications and attorney work product.  Wistron further

objects to the extent that the topic seeks to prematurely discuss issues concerning advice or

opinion of counsel where Wistron has not asserted the defense.

**TOPIC NO. 46:**

WISTRON's reliance on any opinion of counsel it obtained concerning the PATENTS-IN-SUIT, including the identities of any persons involved in providing advice of counsel; the identities of any persons involved in providing information or material for review by any such counsel; the identities of any persons involved in the decision to rely on advice of counsel; the identity of all materials or documents that were reviewed by counsel or prepared for such counsel's review; the substance of any written or oral communications with counsel  providing the advice relied on as a defense in this action; and the identity and nature of any documents related to any such advice given to WISTRON.

**RESPONSE TO TOPIC NO. 46:**

In addition to the foregoing General Responses and Objections, Wistron further objects

to this topic to the extent that it seeks anything other than facts, including legal conclusions

and/or expert opinions.  Wistron further objects to the extent Defendant seeks confidential,

proprietary, and trade secret information.  Wistron also objects to the proposed deposition

topic because it is so broad as to impinge on Wistron's privileged attorney-client

communications and attorney work product.  Wistron further objects to the extent that the

topic seeks to prematurely discuss issues concerning advice or opinion of counsel where

Wistron has not asserted the defense.

**TOPIC NO. 47:**

Any documents or other information provided to the author of any opinion of counsel concerning the PATENTS-IN-SUIT.

**RESPONSE TO TOPIC NO. 47:**

In addition to the foregoing General Responses and Objections, Wistron further objects

to this topic to the extent that it seeks anything other than facts, including legal conclusions

and/or expert opinions.  Wistron further objects to the extent Defendant seeks confidential,

proprietary, and trade secret information.  Wistron also objects to the proposed deposition

topic because it is so broad as to impinge on Wistron's privileged attorney-client

communications and attorney work product.  Wistron further objects to the extent that the

topic seeks to prematurely discuss issues concerning advice or opinion of counsel where

Wistron has not asserted the defense.

**TOPIC NO. 48:**

The identification of any WISTRON employees or officers who communicated with the author of any opinion of counsel concerning the PATENTS-IN-SUIT, as well as the subject matter of said communications.

**RESPONSE TO TOPIC NO. 48:**

In addition to the foregoing General Responses and Objections, Wistron further objects to this topic to the extent that it seeks anything other than facts, including legal conclusions and/or expert opinions. Wistron further objects to the extent Defendant seeks confidential, proprietary, and trade secret information. Wistron also objects to the proposed deposition topic because it is so broad as to impinge on Wistron's privileged attorney-client communications and attorney work product. Wistron further objects to the extent that the topic seeks to prematurely discuss issues concerning advice or opinion of counsel where Wistron has not asserted the defense.

**TOPIC NO. 49:**

Communications between WISTRON and the author of any opinion of counsel it obtained concerning the PATENTS-IN-SUIT.

**RESPONSE TO TOPIC NO. 49:**

In addition to the foregoing General Responses and Objections, Wistron further objects to this topic to the extent that it seeks anything other than facts, including legal conclusions and/or expert opinions. Wistron further objects to the extent Defendant seeks confidential, proprietary, and trade secret information. Wistron also objects to the proposed deposition topic because it is so broad as to impinge on Wistron's privileged attorney-client communications and attorney work product. Wistron further objects to the extent that the topic seeks to prematurely discuss issues concerning advice or opinion of counsel where Wistron has not asserted the defense.

**TOPIC NO. 50:**

Agreements (whether formal or informal, oral or written) and communications between WISTRON and any other company that SAMSUNG has charged with infringement of the PATENTS-IN-SUIT or against which SAMSUNG has commenced any action for infringement of the PATENTS-IN-SUIT regarding the PATENTS-IN-SUIT, the offer or acceptance of any license under the PATENTS-IN-SUIT, or the defense or settlement of any action for infringement of the

PATENTS-IN-SUIT, including the terms of any such agreements and WISTRON's activities in connection with such agreements.

**RESPONSE TO TOPIC NO. 50:**

In addition to the foregoing General Responses and Objections, Wistron further objects on the grounds that this topic is vague and ambiguous as it is compound and unintelligible as written. Wistron further objects to the extent Defendant seeks confidential, proprietary, and trade secret information. Wistron also objects to the proposed deposition topic because it is so broad as to impinge on Wistron's privileged attorney-client communications and attorney work product. Without waiving any of its objections, Wistron will produce a representative to testify generally as to the agreements and communications between it and any other company that has been charged with infringement of the PATENTS-IN-SUIT regarding the PATENTS-IN-SUIT.

**TOPIC NO. 51:**

WISTRON's patent portfolio regarding patents that relate to NOTEBOOK PRODUCTS, including but not limited any licenses granted by WISTRON to any third party with respect to WISTRON's patents, the entity to whom the patent or patents that relate to IDENTIFIED NOTEBOOKS has been licensed and the terms of any such license

**RESPONSE TO TOPIC NO. 51:**

In addition to the foregoing General Responses and Objections, Wistron further objects on the grounds that this topic is overbroad and unduly burdensome, and cumulative. Wistron's patent portfolio is not relevant to any material issue in this litigation. Wistron further objects to the extent Defendant seeks confidential, proprietary, and trade secret information. Wistron also objects to the proposed deposition topic because it is so broad as to impinge on Wistron's privileged attorney-client communications and attorney work product.

**TOPIC NO. 52:**

The data contained in the WISTRON sales summaries included in the bates range WIS 0014610-0015191 and WIS 0046164-0110648, including but not limited to (a) the means by which the data was prepared; (b) the contents of the database(s) from which that information was collected; (c) from what business group the information originated; (d) any information omitted from the sales summaries; (e) the form in which the data or databases from which the information for the sales summaries was collected is/are maintained; (f) how WISTRON uses the information contained in the sales summaries in the normal course of business; (g) the steps, if any, WISTRON took to verify the accuracy and/or completeness of the information contained in the sales summaries.

1

2     **RESPONSE TO TOPIC NO. 52:**

3          In addition to the foregoing General Responses and Objections, Wistron further objects to

this request because the document speaks for itself.  Wistron further objects to this request as
4
it is vague and ambiguous and overbroad and unduly burdensome in seeking to discuss
5
several thousand pages of documents with a witness.  It is unreasonable to expect a witness to
6
provide testimony on vaguely defined areas of inquiry on over 60,000 pages of documents.
7
Wistron further objects to this topic to the extent that it seeks duplicative information that is
8
available from the sales summaries themselves.  Without waiving any of its objections, Wistron will
9
produce a representative to testify generally as to the data contained as to Wistron's sales
10
summaries.
11
**TOPIC NO. 53:**
12
         The corporate structure of WISTRON, including but not limited to WISTRON's relationship
13
with Wistron InfoComm (Texas) Corp.
14
         **RESPONSE TO TOPIC NO. 53:**
15
              In addition to the foregoing General Responses and Objections, Wistron further objects to
16
this topic as vague and ambiguous as to "corporate structure."  Wistron further objects to this
17
topic as irrelevant to any material issue in this litigation.  Without waiving any of its objections,
18
Wistron will produce a representative to testify as to its relationship with Wistron InfoComm
19
(Texas) Corp.

20

21

22

23

24

25

26

27

28

1

2

3

Dated: May 1, 2008                              Respectfully submitted,

4
                                                K&L GATES LLP
5

6                                       By:     /s/ Harold H. Davis /s/
                                                _____
7                                               Michael J. Bettinger
                                                Timothy P. Walker
8                                               Harold H. Davis, Jr.
                                                55 Second St., Suite 1700
9                                               San Francisco, CA 94105
                                                (415) 882.8200
10                                              (415) 882.8220 (fax)
                                                mike.bettinger@klgates.com
11                                              timothy.walker@klgates.com
                                                harold.davis@klgates.com
12
                                                Attorneys for Plaintiff and Counter-Defendant
13                                              WISTRON CORPORATION and Counter-Defendant
                                                WISTRON INFOCOMM (TEXAS) CORPORATION

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   MICHAEL J. BETTINGER (STATE BAR NO. 122196)
    TIMOTHY P. WALKER, PHD (STATE BAR NO. 105001)
2   HAROLD H. DAVIS, JR. (STATE BAR NO.  235552)
3     mike.bettinger@klgates.com
      timothy.walker@klgates.com
4     harold.davis@klgates.com
    K&L GATES LLP
5   55 Second Street, Suite 1700
    San Francisco, CA 94105-3493
6   Telephone: 415.882.8200
7   Facsimile: 415.882.8220

8   Attorneys for Plaintiff and Counter-Defendant
    WISTRON CORPORATION and
9   Counter-Defendant WISTRON
10   INFOCOMM (TEXAS) CORPORATION

11

12                   UNITED STATES DISTRICT COURT

13                 NORTHERN DISTRICT OF CALIFORNIA

14                     SAN FRANCISCO DIVISION

| | |
|---|---|
| 15   WISTRON CORPORATION, | Case No. C 07-04748 VRW |
| 16             Plaintiff and Counter-Defendant, | |
| 17         vs. | **OBJECTIONS TO NOTICE OF DEPOSITION OF WISTRON CORP. REGARDING TECHNICAL TOPICS** |
| 18   SAMSUNG ELECTRONICS CO., LTD., | |
| 19             Defendant and Counter-Plaintiff | |
| 20 | |
| 21   SAMSUNG ELECTRONICS CO., LTD., | |
| 22             Counter-Plaintiff, | |
|         vs. | |
| 23 | |
| 24   WISTRON CORPORATION,  and WISTRON INFOCOMM (TEXAS) | |
| 25   CORPORATION | |
| 26             Counter-Defendants. | |

27

28

          PRINTED ON RECYCLED PAPER

## PRELIMINARY STATEMENT

Wistron Corporation ("Wistron") objections and responses to Samsung's 30(b)(6) Deposition Notice are made pursuant to Rules 26, 30 and 34 of the Federal Rules of Civil Procedure solely for purposes of this action. Each response is subject to all objections as to competence, relevance, materiality, propriety and admissibility, and any and all other objections and grounds which would require the exclusion of any statement herein if the questions were asked of, or any statements contained herein were made by, a witness present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of trial.

Wistron has not yet completed its investigation of the facts relating to this case, and has not completed its preparation for trial. Wistron's responses are based upon information presently available to Wistron and are made without prejudice to Wistron's right to utilize subsequently discovered facts or documents. Wistron anticipates that further discovery, independent investigation, legal research and analysis may supply additional facts and add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions, changes, and variations to the following responses. Wistron accordingly reserves the right to change any responses as additional facts are ascertained, analyses are made, legal research is completed and contentions are made.

Wistron further objects to the overly burdensome and unduly broad nature of the proposed deposition topics. Samsung has requested Wistron to produce a representative to testify to over **68** different areas. Many of these topics are similar to Samsung's previously issued document requests, so Wistron incorporates by reference its responses and objections to Samsung's document requests into its response to Samsung's 30(b)(6) deposition notice. Wistron will object to any further deposition beyond those topics or any further deposition after the currently noticed session.

## GENERAL OBJECTIONS

1.      Wistron objects to Samsung's 30(b)(6) Deposition in failing to first contact counsel to set a mutually agreeable time and place for the deposition as provided in the Joint Case Management Statement. Wistron will only produce its corporate representative in Taipei, Taiwan, will require a qualified Chinese-English interpreter, and will be conducted at a mutually agreeable time and

1    location.

2          2.       Wistron objects to Samsung's 30(b)(6) Deposition Topics, including any definitions

3    and instructions therein, to the extent they exceed the requirements of and the limits set forth in the

4    Federal Rules of Civil Procedure.  Wistron's responses will comport with the Federal Rules rather

5    than with Samsung's definitions and instructions.

6          3.       Wistron objects to providing any testimony in response to Samsung's deposition

7    questions that is protected by the attorney-client privilege, the work-product doctrine, or any other

8    applicable privilege, immunity, protection or restriction, or which is otherwise not discoverable

9    under the Federal Rules of Civil Procedure, the statutes of any relevant jurisdiction or the common

10   law.

11         4.       Wistron objects to Samsung's 30(b)(6) Deposition Topics to the extent they seek

12   information that does not pertain to the subject matter of this patent infringement action because (i)

13   the topics, as stated, are overly broad; (ii) the information sought therein is not relevant to the subject

14   matter of the pending action and not reasonably calculated to lead to the discovery of admissible

15   evidence; and (iii) it would be unduly burdensome, annoying and oppressive to provide such

16   information.

17         5.       Wistron objects to Samsung's 30(b)(6) topics to the extent they seek information not

18   known to Wistron, or better known by a third party.  Wistron cannot and should not be expected to

19   answer deposition questions about which it possesses no knowledge, information or documentation.

20         6.       Wistron objects insofar as Samsung's 30(b)(6) topics seek (a) confidential business

21   documents and/or (b) confidential, proprietary and/or trade secret information.

22         7.       Wistron's investigation of information and documents relating to the claims at issue

23   in this action is continuing.  Thus, Wistron's responses to Samsung's deposition questions are based

24   only upon such information and documents as are available to it at the time of such response.

25   Wistron expressly reserves the right to modify and/or supplement all of its responses as its review of

26   this matter continues, if and when further information and/or documents become available, through

27   the trial of this matter.

28

8.     Wistron objects to Samsung's 30(b)(6) Deposition Notice to the extent that it seeks to have Wistron's designated witnesses summarize documents produced to Samsung on the grounds that, among other things, such documents speak for themselves and Samsung is equally capable of summarizing and/or understanding them.

9.     Wistron objects to the Samsung's 30(b)(6) Deposition Notice to the extent that it seeks anything other than facts, including legal conclusions and/or expert opinions.

10.    Wistron objects to the Samsung's 30(b)(6) Deposition Notice to the extent that it fails to describe with reasonable particularity the matters on which examination is requested, as required by Rule 30(b)(6) of the Federal Rules of Civil Procedure.

11.    Wistron objects to the Samsung's Amended 30(b)(6) Deposition Notice, pursuant to Rule 26(b)(2) of the Federal Rules of Civil Procedure, to the extent it seeks information that is obtainable from another source that is more convenient, less burdensome or less expensive (including, without limitation, through review of documents produced in discovery, or through review of public records maintained by the United States Patent and Trademark Office), and to the extent that the burden involved in providing testimony pursuant to the Samsung's 30(b)(6) Deposition Notice outweighs the likely benefit of such testimony.

12.    Wistron objects to Samsung's definition of the terms "Wistron" as overly vague, overly broad and requesting information outside of Wistron's possession, custody or control. The definitions require Wistron designate witnesses to provide testimony on behalf of persons and entities other than Wistron. For example, the definitions encompass "anyone acting on its behalf." The witnesses Wistron designates on any Topic will provide testimony only on behalf of and as matters within Wistron's possession, custody or control, as required by Rule 30(b)(6).

13.    Wistron objects to Samsung's definition of "IDENTIFIED NOTEBOOKS" as wholly overbroad and unduly burdensome in seeking testimony on literally hundreds of different products, the vast majority of which are not at issue in this litigation.

**Specific Objections to Samsung' 30(b)(6) Deposition Topics**

**TOPIC NO. 1**

For the period from August 7, 2006 to the present, the design, structure, and operation of all hardware and software components in each of the IDENTIFIED NOTEBOOKS that (1) monitor the actuation of one or more keys on the keyboard, (2) generate interrupt signals in response to the actuation of one or more keys on the keyboard, and (3) execute interrupt handling routines in response to the interrupt signals, said components including, but not limited to, interrupt signal lines, circuits, keyboard controllers, NORTHBRIDGE and SOUTHBRIDGE chips, microprocessors, read only memory, operating system, keyboard controller FIRMWARE and system BIOS.

**RESPONSE TO TOPIC NO. 1:**

In addition to the foregoing General Responses and Objections, Wistron further objects on the grounds that this topic is vague and ambiguous as to the phrases "software components."  Wistron further objects to this topic in that it calls for testimony that may require the testimony of several separate individuals based on the interpretation of the term "IDENTIFIED NOTEBOOKS" referred to in the request.  Wistron further objects to this topic because it is overbroad and unduly burdensome in seeking an exhaustive deposition on "all hardware and software components" over literally hundreds of different electronic components – the vast majority of which Samsung has not identified as an accused infringing product.  Without waiving any of its objections, Wistron will produce a representative to testify as to the design, structure, and operation of its accused products.

**TOPIC NO. 2**

For the period from August 7, 2006 to the present, the design, structure, and operation of all hardware and software components in each of the IDENTIFIED NOTEBOOKS that (1) monitor the actuation of any HOT KEYS, (2) generate SMI or SCI signals in response to the actuation of any HOT KEYS, and (3) execute SMI or SCI handling routines in response to the SMI or SCI signals, said components including, but not limited to, interrupt signal lines, circuits, keyboard controllers, NORTHBRIDGE and SOUTHBRIDGE chips, microprocessors, read only memory, operating system, keyboard controller FIRMWARE and system BIOS.

**RESPONSE TO TOPIC NO. 2:**

In addition to the foregoing General Responses and Objections, Wistron further objects on the grounds that this topic is vague and ambiguous as to the phrases "software

components." Wistron further objects to this topic in that it calls for testimony that may require the testimony of several separate individuals based on the interpretation of the term "IDENTIFIED NOTEBOOKS" referred to in the request. Wistron further objects to this topic because it is overbroad and unduly burdensome in seeking an exhaustive deposition on "all hardware and software components" over literally hundreds of different electronic components – the vast majority of which Samsung has not identified as an accused infringing product. Without waiving any of its objections, Wistron will produce a representative to testify as to the design, structure, and operation of its accused products.

**TOPIC NO. 3:**

For the period from August 7, 2006 to the present, all implementations and operation of HOT KEY FUNCTIONS in each of the IDENTIFIED NOTEBOOKS.

**RESPONSE TO TOPIC NO. 3:**

In addition to the foregoing General Responses and Objections, Wistron further objects on the grounds that this topic is vague and ambiguous as to the phrases "implementations." Wistron further objects to this topic in that it calls for testimony that may require the testimony of several separate individuals based on the interpretation of the term "IDENTIFIED NOTEBOOKS" referred to in the request. Wistron further objects to this topic because it is overbroad and unduly burdensome in seeking an exhaustive deposition on "all implementations" over literally hundreds of different electronic components – the vast majority of which Samsung has not identified as an accused infringing product. Without waiving any of its objections, Wistron will produce a representative to testify as to the HOT KEYS on the accused products.

**TOPIC NO. 4:**

For the period from August 7, 2006 to the present, the SOURCE CODE of the keyboard controller FIRMWARE and system BIO that are used to (1) monitor the actuation of one or more keys on the keyboard, (2) generate interrupt signals in response to the actuation of one or more keys on the keyboard, (3) execute interrupt handling routines in response to the interrupt signals, (4) monitor the actuation of any HOT KEYS, or (5) generate SMI or SCI signals in response to the actuation of any HOT KEYS, or (6) execute SMI or SCI handling routines in response to the SMI or

SCI signals in each of the IDENTIFIED NOTEBOOKS.

**RESPONSE TO TOPIC NO. 4:**

In addition to the foregoing General Responses and Objections, Wistron further objects on the grounds that this topic is vague and ambiguous as to this interrogatory as to what it may be seeking with regards to "SOURCE CODE" – either authorship, debugging, other operation, functions, and so on.  Wistron further objects to this topic in that it is wholly overbroad and unduly burdensome in seeking testimony on what could amount to hundreds of thousands of lines of code or more based on the number of "IDENTIFIED NOTEBOOKS."  Wistron further objects to this request in that it calls for testimony that may require the testimony of several separate individuals based on the interpretation of the term "IDENTIFIED NOTEBOOKS" referred to in the request.  Without waiving any of its objections, Wistron will produce a representative to testify generally as to the operation of the source code for the accused products.

**TOPIC NO. 5:**

For the period from August 7, 2006 to the present, all implementations and/or operations of RELATING TO the charging of the battery in each of the IDENTIFIED NOTEBOOKS.

**RESPONSE TO TOPIC NO. 5:**

In addition to the foregoing General Responses and Objections, Wistron further objects on the grounds that this topic is vague and ambiguous as the request is unintelligible as written.  Wistron further objects to this topic in that it calls for testimony that may require the testimony of several separate individuals based on the interpretation of the term "IDENTIFIED NOTEBOOKS" referred to in the request.  Wistron further objects to this topic because it is overbroad and unduly burdensome in seeking an exhaustive deposition on "all implementations" over literally hundreds of different electronic components – the vast majority of which Samsung has not identified as an accused infringing product.  Without waiving any of its objections, Wistron will produce a representative to testify as to the operation of battery charging for the accused products.

**TOPIC NO. 6:**

For the period from August 7, 2006 to the present, the design, structure, and operation of all hardware and software components that are utilized to: (1) monitor the input current level, the charging current level, and/or the output voltage level; (2) generate control signals in response to said levels; and (3) use said control signals to regulate the charging current provided to the battery in each of the IDENTIFIED NOTEBOOKS, said components including, but not limited to, BATTERY CHARGERS, resistors, transistor, capacitors, sensors, AC adaptors, BIOS, FIRMWARE, signal lines, microprocessors, power supplies, circuits, controllers, and operating systems.

**RESPONSE TO TOPIC NO. 6:**

In addition to the foregoing General Responses and Objections, Wistron further objects on the grounds that this topic is vague and ambiguous as to the phrases "software components." Wistron further objects to this topic in that it calls for testimony that may require the testimony of several separate individuals based on the interpretation of the term "IDENTIFIED NOTEBOOKS" referred to in the request. Wistron further objects to this topic because it is overbroad and unduly burdensome in seeking an exhaustive deposition on "all hardware and software components" over literally hundreds of different electronic components – the vast majority of which Samsung has not identified as an accused infringing product. Wistron further objects to this request as overbroad and unduly burdensome with respect to testifying as to the operation of every "resistor, transistor, capacitor, sensor, … signal line, circuit, controller, and operating system" in each of its products as there are literally thousands of such components. Wistron further objects to this request to the extent it seeks a representative to discuss operating systems as Wistron does not design "operating systems". Without waiving any of its objections, Wistron will produce a representative to testify as to the design, structure, and operation of its accused products.

**TOPIC NO. 7:**

For the period from August 7, 2006 to the present, the SOURCE CODE of the BATTERY CHARGER FIRMWARE and system BIOS in each of the IDENTIFIED NOTEBOOKS.

**RESPONSE TO TOPIC NO. 7:**

In addition to the foregoing General Responses and Objections, Wistron

further objects on the grounds that this topic is vague and ambiguous as to this interrogatory as to what it may be seeking with regards to "SOURCE CODE" – either authorship, debugging, other operation, functions, and so on.  Wistron further objects to this topic in that it is wholly overbroad and unduly burdensome in seeking testimony on what could amount to hundreds of thousands of lines of code or more based on the number of "IDENTIFIED NOTEBOOKS."  Wistron further objects to this request in that it calls for testimony that may require the testimony of several separate individuals based on the interpretation of the term "IDENTIFIED NOTEBOOKS" referred to in the request.  Without waiving any of its objections, Wistron will produce a representative to testify generally as to the operation of the source code for the accused products.

**TOPIC NO. 8:**

For the period from August 7, 2006 to the present, any and all BATTERY CHARGERS' ability to set and/or control the following in each of the IDENTIFIED NOTEBOOKS: (1) the input current level; (2) the charging current level; and/or (3) the output voltage level.

**RESPONSE TO TOPIC NO. 8:**

In addition to the foregoing General Responses and Objections, Wistron further objects on the grounds that this topic is vague and ambiguous as to this interrogatory as to the term "to set".  Wistron further objects to this request in that it calls for testimony that may require the testimony of several separate individuals based on the interpretation of the term "IDENTIFIED NOTEBOOKS" referred to in the request.  Wistron further objects to this topic because it is overbroad and unduly burdensome in seeking an exhaustive deposition over literally hundreds of different electronic components – the vast majority of which Samsung has not identified as an accused infringing product.  Without waiving any of its objections, Wistron will produce a representative to testify generally as to how the accused products control the "input current level," "the charging current level," and/or "the output voltage level."

**TOPIC NO. 9:**

For the period from August 7, 2006 to the present, the ability of any and all BATTERY CHARGERS to compare the input current, the charging current, and/or the output voltage with its respective maximum limit and with one another in each of the IDENTIFIED NOTEBOOKS.

**RESPONSE TO TOPIC NO. 9:**

In addition to the foregoing General Responses and Objections, Wistron further objects on the grounds that this topic is vague and ambiguous as to this interrogatory as to the term "the ability to."  Wistron fact witnesses are not obligated to testify as to hypothetical situations or questions posed to them.  Wistron further objects to this request in that it calls for testimony that may require the testimony of several separate individuals based on the interpretation of the term "IDENTIFIED NOTEBOOKS" referred to in the request.  Wistron further objects to this topic because it is overbroad and unduly burdensome in seeking an exhaustive deposition over literally hundreds of different electronic components – the vast majority of which Samsung has not identified as an accused infringing product.  Without waiving any of its objections, Wistron will produce a representative to testify generally as to whether the accused products compare the input current, the charging current, and/or the output voltage with its respective maximum limit and with one another.

**TOPIC NO. 10:**

For the period from August 7, 2006 to the present, the design, structure, and operation of all hardware and software components in each of the MEMORY MODULES in each of the IDENTIFIED NOTEBOOKS for (1) reading out the serial presence detect data in SPD ROM; and (2) receiving MEMORY CONTROL SIGNALS from a MEMORY CONTROLLER, said components including SCL and SDA signal lines, NORTHBRIDGE and SOUTHBRIDGE chips, SPD ROMs, signal lines connecting the MEMORY MODULE to the NORTHBRIDGE chip or embedded memory controller, FIRMWARE and system BIOS.

**RESPONSE TO TOPIC NO. 10:**

In addition to the foregoing General Responses and Objections, Wistron further objects on the grounds that this topic is vague and ambiguous as to the phrases "software components."  Wistron further objects to the phrase "serial presence detect data" as

undefined and ambiguous.  Wistron further objects to this topic in that it calls for testimony that may require the testimony of several separate individuals based on the interpretation of the term "IDENTIFIED NOTEBOOKS" referred to in the request.  Wistron further objects to this topic because it is overbroad and unduly burdensome in seeking an exhaustive deposition on "all hardware and software components" over literally hundreds of different electronic components – the vast majority of which Samsung has not identified as an accused infringing product.  Without waiving any of its objections, Wistron will produce a representative to testify as to the design, structure, and operation of its accused products.

**TOPIC NO. 11:**

For the period from August 7, 2006 to the present, the serial presence detect data stored in the SPD ROM for each MEMORY MODULE in each IDENTIFIED NOTEBOOK.

**RESPONSE TO TOPIC NO. 11:**

In addition to the foregoing General Responses and Objections, Wistron further objects on the grounds that this topic is vague and ambiguous as to the phrases "software components."  Wistron further objects to the phrase "serial presence detect data" as undefined and ambiguous.  Wistron further objects to this topic in that it calls for testimony that may require the testimony of several separate individuals based on the interpretation of the term "IDENTIFIED NOTEBOOKS" referred to in the request.  Wistron further objects to this topic because it is overbroad and unduly burdensome in seeking an exhaustive deposition on "all hardware and software components" over literally hundreds of different electronic components – the vast majority of which Samsung has not identified as an accused infringing product.  Without waiving any of its objections, Wistron will produce a representative to testify as to the design, structure, and operation of its accused products.

**TOPIC NO. 12:**

For the period from August 7, 2006 to the present, the design, structure, and operation of all hardware and software components in each of the IDENTIFIED NOTEBOOKS for a) sending a signal over the SCL line to the SPD ROM; b) receiving data from the SPD ROM over the SDA signal line; and c) communicating the data from the SPD ROM to the NORTHBRIDGE said components including SCL and SDA signal lines, NORTHBRIDGE and SOUTHBRIDGE chips,

SPD ROMs, signal lines connecting the MEMORY MODULE to the NORTHBRIDGE chip or embedded memory controller, FIRMWARE and system BIOS.

**RESPONSE TO TOPIC NO. 12:**

In addition to the foregoing General Responses and Objections, Wistron further objects on the grounds that this topic is vague and ambiguous as to the phrases "software components." Wistron further objects to this topic in that it calls for testimony that may require the testimony of several separate individuals based on the interpretation of the term "IDENTIFIED NOTEBOOKS" referred to in the request. Wistron further objects to this topic because it is overbroad and unduly burdensome in seeking an exhaustive deposition on "all hardware and software components" over literally hundreds of different electronic components – the vast majority of which Samsung has not identified as an accused infringing product. Without waiving any of its objections, Wistron will produce a representative to testify as to the design, structure, and operation of its accused products.

**TOPIC NO. 13:**

For the period from August 7, 2006 to the present, the design, structure, and operation of all hardware and software components in each of the IDENTIFIED NOTEBOOKS for a) receiving signals from the SPD ROM; b) setting the registers in the NORTHBRIDGE in response to those signals; and c) generating MEMORY CONTROL SIGNALS signals [sic] when the registers are set to control the read/write operation of the MEMORY MODULE, said components including NORTHBRIDGE chips, signal lines connecting the MEMORY MODULE to the NORTHBRIDGE chip or embedded memory controller, FIRMWARE and system BIOS.

**RESPONSE TO TOPIC NO. 13:**

In addition to the foregoing General Responses and Objections, Wistron further objects on the grounds that this topic is vague and ambiguous as to the phrases "software components." Wistron further objects to this topic in that it calls for testimony that may require the testimony of several separate individuals based on the interpretation of the term "IDENTIFIED NOTEBOOKS" referred to in the request. Wistron further objects to this topic because it is overbroad and unduly burdensome in seeking an exhaustive deposition on "all hardware and software components" over literally hundreds of different electronic components – the vast majority of which Samsung has not identified as an accused

infringing product.  Without waiving any of its objections, Wistron will produce a representative to testify as to the design, structure, and operation of its accused products.

**TOPIC NO. 14:**

The configuration of each of the IDENTIFIED NOTEBOOKS.

**RESPONSE TO TOPIC NO. 14:**

In addition to the foregoing General Responses and Objections, Wistron further objects on the grounds that this topic is vague and ambiguous as to the phrase "configuration."  Wistron further objects to this topic in that it calls for testimony that may require the testimony of several separate individuals based on the interpretation of the term "IDENTIFIED NOTEBOOKS" referred to in the request.  Wistron further objects to this topic because it is overbroad and unduly burdensome in seeking an exhaustive deposition on "all hardware and software components" over literally hundreds of different electronic components – the vast majority of which Samsung has not identified as an accused infringing product.  Without waiving any of its objections, Wistron will produce a representative to testify as to the design, structure, and operation of its accused products, but cannot produce a representative as to "configuration" because that term is undefined.

**TOPIC NO. 15:**

The project names and WISTRON model names for each of the IDENTIFIED NOTEBOOKS, including:

1.    The meaning of WISTRON nomenclature;

2.    The relationship between project names and WISTRON model names; and

3.    The relationship of project names and WISTRON model names to the configuration of each IDENTIFIED NOTEBOOK.

**RESPONSE TO TOPIC NO. 15:**

In addition to the foregoing General Responses and Objections, Wistron further objects on the grounds that this topic is vague and ambiguous as to the phrases "WISTRON model names" and "configuration."  Wistron further objects to this topic in that it calls for

testimony that may require the testimony of several separate individuals based on the interpretation of the term "IDENTIFIED NOTEBOOKS" referred to in the request. Wistron further objects to this topic because it is overbroad and unduly burdensome in seeking an exhaustive deposition on over literally hundreds of different electronic components – the vast majority of which Samsung has not identified as an accused infringing product.  Without waiving any of its objections, Wistron will produce a representative to testify as to its project names for the accused products.

Dated:  May 1, 2008

Respectfully submitted,

K&L Gates  LLP

By:    /s/ Harold H. Davis /s/
       Michael J. Bettinger
       Timothy P. Walker
       Harold H. Davis, Jr.
       55 Second St., Suite 1700
       San Francisco, CA 94105
       (415) 882.8200
       (415) 882.8220 (fax)
       mike.bettinger@klgates.com
       timothy.walker@klgates.com
       harold.davis@klgates.com

       Attorneys for Plaintiff and Counter-Defendant
       WISTRON CORPORATION and Counter-Defendant
       WISTRON INFOCOMM (TEXAS) CORPORATION