Exhibit 5

## Davis, Harold H. Jr.

| | |
|---|---|
| **From:** | Davis, Harold H. Jr. |
| **Sent:** | Wednesday, May 14, 2008 10:56 AM |
| **To:** | 'Day, Elizabeth'; Lim, Sal |
| **Cc:** | Bettinger, Michael; Walker, Timothy; Fowler, Mark |
| **Subject:** | RE: Wistron v. Samsung - Witnesses for 30(b)(6) deposition notices |

Elizabeth:

This statement "As you know, Samsung has already raised the issue of needing more time to complete the technical depositions during our last meet and confer conversation" is incorrect. My recollection is that during the meet and confer, Samsung mentioned "double tracking" the depositions and we talked about that, but your previous e-mail is the first that I've heard Samsung's allegation that 50 hours of time is somehow unreasonable. Samsung has offered no counterproposal other than an open ended, "we'll take as long as we want" approach. There is really no justification for needing more than 50 hours to depose a single party. If Samsung has some sort of proposal other than some open ended amount of time, then we'll consider it. Please let me know if there is any reason to conduct a phone call on this issue.

Further, I'm really quite surprised that Samsung is now trying to undo a previous agreement as to the length of depositions. This is not the first time that Samsung has attempted to renege on an agreement (e.g. agreements on the format of production of electronic documents), and it is really unacceptable. Samsung cannot continue to make agreements with counsel and then seek to undo them when they do not like the results.

Again, so that there are no surprises when we are in Taiwan, each witness will only be produced for 10 hours for the upcoming depositions (Samsung's threats notwithstanding), which is our obligation under the Federal Rules, the case management order, and the parties previous agreement on the length of depositions.

---

Harold H. Davis, Jr. Esq.
**K&L Gates**
55 Second St., Suite 1700
San Francisco, CA 94105
(415) 249.1008
(415) 882.8220 (fax)
harold.davis@klgates.com
www.klgates.com

---

**From:** Day, Elizabeth [mailto:Elizabeth.Day@dlapiper.com]
**Sent:** Wednesday, May 14, 2008 10:39 AM
**To:** Davis, Harold H. Jr.; Lim, Sal
**Cc:** Bettinger, Michael; Walker, Timothy; Fowler, Mark
**Subject:** RE: Wistron v. Samsung - Witnesses for 30(b)(6) deposition notices

Hal:

I apologize for my email not being clear. As you know, Samsung has already raised the issue of needing more time to complete the technical depositions during our last meet and confer conversation, and Wistron's current proposal of three witnesses for ten hours each for the technical topics is unlikely to allow Samsung sufficient time to complete these depositions. Samsung intends to move forward with these depositions in an efficient manner, but Samsung cannot agree to be restricted by the arbitrary time limit set by Wistron. In the event that Wistron refuses to allow Samsung sufficient time

to complete these depositions during the upcoming trip to Taiwan and if Samsung is forced to incur the cost of filing a motion to compel, please be advised that Samsung will seek an order compelling the production of Wistron's witnesses in the United States.

Please let me know if you would like to schedule a call to discuss this issue in real time.

Elizabeth

---

**From:** Davis, Harold H. Jr. [mailto:Harold.Davis@klgates.com]
**Sent:** Tuesday, May 13, 2008 4:43 PM
**To:** Day, Elizabeth; Lim, Sal
**Cc:** Bettinger, Michael; Walker, Timothy; Fowler, Mark
**Subject:** RE: Wistron v. Samsung - Witnesses for 30(b)(6) deposition notices

Elizabeth:

I'm not sure how you arrived at 30 hours of deposition time. The fact is that we are producing five **(5)** witnesses. Samsung will get 10 hours with each witness - that's <u>50 hours</u> of time. Samsung might not be pleased that it cannot have unlimited time to depose Wistron, but 50 hours for a <u>single</u> party over 8 days is hardly "unreasonable." If there is some additional reasonable time (an hour or so) that is needed and warranted, then we can address the issue at that time. The Federal Rules are pretty clear about limitations of depositions, and we agreed to additional time beyond 7 hours per witness (up to 10 hours) only due to translation needs. Samsung's overly broad, and indeed "unreasonable" sixty-six different topics are the cause of this situation, not any action by Wistron. Despite Samsung's "intent", this deposition will only last for 10 hours per witness for a total of 50 hours. If Samsung feels that it needs additional time, beyond the 50 hours allotted, then it will need to seek relief from the Court.

_____
Harold H. Davis, Jr. Esq.
**K&L Gates**
55 Second St., Suite 1700
San Francisco, CA 94105
(415) 249.1008
(415) 882.8220 (fax)
harold.davis@klgates.com
www.klgates.com

---

**From:** Day, Elizabeth [mailto:Elizabeth.Day@dlapiper.com]
**Sent:** Tuesday, May 13, 2008 3:03 PM
**To:** Davis, Harold H. Jr.; Lim, Sal
**Cc:** Bettinger, Michael; Walker, Timothy; Fowler, Mark
**Subject:** RE: Wistron v. Samsung - Witnesses for 30(b)(6) deposition notices

Hal:

Thanks for providing this information.

With respect to Samsung's deposition notice on technical topics, it appears that Wistron is limiting Samsung to about 30 hours of deposition time. As there are 15 topics covering three different patents and 48 different Wistron notebook projects, this short amount of time is unreasonable. As you know, the case management order signed by Judge Walker provides that the parties should be given a reasonable amount to time to conduct rule 30(b)(6) depositions. Samsung will proceed with this deposition in an efficient manner, but if Samsung is not finished with its

examination of Wistron's witnesses after the arbitrary time limit set by Wistron, Samsung intends to continue with the deposition until it is completed.

Of course, Samsung will return the same courtesy when it is Wistron's turn to take Samsung's deposition in Korea. Please let us know if you have any questions or concerns.

Elizabeth

---

**From:** Davis, Harold H. Jr. [mailto:Harold.Davis@klgates.com]
**Sent:** Monday, May 12, 2008 11:11 PM
**To:** Lim, Sal; Day, Elizabeth
**Cc:** Bettinger, Michael; Walker, Timothy
**Subject:** Wistron v. Samsung - Witnesses for 30(b)(6) deposition notices

Elizabeth:

As requested, here is a list of Wistron's expected witnesses for the various 30(b)(6) topics. As you can see, Wistron intends to produce five (5) witnesses to respond to the 66 30(b)(6) topics [It is my understanding that Samsung has withdrawn topics 19, 20 per our meet-and-confer on Wistron's objections to Samsung's 30(b)(6) notices to Wistron].

Each witness will be provided for a maximum of 10 hours of deposition time [since English-Chinese interpretation is required], not including breaks as per the Court's case management order, the Federal Rules, and the parties' previous agreement. Wistron will only provide each witness to testify regarding all of their designated topics at one time. The witnesses not be recalled on separate days unless it is a continuation from a recess in the previous day testimony.

Per your request, we will be providing Brian Chong and Stone Shih first as they are testifying on what may broadly be categorized as "financial" topics. It is our understanding that you have requested these witnesses to testify before May 31 to accommodate Samsung counsel's schedule.

Wistron will provide its witnesses for deposition at the Sherwood Hotel in Taipei, ROC as requested by Samsung. Please let us know by **Thursday**, the name of the court reporter, videographer (if any), and interpreter Samsung has retained for the depositions. Also, if you know, please let us know which conference room at the Sherwood you have reserved and what time you would like to begin each day (9:00 AM, 9:30 AM, or 10:00 AM).

We expect Samsung to reciprocate the courtesies that we have shown them regarding party depositions, namely, a] providing Samsung witnesses in a location in Seoul selected by Wistron (or in the United States if mutually agreeable), b] disclosing which witnesses will testify on which topics on behalf of the corporation at least two weeks prior to the deposition.

### A. Technical topics

| Topic # | Witness |
| --- | --- |
| 1 | Jin Tsao |
| 2 | Jin Tsao |
| 3 | Jin Tsao |
| 4 | Jin Tsao |
| 5 | Jeff Lee |
| 6 | Jin Tsao; Jeff Lee |
| 7 | Jin Tsao |
| 8 | Jeff Lee |
| 9 | Jeff Lee |
| 10 | Scott Lin |
| 11 | Scott Lin |
| 12 | Scott Lin |

| | |
|---|---|
| 13 | Scott Lin |
| 14 | Brian Chong |
| 15 | Brian Chong |

## B. General subjects

| Topic # | Witness |
|---|---|
| 1 | Brian Chong |
| 2 | Brian Chong |
| 3 | Brian Chong |
| 4 | Brian Chong |
| 5 | Brian Chong |
| 6 | Brian Chong |
| 7 | Brian Chong |
| 8 | Brian Chong |
| 9 | Brian Chong |
| 10 | Brian Chong |
| 11 | Brian Chong |
| 12 | Brian Chong |
| 13 | Brian Chong |
| 14 | Brian Chong |
| 15 | Brian Chong |
| 16 | Brian Chong |
| 17 | Brian Chong |
| 18 | Brian Chong |
| 19 | NO WITNESS - TOPIC WITHDRAWN |
| 20 | NO WITNESS - TOPIC WITHDRAWN |
| 21 | Stone Shih |
| 22 | Stone Shih |
| 23 | Stone Shih |
| 24 | Brian Chong |
| 25 | Brian Chong |
| 26 | Brian Chong |
| 27 | Jin Tsao |
| 28 | Scott Lin |
| 29 | Jeff Lee |
| 30 | Jin Tsao |
| 31 | Scott Lin |
| 32 | Jin Tsao; Jeff Lee |
| 33 | Jin Tsao |
| 34 | Scott Lin |
| 35 | Jeff Lee |
| 36 | Brian Chong |
| 37 | Brian Chong |
| 38 | Brian Chong |
| 39 | Brian Chong |
| 40 | Brian Chong |
| 41 | Brian Chong |
| 42 | Brian Chong |
| 43 | Brian Chong |
| 44 | Brian Chong |
| 45 | Brian Chong |
| 46 | Brian Chong |
| 47 | Brian Chong |

|     |             |
| --- | ----------- |
| 48  | Brian Chong |
| 49  | Brian Chong |
| 50  | Brian Chong |
| 51  | Brian Chong |
| 52  | Brian Chong |
| 53  | Stone Shih  |

_____

Harold H. Davis, Jr. Esq.
**K&L Gates**
55 Second St., Suite 1700
San Francisco, CA 94105
(415) 249.1008
(415) 882.8220 (fax)
harold.davis@klgates.com
www.klgates.com

This electronic message contains information from the law firm of Kirkpatrick & Lockhart Preston Gates Ellis LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Harold.Davis@klgates.com.

Please consider the environment before printing this email.

_____

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please contact the sender by reply email and destroy all copies of the original message. To contact our email administrator directly, send to postmaster@dlapiper.com

Thank you.
_____

Please consider the environment before printing this email.

_____

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please contact the sender by reply email and destroy all copies of the original message. To contact our email administrator directly, send to postmaster@dlapiper.com

Thank you.

06/12/2008

06/12/2008