# Paul*Hastings*

Paul, Hastings, Janofsky & Walker LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA 90071
telephone 213-683-6000 • facsimile 213-627-0705 • www.paulhastings.com

Atlanta
Beijing
Brussels
Chicago
Frankfurt
Hong Kong
London
Los Angeles
Milan
New York
Orange County
Palo Alto
Paris
San Diego
San Francisco
Shanghai
Tokyo
Washington, DC

(213) 683-6276
peterwied@paulhastings.com

June 13, 2008

**VIA E-FILING**

The Honorable Vaughn R. Walker
U.S. District Court, Northern District of California
450 Golden Gate Avenue
17th Floor, Courtroom 6
San Francisco, CA 94102

Re: *Wistron Corp. v. Samsung Electronics Co., Ltd.*
Northern District of California, Case No. C07-04748 VRW

Dear Judge Walker:

This Firm is counsel to non-party Quanta Computer Inc. ("Quanta"). We submit this letter in response to the correspondence filed by Plaintiff Wistron Corporation ("Wistron") in the above-referenced action with respect to the production of documents relating to Quanta. See Docket No. 62 (letter from Wistron, dated June 12, 2008).

During the teleconference with the Court on Tuesday, the Court ordered Wistron to submit the document subpoena it had served on Quanta Computer USA, Inc. ("QCA"), which was attached as Exhibit D to Wistron's letter.

To provide the Court with a complete record relating to the subpoena, Quanta wishes to submit to the Court certain email communications that occurred between counsel for Quanta and counsel for Wistron related to the subpoena. That email correspondence is attached to this letter as Exhibit A.

As the Court will see from the correspondence, Wistron agreed to narrow its subpoena to four categories of documents: 1) QCA's invalidity contentions under the Northern District's Local Rules and documents produced in connection with those invalidity contentions; 2) QCA's bases for non-infringement set forth in any contentions or interrogatory responses provided to Samsung; 3) any prior art search reports that were produced to Samsung; 4) any documents relating to any claims of inequitable conduct that were produced to Samsung. As shown in the correspondence, QCA produced documents responsive to categories 1 and 2, and did not have any documents responsive to categories 3 and 4.

PaulHastings

The Honorable Vaughn R. Walker
June 13, 2008
Page 2

Quanta respectfully submits that its compliance with Wistron's subpoena is therefore complete and not at issue. Quanta recognizes, however, that its confidential information is implicated by Samsung's responses to Wistron's discovery requests to Samsung and hopes to resolve any remaining issues with the parties during this afternoon's teleconference with the Court.

Sincerely,

*[signature]*

Peter J. Wied
for PAUL, HASTINGS, JANOFSKY & WALKER LLP

Encl.

cc via e-filing:  Sal Lim (counsel for Samsung Electronics. Co. Ltd.)
                  Christy V. La Pierre (counsel for Wistron Corp.)

LEGAL_US_W # 59167696.1

# EXHIBIT A

## Wied, Peter J.

**From:** Davis, Harold H. Jr. [Harold.Davis@klgates.com]
**Sent:** Thursday, March 13, 2008 5:05 PM
**To:** Wied, Peter J.
**Subject:** RE: Wistron's Subpoena

Confirm.  Thanks.

_____
Harold H. Davis, Jr. Esq.
**K&L Gates**
55 Second St., Suite 1700
San Francisco, CA 94105
(415) 249.1008
(415) 882.8220 (fax)
harold.davis@klgates.com
www.klgates.com

---

**From:** Wied, Peter J. [mailto:peterwied@paulhastings.com]
**Sent:** Thursday, March 13, 2008 5:05 PM
**To:** Davis, Harold H. Jr.
**Subject:** RE: Wistron's Subpoena

Hal-

I believe we can agree to produce documents if I can confirm my understanding of your email.

Wistron is agreeing that production of documents in categories 1 and 2 (since there are none in 3 and 4), and the possible later production of some prior art references as outlined in my original email, will constitute compliance with the outstanding subpoena.  Although you do not anticipate it being necessary, Wistron is reserving the right, based upon new facts or circumstances that may later arise or be discovered, to serve a further subpoena on Quanta with additional requests.  Quanta, however, would be free to raise any and all objections to any further subpoena.

If my understanding of Wistron's position is correct, please confirm.  In anticipation of us finalizing our agreement, I will check with our paralegal and see how quickly the documents could be produced.

Best regards
-Peter

> **From:** Davis, Harold H. Jr. [mailto:Harold.Davis@klgates.com]
> **Sent:** Thursday, March 13, 2008 4:29 PM
> **To:** Wied, Peter J.
> **Subject:** RE: Wistron's Subpoena

Peter:

I think that your description of the compromise limitation is ok. I also understand that Quanta could not locate any responsive documents to category 3 and 4. I agree that if Quanta produces its documents responsive to the first 2 categories that we should have this issue resolved.

As for prospective waiver of any future requests, I can't do that because I am not sure what the future may hold. Let me put it this way, right now 1 and 2 are satisfactory under our current understanding of facts. I do not think we will need any additional documents from Quanta. However, if a month or two down the road, we discover that Quanta may have some additional documents that we need (due to new facts, some new assertion by Samsung, etc.), I will need to reserve Wistron's right to ask for those documents. I understand that Quanta is not waiving any objections that it has, and is only producing documents responsive to #1 and 2 below pursuant to our current compromise.

Please let me know if Quanta will produce the documents outlined below, and some ballpark idea when we might receive them.

Thank you,

_____
Harold H. Davis, Jr. Esq.
**K&L Gates**
55 Second St., Suite 1700
San Francisco, CA 94105
(415) 249.1008
(415) 882.8220 (fax)
harold.davis@klgates.com
www.klgates.com

---

**From:** Wied, Peter J. [mailto:peterwied@paulhastings.com]
**Sent:** Tuesday, March 04, 2008 11:09 AM
**To:** Davis, Harold H. Jr.
**Cc:** Garnett, Terry D.
**Subject:** RE: Wistron's Subpoena

Dear Hal:

Based upon our telephone discussion on Friday, I understand that Wistron is willing to narrow its subpoena to the following categories of documents:

1) QCA's invalidity contentions under the Northern District's Local Rules and documents produced in connection with those invalidity contentions

2) QCA's bases for non-infringement set forth in any contentions or interrogatory responses provided to Samsung

3) any prior art search reports that were produced to Samsung

4) any documents relating to any claims of inequitable conduct that were produced to Samsung

If you confirm that Wistron will narrow the subpoena to only the topics indicated above, and will not serve another subpoena on QCA in connection with any documents QCA may have from its litigation with Samsung, QCA is prepared to produce, as an accommodation and without waiving any of its objections, its Final Invalidity Contentions and its interrogatory responses addressing non-infringement. (After a reasonable search, we have not located any documents falling within categories 3 or 4.)

As I indicated during our call, we believe that the references cited in the Final Invalidity Contentions are publicly available. You indicated that Wistron would not seek production of prior art materials that were otherwise available, but that you wished to reserve the right to request that QCA produce some of the cited materials. While we cannot agree in advance to produce such materials (particularly since it is unclear whether the underlying prior art references are still in the available files), we will consider and work with you to resolve such requests. Should your request for those additional prior art documents prove to be voluminous or otherwise burdensome to produce, we reserve the right to ask Wistron to pay for the associated costs prior to any production.

If this accurately reflects your understanding of our discussion, and Wistron is willing to proceed in this fashion (in particular, Wistron is agreeing to forego any request for documents beyond the categories listed above), please confirm for me by email and we can proceed with the resolution of this issue.

Best regards

-Peter

---

**From:** Davis, Harold H. Jr. [mailto:Harold.Davis@klgates.com]
**Sent:** Wednesday, February 27, 2008 4:02 PM
**To:** Wied, Peter J.
**Cc:** Garnett, Terry D.; Lim, Sal
**Subject:** RE: Wistron's Subpoena

Brief Answers Below:

Wistron is entitled to receive a complete set of responsive documents from Quanta.  A non-party witness is subject to the same scope of discovery under Rule 45 as a party is under Rule 34. See Fed.R.Civ.P. 45, Advisory Committee Note of 1991, subdivision (a). Thus, the party seeking information may obtain discovery regarding any matter, not privileged, that is relevant, i.e. reasonably calculated to lead to the discovery of admissible evidence. See Fed.R.Civ.P. 34(a), 26 (b). Quanta has not disputed the relevancy of the documents.

The only way for Wistron to insure it has a complete set of the requested documents was to subpoena Quanta.  We believe that the protective order previously entered into by Quanta and/or Samsung required Samsung to destroy and/or return responsive documents to Quanta, and thus it is very likely Samsung does not and has not produced a complete set of documents.  Sal Lim's previous e-mail bolsters our position in this regard.  Further, Samsung has indicated that this previous confidentiality obligation prevents it from disclosing such documents. (As a side note, there is now a protective order in place similar to the previous litigation that would protect Quanta's confidential information.").

Rules 26(d)(2)(A) allows "methods of discovery may be used in any sequence."  Because discovery obligations are independent, there is no requirement to "exhaust" all other avenues before asking Quanta for documents.

Rule 45 provides no mandatory payment of attorneys fees (no matter how Quanta seeks to characterize such fees, if your firm is billing us for attorney time to comply with subpoenas those are attorneys fees).  Rule 45(d).  Moreover, Quanta has failed to demonstrate any "undue" costs involved in obtaining documents created in the litigation that was concluded less than 2 years ago.

Wistron is willing to pay for its own attorney service to come in and copy documents produced so that Quanta does not have to incur such copying and administrative costs.  Wistron will not pay Quanta's attorneys fees in complying with the subpoena.

The above is not meant to spark another debate, so there really is no need for a responsive e-mail in which Quanta re-iterates its positions again.  We are aware of Quanta's positions and will assume that it is standing on its previous objections and demands.

I have answered your questions, and I now expect a return phone call from either you or Terry by the end of the week.  It's professional courtesy to do so and required by L.R. 37-1.  I am not being difficult, but I do think that someone from your firm should call to discuss these issues rather than continuing this e-mail campaign.

Thank you,


_____
Harold H. Davis, Jr. Esq.
**K&L Gates**
55 Second St., Suite 1700
San Francisco, CA 94105
(415) 249.1008
(415) 882.8220 (fax)
harold.davis@klgates.com
www.klgates.com

---

**From:** Wied, Peter J. [mailto:peterwied@paulhastings.com]
**Sent:** Tuesday, February 26, 2008 7:53 PM
**To:** Davis, Harold H. Jr.
**Cc:** Garnett, Terry D.; Lim, Sal
**Subject:** FW: Wistron's Subpoena

Hal-

I'm sorry I missed your call earlier today.  While I am taking the lead on the subpoena issue, Terry has also be in contact with the client on this subject, so it's probably best to keep us both in the loop.

While I am encouraged to hear you have a proposal to narrow the requests, and we will certainly consider it, I think we will still need a written response to Terry's questions in order for any progress to be made.  I am not trying to be difficult, but simply to avoid a call that leads to nothing more than an agreement to have another call.  Brief answers to the questions posed (and I don't think anything more than brief answers are necessary) will let us present the position clearly to our client, so that any follow-up call will be productive and hopefully resolve any issues.  If you want to include your proposal in the email, we can present that to our client at the same time, again possibly resolving this whole issue.

It appears from Sal's email today that there may be particular time concerns relating to an upcoming mediation; if that is the case, please feel free to explain them to us to that we can, in turn, convey them to our client.

Thanks
-Peter

**From:** Davis, Harold H. Jr. [mailto:Harold.Davis@klgates.com]
**Sent:** Tuesday, February 26, 2008 11:06 AM
**To:** Garnett, Terry D.; sal.lim@dlapiper.com
**Cc:** Wied, Peter J.
**Subject:** RE: Wistron's Subpoena

I have a proposal to narrow the requests in exchange for removing the demand for the $50,000 retainer. I think the proposal is reasonable and that is why I have asked for a phone call several times now.

Peter, I understand from a previous e-mail from Terry that you are handling the subpoenas. Could you please give me a call today so we can discuss? That is not to say I would not welcome a call from Terry, only that I understand from Terry that Peter is taking the lead on this subpoena. If I'm mistaken, can one of you please call me?

I believe that such a phone call is necessary to meet our Local Rule 37-1 meet-and-confer obligations regarding discovery disputes.

If you believe that answering questions is a prerequisite for offering a compromise and meeting-and-conferring, I will definitely attempt to answer your questions below during a telephone call before providing my proposed resolution - if that really is the way you want to proceed. If after our discussion, you still feel that a written response is necessary, I would consider providing you such a response.

Regards,

_____

Harold H. Davis, Jr. Esq.
**K&L Gates**
55 Second St., Suite 1700
San Francisco, CA 94105
(415) 249.1008
(415) 882.8220 (fax)
harold.davis@klgates.com
www.klgates.com


**From:** Garnett, Terry D. [mailto:terrygarnett@paulhastings.com]
**Sent:** Monday, February 25, 2008 4:21 PM
**To:** Davis, Harold H. Jr.; sal.lim@dlapiper.com
**Cc:** Wied, Peter J.
**Subject:** Wistron's Subpoena

Harold and Sal:

Once I have Wistron's and Samsung's written answers to my questions, and any other information you think might be helpful, including authority to support your respective positions, I will review same, and if necessary, discuss with my client, third party Quanta U.S.A. Given that my questions are concise and narrow, I don't anticipate a lengthy written response from you. However, I would

like your responses in writing so that I can forward them to my client if necessary, and review any authority you gentlemen come up with.  I appreciate your cooperation.

Moreover, to clarify what I think is a misunderstanding on Harold's part; Quanta U.S.A. is not asking for attorneys' fees in responding to Wistron's subpoena.  Instead, Quanta U.S.A. has suggested that Wistron and/our Samsung pay its administrative costs (which would include paralegal and perhaps attorney time) in responding to Wistron's subpoena.  My recollection is this type of reimbursement is common and well-supported by law.  If you disagree, please provide authority.  That said, if a motion to compel is filed against Quanta U.S.A., and we believe that motion is not well-taken, we may ask for attorneys' fees in opposing.  But, given we have yet to receive the basis for your respective positions, we're not at that point yet.

Regards,

Terry

Terry D.Garnett | Paul, Hastings, Janofsky & Walker LLP | 515 South Flower Street, Twenty-fifth Floor, Los Angeles, CA  90071| direct: 213 683 6247 | main: 213 683 6000 | direct fax: 213 996 3247 | terrygarnett@paulhastings.com | www.paulhastings.com

```
*********************************************************
IRS Circular 230 Disclosure:   As required by U.S.
Treasury Regulations governing tax practice, you are
hereby advised that any written tax advice contained
herein was not written or intended to be used (and cannot
be used) by any taxpayer for the purpose of avoiding
penalties that may  be imposed under the U.S. Internal
Revenue Code.
*********************************************************

This message is sent by a law firm and may contain
information that is privileged or confidential.  If you
received this transmission in error, please notify the
sender by reply e-mail and delete the message and any
attachments.

For additional information, please visit our website at
www.paulhastings.com.
```

This electronic message contains information from the law firm of Kirkpatrick & Lockhart Preston Gates Ellis LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Harold.Davis@klgates.com.

```
*********************************************************
IRS Circular 230 Disclosure:   As required by U.S.
Treasury Regulations governing tax practice, you are
hereby advised that any written tax advice contained
herein was not written or intended to be used (and cannot
```

be used) by any taxpayer for the purpose of avoiding
penalties that may  be imposed under the U.S. Internal
Revenue Code.
**********************************************************

This message is sent by a law firm and may contain
information that is privileged or confidential.  If you
received this transmission in error, please notify the
sender by reply e-mail and delete the message and any
attachments.

For additional information, please visit our website at
www.paulhastings.com.


_____
**********************************************************
IRS Circular 230 Disclosure:    As required by U.S.
Treasury Regulations governing tax practice, you are
hereby advised that any written tax advice contained
herein was not written or intended to be used (and cannot
be used) by any taxpayer for the purpose of avoiding
penalties that may  be imposed under the U.S. Internal
Revenue Code.
**********************************************************

This message is sent by a law firm and may contain
information that is privileged or confidential.  If you
received this transmission in error, please notify the
sender by reply e-mail and delete the message and any
attachments.

For additional information, please visit our website at
www.paulhastings.com.


_____
**********************************************************
IRS Circular 230 Disclosure:    As required by U.S.
Treasury Regulations governing tax practice, you are
hereby advised that any written tax advice contained
herein was not written or intended to be used (and cannot
be used) by any taxpayer for the purpose of avoiding
penalties that may  be imposed under the U.S. Internal
Revenue Code.
**********************************************************

This message is sent by a law firm and may contain
information that is privileged or confidential.  If you
received this transmission in error, please notify the
sender by reply e-mail and delete the message and any
attachments.

For additional information, please visit our website at
www.paulhastings.com.