IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WISTRON CORPORATION, a Taiwan corporation, | No   C 07-4748 VRW |
| Plaintiff and Counterclaim Defendant, | ORDER |
| v | |
| SAMSUNG ELECTRONICS CO, a Republic of Korea corporation, | |
| Defendant and Counterclaim Plaintiff, | |
| v | |
| WISTRON INFOCOMM (TEXAS) CORPORATION, | |
| Counterclaim Defendant. / | |

In light of the breakdown in deposition discovery as made evident in the parties' recent submissions (e g, Wistron: "Samsung's counsel wasted time by acting inappropriately toward the witness including making faces at the witness, laughing at the witness's answers, glaring at the witness after an answer had been given and even giving him a sarcastic 'thumbs up' sign on several

occasions." Doc #63 at 2; Samsung: Wistron "unfairly frustrated Samsung's legitimate attempts at discovery * * * improperly limited Samsung's questioning of Wistron's corporate designee * * * terminated the deposition of Mr Tsao before Samsung could reasonably complete its questioning." Doc #61 at 1-2), the court directs as follows:

    1. All further deposition discovery shall cease effective immediately and shall not resume except upon further order of court and on such terms as the court shall direct;

    2. Absent some protocol agreed to by Wistron and Samsung for the resumption of deposition discovery, the court will permit further depositions only on one or the other of the following conditions:

        (a) All further depositions shall be personally taken and defended by Mark Fowler for Samsung and Michael J Bettinger for Wistron without the participation or presence of any other lawyer, paralegal or other person affiliated in any way with Samsung, Wistron or their counsel; or

        (b) All further depositions shall be supervised personally by a former federal district judge affiliated with JAMS (e g, Charles A Legge, Fern M Smith, Dickran Tevrizian, Lourdes Baird et al) who shall preside at each deposition, resolve and rule on all objections, otherwise maintain order and decorum and at the conclusion of deposition discovery recommend to the court an appropriate award of expenses to the party least responsible for the necessity of deposition supervision.

The parties shall have until twelve noon PDT, Monday June 16, 2008, to submit an agreed protocol for further deposition discovery. The parties shall also submit supporting documents pertaining to the remaining discovery dispute regarding third-party confidentiality, Samsung's answer to Wistron's interrogatory 13 and other documents related to the remaining discovery issues discussed during the court's conference call on June 13, 2008.

IT IS SO ORDERED.

VAUGHN R WALKER

United States District Chief Judge