# K&L|GATES

Kirkpatrick & Lockhart Preston Gates Ellis LLP
55 Second Street
Suite 1700
San Francisco, CA 94105-3493

T 415.882.8200    www.klgates.com

June 16, 2008

christy.lapierre@klgates.com

**VIA E-FILING**
**VIA HAND DELIVERY**

The Honorable Vaughn R. Walker
U.S. District Court, Northern District of California
450 Golden Gate Avenue
17th Floor, Courtroom 6
San Francisco, CA 94102

Re:    *Wistron Corporation v. Samsung Electronics Co., Ltd.,* Case No. C 07-04748 VRW

Dear Judge Walker:

Per the Court's request, Wistron is submitting the following discovery responses, served by Samsung.

   a.    Samsung Electronics Co., Ltd.'s Responses to Wistron's First Set of Interrogatories (Nos. 1-9);

   b.    Samsung Electronics Co., Ltd.'s Fourth Supplemental Response to Wistron's First Set of Interrogatories (No. 1);

   c.    Samsung Electronics Co., Ltd.'s Response to Wistron's Second Set of Interrogatories (No. 13); and

   d.    Samsung Electronics Co., Ltd.'s First Supplemental Response to Wistron's Second Set of Interrogatories (No. 13).

## 2.    Inventorship Details – Wistron's Interrogatory No. 1

| Wistron's Interrogatory No. 1 | Samsung's Supplemental Response (June 12, 2008) |
|---|---|
| Please state when you contend that the alleged inventions claimed in Samsung's patents- in-suit were conceived and reduced to practice and state all facts that support your contentions. | Samsung incorporates by reference its objections and responses to Wistron Interrogatory No. 1 and further responds as follows: The following documents listed on Samsung's First Amended Privilege Log also relate to the conception and reduction to practice of the patents-in-suit, but are protected by the attorney-client privilege:  Samsung's First Amended Privilege Log entries: 857 and 987. |

3.    **Samsung's Failure to Provide Responsive Information to Wistron's Interrogatory No. 13**

| Wistron's Interrogatory No. 13 | Samsung's Supplemental Response (June 6, 2008) |
|---|---|
| Please state whether Samsung has disclosed all of its patents and patent applications involving memory module technology, including without limitation, the technology described in Samsung's '100 patent, to any standards setting organization, including without limitation, JEDEC, in accordance with that organization's patent disclosure policy, and state all facts relating to Samsung's failure to disclose and/or actual disclosure of such patents and/or patent applications so identified. | Samsung objects to this interrogatory on the ground that the term "all" renders this interrogatory overly broad and unduly burdensome. Samsung further objects to this interrogatory on the ground that it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence herein. Samsung further objects to this interrogatory on the ground that the phrase "any standards setting organization" is vague, ambiguous, argumentative and calls for a legal conclusion. Samsung further objects to this interrogatory on the ground that the phrase "patent disclosure policy" is vague, ambiguous, argumentative and calls for a legal conclusion. For example, this interrogatory purports to require Samsung to state *all* patents that it has not disclosed to *any* standards setting body. Samsung further objects to this interrogatory on the ground that the phrase "any standards setting organization" renders this interrogatory compound because, as drafted, it encompasses multiple discrete subject matters. Samsung further objects to this interrogatory on the ground that the definition of "memory module technology" is vague, ambiguous, argumentative and calls for a legal conclusion. Samsung further objects to this interrogatory to the extent that it seeks disclosure of information that is protected by the attorney-client privilege and/or the attorney work-product doctrine, or other privilege. Samsung further objects to this interrogatory on the ground that it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence herein. Samsung further objects to this interrogatory on the ground and to the extent that certain responsive facts are in Wistron's or other parties' possession, custody or control.<br><br>Subject to and without waiving the foregoing objection and the General Statement and Objections, Samsung responds as follows:<br><br>Pursuant to Rule 33(d), Wistron may ascertain the requested information from the following documents produced by Samsung: SEC-WE 00038608-00111523. |

Very truly yours,

K<span>IRKPATRICK</span> & L<span>OCKHART</span> P<span>RESTON</span> G<span>ATES</span> E<span>LLIS</span> LLP

Christy V. La Pierre

# EXHIBIT A

1  MARK D. FOWLER, Bar No. 124235
   mark.fowler@dlapiper.com
2  ELIZABETH DAY, Bar No. 177125
   elizabeth.day@dlapiper.com
3  TIMOTHY LOHSE, Bar No. 177230
   timothy.lohse@dlapiper.com
4  SAL LIM, Bar No. 211836
   sal.lim@dlapiper.com
5  GREGORY J. LUNDELL, Bar No. 234941
   greg.lundell@dlapiper.com
6  BRIAN P. WIKNER, Bar No. 244292
   brian.wikner@dlapiper.com
7  DLA PIPER US LLP
   2000 University Avenue
8  East Palo Alto, CA 94303-2214
   Tel: 650.833.2000
9  Fax: 650.833.2001

10 Attorneys for Defendant and Counter-Plaintiff
   SAMSUNG ELECTRONICS CO., LTD.

11

12                UNITED STATES DISTRICT COURT

13               NORTHERN DISTRICT OF CALIFORNIA

14                   SAN FRANCISCO DIVISION

15

16 WISTRON CORPORATION, a Taiwan        CASE NO.  C-07-4748 VRW
   corporation
17                                       SAMSUNG ELECTRONICS CO., LTD.'S
              Plaintiff and Counter-     RESPONSES TO WISTRON'S FIRST SET
              Defendant,                 OF INTERROGATORIES  (NOS. 1-9)
18
       v.
19
   SAMSUNG ELECTRONICS CO., LTD., a
20 Republic of Korea corporation

21            Defendant and Counter-
              Plaintiff.
22

23 SAMSUNG ELECTRONICS CO., LTD.,

24            Counterclaim-Plaintiff,

25     v.

26 WISTRON CORPORATION, and
   WISTRON INFOCOMM (TEXAS)
27 CORPORATION,

28            Counterclaim-Defendants.

DLA PIPER US LLP                         -1-
EAST PALO ALTO    EM\7225227.1          SAMSUNG'S RESPONSES TO WISTRON'S FIRST SET OF INTERROGATORIES
                                                                    CASE NO. C-07-4748 VRW

1   PROPOUNDING PARTY: Counterclaim-Defendant Wistron Corporation.

2   RESPONDING PARTIES: Counterclaim-Plaintiff Samsung Electronics Co., Ltd.

3   SET NO. :                One

4          Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Counterclaim-

5   Plaintiff Samsung Electronics Co., Ltd. responds to Counterclaim-Defendant Wistron

6   Corporation's ("Wistron") first set of interrogatories (Nos. 1-9) as follows.

7                    **GENERAL STATEMENTS AND OBJECTIONS**

8          1.     The following response is based on discovery available as of the date hereof.

9   Discovery is continuing, and this response is accordingly subject to revision.  Further discovery,

10  independent investigation and analysis may supply additional facts and add meaning to known

11  facts, as well as establish entirely new factual conclusions and legal contentions, all of which may

12  lead to additions, changes to, or variations from the information herein set forth.

13         2.     In addition to any specific objections which may be made on an individual basis in

14  the separate responses set forth below, Samsung objects generally to these Interrogatories to the

15  extent that they seek to elicit information subject to and protected by the attorney-client privilege

16  and/or the attorney work-product protection.  Nothing contained herein is intended to be or should

17  be construed as a waiver of the attorney-client privilege, the attorney work-product protection or

18  any other applicable privilege, protection or doctrine.

19         3.     These responses are made solely for the purpose of this action and are subject to

20  all objections as to competence, authenticity, relevance, materiality, propriety, admissibility and

21  any and all other objections and grounds which would or could require or permit the exclusion of

22  any document or statement therein from evidence, all of which objections and grounds are

23  reserved and may be interposed at the time of trial.

24         4.     Samsung objects to these interrogatories to the extent that they seek information

25  that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the

26  discovery of admissible evidence herewith.

27         5.     Samsung objects to these interrogatories to the extent that they seek confidential

28  information pertaining to an individual who is not a party to this litigation and whose right of

1  | privacy is protected by Federal and/or State statutory or common law rights of privacy. Samsung

2  | further objects to these interrogatories to the extent that they seek information that is subject to

3  | confidentiality agreements, protective orders or other confidentiality obligations owed to third

4  | parties.

5  |     6.     Samsung objects generally to these interrogatories to the extent they seek to

6  | impose obligations or requirements on Samsung which are greater than or different from those

7  | imposed by the Federal Rules of Civil Procedure and/or the Local Rules of the United States

8  | District Court for the Northern District.

9  |     7.     Samsung objects to these interrogatories as overbroad, unduly burdensome and

10 | oppressive to the extent that they fail to specify any relevant time period, and thus are neither

11 | limited to events relevant to this litigation nor reasonably calculated to lead to the discovery of

12 | admissible evidence.

13 |     8.     Samsung objects to any requests seeking information regarding Samsung's first

14 | disclosure or use of the inventions claimed in the Samsung Patents. Samsung will only provide

15 | information and produce documents for first disclosure or use within the United States.

16 |     9.     Samsung objects to the definitions of "CONCERNING," "RELATE," "REFER,"

17 | and "REFLECT" as overly broad, vague, ambiguous, and requiring subjective judgment on the

18 | part of Samsung and its attorneys. Samsung further objects to the definitions to the extent they

19 | would require the disclosure of information revealing conclusion, opinion, or mental impression

20 | of counsel in violation of the attorney-client privilege or the attorney work product doctrine.

21 |     10.     Samsung objects to the definition of "RELATED PATENTS" and "RELATED

22 | PATENT APPLICATIONS" as overly broad and unduly burdensome.

23 |     11.     Samsung objects to the definition of "SAMSUNG," "PLAINTIFF," "YOU," OR

24 | "YOUR" to the extent that such definition seeks to require Samsung to produce documents or

25 | provide information which is either not within the possession, custody or control of Samsung

26 | Electronics Co., Ltd. or that is subject to the attorney-client privilege or the work product

27 | doctrine.

28 |     12.     Samsung objects to the definition of "IDENTIFY" as it relates to documents as

-3-

DLA PIPER US LLP
EAST PALO ALTO

EM\7225227.1

SAMSUNG'S RESPONSES TO WISTRON'S FIRST SET OF INTERROGATORIES
CASE NO. C-07-4748 VRW

1  overly broad and unduly burdensome. To the extent that an answer to any interrogatory may be

2  derived or ascertained from a document and the burden of deriving the answer is substantially the

3  same for Wistron as it is for Samsung, Samsung will exercise its right to answer said

4  interrogatory by reliance on Rule 33(d) of the Federal Rules of Civil Procedure.

5        13.    Samsung further objects to each and every interrogatory herein to the extent that

6  such request seeks to impose upon Samsung an obligation to investigate or discover information,

7  materials or documents from third parties that are not within the possession, custody or control of

8  Samsung, regardless of whether such information, materials or documents are equally accessible

9  to Wistron. Samsung will not produce documents in the custody or control of any other persons

10  or non-parties that are not in the possession, custody or control of Samsung.

11        14.    Samsung objects to each and every interrogatory to the extent such an

12  interrogatory seeks information that is already in Wistron's possession or is equally available to

13  Wistron from other sources that are more convenient, less burdensome and/or less expensive.

14        15.    No incidental or implied admissions are intended by the responses herein. The

15  fact that Samsung has answered or objected to any interrogatory should not be taken as an

16  admission that Samsung accepts or admits the existence of any "facts" set forth or assumed by

17  such interrogatory. The fact that Samsung has answered part or all of any interrogatory is not

18  intended to be, and shall not be construed to be, a waiver by Samsung of any part or any objection

19  to any interrogatory.

20        16.    Samsung expressly incorporates the above General Objections as though set forth

21  fully in response to the following interrogatories, and, to the extent that they are not raised in any

22  particular response, Samsung does not waive those objections. An answer to an interrogatory

23  shall not be deemed a waiver of any applicable specific or general objection to an interrogatory.

24

25        Subject to the foregoing General Statement and Objections and without waiving any of

them, Samsung responds as follows:

26

27

28

DLA PIPER US LLP
East Palo Alto    EM\7225227.1          -4-
                       SAMSUNG'S RESPONSES TO WISTRON'S FIRST SET OF INTERROGATORIES
                                         CASE NO. C-07-4748 VRW

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Please state when you contend that the alleged inventions claimed in **Samsung's patents-in-suit** were conceived and reduced to practice and state all facts that support your contentions.

**RESPONSE TO INTERROGATORY NO. 1:**

Samsung objections to this interrogatory to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege and/or the attorney work-product protection. Samsung also objects to this interrogatory as overly broad and unduly burdensome. Subject to and without waiving the foregoing general and specific objections, Samsung responds as follows:

The date of conception and the date of reduction to practice of each asserted claim of each of the patents-in-suit are at least as early as the following dates:

**Claims 1 – 7 of the '273 Patent**: Date of Conception: no later than June 11, 1990; Date of reduction to practice: no later than October 19, 1990.

**Claims 1-3, 5-8, 10-13, 15-16 of the '275 Patent**: Date of Conception: no later than October 25, 1994; Date of reduction to practice: no later than October 26, 1994.

**Claims 1-6 of the '100 Patent**: Date of conception: no later than November 3, 1987; Date of reduction to practice: no later than May 5, 1989.

Pursuant to Rule 33(d), Wistron may ascertain additional requested information from the following documents produced by Samsung:

SEC-W 00000657-00003226.

Discovery in this matter is ongoing, and Samsung will amend or supplement this response if and when new information becomes available.

**INTERROGATORY NO. 2:**

State all facts supporting Samsung's allegations that **Wistron's** products infringe **Samsung's patents-in-suit**, as alleged in paragraphs 12, 17, and 22 of the Amended Counter-complaint, and **identify** the **Samsung** employee and/or representative most knowledgeable about these facts.

1  **RESPONSE TO INTERROGATORY NO. 2:**

2          Samsung objections to this interrogatory to the extent that it seeks to elicit information

3  subject to and protected by the attorney-client privilege and/or the attorney work-product

4  protection. Samsung objects to this interrogatory on the grounds that it is compound. Samsung

5  also objects to this interrogatory as overly broad and unduly burdensome. Subject to and without

6  waiving the foregoing objection and the General Statement and Objections, Samsung responds as

7  follows:

8          Pursuant to Rule 33(d), Wistron may ascertain the requested information from Samsung's

9  Preliminary Infringement Contentions served on December 28, 2007.

10          Samsung's representatives who are knowledgeable about Wistron's infringement include

11  Ja-Goun Koo, Yun-Ho Choi, Eun-Kyung Kim, Jae-Doek Cha, Cheol-Ho Lee, Man-Hee Lee, and

12  Dong-Ho Lee.

13          Discovery in this matter is ongoing, and Samsung will amend or supplement this response

14  if and when new information becomes available.

15  **INTERROGATORY NO. 3:**

16          State all facts supporting your contentions that Wistron's "infringement has been and

17  continues to be intentional and willful" as alleged in paragraphs 13, 18, and 23 of the Amended

18  Counter-complaint.

19  **RESPONSE TO INTERROGATORY NO. 3:**

20          Samsung objections to this interrogatory to the extent that it seeks to elicit information

21  subject to and protected by the attorney-client privilege and/or the attorney work-product

22  protection. Samsung also objects to this interrogatory as overly broad and unduly burdensome.

23  Subject to and without waiving the foregoing objection and the General Statement and

24  Objections, Samsung responds as follows:

25          On August 7, 2006, Samsung sent a letter to Wistron to notify Wistron that its notebook

26  personal computers infringe Samsung's patents-in-suit. In the same letter, Samsung also

27  requested that Wistron immediately cease the infringing activities and promptly contact Samsung

28  to discuss how this matter can be resolved in an amicable manner. Between August 7, 2006, and

1    September 14, 2007 (the date on which Wistron filed its Complaint for Declaratory Judgment of

2    Non-infringement and Invalidity of Samsung's patents-in-suit), Samsung's representatives met

3    with Wistron's representatives on several occasions and provided the facts supporting Samsung's

4    assertion of infringement.  In response, Wistron provided no evidence that supports its contention

5    that its notebook personal computers do not infringe Samsung's patents-in-suit.  Although

6    Wistron stated that it has implemented a design around to Samsung's '273 Patent (one of the

7    three patents-in-suit), Wistron failed to provide any evidence to support this statement.  Wistron

8    did not state that it has implemented a design around to the two remaining patents-in-suit.

9        The '273 Patent was the subject of a prior litigation between Samsung and Compal

10   Electronics, Inc. ("Compal"), a direct competitor of Wistron.  This case was tried before a jury,

11   who found the '273 Patent valid and infringed by Compal.  Samsung advised Wistron of this fact

12   during the negotiations between the parties.

13       On November 21, 2007, Samsung served its First Set of Interrogatories on Wistron,

14   including Interrogatory No. 7 which asked Wistron to state all facts that support Wistron's

15   contention that its products do not infringe Samsung's patents-in-suit.  In its response to this

16   interrogatory dated December 20, 2007, Wistron again failed to identify any facts that support its

17   contention that its products do not infringe Samsung's patents-in-suit.

18       To date, Samsung is unaware of any opinions of counsel obtained by Wistron concerning

19   the non-infringement or invalidity of the patents-in-suit.  Upon information and belief, Wistron

20   continues to infringe, induce others to infringe, and/or commit acts of contributory infringement

21   of, one or more claims of each patent-in-suit by importing, making, using, selling and/or offering

22   for sale in the United States computer notebook products and components thereof that embody

23   the inventions of the patents-in-suit.  Wistron acted despite an objectively high likelihood that its

24   actions constituted infringement of a valid patent.

25   **INTERROGATORY NO. 4:**

26       Describe all investigation and analysis performed prior to Samsung's filing of its Counter-

27   complaint to determine if any product produced, offered for sale and/or sold by **Wistron infringes**

28   **Samsung's patents-in-suit**, including, without limitation, all information relating to Wistron

DLA PIPER US LLP
EAST PALO ALTO      EM\7225227.1

-7-

SAMSUNG'S RESPONSES TO WISTRON'S FIRST SET OF INTERROGATORIES
CASE NO. C-07-4748 VRW

1   products that Samsung had access to or possession and/or control of prior to filing this lawsuit; all

2   reverse engineering, studies, reports, analysis performed to determine whether **Wistron's**

3   products infringed **Samsung's patents-in-suit**, all persons involved in the investigation and

4   analysis, the documents or other information they provided, and the dates each aspect of the

5   investigation occurred.

6   **RESPONSE TO INTERROGATORY NO. 4:**

7        Samsung objections to this interrogatory to the extent that it seeks to elicit information

8   subject to and protected by the attorney-client privilege and/or the attorney work-product

9   protection. Samsung objects to this interrogatory on the grounds that it is compound. Samsung

10   further objects to this interrogatory on the ground that it is overly broad and unduly burdensome.

11   Subject to and without waiving the foregoing objection and the General Statement and

12   Objections, Samsung responds as follows:

13        Pursuant to Rule 33(d), Wistron may ascertain the requested information from the

14   following documents produced by Samsung:

15        SEC-WE 00000018-00000031.

16        Samsung's representatives who have been involved in the investigation and analysis of

17   Wistron's infringement include Ja-Goun Koo, Yun-Ho Choi, Eun-Kyung Kim, Jae-Doek Cha,

18   Cheol-Ho Lee, Man-Hee Lee, and Dong-Ho Lee.

19   **INTERROGATORY NO. 5:**

20        Please state what you contend is a reasonable royalty for practicing each and every alleged

21   invention claimed in **Samsung's patents-in-suit** and state all facts that support your contention.

22   **RESPONSE TO INTERROGATORY NO. 5:**

23        Samsung objects that this interrogatory prematurely seeks an expert opinion. Samsung

24   further objects to this interrogatory on the ground that it is overly broad and unduly burdensome.

25   Subject to and without waiving the foregoing objection and the General Statement and

26   Objections, Samsung responds as follows:

27        Discovery in this matter is ongoing, and Samsung will supplement this response.

28

1  **INTERROGATORY NO. 6:**

2      Identify and describe all sales, offers to sell, demonstrations, or disclosures to a third party

3  prior to November 9, 1990 of any alleged inventions described or claimed in of the '273 **patent,**

4  including, without limitation, the nature of the offer to sell, sale, demonstration, and/or disclosure;

5  any efforts to limit disclosure in the course of the offer to sell, sale, demonstration, and/or

6  disclosure; the dates of the offer to sell, sale, demonstration, and/or disclosure; and the persons

7  involved in the offer to sell, sale, demonstration, and/or disclosure.

8  **RESPONSE TO INTERROGATORY NO. 6:**

9      Samsung objects to this interrogatory on the ground that it is overly broad as to subject

10  matter and is unduly burdensome.  Subject to and without waiving the foregoing objection and

11  the General Statement and Objections, Samsung responds as follows:

12      Samsung is unaware of any such sales, offers to sell, demonstrations, or disclosures to a

13  third party prior to November 9, 1990.

14  **INTERROGATORY NO. 7:**

15      Identify and describe all sales, offers to sell, demonstrations, or disclosures to a third party

16  prior to May 24, 1995 of any alleged inventions described or claimed in of the '275 **patent,**

17  including, without limitation, the nature of the offer to sell, sale, demonstration, and/or disclosure;

18  any efforts to limit disclosure in the course of the offer to sell, sale, demonstration, and/or

19  disclosure; the dates of the offer to sell, sale, demonstration, and/or disclosure; and the persons

20  involved in the offer to sell, sale, demonstration, and/or disclosure.

21  **RESPONSE TO INTERROGATORY NO. 7:**

22      Samsung objects to this interrogatory on the ground that it is overly broad as to subject

23  matter and is unduly burdensome.  Subject to and without waiving the foregoing objection and

24  the General Statement and Objections, Samsung responds as follows:

25      Samsung is unaware of any such sales, offers to sell, demonstrations, or disclosures to a

26  third party prior to May 24, 1995.

27  **INTERROGATORY NO. 8:**

28      Identify and describe all sales, offers to sell, demonstration, and/or disclosures to a third

1 | party prior to October 31, 1990 of any alleged inventions described or claimed in of the '100

2 | patent, including, without limitation, the nature of the offer to sell, sale, demonstration, and/or

3 | disclosure; any efforts to limit disclosure in the course of the offer to sell, sale, demonstration,

4 | and/or disclosure; the dates of the offer to sell, sale, demonstration, and/or disclosure; and the

5 | persons involved in the offer to sell, sale, demonstration, and/or disclosure.

6 | **RESPONSE TO INTERROGATORY NO. 8:**

7 | Samsung objects to this interrogatory on the ground that it is overly broad as to time frame

8 | and subject matter and is unduly burdensome. Subject to and without waiving the foregoing

9 | objection and the General Statement and Objections, Samsung responds as follows:

10 | Samsung is unaware of any such sales, offers to sell, demonstrations, or disclosures to a

11 | third party prior to October 31, 1990.

12 | **INTERROGATORY NO. 9:**

13 | Describe in detail the role, contribution, involvement, input, work, and/or any other

14 | participation in the creation, conception, development, and/or reduction to practice by each

15 | named inventor for the inventions claimed in **Samsung's patents-in-suit.**

16 | **RESPONSE TO INTERROGATORY NO. 9:**

17 | Samsung objects to this interrogatory on the grounds that it is vague, ambiguous, and

18 | compound. Samsung further objects to this interrogatory on the ground that it is overly broad as

19 | to time frame and subject matter and is unduly burdensome. Subject to and without waiving the

20 | foregoing objection and the General Statement and Objections, Samsung responds as follows:

21 | Pursuant to Rule 33(d), Wistron may ascertain the requested information from the

22 | following documents produced by Samsung:

23 | SEC-W 00000657-00003226.

24 | Dated: January 7, 2008

25 | DLA PIPER US LLP

26 | By

27 | SAL LIM
Attorneys for Defendant and Counter-Plaintiff

28 | SAMSUNG ELECTRONICS CO., LTD

DLA PIPER US LLP
EAST PALO ALTO

EM\7225227.1

-10-

<u>Wistron Corp. v. Samsung Electronics Co., Ltd.</u>
U.S.D.C., Northern District, San Francisco Division, Case No. C 07-04748 VRW

## VERIFICATION

I, Byung-Sung Cho, hereby declare:

I am a Senior Engineer for Samsung Electronics Co., Ltd. ("Samsung") and am authorized to make this verification on Samsung's behalf. I have read the foregoing document, **SAMSUNG ELECTRONICS CO., LTD.'S RESPONSES TO WISTRON'S FIRST SET OF INTERROGATORIES** (NOS. 1-9), and know the content thereof. I either have personal knowledge that the matters stated therein are true, or am informed and believe that such matters are true, and on those grounds certify and declare under penalty of perjury under the laws of the United States that the same are true and correct.

Executed on this 7th day of January, 2008, at Suwon, Korea.

*Byung-Sung Cho*

BYUNG SUNG CHO

1   MARK D. FOWLER, Bar No. 124235
    mark.fowler@dlapiper.com
2   ELIZABETH DAY, Bar No. 177125
    elizabeth.day@dlapiper.com
3   TIMOTHY LOHSE, Bar No. 177230
    timothy.lohse@dlapiper.com
4   SAL LIM, Bar No. 211836
    sal.lim@dlapiper.com
5   GREGORY J. LUNDELL, Bar No. 234941
    greg.lundell@dlapiper.com
6   BRIAN P. WIKNER, Bar No. 244292
    brian.wikner@dlapiper.com
7   DLA PIPER US LLP
    2000 University Avenue
8   East Palo Alto, CA  94303-2214
    Tel: 650.833.2000
9   Fax: 650.833.2001

10  Attorneys for Defendant and Counter-Plaintiff
    SAMSUNG ELECTRONICS CO., LTD.

11

12                  UNITED STATES DISTRICT COURT

13                 NORTHERN DISTRICT OF CALIFORNIA

14                    SAN FRANCISCO DIVISION

15

16  WISTRON CORPORATION, a Taiwan          CASE NO.  C-07-4748 VRW
    corporation,
                                           **PROOF OF SERVICE**
17              Plaintiff and Counter-
                Defendant,
18
                    v.
19
    SAMSUNG ELECTRONICS CO., LTD., a
20  Republic of Korea corporation,

21              Defendant and Counter-
                Plaintiff.
22

23  SAMSUNG ELECTRONICS CO., LTD.,

24              Counterclaim-Plaintiff,

25                  v.

26  WISTRON CORPORATION, and
    WISTRON INFOCOMM (TEXAS)
27  CORPORATION,

28              Counterclaim-Defendants.

DLA PIPER US LLP
EAST PALO ALTO       EM\7225327.1                                    PROOF OF SERVICE
                                                                     CASE NO. C-07-4748 VRW

1

**PROOF OF SERVICE**

2      I am a resident of the State of California, over the age of eighteen years, and not a party to
the within action. My business address is DLA Piper US LLP, 2000 University Avenue, East
3    Palo Alto, California 94303-2214. On January 7, 2008, I served the within documents:

4      **SAMSUNG ELECTRONICS CO., LTD.'S RESPONSES TO
       WISTRON'S FIRST SET OF INTERROGATORIES (NOS. 1-9)**
5
       **SAMSUNG ELECTRONICS CO., LTD.'S RESPONSES TO
6      WISTRON'S FIRST SET OF REQUESTS FOR PRODUCTION OF
       DOCUMENTS (NOS. 1-84)**
7
        [X]      by causing such document to be transmitted by electronic mail to the office of the
8                addressees.

9      MICHAEL J. BETTINGER, ESQ.
       HAROLD H. DAVIS, JR., ESQ.
10     TIMOTHY WALKER, ESQ.
       CATHERINE POPE, ESQ.
11     CATHY WILLIAMS, ESQ.
       JULIA ALVAREZ, ESQ.
12     PERRY BROOKS, ESQ.
       DINA DELAUTER, ESQ.
13     K&L GATES
       55 SECOND STREET, SUITE 1700
14     SAN FRANCISCO, CA 94105
       **E-mails:**
15
16     mike.betttinger@klgates.com
       harold.davis@klgates.com
17     timothy.walker@klgates.com
       catherine.pope@klgates.com
18     cathy.williams@klgates.com
       julia.alvarez@klgates.com
19     perry.brooks@klgates.com
       dina.delauter@klgates.com
20

21     I am readily familiar with the firm's practice of collection and processing correspondence
for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same
22   day with postage thereon fully prepaid in the ordinary course of business. I am aware that on
motion of the party served, service is presumed invalid if postal cancellation date or postage
23   meter date is more than one day after date of deposit for mailing in affidavit.

24     I declare that I am employed in the office of a member of the Bar of or permitted to
practice before this Court at whose direction the service was made.
25
26     Executed on January 7, 2008, at East Palo Alto, California.

27                                _Z Khodosh_
                                  ZOYA KHODOSH
28

DLA PIPER US LLP
EAST PALO ALTO      EM\7225327.1                              PROOF OF SERVICE
                                                             CASE NO. C-07-4748 VRW

# EXHIBIT B

1  MARK D. FOWLER, Bar No. 124235
   mark.fowler@dlapiper.com
2  ELIZABETH DAY, Bar No. 177125
   elizabeth.day@dlapiper.com
3  TIMOTHY LOHSE, Bar No. 177230
   timothy.lohse@dlapiper.com
4  SAL LIM, Bar No. 211836
   sal.lim@dlapiper.com
5  GREGORY J. LUNDELL, Bar No. 234941
   greg.lundell@dlapiper.com
6  ERIK R. FUEHRER, Bar No. 252578
   erik.fuehrer@dlapiper.com
7  DLA PIPER US LLP
   2000 University Avenue
8  East Palo Alto, CA  94303-2214
   Tel:  650.833.2000
9  Fax:  650.833.2001

10  Attorneys for Defendant and Counter-Plaintiff
    SAMSUNG ELECTRONICS CO., LTD.

11

12            UNITED STATES DISTRICT COURT

13           NORTHERN DISTRICT OF CALIFORNIA

14             SAN FRANCISCO DIVISION

15

| | |
|---|---|
| 16  WISTRON CORPORATION, a Taiwan corporation | CASE NO.  C-07-4748 VRW |
| 17             Plaintiff and Counter-Defendant, | **SAMSUNG ELECTRONICS CO., LTD.'S FOURTH SUPPLEMENTAL RESPONSE TO WISTRON'S FIRST SET OF INTERROGATORIES  (NO. 1)** |
| 18             | |
| 19  v. | |
| 20  SAMSUNG ELECTRONICS CO., LTD., a Republic of Korea corporation | |
| 21             Defendant and Counter-Plaintiff. | |
| 22 | |
| 23  SAMSUNG ELECTRONICS CO., LTD., | |
| 24             Counterclaim-Plaintiff, | |
| 25  v. | |
| 26  WISTRON CORPORATION, and WISTRON INFOCOMM (TEXAS) | |
| 27  CORPORATION, | |
| 28             Counterclaim-Defendants. | |

1  **PROPOUNDING PARTY: Counterclaim-Defendant Wistron Corporation.**

2  **RESPONDING PARTIES: Counterclaim-Plaintiff Samsung Electronics Co., Ltd.**

3  **SET NO. :**          **One**

4       Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Counterclaim-

5  Plaintiff Samsung Electronics Co., Ltd. responds to Counterclaim-Defendant Wistron

6  Corporation's ("Wistron") first set of interrogatories (Nos. 1-9) as follows.

7                    **GENERAL STATEMENTS AND OBJECTIONS**

8       1.      The following response is based on discovery available as of the date hereof.

9  Discovery is continuing, and this response is accordingly subject to revision.  Further discovery,

10  independent investigation and analysis may supply additional facts and add meaning to known

11  facts, as well as establish entirely new factual conclusions and legal contentions, all of which may

12  lead to additions, changes to, or variations from the information herein set forth.

13       2.      In addition to any specific objections which may be made on an individual basis in

14  the separate responses set forth below, Samsung objects generally to these Interrogatories to the

15  extent that they seek to elicit information subject to and protected by the attorney-client privilege

16  and/or the attorney work-product protection.  Nothing contained herein is intended to be or should

17  be construed as a waiver of the attorney-client privilege, the attorney work-product protection or

18  any other applicable privilege, protection or doctrine.

19       3.      These responses are made solely for the purpose of this action and are subject to

20  all objections as to competence, authenticity, relevance, materiality, propriety, admissibility and

21  any and all other objections and grounds which would or could require or permit the exclusion of

22  any document or statement therein from evidence, all of which objections and grounds are

23  reserved and may be interposed at the time of trial.

24       4.      Samsung objects to these interrogatories to the extent that they seek information

25  that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the

26  discovery of admissible evidence herewith.

27       5.      Samsung objects to these interrogatories to the extent that they seek confidential

28  information pertaining to an individual who is not a party to this litigation and whose right of

1   privacy is protected by Federal and/or State statutory or common law rights of privacy.  Samsung

2   further objects to these interrogatories to the extent that they seek information that is subject to

3   confidentiality agreements, protective orders or other confidentiality obligations owed to third

4   parties.

5       6.    Samsung objects generally to these interrogatories to the extent they seek to

6   impose obligations or requirements on Samsung which are greater than or different from those

7   imposed by the Federal Rules of Civil Procedure and/or the Local Rules of the United States

8   District Court for the Northern District.

9       7.    Samsung objects to these interrogatories as overbroad, unduly burdensome and

10  oppressive to the extent that they fail to specify any relevant time period, and thus are neither

11  limited to events relevant to this litigation nor reasonably calculated to lead to the discovery of

12  admissible evidence.

13      8.    Samsung objects to any requests seeking information regarding Samsung's first

14  disclosure or use of the inventions claimed in the Samsung Patents.  Samsung will only provide

15  information and produce documents for first disclosure or use within the United States.

16      9.    Samsung objects to the definitions of "CONCERNING," "RELATE," "REFER,"

17  and "REFLECT" as overly broad, vague, ambiguous, and requiring subjective judgment on the

18  part of Samsung and its attorneys.  Samsung further objects to the definitions to the extent they

19  would require the disclosure of information revealing conclusion, opinion, or mental impression

20  of counsel in violation of the attorney-client privilege or the attorney work product doctrine.

21      10.   Samsung objects to the definition of "RELATED PATENTS" and "RELATED

22  PATENT APPLICATIONS" as overly broad and unduly burdensome.

23      11.   Samsung objects to the definition of "SAMSUNG," "PLAINTIFF," "YOU," OR

24  "YOUR" to the extent that such definition seeks to require Samsung to produce documents or

25  provide information which is either not within the possession, custody or control of Samsung

26  Electronics Co., Ltd. or that is subject to the attorney-client privilege or the work product

27  doctrine.

28      12.   Samsung objects to the definition of "IDENTIFY" as it relates to documents as

1  overly broad and unduly burdensome.  To the extent that an answer to any interrogatory may be

2  derived or ascertained from a document and the burden of deriving the answer is substantially the

3  same for Wistron as it is for Samsung, Samsung will exercise its right to answer said

4  interrogatory by reliance on Rule 33(d) of the Federal Rules of Civil Procedure.

5     13.    Samsung further objects to each and every interrogatory herein to the extent that

6  such request seeks to impose upon Samsung an obligation to investigate or discover information,

7  materials or documents from third parties that are not within the possession, custody or control of

8  Samsung, regardless of whether such information, materials or documents are equally accessible

9  to Wistron.  Samsung will not produce documents in the custody or control of any other persons

10  or non-parties that are not in the possession, custody or control of Samsung.

11     14.    Samsung objects to each and every interrogatory to the extent such an

12  interrogatory seeks information that is already in Wistron's possession or is equally available to

13  Wistron from other sources that are more convenient, less burdensome and/or less expensive.

14     15.    No incidental or implied admissions are intended by the responses herein.  The

15  fact that Samsung has answered or objected to any interrogatory should not be taken as an

16  admission that Samsung accepts or admits the existence of any "facts" set forth or assumed by

17  such interrogatory.  The fact that Samsung has answered part or all of any interrogatory is not

18  intended to be, and shall not be construed to be, a waiver by Samsung of any part or any objection

19  to any interrogatory.

20     16.    Samsung expressly incorporates the above General Objections as though set forth

21  fully in response to the following interrogatories, and, to the extent that they are not raised in any

22  particular response, Samsung does not waive those objections.  An answer to an interrogatory

23  shall not be deemed a waiver of any applicable specific or general objection to an interrogatory.

24

25     Subject to the foregoing General Statement and Objections and without waiving any of

26  them, Samsung responds as follows:

27

28

DLA PIPER US LLP
EAST PALO ALTO

WEST\21443727.1

-4-

SAMSUNG'S FOURTH SUPPLEMENTAL RESPONSE TO WISTRON'S FIRST SET OF INTERROGATORIES
CASE NO. C-07-4748 VRW

1    ## SUPPLEMENTAL RESPONSE TO INTERROGATORIES

2    **INTERROGATORY NO. 1:**

3        Please state when **you** contend that the alleged inventions claimed in **Samsung's patents-**

4    **in-suit** were conceived and reduced to practice and state all facts that support your contentions.

5    **RESPONSE TO INTERROGATORY NO. 1:**

6        Samsung objects to this interrogatory to the extent that it seeks to elicit information

7    subject to and protected by the attorney-client privilege and/or work product protection. Samsung

8    also objects to this interrogatory as overly broad and unduly burdensome. Subject to and without

9    waiving the foregoing general and specific objections, Samsung responds as follows:

10        The date of conception and the date of reduction to practice of each asserted claim of each

11    of the patents-in-suit are at least as early as the following dates:

12        **Claims 1 – 7 of the '273 Patent**: Date of Conception: no later than June 11, 1990; Date

13    of reduction to practice: no later than October 19, 1990.

14        **Claims 1-3, 5-8, 10-13, 15-16 of the '275 Patent**: Date of Conception: no later than

15    October 25, 1994; Date of reduction to practice: no later than October 26, 1994.

16        **Claims 1-6 of the '100 Patent**: Date of Conception: no later than November 3, 1987;

17    Date of reduction to practice: no later than May 5, 1989.

18        Pursuant to Rule 33(d), Wistron may ascertain additional requested information from the

19    following documents produced by Samsung:

20        SEC-W 00000657-00003226.

21        Discovery in this matter is ongoing, and Samsung will amend or supplement this response

22    if and when new information becomes available.

23

24    **FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1:**

25        Samsung incorporates by reference its objections and response to Wistron Interrogatory

26    No. 1 and further responds as follows:

27        The following documents listed on Samsung's First Amended Privilege Log also relate to

28    the conception and reduction to practice of the patents-in-suit, but are protected by the attorney-

1   client privilege:

2       Samsung's First Amended Privilege Log entries: 857 and 987.

3

4   Dated:  June 12, 2008

5                                       DLA PIPER US LLP

6                                       By

7                                       ERIK R. FUEHRER
                                        Attorneys for Defendant and Counter-Plaintiff
8                                       SAMSUNG ELECTRONICS CO., LTD

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT C

1  MARK D. FOWLER, Bar No. 124235
   mark.fowler@dlapiper.com
2  ELIZABETH DAY, Bar No. 177125
   elizabeth.day@dlapiper.com
3  TIMOTHY LOHSE, Bar No. 177230
   timothy.lohse@dlapiper.com
4  SAL LIM, Bar No. 211836
   sal.lim@dlapiper.com
5  GREGORY J. LUNDELL, Bar No. 234941
   greg.lundell@dlapiper.com
6  DLA PIPER US LLP
   2000 University Avenue
7  East Palo Alto, CA  94303-2214
   Tel:  650.833.2000
8  Fax:  650.833.2001

9  Attorneys for Defendant and Counter-Plaintiff
   SAMSUNG ELECTRONICS CO., LTD.

10

11              UNITED STATES DISTRICT COURT

12            NORTHERN DISTRICT OF CALIFORNIA

13               SAN FRANCISCO DIVISION

14

15 WISTRON CORPORATION, a Taiwan        CASE NO.  C-07-4748 VRW
   corporation
16                                       **SAMSUNG ELECTRONICS CO.,**
               Plaintiff and Counter-    **LTD.'S RESPONSE TO WISTRON'S**
17             Defendant,                **SECOND SET OF**
                                         **INTERROGATORIES  (NO. 13)**
18        v.

19 SAMSUNG ELECTRONICS CO., LTD., a
   Republic of Korea corporation
20
               Defendant and Counter-
21             Plaintiff.

22 SAMSUNG ELECTRONICS CO., LTD.,

23             Counterclaim-Plaintiff,

24        v.

25 WISTRON CORPORATION, and
   WISTRON INFOCOMM (TEXAS)
26 CORPORATION,

27             Counterclaim-Defendants.

28

**PROPOUNDING PARTY: Counterclaim-Defendant Wistron Corporation.**

**RESPONDING PARTIES: Counterclaim-Plaintiff Samsung Electronics Co., Ltd.**

**SET NO. :                    Two**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Counterclaim-Plaintiff Samsung Electronics Co., Ltd. responds to Counterclaim-Defendant Wistron Corporation's ("Wistron") second set of interrogatories (No. 13) as follows.

## GENERAL STATEMENTS AND OBJECTIONS

1.      The following response is based on discovery available as of the date hereof. Discovery is continuing, and this response is accordingly subject to revision. Further discovery, independent investigation and analysis may supply additional facts and add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to additions, changes to, or variations from the information herein set forth.

2.      In addition to any specific objections which may be made on an individual basis in the separate responses set forth below, Samsung objects generally to these Interrogatories to the extent that they seek to elicit information subject to and protected by the attorney-client privilege and/or the attorney work-product protection. Nothing contained herein is intended to be or should be construed as a waiver of the attorney-client privilege, the attorney work-product protection or any other applicable privilege, protection or doctrine.

3.      These responses are made solely for the purpose of this action and are subject to all objections as to competence, authenticity, relevance, materiality, propriety, admissibility and any and all other objections and grounds which would or could require or permit the exclusion of any document or statement therein from evidence, all of which objections and grounds are reserved and may be interposed at the time of trial.

4.      Samsung objects to these interrogatories to the extent that they seek information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence herewith.

5.      Samsung objects to these interrogatories to the extent that they seek confidential

1    information pertaining to an individual who is not a party to this litigation and whose right of

2    privacy is protected by Federal and/or State statutory or common law rights of privacy. Samsung

3    further objects to these interrogatories to the extent that they seek information that is subject to

4    confidentiality agreements, protective orders or other confidentiality obligations owed to third

5    parties.

6          6.     Samsung objects generally to these interrogatories to the extent they seek to

7    impose obligations or requirements on Samsung which are greater than or different from those

8    imposed by the Federal Rules of Civil Procedure and/or the Local Rules of the United States

9    District Court for the Northern District.

10         7.     Samsung objects to these interrogatories as overbroad, unduly burdensome and

11   oppressive to the extent that they fail to specify any relevant time period, and thus are neither

12   limited to events relevant to this litigation nor reasonably calculated to lead to the discovery of

13   admissible evidence.

14         8.     Samsung objects to the definition of "development" as overly broad, vague,

15   ambiguous, and requiring subjective judgment on the part of Samsung and its attorneys.

16   Samsung further objects to the definitions to the extent they would require the disclosure of

17   information revealing conclusion, opinion, or mental impression of counsel in violation of the

18   attorney-client privilege or the attorney work product doctrine.

19         9.     Samsung objects to the definitions of "Concerning," "Relate," "Refer," and

20   "Reflect" as overly broad, vague, ambiguous, and requiring subjective judgment on the part of

21   Samsung and its attorneys. Samsung further objects to the definitions to the extent they would

22   require the disclosure of information revealing conclusion, opinion, or mental impression of

23   counsel in violation of the attorney-client privilege or the attorney work product doctrine.

24         10.    Samsung objects to the definition of "Related Patents" and "Related Patent

25   Applications" as overly broad, vague, ambiguous, and requiring subjective judgment on the part

26   of Samsung and its attorneys. Samsung further objects to the definitions to the extent they would

27   require the disclosure of information revealing conclusion, opinion, or mental impression of

28   counsel in violation of the attorney-client privilege or the attorney work product doctrine.

-3-

1    11.    Samsung objects to the definition of "Samsung," "Defendant," "You," or "Your"

2    to the extent that such definition seeks to require Samsung to produce documents or provide

3    information which is either not within the possession, custody or control of Samsung Electronics

4    Co., Ltd. or that is subject to the attorney-client privilege or the work product doctrine.

5    12.    Samsung objects to the definition of "identify" as it relates to documents as overly

6    broad and unduly burdensome. To the extent that an answer to any interrogatory may be derived

7    or ascertained from a document and the burden of deriving the answer is substantially the same

8    for Wistron as it is for Samsung, Samsung will exercise its right to answer said interrogatory by

9    reliance on Rule 33(d) of the Federal Rules of Civil Procedure.

10    13.    Samsung further objects to each and every interrogatory herein to the extent that

11    such request seeks to impose upon Samsung an obligation to investigate or discover information,

12    materials or documents from third parties that are not within the possession, custody or control of

13    Samsung, regardless of whether such information, materials or documents are equally accessible

14    to Wistron. Samsung will not produce documents in the custody or control of any other persons

15    or non-parties that are not in the possession, custody or control of Samsung.

16    14.    Samsung objects to each and every interrogatory to the extent such an

17    interrogatory seeks information that is already in Wistron's possession or is equally available to

18    Wistron from other sources that are more convenient, less burdensome and/or less expensive.

19    15.    No incidental or implied admissions are intended by the responses herein. The

20    fact that Samsung has answered or objected to any interrogatory should not be taken as an

21    admission that Samsung accepts or admits the existence of any "facts" set forth or assumed by

22    such interrogatory. The fact that Samsung has answered part or all of any interrogatory is not

23    intended to be, and shall not be construed to be, a waiver by Samsung of any part or any objection

24    to any interrogatory.

25    16.    Samsung expressly incorporates the above General Objections as though set forth

26    fully in response to the following interrogatories, and, to the extent that they are not raised in any

27    particular response, Samsung does not waive those objections. An answer to an interrogatory

28    shall not be deemed a waiver of any applicable specific or general objection to an interrogatory.

-4-

1    Samsung reserves the right to supplement its answers as more information becomes available

2    and/or as the scope of Wistron's interrogatory is further defined.

3        Subject to the foregoing General Statement and Objections and without waiving any of

4    them, Samsung responds as follows:

5

6                    **RESPONSE TO INTERROGATORIES**

7    **INTERROGATORY NO. 13:**

8        Please state whether Samsung has disclosed all of its patents and patent applications

9    involving memory module technology, without limitation, the technology described in Samsung's

10   '100 patent, to any standards setting organization, including without limitation, JEDEC, in

11   accordance with that organization's patent disclosure policy, and state all facts relating to

12   Samsung's failure to disclose and/or actual disclosure of such patents and/or patent applications

13   so identified.

14   **RESPONSE TO INTERROGATORY NO. 13:**

15       Samsung objects to this interrogatory on the ground that the term "all" renders this

16   interrogatory overly broad and unduly burdensome. Samsung further objects to this interrogatory

17   on the ground that it seeks information that is neither relevant to the subject matter of this action

18   nor reasonably calculated to lead to the discovery of admissible evidence herein. Samsung

19   further objects to this interrogatory on the ground that the phrase "any standards setting

20   organization" is vague, ambiguous, argumentative and calls for a legal conclusion. Samsung

21   further objects to this interrogatory on the ground that the phrase "patent disclosure policy" is

22   vague, ambiguous, argumentative and calls for a legal conclusion. For example, this

23   interrogatory purports to require Samsung to state *all* patents that it has not disclosed to *any*

24   standards setting body. Samsung further objects to this interrogatory on the ground that the

25   phrase "any standards setting organization" renders this interrogatory compound because, as

26   drafted, it encompasses multiple discrete subject matters. Samsung further objects to this

27   interrogatory on the ground that the definition of "memory module technology" is vague,

28   ambiguous, argumentative and calls for a legal conclusion. Samsung further objects to this

DLA PIPER US LLP
EAST PALO ALTO        WEST\21340510.1                    SAMSUNG'S RESPONSE TO WISTRON'S SECOND SET OF INTERROGATORIES
                                                         CASE NO. C-07-4748 VRW

1  interrogatory to the extent that it seeks disclosure of information that is protected by the attorney-

2  client privilege and/or the attorney work-product doctrine, or other privilege. Samsung further

3  objects to this interrogatory on the ground that it seeks information that is neither relevant to the

4  subject matter of this action nor reasonably calculated to lead to the discovery of admissible

5  evidence herein. Samsung further objects to this interrogatory on the ground and to the extent

6  that certain responsive facts are in Wistron's or other parties' possession, custody or control.

7

8  Dated: May 19, 2008

9                              DLA PIPER US LLP

10                             By _____

11                                MARK FOWLER
                                  M. ELIZABETH DAY
12                                TIM LOHSE
                                  SAL LIM
13                                GREGORY LUNDELL
                                  Attorneys for Defendant and Counter-Plaintiff
14                                SAMSUNG ELECTRONICS CO., LTD

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT D

1    MARK D. FOWLER, Bar No. 124235
     mark.fowler@dlapiper.com
2    ELIZABETH DAY, Bar No. 177125
     elizabeth.day@dlapiper.com
3    TIMOTHY LOHSE, Bar No. 177230
     timothy.lohse@dlapiper.com
4    SAL LIM, Bar No. 211836
     sal.lim@dlapiper.com
5    GREGORY J. LUNDELL, Bar No. 234941
     greg.lundell@dlapiper.com
6    ERIK FUEHRER, Bar No. 252578
     erik.fuehrer@dlapiper.com
7    DLA PIPER US LLP
     2000 University Avenue
8    East Palo Alto, CA  94303-2214
     Tel:  650.833.2000
9    Fax:  650.833.2001

10    Attorneys for Defendant and Counter-Plaintiff
     SAMSUNG ELECTRONICS CO., LTD.

11

12                UNITED STATES DISTRICT COURT

13             NORTHERN DISTRICT OF CALIFORNIA

14               SAN FRANCISCO DIVISION

| | |
|---|---|
| 15   WISTRON CORPORATION, a Taiwan corporation | CASE NO.  C-07-4748 VRW |
| 16 | **SAMSUNG ELECTRONICS CO.,** |
|          Plaintiff and Counter- | **LTD.'S FIRST SUPPLEMENTAL** |
| 17          Defendant, | **RESPONSE TO WISTRON'S SECOND** |
| | **SET OF INTERROGATORIES  (NO. 13)** |
| 18     v. | |
| 19   SAMSUNG ELECTRONICS CO., LTD., a | |
|     Republic of Korea corporation | |
| 20 | |
|          Defendant and Counter- | |
| 21          Plaintiff. | |
| 22   SAMSUNG ELECTRONICS CO., LTD., | |
| 23          Counterclaim-Plaintiff, | |
| 24     v. | |
| 25   WISTRON CORPORATION, and | |
| 26   WISTRON INFOCOMM (TEXAS) | |
|     CORPORATION, | |
| 27          Counterclaim-Defendants. | |

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PROPOUNDING PARTY: Counterclaim-Defendant Wistron Corporation.**

**RESPONDING PARTIES: Counterclaim-Plaintiff Samsung Electronics Co., Ltd.**

**SET NO. :**            **Two**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Counterclaim-Plaintiff Samsung Electronics Co., Ltd. responds to Counterclaim-Defendant Wistron Corporation's ("Wistron") second set of interrogatories (No. 13) as follows.

## GENERAL STATEMENTS AND OBJECTIONS

1.      The following response is based on discovery available as of the date hereof. Discovery is continuing, and this response is accordingly subject to revision. Further discovery, independent investigation and analysis may supply additional facts and add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to additions, changes to, or variations from the information herein set forth.

2.      In addition to any specific objections which may be made on an individual basis in the separate responses set forth below, Samsung objects generally to these Interrogatories to the extent that they seek to elicit information subject to and protected by the attorney-client privilege and/or the attorney work-product protection. Nothing contained herein is intended to be or should be construed as a waiver of the attorney-client privilege, the attorney work-product protection or any other applicable privilege, protection or doctrine.

3.      These responses are made solely for the purpose of this action and are subject to all objections as to competence, authenticity, relevance, materiality, propriety, admissibility and any and all other objections and grounds which would or could require or permit the exclusion of any document or statement therein from evidence, all of which objections and grounds are reserved and may be interposed at the time of trial.

4.      Samsung objects to these interrogatories to the extent that they seek information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence herewith.

5.      Samsung objects to these interrogatories to the extent that they seek confidential

1    information pertaining to an individual who is not a party to this litigation and whose right of

2    privacy is protected by Federal and/or State statutory or common law rights of privacy.  Samsung

3    further objects to these interrogatories to the extent that they seek information that is subject to

4    confidentiality agreements, protective orders or other confidentiality obligations owed to third

5    parties.

6        6.    Samsung objects generally to these interrogatories to the extent they seek to

7    impose obligations or requirements on Samsung which are greater than or different from those

8    imposed by the Federal Rules of Civil Procedure and/or the Local Rules of the United States

9    District Court for the Northern District.

10       7.    Samsung objects to these interrogatories as overbroad, unduly burdensome and

11   oppressive to the extent that they fail to specify any relevant time period, and thus are neither

12   limited to events relevant to this litigation nor reasonably calculated to lead to the discovery of

13   admissible evidence.

14       8.    Samsung objects to the definition of "development" as overly broad, vague,

15   ambiguous, and requiring subjective judgment on the part of Samsung and its attorneys.

16   Samsung further objects to the definitions to the extent they would require the disclosure of

17   information revealing conclusion, opinion, or mental impression of counsel in violation of the

18   attorney-client privilege or the attorney work product doctrine.

19       9.    Samsung objects to the definitions of "Concerning," "Relate," "Refer," and

20   "Reflect" as overly broad, vague, ambiguous, and requiring subjective judgment on the part of

21   Samsung and its attorneys.  Samsung further objects to the definitions to the extent they would

22   require the disclosure of information revealing conclusion, opinion, or mental impression of

23   counsel in violation of the attorney-client privilege or the attorney work product doctrine.

24       10.   Samsung objects to the definition of "Related Patents" and "Related Patent

25   Applications" as overly broad, vague, ambiguous, and requiring subjective judgment on the part

26   of Samsung and its attorneys.  Samsung further objects to the definitions to the extent they would

27   require the disclosure of information revealing conclusion, opinion, or mental impression of

28   counsel in violation of the attorney-client privilege or the attorney work product doctrine.

1    11.    Samsung objects to the definition of "Samsung," "Defendant," "You," or "Your"

2    to the extent that such definition seeks to require Samsung to produce documents or provide

3    information which is either not within the possession, custody or control of Samsung Electronics

4    Co., Ltd. or that is subject to the attorney-client privilege or the work product doctrine.

5    12.    Samsung objects to the definition of "identify" as it relates to documents as overly

6    broad and unduly burdensome. To the extent that an answer to any interrogatory may be derived

7    or ascertained from a document and the burden of deriving the answer is substantially the same

8    for Wistron as it is for Samsung, Samsung will exercise its right to answer said interrogatory by

9    reliance on Rule 33(d) of the Federal Rules of Civil Procedure.

10    13.    Samsung further objects to each and every interrogatory herein to the extent that

11    such request seeks to impose upon Samsung an obligation to investigate or discover information,

12    materials or documents from third parties that are not within the possession, custody or control of

13    Samsung, regardless of whether such information, materials or documents are equally accessible

14    to Wistron. Samsung will not produce documents in the custody or control of any other persons

15    or non-parties that are not in the possession, custody or control of Samsung.

16    14.    Samsung objects to each and every interrogatory to the extent such an

17    interrogatory seeks information that is already in Wistron's possession or is equally available to

18    Wistron from other sources that are more convenient, less burdensome and/or less expensive.

19    15.    No incidental or implied admissions are intended by the responses herein. The

20    fact that Samsung has answered or objected to any interrogatory should not be taken as an

21    admission that Samsung accepts or admits the existence of any "facts" set forth or assumed by

22    such interrogatory. The fact that Samsung has answered part or all of any interrogatory is not

23    intended to be, and shall not be construed to be, a waiver by Samsung of any part or any objection

24    to any interrogatory.

25    16.    Samsung expressly incorporates the above General Objections as though set forth

26    fully in response to the following interrogatories, and, to the extent that they are not raised in any

27    particular response, Samsung does not waive those objections. An answer to an interrogatory

28    shall not be deemed a waiver of any applicable specific or general objection to an interrogatory.

1   Samsung reserves the right to supplement its answers as more information becomes available

2   and/or as the scope of Wistron's interrogatory is further defined.

3          Subject to the foregoing General Statement and Objections and without waiving any of

4   them, Samsung responds as follows:

5

6                              **RESPONSE TO INTERROGATORIES**

7   **INTERROGATORY NO. 13:**

8          Please state whether Samsung has disclosed all of its patents and patent applications

9   involving memory module technology, without limitation, the technology described in Samsung's

10  '100 patent, to any standards setting organization, including without limitation, JEDEC, in

11  accordance with that organization's patent disclosure policy, and state all facts relating to

12  Samsung's failure to disclose and/or actual disclosure of such patents and/or patent applications

13  so identified.

14  **RESPONSE TO INTERROGATORY NO. 13:**

15          Samsung objects to this interrogatory on the ground that the term "all" renders this

16  interrogatory overly broad and unduly burdensome. Samsung further objects to this interrogatory

17  on the ground that it seeks information that is neither relevant to the subject matter of this action

18  nor reasonably calculated to lead to the discovery of admissible evidence herein. Samsung

19  further objects to this interrogatory on the ground that the phrase "any standards setting

20  organization" is vague, ambiguous, argumentative and calls for a legal conclusion. Samsung

21  further objects to this interrogatory on the ground that the phrase "patent disclosure policy" is

22  vague, ambiguous, argumentative and calls for a legal conclusion. For example, this

23  interrogatory purports to require Samsung to state *all* patents that it has not disclosed to *any*

24  standards setting body. Samsung further objects to this interrogatory on the ground that the

25  phrase "any standards setting organization" renders this interrogatory compound because, as

26  drafted, it encompasses multiple discrete subject matters. Samsung further objects to this

27  interrogatory on the ground that the definition of "memory module technology" is vague,

28  ambiguous, argumentative and calls for a legal conclusion. Samsung further objects to this

1  interrogatory to the extent that it seeks disclosure of information that is protected by the attorney-

2  client privilege and/or the attorney work-product doctrine, or other privilege. Samsung further

3  objects to this interrogatory on the ground that it seeks information that is neither relevant to the

4  subject matter of this action nor reasonably calculated to lead to the discovery of admissible

5  evidence herein. Samsung further objects to this interrogatory on the ground and to the extent

6  that certain responsive facts are in Wistron's or other parties' possession, custody or control.

7  **FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 13:**

8      Samsung objects to this interrogatory on the ground that the term "all" renders this

9  interrogatory overly broad and unduly burdensome. Samsung further objects to this interrogatory

10  on the ground that it seeks information that is neither relevant to the subject matter of this action

11  nor reasonably calculated to lead to the discovery of admissible evidence herein. Samsung

12  further objects to this interrogatory on the ground that the phrase "any standards setting

13  organization" is vague, ambiguous, argumentative and calls for a legal conclusion. Samsung

14  further objects to this interrogatory on the ground that the phrase "patent disclosure policy" is

15  vague, ambiguous, argumentative and calls for a legal conclusion. For example, this

16  interrogatory purports to require Samsung to state *all* patents that it has not disclosed to *any*

17  standards setting body. Samsung further objects to this interrogatory on the ground that the

18  phrase "any standards setting organization" renders this interrogatory compound because, as

19  drafted, it encompasses multiple discrete subject matters. Samsung further objects to this

20  interrogatory on the ground that the definition of "memory module technology" is vague,

21  ambiguous, argumentative and calls for a legal conclusion. Samsung further objects to this

22  interrogatory to the extent that it seeks disclosure of information that is protected by the attorney-

23  client privilege and/or the attorney work-product doctrine, or other privilege. Samsung further

24  objects to this interrogatory on the ground that it seeks information that is neither relevant to the

25  subject matter of this action nor reasonably calculated to lead to the discovery of admissible

26  evidence herein. Samsung further objects to this interrogatory on the ground and to the extent

27  that certain responsive facts are in Wistron's or other parties' possession, custody or control.

28  ///

1    Subject to and without waiving the foregoing objection and the General Statement and

2  Objections, Samsung responds as follows:

3    Pursuant to Rule 33(d), Wistron may ascertain the requested information from the

4  following documents produced by Samsung:

5    SEC-WE 00038608 – 00111523.

6

7  Dated: June _6_, 2008

8                                     DLA PIPER US LLP

9                            By

10                                   MARK FOWLER
                                     M. ELIZABETH DAY
11                                   TIM LOHSE
                                     SAL LIM
12                                   GREGORY LUNDELL
                                     ERIK FUEHRER
13                                   Attorneys for Defendant and Counter-Plaintiff
                                     SAMSUNG ELECTRONICS CO., LTD

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28