IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WISTRON CORPORATION, a Taiwan corporation,<br><br>    Plaintiff and Counterclaim Defendant,<br><br>    v<br><br>SAMSUNG ELECTRONICS CO, a Republic of Korea corporation,<br><br>    Defendant and Counterclaim Plaintiff,<br><br>    v<br><br>WISTRON INFOCOMM (TEXAS) CORPORATION,<br><br>    Counterclaim Defendant.<br>_____/ | No   C 07-4748 VRW<br><br>ORDER |

        Following the court's conference call on June 13, 2008, to address discovery disputes, the court received a protocol for further deposition discovery agreed to on behalf of all parties. Doc #68. In the hope that this protocol and closer supervision of discovery by senior responsible lawyers will ensure professional – and adult – behavior at depositions herein, the stay of deposition discovery is VACATED.

In connection with interrogatory discovery the court requested additional information regarding two of plaintiff's interrogatories. Plaintiff responded by letter filed with the court. Doc #67.

Plaintiff claimed that defendant's response to interrogatory number one was insufficient. The court ordered plaintiff to submit a copy of defendant's response so that the court could determine its adequacy. Plaintiff asserts that the response is inadequate because it refers only to two entries in a privilege log; plaintiff asserts that the two documents are not privileged and that defendant has not certified that it has no other non-privileged documents. Doc #62. Plaintiff surprisingly failed to submit a copy of the privilege log entries at issue. Without that information, the court cannot determine whether defendant has properly asserted any claim of privilege. Plaintiff is ORDERED to submit the relevant portions of defendant's privilege log no later than June 19, 2008.

Plaintiff also objected to defendant's response to interrogatory number thirteen as "evasive and inadequate * * * [and not] even attempting to provide a substantive response." Doc #62 at 2. Plaintiff's objection may be well-taken, but the interrogatory is hardly a model to be emulated by anyone. By attempting to chase every rabbit down every hole, the interrogatory suffers from the vice of being both compound and susceptible to confusion. Defendant's response is no better; it amounts to a blunderbuss of objections and cryptic document dump references.

The gamesmanship must stop. With regard to interrogatory number thirteen, the court ORDERS the following:

2

1. Plaintiff shall re-draft the interrogatory in proper format (i e, not as a compound question but as a direct, straightforward question) and re-propound the interrogatory no later than June 19, 2008; if necessary, plaintiff may break the question into discrete subparts.

2. No later than June 26, 2008, defendant shall respond to the interrogatory, without boilerplate objections.  If, indeed, the answer is to be found in the 70,000 or so documents defendant refers to in its response, defendant shall give some indication of how to go about finding the answer in the mass of documents.

If these measures do not obviate the discovery problem, the aggrieved party shall promptly seek the court's assistance with a cogent explanation of the problem.  In the meantime, counsel are urged to shape up!


IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge