# EXHIBIT B

1   MICHAEL J. BETTINGER (State Bar No. 122196)
    TIMOTHY P. WALKER, PHD (State Bar No. 105001)
2   HAROLD H. DAVIS, JR. (State Bar No. 235552)
    K&L GATES
3   55 Second Street, Suite 1700
    San Francisco, CA 94105
4   mike.bettinger@klgates.com
    timothy.walker@klgates.com
5   harold.davis@klgates.com
    Phone:  (415) 882-8200
6   Fax:    (415) 882-8220

7   Attorneys for Plaintiff
    WISTRON CORPORATION

8

9

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12               SAN FRANCISCO DIVISION

13   WISTRON CORPORATION, a Taiwan          Case No.
     corporation,
14                                          COMPLAINT FOR DECLARATORY
                                            JUDGMENT OF NON-INFRINGEMENT
15                        Plaintiff,        AND INVALIDITY OF U.S. PATENT
                                            NOS. 5,333,273; 5,625,275 AND 6,523,100
16         v.

17   SAMSUNG ELECTRONICS CO., LTD., a       JURY TRIAL DEMANDED
     Republic of Korea corporation,
18
                          Defendant.
19

20

21         Plaintiff WISTRON CORPORATION ("Wistron") complains of defendant SAMSUNG

22   ELECTRONICS CO., LTD. ("Samsung Electronics") and by this complaint alleges as follows:

23                              JURISDICTION

24         1.     This complaint is filed under 28 U.S.C. §§ 2201 and 2202 for a Declaratory Judgment

25   that the Travelmate 2410 Notebook Personal Computer ("Travelmate PC") manufactured by Wistron

26   does not infringe United States Patent No. 5,333,273, "Protected Hot Key Function for

27   Microprocessor-Based Computer System" ("the '273 patent"); U.S. Patent No. 5,625,275, "Power

28

1  Supply Which Provides a Variable Charging Current to a Battery in a Portable Computer System"

2  ("the '275 patent"); and U.S. Patent No. 6,523,100, "Multiple Mode Memory Module" ("the '100

3  patent"), collectively the "Patents-In-Suit." The complaint further seeks a Declaratory Judgment that

4  the Patents-In-Suit are invalid as anticipated under 35 U.S.C. § 102, invalid as obvious under 35

5  U.S.C. § 103, and invalid for failure to meet the requirements of 35 U.S.C. § 112.

6      2.    This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7  **VENUE**

8      3.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(a).

9  Defendant Samsung Electronics operates in the United States through its wholly-owned subsidiary

10  Samsung Semiconductor, Inc., which has its headquarters and principle place of business in this

11  District. Defendant Samsung Electronics resides in this District, and a substantial part of the events

12  that give rise to the action occurred in this District.

13  **INTRADISTRICT ASSIGNMENT**

14      4.    Assignment of this case is proper in the San Francisco Division. Pursuant to Local

15  Rule 3-11, this case is related to the case entitled *Samsung Electronics Co. Ltd. v. Quanta Computer,*

16  *et al.*, No. 3:00-CV-04524 VRW ("the *Quanta* case"), which was assigned to Chief Judge Vaughn R.

17  Walker of the San Francisco Division. Both plaintiff Wistron and defendant Samsung Electronics do

18  business within the San Francisco Division.

19  **THE PARTIES**

20      5.    Wistron is a corporation organized in 2001, and existing under the laws of Taiwan,

21  with its principle place of business in Hsichih , Taiwan. Wistron is an Original Design

22  Manufacturing ("ODM") company that designs, develops and manufactures electronic products for

23  customers to sell under their own brand name. Wistron is a leading manufacturer of Notebook

24  Personal Computers, including the Travelmate PC which is sold throughout the United States,

25  including sales in this District.

26      6.    Samsung Electronics is a corporation organized and existing under the laws of the

27  Republic of Korea, with its principle place of business in Seoul, South Korea. Samsung Electronics

28

COMPLAINT FOR DECLARATORY JUDGMENT OF
NON-INFRINGEMENT AND INVALIDITY OF U.S.
PATENT NOS. 5,333,273; 5,625,275 AND 6,523,100
Case No.

-2-

PRINTED ON RECYCLED PAPER

1  is a member of the multinational conglomerate Samsung Group, which manufactures and sells

2  products ranging from automobiles to refrigerators to cell phones. Samsung Electronics operates in

3  the United States through its wholly owned subsidiary Samsung Semiconductor, Inc., which is a

4  corporation organized and existing under the laws of California, with its headquarters and principal

5  place of business in San Jose, California. In 2006, Samsung Electronics boasted sales revenues of

6  nearly $92 billion, with an operating profit in excess of $10 billion.

7  **SAMSUNG ELECTRONICS IMPROPER THREATS OF PATENT INFRINGEMENT**

8        7.       In or about August 2006, Samsung Electronics embarked upon an improper campaign

9  of threats to file a baseless patent infringement lawsuit against Wistron for the purpose, and intended

10  effect, of disrupting the sale of Travelmate PCs in the United States.

11        8.       As part of the improper campaign, Samsung Electronics referred Wistron to the

12  previously-filed *Quanta* case, in which the '273 patent was found valid and infringed by defendant

13  Compal Electronics, Inc. Wistron, in good faith, reviewed the pleadings and rulings in the *Quanta*

14  case, and then explained to Samsung Electronics that Wistron's Travelmate PC had a different

15  architecture. Wistron explained to Samsung Electronics that as a result of the architectural

16  differences, the '273 patent did not cover the Travelmate PC.

17        9.       Samsung Electronics refused to concede the obvious architectural differences and,

18  instead, responded that regardless of the architectural differences, a patent infringement lawsuit

19  would be expensive. Further, Samsung Electronics attempted to increase the unfounded threat by

20  adding claims that the Travelmate PC infringed the '275 and '100 patents as well. These additional

21  threats of infringement are equally baseless.

22        10.      Within the past week, Samsung Electronics has stated that it will file a patent

23  infringement lawsuit against Wistron for alleged infringement of the Patents-in-Suit unless Wistron

24  agrees to pay Samsung Electronics what amounts to an unfounded ransom. In view of these clearly

25  articulated - yet wholly unfounded - threats, Wistron has an objectively reasonable apprehension that

26  Samsung Electronics will file an improper, baseless patent infringement suit against Wistron, for the

27  sole purpose and intended effect of disrupting the sale of Travelmate PCs in the United States.

28

1    11.    The Travelmate PC manufactured by Wistron does not infringe any valid claim of the

2  Patents-In-Suit. Wistron brings this Declaratory Judgment action for this Court to confirm and

3  declare, as a matter of law, that Wistron's Travelmate PC does not infringe any valid claim of the

4  Patents-In-Suit. Furthermore, Wistron requests that it be awarded all of its costs, including

5  attorney's fees, for having to defend itself against an improper, baseless threat of patent infringement

6  that is being made for the sole purpose and intended effect of disrupting Wistron's sale of

7  Travelmate computers in the United States.

8                                    **CLAIM FOR RELIEF**

9    12.    Wistron alleges, and incorporates by reference, the allegations of paragraphs 1 though

10  11, above.

11    13.    An actual and justiciable case or controversy, as defined under 28 U.S.C. § 2201,

12  currently exists between the Wistron and Samsung Electronics on the issues of whether Wistron's

13  Travelmate PC infringes the Patents-In-Suit, and whether the Patents-In-Suit are valid.

14                                    **PRAYER FOR RELIEF**

15    WHEREFORE, Wistron prays for relief as follows:

16    1.    A judgment declaring that the Travelmate PC manufactured by Wistron does not

17  infringe the Patents-In-Suit;

18    2.    A judgment declaring that the Patents-In-Suit are invalid as anticipated under 35

19  U.S.C. § 102;

20    3.    A judgment declaring that the Patents-In-Suit are invalid as obvious under 35 U.S.C.

21  § 103;

22    4.    A judgment declaring that the Patents-In-Suit are invalid for failure to meet the

23  requirements of 35 U.S.C. § 112;

24    5.    A judgment declaring that this is an exceptional case under 35 U.S.C. § 285, and

25  awarding plaintiff its costs of suit, including reasonable attorney's fees; and

26

27

28

1       6.    Any such other relief as the Court deems just and proper

2

3   DATED:  September 14, 2007          K&L GATES

4

5

6   By _____

7       Michael J. Bettinger

    Attorneys for Plaintiff

    WISTRON CORPORATION

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DECLARATORY JUDGMENT OF        -5-        PRINTED ON RECYCLED PAPER
NON-INFRINGEMENT AND INVALIDITY OF U.S.
PATENT NOS. 5,333,273; 5,625,275 AND 6,523,100
Case No.

## JURY TRIAL DEMANDED

1

2    Wistron requests a trial by jury on each cause of action for which a trial by jury is proper.

3

DATED:  September 14, 2007                          K&L GATES

4

5

6    By

7    Michael J. Bettinger
     Attorneys for Plaintiff
8    WISTRON CORPORATION

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## CERTIFICATE OF INTERESTED PARTIES

2      Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the

3  named parties, there are no interested parties to report.

4

DATED:  September 14, 2007

5                                         K&L GATES

6

7                                         By _____

8                                         Michael J. Bettinger
                                          Attorneys for Plaintiff
9                                         WISTRON CORPORATION

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28