# EXHIBIT C

| | |
|---|---|
| 1 | MARK D. FOWLER, Bar No. 124235 |
|   | mark.fowler@dlapiper.com |
| 2 | ELIZABETH DAY, Bar No. 177125 |
|   | elizabeth.day@dlapiper.com |
| 3 | TIMOTHY LOHSE, Bar No. 177230 |
|   | timothy.lohse@dlapiper.com |
| 4 | SAL LIM, Bar No. 211836 |
|   | sal.lim@dlapiper.com |
| 5 | GREGORY J. LUNDELL, Bar No. 234941 |
|   | greg.lundell@dlapiper.com |
| 6 | BRIAN P. WIKNER, Bar No. 244292 |
|   | brian.wikner@dlapiper.com |
| 7 | DLA PIPER US LLP |
|   | 2000 University Avenue |
| 8 | East Palo Alto, CA  94303-2214 |
|   | Tel:  650.833.2000 |
| 9 | Fax:  650.833.2001 |

Attorneys for Defendant and Counter-Plaintiff
SAMSUNG ELECTRONICS CO., LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WISTRON CORPORATION, a Taiwan corporation,<br><br>    Plaintiff and Counter-Defendant,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Republic of Korea corporation<br><br>    Defendant and Counter-Plaintiff. | CASE NO.  C-07-4748 MEJ<br><br>**ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT; COUNTERCLAIM FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR A JURY TRIAL**<br><br>**CERTIFICATION OF INTERESTED ENTITIES OR PARTIES** |

DLA PIPER US LLP
EAST PALO ALTO

EM\7222576.1
347269-904400

-1-
SAMSUNG'S ANSWER AND COUNTERCLAIMS FOR PATENT INFRINGEMENT;
CASE NO. C-07-4748 MEJ

Plaintiff Samsung Electronics Co., Ltd. ("Samsung") hereby answers Wistron Corporation's ("Wistron Corp.") Complaint for Declaratory Judgment of Non-Infringement and Invalidity of U.S. Patent Nos. 5,333,273, 5,625,275 and 6,523,100 (the "Complaint") in numbered paragraphs corresponding to the numbered paragraphs of the Complaint, and submits Counterclaims for patent infringement against Wistron Corp.

## SAMSUNG'S ANSWER

### JURISDICTION

1. Samsung admits jurisdiction exists under 28 U.S.C. §§ 2201 and 2202. Samsung admits the Complaint seeks the declaratory relief alleged in paragraph 1 of the Complaint. Samsung denies the remaining allegations of paragraph 1 of the Complaint, and specifically denies that Wistron is entitled to the declaratory relief sought by paragraph 1.

2. Samsung admits that this Court has jurisdiction to hear the Complaint pursuant to 28 U.S.C. §§ 1331 and 1338(a).

### VENUE

3. Samsung admits venue is proper to this District. Samsung denies venue is proper in this District under 28 U.S.C. § 1400(a). Samsung admits Samsung Semiconductor, Inc. is headquartered and has its principal place of business in this District. Samsung admits that a substantial part of the events that give rise to the action occurred in this District. Samsung denies the remaining allegations of paragraph 3.

### INTRA-DISTRICT ASSIGNMENT

4. Samsung denies the applicability of Civil L.R. 3-11. Samsung otherwise admits the allegations of paragraph 4 of the Complaint.

### THE PARTIES

5. Samsung is without sufficient information or belief to admit or deny this paragraph and, on that basis, denies the allegations of this paragraph.

6. Samsung admits the first sentence of paragraph 6 of the Complaint. Samsung admits Samsung Semiconductor, Inc. is a corporation organized and existing under the laws of California, with its headquarters and principal place of business in San Jose, California. Samsung

-2-
DLA PIPER US LLP
EAST PALO ALTO
EM\7222576.1
347269-904400
SAMSUNG'S ANSWER AND COUNTERCLAIMS FOR PATENT INFRINGEMENT;
CASE NO. C-07-4748 MEJ

denies the remaining allegations of paragraph 6 of the Complaint.

## GENERAL ALLEGATIONS

7. Deny.

8. Samsung admits U.S. Patent No. 5,333,273 (the "'273 Patent") was found valid and infringed in the case entitled *Samsung Electronics Co., Ltd. v. Quanta Computer, et al.*, No. 3:00-CV-04524 VRW (the "Quanta case"). Samsung admits Samsung referred Wistron to that case. Samsung lacks sufficient information and belief sufficient to admit or deny whether "Wistron, in good faith, received the pleadings and rulings in the *Quanta* case," and, on this basis, denies those allegations. Samsung denies the remaining allegations of paragraph 8 of the Complaint.

9. Samsung admits it contends Wistron infringes U.S. Patent Nos. 5,625,275 and 6,523,100. Samsung admits discussing with Wistron that patent litigation is expensive. Samsung denies the remaining allegations of paragraph 9 of the Complaint.

10. Samsung admits it advised Wistron of the possibility Samsung would file a patent infringement suit against Wistron for Wistron's infringement of Samsung's patents absent a satisfactory resolution of Samsung's claims against Wistron. Samsung denies the remaining allegations of paragraph 10 of the Complaint.

11. Samsung denies the Travelmate PC manufactured by Wistron does not infringe any valid claim of the patents-in-suit. Samsung admits Wistron seeks declaratory judgment as alleged in the Complaint, but denies that Wistron is entitled to the relief it seeks. Samsung denies the remaining allegations of paragraph 11 of the Complaint.

## CLAIM FOR RELIEF

12. Samsung answers with, and incorporates by reference, the answers of paragraphs 1 through 11, above.

13. Admit.

///
///
///

DLA PIPER US LLP
EAST PALO ALTO
EM\7222576.1
347269-904400
-3-
SAMSUNG'S ANSWER AND COUNTERCLAIMS FOR PATENT INFRINGEMENT;
CASE NO. C-07-4748 MEJ

## SAMSUNG'S COUNTERCLAIM FOR INFRINGEMENT OF U.S. PATENT NOS. 5,333,273, 5,625,275 AND 6,523,100

Counter-Plaintiff Samsung alleges as follows:

### JURISDICTION

1. This action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq*. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), and 1367.

### VENUE

2. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(d) and 1400(b).

### INTRA-DISTRICT ASSIGNMENT

3. Pursuant to Civil L.R. 3-2(c), this case is appropriate for assignment on a district-wide basis because this is an Intellectual Property Action. Pursuant to Civil L.R. 3-12, this case is related to the case entitled *Samsung Electronics Co., Ltd. v. Quanta Computer, et al.*, No. 3:00-CV-04524 VRW, which was assigned to Chief Judge Vaughn R. Walker.

### PARTIES

4. Counter-Plaintiff Samsung is a corporation organized and existing under the laws of the Republic of Korea with its principal place of business in the Republic of Korea. Samsung is in the business of, among other things, designing, manufacturing and selling notebook computers.

5. Samsung alleges on information and belief that Counter-Defendant Wistron Corp. is organized and existing under the laws of the Republic of China (Taiwan) with its principal place of business located in Hsichih, Taiwan. Samsung alleges on information and belief that Wistron is an Original Design Manufacturing ("ODM") company that designs, develops and manufactures electronic products for customers to sell under their own brand name. Samsung alleges on information and belief that Wistron manufactured notebook personal computers are sold throughout the United States.

DLA PIPER US LLP
EAST PALO ALTO

EM\7222576.1
347269-904400

-4-
SAMSUNG'S ANSWER AND COUNTERCLAIMS FOR PATENT INFRINGEMENT;
CASE NO. C-07-4748 MEJ

## THE PATENTS-IN-SUIT

6. On July 26, 1994, United States Patent No. 5,333,273 (the "'273 Patent"), entitled "Protected Hot Key Function For Microprocessor-Based Computer System," was duly and legally issued by the United States Patent and Trademark Office ("USPTO") to Charles F. Raasch et al., who assigned their rights in the '273 Patent to AST Research, Inc. AST assigned its rights in the '273 Patent to Samsung on December 23, 1998. Samsung is the owner of the entire right, title and interest in and to the '273 Patent. A true and correct copy of the '273 Patent is attached hereto as Exhibit A.

7. On April 29, 1997, United States Patent No. 5,625,275 (the "'275 Patent"), entitled "Power Supply Which Provides a Variable Charging Current to a Battery in a Portable Computer System," was duly and legally issued by the USPTO to Roy Tanikawa, et al., who assigned their rights in the '275 Patent to AST Research, Inc. on May 16, 1995. AST Research, Inc. assigned its rights in the '275 Patent to Samsung Electronics America, Inc. on March 8, 2002. Samsung America, Inc. assigned its rights in the '275 Patent to Counter-Plaintiff and Third-Party Plaintiff, Samsung Electronics Co., Ltd. on March 26, 2002. Samsung is the owner of the entire right, title and interest in and to the '275 Patent. A true and correct copy of the '275 Patent is attached hereto as Exhibit B.

8. On February 18, 2003, United States Patent No. 6,523,100 (the "'100 Patent"), entitled "Multiple Mode Memory Module," was duly and legally issued by the USPTO to Edward D. Mann who assigned his rights in the '100 Patent to Wang Laboratories, Inc. on March 5, 1989. On August 29, 1997, Wang Laboratories, Inc. assigned its rights in the '100 Patent to Samsung. Samsung is the owner of the entire right, title and interest in and to the '100 Patent. A true and correct copy of the '100 Patent is attached hereto as Exhibit C.

## NOTICE OF INFRINGEMENT

9. On August 7, 2006, Samsung gave Wistron Corp. actual notice that Wistron Corp. was infringing the Patents-In-Suit.

DLA PIPER US LLP
EAST PALO ALTO

EM\7222576.1
347269-904400

-5-
SAMSUNG'S ANSWER AND COUNTERCLAIMS FOR PATENT INFRINGEMENT;
CASE NO. C-07-4748 MEJ

## FIRST CLAIM FOR RELIEF

**(PATENT INFRINGEMENT OF THE '273 PATENT AGAINST WISTRON CORP.)**
**(35 U.S.C. § 271)**

10. Samsung incorporates the allegations set forth above in paragraphs 1 through 10.

11. Samsung alleges on information and belief that Wistron has infringed and continues to infringe, has induced and continues to induce others to infringe, and/or has committed and continues to commit acts of contributory infringement of, one or more claims of the '273 Patent by importing, making, using, selling and/or offering for sale in the United States and this District computer notebook products and components thereof that embody the inventions of the '273 Patent. Such infringing activities violate 35 U.S.C. § 271.

12. Upon information and belief, Samsung alleges that Wistron's infringement has been and continues to be intentional and willful.

13. As a consequence of Wistron's infringing activities, Samsung has suffered monetary damages in an amount not yet determined, and Samsung will continue to suffer harm (including irreparable harm) in the future unless and until Wistron's infringing activities are enjoined by this Court.

14. Wistron's infringement of the '273 Patent makes this an "exceptional" case within the meaning of 35 U.S.C. § 285.

## SECOND CLAIM FOR RELIEF

**(PATENT INFRINGEMENT OF THE '275 PATENT AGAINST WISTRON CORP.)**
**(35 U.S.C. § 271)**

15. Samsung incorporates the allegations set forth above in paragraphs 1 through 14.

16. Samsung alleges on information and belief that Wistron has infringed and continues to infringe, has induced and continues to induce others to infringe, and/or has committed and continues to commit acts of contributory infringement of, one or more claims of the '275 Patent by importing, making, using, selling and/or offering for sale in the United States and this District computer notebook products and components thereof that embody the inventions of the '275 Patent. Such infringing activities violate 35 U.S.C. § 271.

DLA PIPER US LLP
EAST PALO ALTO

EM\7222576.1
347269-904400

-6-
SAMSUNG'S ANSWER AND COUNTERCLAIMS FOR PATENT INFRINGEMENT;
CASE NO. C-07-4748 MEJ

17. Upon information and belief, Samsung alleges that Wistron's infringement has been and continues to be intentional and willful.

18. As a consequence of Wistron's infringing activities, Samsung has suffered monetary damages in an amount not yet determined, and Samsung will continue to suffer harm (including irreparable harm) in the future unless and until Wistron's infringing activities are enjoined by this Court.

19. Wistron's infringement of the '275 Patent makes this an "exceptional" case within the meaning of 35 U.S.C. § 285.

### THIRD CLAIM FOR RELIEF

### (PATENT INFRINGEMENT OF THE '100 PATENT AGAINST WISTRON CORP.)
### (35 U.S.C. § 271)

20. Samsung incorporates the allegations set forth above in paragraphs 1 through 19.

21. Samsung alleges on information and belief that Wistron has infringed and continues to infringe, has induced and continues to induce others to infringe, and/or has committed and continues to commit acts of contributory infringement of, one or more claims of the '100 Patent by importing, making, using, selling and/or offering for sale in the United States and this District computer notebook products and components thereof that embody the inventions of the '100 Patent. Such infringing activities violate 35 U.S.C. § 271.

22. Upon information and belief, Samsung alleges that Wistron's infringement has been and continues to be intentional and willful.

23. As a consequence of Wistron's infringing activities, Samsung has suffered monetary damages in an amount not yet determined, and Samsung will continue to suffer harm (including irreparable harm) in the future unless and until Wistron's infringing activities are enjoined by this Court.

24. Wistron's infringement of the '100 Patent makes this an "exceptional" case within the meaning of 35 U.S.C. § 285.

### PRAYER FOR RELIEF

WHEREFORE, Samsung prays for judgment against Wistron as follows:

-7-
DLA PIPER US LLP
EAST PALO ALTO
EM\7222576.1
347269-904400
SAMSUNG'S ANSWER AND COUNTERCLAIMS FOR PATENT INFRINGEMENT;
CASE NO. C-07-4748 MEJ

1.      That Wistron's Complaint be dismissed with prejudice and that Wistron recover nothing thereon;

2.      That Wistron be declared an adjudged to have infringed, induced others to infringe and/or committed acts of contributory infringement of the Patents-In-Suit, that Samsung should be entitled to all rights of recovery thereunder, and that such patents are valid and enforceable;

3.      That Wistron and its officers, agents, servants, employees, and attorneys, and all those persons acting or attempting to act in concert or participation with them or acting on their behalf, be immediately, preliminarily and permanently enjoined and restrained from infringement of the Patents-In-Suit;

4.      That Wistron be ordered to account for and pay to Samsung all damages caused to Samsung by reason of each of its infringement of the Patents-In-Suit pursuant to 35 U.S.C. § 284, including any enhanced damages;

5.      That Samsung be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Wistron's infringement of the Patents-In-Suit;

6.      That this be declared an "exceptional case" pursuant to 35 U.S.C. § 285 and that Wistron be ordered to pay Samsung's attorney fees and costs, and interest thereon at a legal rate; and

7.      That the Court grant such other and further relief as the Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Samsung demands trial by jury for all so triable pursuant to Fed. R. Civ. Pro. 38(b) and Civil L.R. 3-6(a).

Dated: September 21, 2007

DLA PIPER US LLP

By _____
MARK D. FOWLER
Attorneys for Defendant and Counter-Plaintiff
SAMSUNG ELECTRONICS CO., LTD

DLA PIPER US LLP
EAST PALO ALTO
EM\7222576.1
347269-904400
-8-
SAMSUNG'S ANSWER AND COUNTERCLAIMS FOR PATENT INFRINGEMENT;
CASE NO. C 074748 JLJ

**CERTIFICATION OF INTERESTED ENTITIES OR PARTIES**

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

Dated: September 21, 2007

DLA PIPER US LLP

By _____
MARK D. FOWLER
Attorneys for Defendant and Counter-Plaintiff
SAMSUNG ELECTRONICS CO., LTD

DLA Piper US LLP
East Palo Alto

EM\7222576.1
347269-904400

-9-
SAMSUNG'S ANSWER AND COUNTERCLAIMS FOR PATENT INFRINGEMENT;
CASE NO. C 074748 JLJ