# EXHIBIT E

| | | |
|---|---|---|
| 1 | MARK D. FOWLER, Bar No. 124235<br>mark.fowler@dlapiper.com | MICHAEL J. BETTINGER Bar No. 122196 |
| 2 | ELIZABETH DAY, Bar No. 177125<br>elizabeth.day@dlapiper.com | michael.bettinger@klgates.com<br>TIMOTHY P. WALKER, PHD Bar |
| 3 | TIMOTHY LOHSE, Bar No. 177230<br>timothy.lohse@dlapiper.com | No. 105001<br>timothy.walker@klgates.com |
| 4 | SAL LIM, Bar No. 211836<br>sal.lim@dlapiper.com | HAROLD H. DAVIS, JR. Bar No. 235552 |
| 5 | GREGORY J. LUNDELL, Bar No. 234941<br>greg.lundell@dlapiper.com | harold.davis@klgates.com<br>**K&L Gates** |
| 6 | BRIAN P. WIKNER, Bar No. 244292<br>brian.wikner@dlapiper.com | 55 Second Street, Suite 1700<br>San Francisco, California 94105-3493 |
| 7 | DLA PIPER US LLP | Telephone: 415.882.8200 |
| | 2000 University Avenue | Facsimile: 415.882.8220 |
| 8 | East Palo Alto, CA 94303-2214 | |
| | Tel: 650.833.2000 | |
| 9 | Fax: 650.833.2001 | |
| | | Attorneys for Plaintiffs and Counter- |
| 10 | Attorneys for Defendant and Counter-Plaintiff | Claim Defendants |
| | SAMSUNG ELECTRONICS CO., LTD. | WISTRON CORPORATION and |
| 11 | | WISTRON INFOCOMM |
| | | (TEXAS)CORPORATION |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WISTRON CORPORATION, a Taiwan corporation, | CASE NO. C-07-4748 VRW |
| Plaintiff and Counter-Defendant, | **JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER** |
| v. | Case Management Conference: |
| SAMSUNG ELECTRONICS CO., LTD., a Republic of Korea corporation, | Date: December 13, 2007<br>Time: 3:30 p.m.<br>Dept: 6 |
| Defendant and Counter-Plaintiff. | Judge: Hon. Vaughn R. Walker |

IT IS SO ORDERED AS MODIFIED
Judge Vaughn R Walker

DLA PIPER US LLP
EAST PALO ALTO
EM\7224866.5
347269-36
-1-
JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER:
CASE NO. C-07-4748 VRW

| | |
|---|---|
| 1 | SAMSUNG ELECTRONICS CO., LTD., |
| 2 | Counterclaim-Plaintiff, |
| 3 | v. |
| 4 | WISTRON CORPORATION, and WISTRON INFOCOMM (TEXAS) |
| 5 | CORPORATION, |
| 6 | Counterclaim-Defendants. |

7   The parties to the above-entitled action jointly submit this Joint Case Management

8   Statement and [Proposed] Order and request that the Court adopt it as a Case Management Order

9   in this case.

## DESCRIPTION OF THE CASE

11  **1.  A brief description of the underlying action:**

12      This is a declaratory judgment action in part for non-infringement and invalidity of three

13  of Samsung Electronics Co. Ltd.'s ("Samsung") patents. Samsung has counterclaimed for

14  infringement and validity against Wistron Corporation ("Wistron Corp.") and Wistron InfoComm

15  (Texas) Corporation ("Wistron InfoComm"). Wistron Corp. and Wistron InfoComm are

16  collectively referred to herein as "Wistron."

17      Plaintiff and Counterclaim-Defendant Wistron Corp. is a corporation organized and

18  existing under the laws of Taiwan with its principal place of business in Hsichih, Taiwan.

19  Wistron manufactures notebook computers. Counterclaim-Defendant Wistron InfoComm is a

20  Texas subsidiary of Wistron.

21      Samsung is a corporation organized and existing under the laws of the Republic of Korea

22  with its principal place of business in Seoul, South Korea. Samsung is in the business, among

23  others, of manufacturing and selling notebook computers and computer peripheral equipment.

24      Wistron Corp. filed a complaint against Samsung on September 14, 2007, seeking

25  declarations of non-infringement and invalidity of United States Patent Nos. 5,333,273,

26  5,625,275, and 6,523,100 (collectively, "the Patents-in-Suit"). Samsung is the alleged owner of

27  the Patents-in-Suit.

28

DLA PIPER US LLP
EAST PALO ALTO
EM\7224866.5
347269-36
-2-
JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER;
CASE NO. C-07-4748 VRW

Case 3:07-cv-04748-VRW   Document 79-6   Filed 06/20/2008   Page 4 of 12
Case 3:07-cv-04748-VRW   Document 26   Filed 12/05/2007   Page 3 of 11

Samsung answered the complaint on September 21, 2007, and counterclaimed against Wistron Corp. for infringing the Patents-in-Suit by making, using, selling, offering for sale, or importing into the United States, notebook computer products and components of those products. Samsung also alleges that Wistron Corp. has induced and contributed to the infringement of the Patents-in-Suit. Samsung alleges that this infringement is willful. On September 25, 2007, Samsung filed amended counterclaims adding Wistron InfoComm as a counter-defendant. Samsung seeks an award of damages, including enhanced damages, from Wistron pursuant to 35 U.S.C. § 284, injunctive relief, costs, and attorneys' fees pursuant to 35 U.S.C. § 285.

Wistron answered Samsung's counterclaims on October 26, 2007, denied infringement, and asserted several affirmative defenses.

The Court found the two cases to be related on October 2, 2007.

**2. The principal factual issues which the parties dispute:**

The principal factual issues that the parties dispute at this time are:

1. whether Wistron has infringed the Patents-in-Suit;
2. whether Wistron has induced others to infringe the Patents-in-Suit and contributed to the infringement of the Patents-in-Suit;
3. whether Wistron is continuing to infringe or induce others to infringe the Patents-in-Suit, or is continuing to contribute to the infringement of the Patents-in-Suit;
4. whether the Patents-in-Suit are valid and enforceable[1];
5. whether Samsung is entitled to damages and, if so, the amount of such damages;
6. whether any infringement by any of the counter-defendants was willful; and
7. whether Wistron should be enjoined from infringement of the Patents-in-Suit.

**3. The principal legal issues which the parties dispute:**

The principal legal issues that the parties dispute at this time are:

1. The construction of the claims of the Patents-in-Suit.

Samsung contends that the '273 Patent has been the subject of considerable litigation both in this Court and in the Southern District of Texas before Magistrate Judge Johnson and Judge

---

[1] Samsung contends that Wistron has not asserted any unenforceability defenses.

DLA PIPER US LLP
EAST PALO ALTO
EM\7224866.5
347269-36
-3-
JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER:
CASE NO. C-07-4748 VRW

Rainey. In the Quanta action, this Court issued its claim construction order for the '273 Patent on May 12, 2005, and a second order denying the Quanta Defendants' motion for reconsideration on July 25, 2006. (See Exhibits A and B.) In the Texas action, Magistrate Judge Johnson issued her report and recommendation on claim construction for the '273 Patent on April 23, 2003. (See Exhibit C.) Judge Rainey issued his claim construction order for the '273 Patent on June 3, 2004. (See Exhibit D.)

On October 18, 2007, Samsung proposed that the parties stipulate to the '273 Patent claim constructions adopted by the Court in the May 12, 2005 order. Wistron rejected Samsung's proposal on October 25, 2007. Samsung submits that there is no need to further construe the claims of the '273 Patent.

Wistron contends that because it was not a party to the prior litigation, the parties in the prior litigation agreed to the interpretation of several terms without the Court having an opportunity to construe those terms, and the Court left open for further interpretation at least one significant term, claim construction needs to be revisited in this case.

2.  The validity of the Patents-in-Suit.

4.  **The other factual issues *[e.g., service of process, personal jurisdiction, subject matter jurisdiction or venue]* which remain unresolved for the reason stated below and how the parties propose to resolve those issues:**

There are no issues as to service of process, personal jurisdiction, subject matter jurisdiction or venue. Other factual issues may arise in the future.

5.  **The parties which have not been served and the reasons:**

All named parties have been served.

6.  **The additional parties which the below-specified parties intend to join and the intended time frame for such a joinder:**

The parties currently do not believe that they will need to join any additional parties.

7.  **The following parties consent to assignment of this case to a United States Magistrate Judge for [court or jury] trial:**

The parties do not consent to a jury or court trial presided over by a magistrate judge.

DLA PIPER US LLP
EAST PALO ALTO
EM\7224866.5
347269-36
-4-
JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER:
CASE NO. C-07-4748 VRW

## ALTERNATIVE DISPUTE RESOLUTION

**8.  The prospects for settlement:**

The parties engaged in licensing discussions before Wistron filed this lawsuit. At present, the prospects for settlement are uncertain, but both parties have agreed to pursue private mediation.

**9.  ADR efforts by the parties to date:**

None.

**10.  The parties agree to the following ADR plan for the case [including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate to a resolution]:**

The parties have complied with ADR L.R. 3-5. Pursuant to the Stipulation And (Proposed) Order Selecting ADR Process filed on November 29, 2007, the parties have agreed to participate in mediation.

## DISCLOSURE

**11.  The parties certify that they will make the following disclosures on or before the following dates:**

The parties will serve Initial Disclosures on or before December 12, 2007.

## DISCOVERY

**12.  The parties agree to the following discovery plan [Describe the plan, e.g., any limitation on the number, duration or subject matter for various kinds of discovery; discovery from experts; deadlines for completing discovery]:**

   *a.  The parties have conducted or have underway the following discovery:*

Samsung served its first set of interrogatories and requests for production of documents on November 21, 2007.

   *b.  The parties have negotiated the following discovery plan:*

The parties will conduct factual discovery and then expert discovery. The parties may bring any motions in parallel with such discovery.

DLA PIPER US LLP
EAST PALO ALTO
EM\7224866.5
347269-36
-5-
JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER;
CASE NO. C-07-4748 VRW

  c. ***Deadlines for completion of discovery:***

    The parties are anticipating a claim construction hearing will be scheduled on or about July 28, 2008, in accordance with the Local Rules. The parties have prepared the deadlines identified below, assuming a claim construction hearing is held on or about July 28, 2008.

  d. ***All discovery except for experts:***

   1. Samsung submits that the cut-off for fact discovery should be August 31, 2008. Wistron submits that the cut-off for fact discovery should be October 31, 2008.

  e. ***Limitations on discovery tools (specify number):***

  The parties agree to the following discovery limitations:

   1. Maximum number of interrogatories to be propounded by one party to another party: 25.

   2. Maximum number of depositions to be taken by each party likely will exceed 10. The parties agreed that they may take a reasonable number of depositions given the issues in the case. The parties will be able to more closely estimate the number of necessary depositions in this case once the Initial Disclosures have been served.

   3. Time limit for each deposition: 7 hours for each individual deposition for which foreign language translation is not required; 10 hours for each individual deposition for which foreign language translation is required; and a reasonable amount of time for each Rule 30(b)(6) deposition topic.

   4. The number of document requests will not be limited.

   5. The number of requests for admission will not be limited.

  Subject to these limitations, the parties agree that the limitations imposed upon discovery by the FRCP and this Court's Civil Local Rules shall govern. However, the parties reserve their right to apply to the Court in the future for an order either permitting further discovery or imposing additional limitations upon discovery.

DLA PIPER US LLP
EAST PALO ALTO
EM\7224866.5
347269-36
-6-
JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER:
CASE NO. C-07-4748 VRW

1    *f.    Depositions:*

2    1.    Counsel shall endeavor to provide at least 14 days notice for all depositions. Counsel shall also attempt to confer in advance to arrange the date, time and location of the depositions. Any deposition may be videotaped upon notice by any party.

*g.    The parties agree to the following limitations on the subject matter of discovery:*

The parties are placing no limitations on the subject matter of discovery beyond those imposed by the FRCP and this Court's Civil Local Rules.

*h.    Discovery from experts:*

The parties plan to offer expert testimony as to the following subject matter(s):

The parties may offer expert testimony as to issues of infringement, validity and damages. Samsung submits that initial expert reports will be due 40 days after service of the Court's claim construction ruling and that rebuttal expert reports will be due 70 days after service of the Court's claim construction ruling. Wistron submits that initial expert reports will be due 90 days after service of the Court's claim construction ruling and that rebuttal expert reports will be due 120 days after service of the Court's claim construction ruling. Expert discovery will proceed in accordance with Fed. R. Civ. P. 26 (a)(2).

*i.    e-Discovery:*

The parties have agreed that voicemail, instant messaging, and emails from hand-held devices shall not be the subject of e-Discovery. The parties also have agreed that no party shall be required to obtain documents from its back-up tapes absent a showing of good cause by the other party. The format of electronically produced documents shall be single page tiffs identified by Bates number (e.g., TRX000001.tif), a .DAT Concordance load file (or similar format) with a minimum of beginning, ending and page count fields for each document, and a .OPT Opticon load file (or similar format) containing image information.

## TRIAL SCHEDULE

13.    **The parties request a trial date as follows:**

Samsung requests a date available and convenient for the Court in November 2008. Wistron requests a date available and convenient for the Court in January 2009.

DLA PIPER US LLP
EAST PALO ALTO
EM\7224866.5
347269-36
-7-
JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER;
CASE NO. C-07-4748 VRW

14. **The parties expect that the trial will last for the following number of days:**

Approximately 14 court days.

### PATENT LOCAL RULES

15. **Proposed modification of the deadlines provided for in the Patent Local Rules, and the effect of any such modification on the date and time of the Claim Construction Hearing, if any (Pat. L.R. 2-1(a)(1)):**

The parties do not wish to modify the deadlines provided for in the Patent Local Rules. The parties shall follow the schedule identified below pursuant to the Patent Local Rules:

| PATENT LOCAL RULES DEADLINES | |
|---|---|
| Due date: | Event: |
| December 5, 2007 | Initial Case Management Conference |
| December 28, 2007 | Last day for Samsung to file/serve Disclosure of Asserted Claims and Preliminary Infringement Contentions and produce or make available for inspection documents re same. Patent L.R. 3-1, 3-2, 3-5(a) |
| ~~February 14, 2008 (Samsung's Proposal)~~ February 28, 2008 (Wistron's Proposal) | Last day for Wistron to file/serve Preliminary Invalidity Contentions and produce or make available for inspection documents re same. Patent L.R. 3-1, 3-2, 3-5(a), Fed. R. Civ. P. 6(a) |
| March 4, 2008 | Last day for Samsung and Wistron to exchange Proposed Terms and Claim Elements for Construction. Patent L.R. 4-1 |
| March 27, 2008 | Last day for Samsung and Wistron to exchange Preliminary Claim Constructions and Extrinsic Evidence. Patent L.R. 4-2 |
| April 21, 2008 | Last day for Samsung and Wistron to file/serve the Joint Claim Construction and Pre-Hearing Statement. Patent L.R. 4-3 |

DLA PIPER US LLP
EAST PALO ALTO
EM\7224866.5
347269-36
-8-
JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER:
CASE NO. C-07-4748 VRW

| PATENT LOCAL RULES DEADLINES ||
|---|---|
| May 21, 2008 | Last day for Samsung and Wistron to complete Claim Construction Discovery. Patent L.R. 4-4 |
| June 9, 2008 | Last day for Samsung to file/serve Opening Claim Construction Brief and Supporting Evidence. Patent L.R. 4-5(a) |
| June 26, 2008 | Last day for Wistron to file/serve Responsive Claim Construction Brief and Supporting Evidence. Patent L.R. 4-5(b) |
| July 10, 2008 | Last Day for Samsung to file/serve Final Reply Brief and any evidence rebutting the supporting evidence contained in Wistron's Response. Patent L.R. 4-5(c) |
| ~~July 28, 2008~~ | ~~Claim Construction Hearing~~ |
| 30 Days after service of Claim Construction ruling | Final Infringement Contentions. Patent L.R. 3-6(a) |
| 50 Days after service of Claim Construction ruling | Final Invalidity Contentions and Production of Willfulness Opinions. Patent L.R. 3-6(b), 3-8 |

16. **Whether the Court will hear live testimony at the Claim Construction Hearing (Pat. L.R. 2-1(a)(2)):**

At this time, the parties do not believe that live testimony at the Claim Construction Hearing will be necessary, but will have experts available should the Court believe it will assist in its decision.

17. **The need for and any specific limits on discovery relating to claim construction, including depositions of witnesses, including expert witnesses (Pat. L.R. 2-1(a)(3)):**

The parties have not at this time identified any limits that should be imposed.

18. **The order of presentation at the Claim Construction Hearing (Pat. L.R. 2-1(a)(4)):**

The parties propose that the presentation at the Claim Construction Hearing will proceed on a patent-by-patent, term-by-term basis. As discussed in more detail below under section 20,

DLA PIPER US LLP
EAST PALO ALTO
EM\7224866.5
347269-36
-9-
JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER:
CASE NO. C-07-4748 VRW

1  the parties dispute who should go first during the Claim Construction Hearing.

2  **19.  The scheduling of a Claim Construction Prehearing Conference to be held after the**

3  **Joint Claim Construction and Prehearing Statement provided for in Patent L.R. 4-3 has**

4  **been filed (Pat. L.R. 2-1(a)(5)):**

5  To the extent the Court believes a Claim Construction Prehearing Conference is

6  appropriate, the parties request that the hearing be scheduled for ten days prior to the hearing.

7  **20.  Other Issues:**

8  Wistron filed this action as a declaratory relief proceeding. Samsung requests that the

9  Court formally realign the parties so that Samsung is the named plaintiff and counter-defendant,

10  and so that Wistron Corp. is a named defendant and counter-plaintiff, and Wistron InfoComm is a

11  named defendant. It is well within the Court's discretion to realign the parties. *Plumtree*

12  *Software, Inc. v. Datmize, LLC*, 2003 US Dist Lexis 26948 at *6 (N.D. Cal. 2003)(J. Walker).

13  The Court should look to the "primary purpose" of the litigation to determine which party should

14  be the Plaintiff. *Id.* at *10. Here, the primary purpose of the litigation is to determine whether

15  Wistron infringes the Patents-In-Suit, making Samsung the natural plaintiff. *Id.* at *11. Further,

16  the Patent Local Rules favor making the party asserting infringement the plaintiff, no decisions of

17  infringement or invalidity have been made, there is currently no evidence of unenforceability, and

18  there is no suggestion of forum shopping by Samsung (indeed, Wistron sued in the same Court in

19  which Samsung previously sued Compal, Quanta and Twinhead on one of the same Patents-In-

20  Suit). These factors all favor realignment in this case. *Id.* at *15-16. Wistron also asserts this

21  issue should be decided by formal motion rather than at the Case Management Conference.

22  Samsung believes the Case Management Conference is an appropriate time, perhaps the most

23  appropriate time, to address this issue. However, Samsung will, of course, file a formal motion if

24  the Court determines a formal motion is the preferred means to address this issue.

25  Wistron opposes Samsung's request for two reasons. First, the Patent Local Rules

26  explicitly provide for a declaratory plaintiff, thus there is no reason to realign the parties. This

27  Court has previously held that realignment in a patent infringement case is improper. *See*

28  *Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*, Case No. C 03-01431 SBA, 2006 U.S.

DLA PIPER US LLP
EAST PALO ALTO

EM\7224866.5
347269-36

-10-
JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER:
CASE NO. C-07-4748 VRW

1  Dist. LEXIS 42159, *18 (N.D. Cal. June 12, 2006) (Court denied defendant's motion to realign
2  the parties in a patent infringement suit. The court held that the plaintiff, who filed suit seeking a
3  declaration that the patents-in-suit were invalid and unenforceable "[wa]s entitled to proceed first
4  in all phases of the case."). Second, Samsung has not properly filed a motion for such
5  realignment nor has it proffered any valid reason for realignment. Instead, Samsung appears to
6  seek realignment only for the tactical purpose of presenting to the jury as a "plaintiff."

## DISCLOSURE OF INTERESTED ENTITIES OR PERSONS

Both parties have previously filed the required Certification of Interested Entities or Persons pursuant to Civil L.R. 3-16. As of this date, neither Wistron nor Samsung has such an interest to report, other than the named parties.

## CASE MANAGEMENT ORDER

The Case Management Statement and [Proposed] Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

Dated: December 5, 2007

/s/ Mark Fowler
Mark D. Fowler
Attorney for Samsung Electronics Co., Ltd.

Dated: December 5, 2007

/s/ Michael J. Bettinger
Michael J. Bettinger
Attorney for Wistron Corp. and Wistron InfoComm

**IT IS SO ORDERED:**

Dated: December 13, 2007

Hon. Vaughn R. Walker
UNITED STATES DISTRICT JUDGE

DLA PIPER US LLP
EAST PALO ALTO

EM\7224866.5
347269-36

-11-
JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER:
CASE NO. C-07-4748 VRW