MARK D. FOWLER, Bar No. 124235
mark.fowler@dlapiper.com
ELIZABETH DAY, Bar No. 177125
elizabeth.day@dlapiper.com
TIMOTHY LOHSE, Bar No. 177230
timothy.lohse@dlapiper.com
SAL LIM, Bar No. 211836
sal.lim@dlapiper.com
GREGORY J. LUNDELL, Bar No. 234941
greg.lundell@dlapiper.com
NICKOLAS J. BOHL, Bar No. 245943
nickolas.bohl@dlapiper.com
DLA PIPER US LLP
2000 University Avenue
East Palo Alto, CA 94303-2214
Tel: 650.833.2000
Fax: 650.833.2001

Attorneys for Defendant and Counter-Plaintiff
SAMSUNG ELECTRONICS CO., LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WISTRON CORPORATION, a Taiwan corporation,<br><br>Plaintiff and Counter-Defendant,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Republic of Korea corporation<br><br>Defendant and Counterclaim-Plaintiff.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br><br>Counterclaim-Plaintiff,<br><br>v.<br><br>WISTRON CORPORATION, and WISTRON INFOCOMM (TEXAS) CORPORATION,<br><br>Counterclaim-Defendants. | CASE NO. C-07-4748 VRW<br><br>**SAMSUNG ELECTRONICS CO. LTD.'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION UNDER L.R. 7-9** |

## I. INTRODUCTION

By this Motion, Samsung seeks leave to file a motion for reconsideration of the Court's June 18, 2008, Order requiring Samsung to produce two invention disclosure statements (the "Order"). These documents should not be produced as the Federal Circuit holds invention disclosure forms are protected under attorney-client privilege. Because the Court did not, at the time of the Order, have any briefing by the parties on this legal issue, and did not request or authorize Samsung to submit written submissions or argument on this issue after Wistron first raised this issue, and because the Order is contrary to Federal Circuit precedent, Samsung respectfully moves this Court for leave to file a motion for reconsideration of the Order.

## II. FACTUAL BACKGROUND

On June 18, 2008, the Court ordered that Counterclaim-Plaintiff Samsung Electronics Co., Ltd. ("Samsung") produce items 857 and 987 on its privilege log to Counterclaim-Defendants Wistron Corp. and Wistron InfoComm (Texas) Corp.'s (collectively "Wistron"). As noted by Samsung on the privilege log, these two documents are invention disclosure statements sent from the inventors to their respective legal departments.

The Order resulted from the more general issue concerning Samsung's response to Wistron's Interrogatory No. 1. This broader topic - the adequacy of Samsung's response to Interrogatory No. 1 - was addressed by the Court during the June 13, 2008, telephonic hearing. The telephonic hearing followed Samsung's June 12, 2008, letter to the Court, and Wistron's subsequent June 12, 2008, letter to the Court, which was filed at approximately 8:00 p.m. Wistron first raised its contention – a single sentence without legal citation or factual support – that these two documents are not privileged in its June 12, 2008, letter. The privileged status of these two documents was not addressed by the Court during the telephonic hearing. Therefore, at the time of the Order, the Court did not have briefing concerning the issue of whether, as a matter of law, invention disclosure forms are privileged, and Samsung had not had an opportunity to brief or argue the issue to the Court.

In light of controlling Federal Circuit precedent on this issue, on the morning of June 19, 2008, Samsung, through its lead counsel, Mark Fowler, asked Wistron, through its lead counsel,

-2-

DLA PIPER US LLP    WEST\21449871.2    SAMSUNG'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION / CASE NO. C-07-4748 VRW

1  Michael Bettinger, to agree that the two invention disclosure forms need not be produced. Mr.
2  Fowler indicated Samsung would file this motion should Wistron not agree or not respond. As of
3  the time of the filing of this motion, at the end of the day on June 23, 2008, Wistron's counsel had
4  not responded to Samsung's request. Because Samsung does not wish to fail to comply with this
5  Court's order, Samsung filed this motion seeking leave to file a motion for reconsideration.

## III. ARGUMENT

In the case *In re Spalding Sports Worldwide, Inc.*, 203 F. 3d 800, 805 (Fed. Cir. 2000), the Federal Circuit ruled its precedent governs "the issue of whether the attorney-client privilege applies to an invention record prepared and submitted to in-house counsel relating to a litigated patent." *Id.* at 803-804. After analyzing the privilege issue before it, the Federal Circuit concluded: "We therefore hold that an invention record constitutes a privileged communication, as long as it is provided to an attorney 'for the purpose of securing primarily legal opinion, or legal services, or assistance in a legal proceeding.'" *Id.* at 805 (quoting *Knogo Corp. v. United States*, 213 USPQ 936, 940 (Ct. Cl. Trial Div. 1980)). In concluding the invention disclosure statement before it was privileged, the Federal Circuit also stated: "It is enough that the overall tenor of the document indicates that it is a request for legal advice or services. Moreover, it is not necessary to expressly request confidential legal assistance when that request is implied." *Id.* at 806. The Federal Circuit further stated: "Accordingly, since Spalding's invention record was prepared and submitted primarily for the purpose of obtaining legal advice on patentability and legal services in preparing a patent application, we conclude that it is privileged in its entirety." *Id.*

The invention disclosure statement in *Spalding* "was submitted by the inventors of the '178 patent to Spalding's *legal* department." Id. at 805 (emphasis in original). Here, as indicated on Samsung's privileged document log, document no. 857 is an invention disclosure statement submitted by Edward Mann, the named inventor on the '100 patent (a patent-in-suit in this case) to the Wang Laboratories, Inc. Patent Department (Wang was the then owner of these patent rights). As also indicated on Samsung's privileged document log, document no. 987 is an invention disclosure statement submitted by Roy Tanikawa and Hien Le, the named inventors on

-3-

1  the '275 patent (another patent-in-suit in this case), to the AST Research, Inc. Legal Department
2  (AST was the then owner of these patent rights). The situation here is indistinguishable from
3  that in *Spalding* and, accordingly, the two invention disclosure statements at issue are privileged.[1]
4      Civil Local Rule 7-9(a) provides in part that "[b]efore the entry of a judgment
5  adjudicating all of the claims and the rights and liabilities of all of the parties in a case, any party
6  may make a motion before a Judge requesting that the Judge grant the party leave to file a motion
7  for reconsideration of any interlocutory order made by that Judge on any ground set forth in Civil
8  L.R. 7-9(b)."
9      Under Civil Local Rule 7-9(b), the Court may entertain a motion for reconsideration if it
10  has not had the opportunity to consider material facts or legal arguments, or if the Court did not
11  consider material facts or dispositive legal arguments previously presented to it. *See* Civil L.R. 7-
12  9(b)(1),(2), and (3); *see also* FED. R. CIV. P. 54(b). Here, the Order is based upon a conclusion of
13  law (that invention disclosure forms are not protected by the attorney-client privilege) concerning
14  an issue not briefed by the parties, on which the Court did not seek briefing, and on which
15  Samsung was not authorized by the Court under this Court's standing orders to file briefing (as
16  Wistron made its contention only after Samsung already filed its letter brief with the Court).
17  Further, the Court did not raise or request argument on this issue during the telephonic hearing the
18  following day. As such, a motion for reconsideration is the only means for Samsung to present,
19  and for the Court to consider, legal arguments concerning this issue.
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///

---

[1] Samsung is prepared to submit the two invention disclosure forms to the Court for an *in camera* review of the documents to confirm their privileged status. A review of the documents will demonstrate that the purpose of the forms is to permit an evaluation of the patentability of the invention and to assist in the preparation of a patent application, as was the case in *Spalding*.

-4-

DLA PIPER US LLP   WEST\21449871.2   SAMSUNG'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION / CASE NO. C-07-4748 VRW

## IV. CONCLUSION

Because the law is clear these two documents are privileged, and because the Court did not have an opportunity to hear arguments regarding the Federal Circuit rule established in *Spalding*, Samsung respectfully requests the Court grant its motion for leave to a motion for reconsideration pursuant to Civil Local Rule 7-9.

Dated: June 23, 2008

DLA PIPER US LLP

By /s/ Mark D. Fowler
MARK D. FOWLER
Attorneys for Defendant and Counter-Plaintiff
SAMSUNG ELECTRONICS CO., LTD.