EXHIBIT 13



PATENT
P56024

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

RECEIVED
APR 0 3 2002
Technology Center 2100

In re Application of:

EDWARD D. MANN

Serial No.:    09/400,131          Examiner:    ELLIS, KEVIN L.

Filed:    21 September 1999        Art Unit:    2185
          **CPA filed on 1 April 2002**

For:    MULTIPLE MODE MEMORY MODULE

### PRELIMINARY AMENDMENT

Assistant Commissioner
     for Patents
Washington, D.C.   20231
**Box:  CPA**

Sir:

Applicants respectfully request entry of the following amendments and remarks prior to the examination and calculation of the filing fee for the above-captioned continued prosecution application (CPA).

Folio: P56024
Date:   4/1/02
I.D.:   REB/kf

WIS 0111793

PATENT
P56024

## IN THE CLAIMS

Please cancel all previously pending claims 21-28 without prejudice or disclaimer, and add the following new claims 29-36:

29. (New) A memory system, comprising:

at least one memory module; and

a memory controller unit configured to receive, from said at least one memory module, an indication of access speed of said at least one memory module.

30. (New) The memory system according to claim 29, wherein:

said memory controller unit is further configured to provide, during access of said at least one memory module, an appropriate access timing commensurate with said access speed received indication of access speed.

31. (New) The memory system according to claim 29, wherein:

said at least one memory module comprises a plurality of memory modules, said memory controller unit being further configured to select a selected one of said plurality of memory modules, to receive said indication of access speed of said selected one of said plurality of memory modules, and to provide, during access of said selected one of said plurality of memory modules, an appropriate access timing commensurate with said access speed received indication of access speed.

-2-

WIS 0111794

PATENT
P56024

32. (New)  The memory system according to claim 29, wherein:

said memory controller unit is further configured to receive, from said at least one

memory module, an indication of memory type of said at least one memory module.

33. (New)  A computer system, comprising:

a CPU operatively coupled to a system bus; and

a memory controller unit configured to receive a memory access request from said CPU

via said system bus, said memory controller unit being operatively coupled to one of more

memory modules via a memory bus, said memory controller unit being configured to receive,

from said at least one memory module, an indication of access speed of said at least one memory

module.

34. (New)  The computer system according to claim 33, wherein:

said memory controller unit is further configured to provide, during access of said at least

one memory module in response to said memory access request, an appropriate access timing

commensurate with said access speed received indication of access speed.

35. (New)  The computer system according to claim 33, wherein:

said at least one memory module comprises a plurality of memory modules, said memory

controller unit being further configured to select a selected one of said plurality of memory

WIS 0111795

PATENT
P56024

1  modules, to receive said indication of access speed of said selected one of said plurality of

2  memory modules, and to provide, during access of said selected one of said plurality of memory

3  modules in response to said memory access request, an appropriate access timing commensurate

   with said access speed received indication of access speed.

1      36.  (New)  The computer system according to claim 33, wherein:

2      said memory controller unit is further configured to receive, from said at least one

3  memory module, an indication of memory type of said at least one memory module. --

-4-

WIS 0111796

PATENT
P56024

## REMARKS

By this amendment, all previously pending claims 21-28 are canceled in favor of the newly presented claim 29-36, which are believed to better recite the claimed aspects of the present invention. Favorable consideration and an early allowance thereof are earnestly solicited.

In order to assist the Examiner in examining the newly presented claims, the applicant offers the following point of distinction between the recited features of the claims and the prior art of record, US Patent No. 5,513,331 to Pawlowski *et al.* (hereinafter described as"Pawlowski").

Each of the newly presented claims recite, *inter alia*, "**a memory controller unit** configured to receive, from said at least one memory module, an indication of access speed of said at least one memory module." (emphasis added).

In contrast, Pawlowski describes a system, in which **the CPU** (or the processor module) 101 receiving from a memory 130 the YSPD signal that indicates the access speed of the memory. (*See,* Fig. 1). In at least this respect, the system of Pawlowski is similar to the conventional system already discussed by the applicant, as discussed by the applicant, a memory device in a conventional system requires an "associated logic for generating memory timing and control signals" or a memory control unit. (*See* column 1, lines 17 to 30 of the applicant's specification), These associated logic and/or the memory control unit must be made to work with the particular type and speed of the memory device, and thus cannot adaptively accommodate memories of varying types and/or access speed. (*See* column 2, lines 21-26).

It is respectfully submitted that the memory 130 of the system disclosed by Pawlowski is

WIS 0111797

PATENT
P56024

of the kind the applicants described as being a conventional memory module, as explained above. The logic or the memory controller associated with the memory 130 of Pawlowski already knows the access speed since they are custom made to work with the particular access speed of the memory 130, and thus there is simply no reason for the memory to apprise the memory controller unit of its access speed. In deed, Pawlowski teaches away from a memory device indicating its speed to the memory controller, which is a claimed feature of the present invention.

As also discussed by the applicants, the system according to the present invention advantageously allows the memory controller to adapt to different types and/or speeds of memory devices while freeing the CPU from having to account for the differences when accessing the memory device.

Accordingly, for at least above reasons, the Applicant believes that the newly presented claims 29-36 are patentably distinct from prior art of record, and that thus the present application in condition for allowance. An early notice to that effect is earnestly solicited.

Respectfully submitted,

Robert E. Bushnell,
Attorney for Applicants
Registration No.: 27,774

1522 "K" Street N.W., Suite 300
Washington, D.C. 20005
(202) 408-9040

Folio: P56024
Date: 4/1/20
I.D.: REB/kf

-6-

WIS 0111798





PATENT
P56024

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of:

EDWARD D. MANN

| | | | | |
|---|---|---|---|---|
| Serial No.: | 09/400,131 | | Examiner: | ELLIS, KEVIN L. |
| Filed: | 21 September 1999 | | Art Unit: | 2185 |
| | **CPA filed on 1 April 2002** | | | |
| For: | MULTIPLE MODE MEMORY MODULE | | | |

RECEIVED

OCT 1 0 2002

Technology Center 2100

### <u>AMENDMENT</u>

Commissioner for Patents
Washington, D.C.  20231

Sir:

Applicant respectfully requests entry of the following amendments and remarks, re-examination and reconsideration for the above-captioned application.

Folio: P56024
Date:  10/8/02
I.D.:  REB/kf

WIS 0111810

PATENT
P56024

3    of said at least one memory module.

1    33. (Amended) A computer system, comprising:

2    a CPU operatively coupled to a system bus; and

3    a memory controller unit configured to receive a memory access request from said CPU

4    via said system bus, said memory controller unit being operatively coupled to one of more

5    memory modules via a memory bus, said memory controller unit being configured to receive an

6    indication of access speed of said at least one memory module, and to provide, during access of

7    said at least one memory module in response to said memory access request, an appropriate

8    access timing commensurate with said received indication of access speed.

1    35. (Amended) The computer system according to claim 33, wherein:

2    said at least one memory module comprises a plurality of memory modules, said memory

3    controller unit being further configured to select a selected one of said plurality of memory

4    modules, to receive said indication of access speed of said selected one of said plurality of

5    memory modules, and to provide, during access of said selected one of said plurality of memory

6    modules in response to said memory access request, an appropriate access timing commensurate

7    with said received indication of access speed.

1    36. (Amended) The computer system according to claim 35, wherein:

2    said memory controller unit is further configured to receive an indication of memory type

-3-

WIS 0111811

PATENT
P56024

3    of said at least one memory module.

1    37. The memory system according to claim 28, wherein:

2    said memory controller unit is configured to receive an indication of access speed of said

3    at least one memory module during an initialization of said memory system.

1    38. The computer system according to claim 33, wherein:

2    said memory controller unit is to receive an indication of access speed of said at least one

3    memory module from said CPU during an initialization of said memory system.

-4-

WIS 0111812

PATENT
P56024

## REMARKS

By this amendment, claims 30 and 34 are canceled, claims 29, 31-33 and 35-36 are amended in order to correct typographical errors and merely to claim previously presented subject matter in an independent claim form, and claims 37 and 38 are newly added.    Thus, claims 29, 31-33 and 35-38 are currently pending in this application.

In the Office Action, then pending claims 29-32 were rejected under 35 U.S.C. §102(e) as allegedly being anticipated by U.S. Pat. No. 5,513,331 to Pawlowski et al. ("Pawlowski"), and then pending claims 33-36 were rejected under 35 U.S.C. §103(a) as allegedly being obvious over Pawlowski in view of U.S. Pat. No. 4,725,945 to Kronstadt et al. ("Kronstadt").    The Applicant respectfully traverses the rejections.

**35 U.S.C. §102(e) rejection of claims 29-32.**

In the Office Action, claims 29-32 were rejected under 35 U.S.C. §102(e) as allegedly being anticipated by U.S. Pat. No. 5,513,331 to Pawlowski et al. ("Pawlowski").  The Applicant respectfully traverses the rejection.

Claim 29 is amended herein to incorporate the subject matter previously presented in the now canceled claim 30, and to eliminate the claim language with respect to the memory controller receiving the access speed indication from the memory, as the feature is believed to be non-essential to the aspect of the invention being claimed.

Moreover, claim 29 as amended recites, *inter alia*,  "**a memory controller** unit **configured to receive an indication of access speed of said at least one memory**

-5-

WIS 0111813

PATENT
P56024

module,....and to provide, during access of said at least one memory module in response to said memory access request, **an appropriate access timing commensurate with said received indication of access speed.** (Emphasis Added). That is, the memory controller according to the claimed aspect of the present invention receives the access speed information and, once the information is received, uses the same, during accessing of the memory, to adaptively control the access timing when fulfilling an access request from a memory access requestor, e.g., the CPU, an I/O device, etc., thus freeing the memory access requestor from being concerned with the access timing.

Pawlowski is wholly void of any disclosure whatsoever of such memory controller fitting the above recitation. Even if assuming, *arguendo*, the Examiner's assertion that the "memory controller unit is an inherent feature of Pawlowski et al." were true, which it is not, the alleged memory controller of Pawlowski neither receives the access speed information nor uses the same to control the access timing of a memory.

In stark contrast to the invention of claim 29, **Pawlowski clearly discloses** that it is **the memory access requestor itself**, and not the alleged memory controller, that **receives the access speed information and that provides the access timing appropriate for the received access speed information**. *See, e.g.,* col. 4, lines 51-67 and col. 14, line 57 – col. 15, line 3. It is submitted that since the requestor itself adapts to different speeds of memories, there is absolutely no logical reason for the alleged memory controller of Pawlowski to receive the speed information or to use the same.

As discussed above, Pawlowski fails to disclose, teach or suggest the claimed memory

WIS 0111814

PATENT
P56024

controller receiving and using the memory access speed information to provide the appropriate access timing, as specifically recited by claims 29, 31 and 32.

"A claim is anticipated only if each and every element as set forth in the claim is found, either expressly or inherently described, in a single prior art reference." Verdegaal Bros. v. Union Oil Co. of California, 2 USPQ2d 1051, 1053 (Fed. Cir. 1987). See also MPEP §2131.

Accordingly, for at least all of the above reasons, claims 29, 31 and 32 are patentable over the prior art of record. It is therefore respectfully requested that the rejection be withdrawn.

**35 U.S.C. §103(a) rejection of claims 33-36**

In the Office Action, claims 33-36 were rejected under 35 U.S.C. §103(a) as allegedly being obvious over Pawlowski in view of Kronstadt. The Applicant respectfully traverses the rejection.

Claim 33 as amended herein recites, *inter alia*, "**said memory controller unit being configured to receive an indication of access speed** of said at least one memory module, **and to provide**, during access of said at least one memory module in response to said memory access request, **an appropriate access timing commensurate with said received indication of access speed**". (Emphasis Added).

As discussed above, Pawlowski fails to disclose, teach or suggest the claimed memory controller receiving and using the memory access speed information to provide the appropriate access timing. In deed, as also discussed above, by teaching that the requestor itself adapts to different speeds of memories, Pawlowski teaches away from the adaptive operation of the

WIS 0111815

PATENT
P56024

memory controller.

Kronstadt does not provide, nor has the Examiner relied, on any teachings or suggestions to cure the above deficiency of the teachings of Pawlowski. Accordingly, the alleged combination of Pawlowski and Kronstadt, even if, *arguendo*, it is a proper combination, which it is not, fails to teach or suggest the claimed memory controller receiving and using the memory access speed information to provide the appropriate access timing, as specifically recited by the currently pending claims 33, 35 and 36.

To establish prima facie obviousness of a claimed invention, all the claim limitations must be taught or suggested by the prior art combination. In re Royka , 490 F.2d 981, 180 USPQ 580 (CCPA 1974).

Accordingly, for at least all of the above reasons, claims 33, 35 and 36 are patentable over the prior art of record. It is therefore respectfully requested that the rejection be withdrawn.

**Newly presented claims 37 and 38**

Claims 37 and 38 depend from claims 29 and 33, respectively, and recite further limitations, and are thus believed patentable for at least the same reasons the independent claims 29 and 33 are patentable.

**Conclusion**

For at least above reasons, the Applicant believes that all currently pending claims are patentably distinct from prior art of record, and that thus the present application in condition for

-8-

WIS 0111816

PATENT
P56024

allowance. An early notice to that effect is earnestly solicited. The Applicant respectfully requests that the Examiner extend the applicant a courtesy of calling the undersigned, before an issuance of further office action in this application, to schedule a personal interview, and to grant the same in order to expedite the prosecution of the instant application.

In view of the above, it is submitted that the claims of this application are in condition for allowance, and early issuance thereof is solicited. Should any questions remain unresolved, the Examiner is requested to telephone Applicant's attorney.

No fee is incurred by this Amendment.

Respectfully submitted,

Robert E. Bushnell,
Attorney for the Applicant
Registration No.: 27,774

1522 "K" Street N.W., Suite 300
Washington, D.C. 20005
(202) 408-9040

Folio: P56024
Date: 10/8/20
I.D.: REB/kf

-9-

WIS 0111817