1  MICHAEL J. BETTINGER (STATE BAR NO. 122196)
    TIMOTHY P. WALKER, PhD (STATE BAR NO. 105001)
2  HAROLD H. DAVIS, JR. (STATE BAR NO. 235552)
    mike.bettinger@klgates.com
3   timothy.walker@klgates.com
    harold.davis@klgates.com
4  K&L GATES
5  55 Second Street, Suite 1700
    San Francisco, CA 94105-3493
6  Telephone: (415) 882-8200
7  Facsimile: (415) 882-8220

8  Attorneys for Plaintiff and Counter-Defendant
    WISTRON CORPORATION and
9  Counter-Defendant WISTRON
    INFOCOMM (TEXAS) CORPORATION
10

11

            UNITED STATES DISTRICT COURT
12
           NORTHERN DISTRICT OF CALIFORNIA
13
              SAN FRANCISCO DIVISION
14

| | |
|---|---|
| 15  WISTRON CORPORATION,<br><br>16          Plaintiff and Counter-Defendant,<br><br>17    vs.<br><br>18  SAMSUNG ELECTRONICS CO., LTD.,<br><br>19        Defendant and Counter-Plaintiff<br><br>20 | Case No. C 07-04748 VRW<br><br>**WISTRON CORPORATION AND WISTRON INFOCOMM (TEXAS) CORPORATION'S MOTION TO STRIKE DR. WEDIG'S TESTIMONY AND EXTRINSIC EVIDENCE NOT DISCLOSED PER PATENT L.R. 4-2** |
| 21  SAMSUNG ELECTRONICS CO., LTD.,<br><br>22        Counter-Plaintiff,<br>    vs.<br>23<br>24  WISTRON CORPORATION, and<br>    WISTRON INFOCOMM (TEXAS)<br>25  CORPORATION<br><br>26        Counter-Defendants. | Claim Construction Hearing:<br>Date: August 7, 2008<br>Time: 2:30 p.m.<br>Dept: 6<br>Judge: Hon. Vaughn R. Walker |

27

28

WISTRON'S MOTION TO STRIKE DR. WEDIG'S          1
TESTIMONY AND EXTRINSIC EVIDENCE
NOT DISCLOSED PER PATENT L.R. 4-2
Case No. C07-04748-VRW

1

**NOTICE OF MOTION**

2         Pursuant to Patent Local Rules ("Patent L.R.") 1-2 and 4-2, Civil Local Rule 1-4, and

3   the inherent power of the Court, Plaintiff and Counter-Defendants Wistron Corporation and Wistron

4   Infocomm (Texas) Corporation (collectively, "Wistron") respectfully move for an order striking

5   (1) extrinsic evidence not properly produced or identified in Samsung's Portion of the Joint Claim

6   Construction Statement; and (2) the testimony of Dr. Robert Wedig, including the extrinsic evidence

7   and opinions and arguments made in reliance on the undisclosed extrinsic evidence contained in the

8   Declaration of Dr. Robert G. Wedig In Support of Samsung Electronics Co., Ltd.'s Opening Claim

9   Construction Brief ("Wedig Declaration") [Dkt. #59]. This Motion is based upon this Notice, the

10  Memorandum of Points and Authorities, the supporting Declaration of Christy V. La Pierre,

11  accompanying exhibits, the pleadings and papers on file with the Court, the materials of which this

12  Court is requested to take judicial notice, and any other argument or evidence that may be presented

13  on any hearing of this Motion to Strike.

14                     **MEMORANDUM OF POINTS AND AUTHORITIES**

15  **I.    INTRODUCTION**

16        On April 21, 2008, Wistron and Defendant and Counter-Plaintiff Samsung Electronics Co.,

17  Ltd., ("Samsung") submitted their Joint Claim Construction and Prehearing Statement ("JCCS") to

18  the Court [Dkt. #43]. *La Pierre Decl.*, ¶ 2. As part of the JCCS, Samsung cited three dictionary

19  references as extrinsic evidence:

20        (1) The American Heritage Dictionary of the English Language, Third Edition, p. 395 (1992)
21        *See* Exhibit G [Dkt. #43] at **configured to receive**;

22        (2) The American Heritage Dictionary of the English Language, Fourth Edition, p. 386
      (2000) *See* Exhibit G [Dkt. #43] at **configured to receive**; and
23

24        (3) The Random House Dictionary of the English Language, Unabridged, Second Edition, p.
      428 (1987) *See* Exhibit G [Dkt. #43] at **configured to receive**. *La Pierre Decl.*, ¶ 3.

25

26

27

28

Samsung did not exchange copies of these references or identify them by production number as required by Patent L.R. 4-2. *La Pierre Decl.*, ¶ 4.[1]

Additionally, Samsung recently filed its opening claim construction brief [Dkt. #56] and the Declaration of Dr. Robert G. Wedig in support of Samsung's claim construction brief [Dkt. #59]. *La Pierre Decl.*, ¶ 6. The brief and declaration cite the following extrinsic evidence that was <u>not</u> identified or exchanged per Patent L.R. 4-2. *La Pierre Decl.*, ¶ 7.

## DECLARATION OF DR. ROBERT G. WEDIG

| Claim Language | Extrinsic Evidence Cited In The Joint Claim Construction | Extrinsic Evidence Cited in Wedig's Declaration | Paragraphs That Rely On Extrinsic Evidence |
|---|---|---|---|
| **data scan code and scan code** | | • The relevant pages of Peter Norton's book, "Inside the IBM PC" (Exhibit N of Wedig's Decl.) | 36-38 |
| | | • Phoenix 80286 Advanced ROM BIOS, Vol. 1: CBIOS and Vol. 2: ABIOS reference manuals (Exhibits O and P of Wedig's Decl.) | 39-41 |
| **configured to receive** | Dictionary/Treatise Definitions: configure: To design, arrange, set up, or shape with a view to specific applications or uses. The American Heritage Dictionary of the English Language, Third Edition, p. 395 (1992). The | • Exhibits J and K of Sal Lim's Declaration. | 68-69 |

---

[1] On April 21, 2008, Samsung did however produce two dictionary references, which they cited as extrinsic evidence in the JCCS: (1) Microsoft Press Computer Dictionary, pg. 194, (1991); and (2) Merriam Webster's Collegiate Dictionary, Tenth Edition, 1996. *La Pierre Decl.*, ¶ 5.

WISTRON'S MOTION TO STRIKE DR. WEDIG'S
TESTIMONY AND EXTRINSIC EVIDENCE
NOT DISCLOSED PER PATENT L.R. 4-2
Case No. C07-04748-VRW

3

| | American Heritage Dictionary of the English Language, Fourth Edition, p. 386 (2000).

configure: To design or adapt to form a specific configuration or for some specific purpose. The Random House Dictionary of the English Language, Unabridged, Second Edition, p. 428 (1987). | | |
| --- | --- | --- | --- |

Samsung has litigated in this Court before and is well aware of the requirements of the Local Rules. Because Samsung willfully violated Patent L.R. 4-2, Wistron is forced to bring the instant action.

## II.    ARGUMENT

### A.    The Motion To Strike Must Be Granted To Insure Compliance With The Local Rules And Guarantee Fairness

The Northern District of California has adopted a comprehensive set of Patent Local Rules governing patent litigation. *Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*, 2006 WL 1329997 at *4 (N.D. Cal. May 15, 2006). In general, the Local Rules exist to further the goal of full and timely discovery and to provide all parties with adequate notice and information with which to litigate their cases. *Ixys Corp. v. Advanced Power Tech. Inc.*, 2004 WL 1368860 at *3 (N.D. Cal. June 16, 2004). The Rules are designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed. *Atmel Corp. v. Info. Storage Devices Inc.*, 1998 WL 775115 at *2 (N.D. Cal. Nov. 5, 1998). *See, e.g., Nordic Naturals, Inc. v. J.R. Carlson Laboratories, Inc.*, 2008 WL 2357312 at *11 (N.D. Cal. June 6, 2008) (excluding declaration for failure to comply with disclosure obligations of Patent L.R. 4-2).

1    Specifically, Patent Local Rule 4-2(b) requires a party to not only identify all references from

2  the specification or prosecution history that support its proposed construction, but to also designate

3  any supporting extrinsic evidence. Additionally, a party must identify the extrinsic evidence "by

4  production number or by producing a copy if not previously produced." Patent L.R. 4-2(b). Although

5  Samsung designated some of its supporting extrinsic evidence, it failed to properly identify that

6  evidence as required by Patent L.R. 4-2(b). Samsung's failure to properly identify the extrinsic

7  evidence is surprising, especially given the fact that Samsung has litigated this case previously.

8    Samsung has flouted the spirit and substance of Patent L.R. 4-2 by failing to adequately

9  identify the extrinsic evidence stated in the parties' Joint Claim Construction Statement and

10  furthermore by citing to extrinsic evidence, in Dr. Wedig's Declaration, which had not been

11  previously disclosed pursuant to the requirements of Patent L.R. 4-2.

12    **B.    Samsung's Violation of The Patent Local Rules Prejudices Wistron**

13    The Local Rules exist in order to provide all parties with adequate notice and information

14  with which to litigate their cases. *See Ixys Corp.*, 2004 WL 1368860 at *3. Samsung's failure to

15  make reference to this extrinsic evidence, prior to the Wedig Declaration, is prejudicial to Wistron as

16  it places an undue burden on Wistron to determine what supporting extrinsic evidence Samsung will

17  use in which to support its proposed constructions. Furthermore, Wistron did not have the

18  opportunity to depose Samsung's witnesses on this extrinsic evidence, as Wistron did not receive

19  notice of this evidence until June 9, 2008, the date upon which Dr. Wedig submitted his declaration

20  to the Court. Lastly, the withholding of extrinsic evidence, until the last minute, obviates the spirit

21  and meaning of the Patent Local Rules, which strive to promote efficiency and a legal framework for

22  compliance. The Patent Local Rules would be rendered meaningless if parties were permitted to

23  "chip away" the pillars upon which they stand and violate the Rules for their own strategic purposes.

24  **III.    CONCLUSION**

25    For the foregoing reasons, Wistron respectfully requests that the extrinsic evidence

26  not properly identified, in the Joint Claim Construction Statement, be stricken pursuant to Patent L.R.

27  4-2. Wistron further requests that the extrinsic evidence and opinions and arguments made in

28

1  reliance on the undisclosed extrinisic evidence, included in Dr. Robert G. Wedig's Declaration, be

2  stricken for failure to comply with the requirements of the Patent Local Rule.

3

4

5  DATED:  June 23, 2008                    K&L GATES

6

7                                          By _____ for

8                                             Michael J. Bettinger
                                             Timothy P. Walker
9                                             Harold H. Davis, Jr.
                                             Attorneys for Plaintiff and Counter-Defendant
10                                            WISTRON CORPORATION and Counter-
                                             Defendant WISTRON INFOCOMM (TEXAS)
11                                            CORPORATION

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WISTRON'S MOTION TO STRIKE DR. WEDIG'S
TESTIMONY AND EXTRINSIC EVIDENCE
NOT DISCLOSED PER PATENT L.R. 4-2
Case No. C07-04748-VRW

6