MICHAEL J. BETTINGER (STATE BAR NO. 122196)
TIMOTHY P. WALKER, PHD (STATE BAR NO. 105001)
HAROLD H. DAVIS, JR. (STATE BAR NO. 235552)
    mike.bettinger@klgates.com
    timothy.walker@klgates.com
    harold.davis@klgates.com
K&L GATES
55 Second Street, Suite 1700
San Francisco, CA 94105-3493
Telephone: (415) 882-8200
Facsimile: (415) 882-8220

Attorneys for Plaintiff and Counter-Defendant
WISTRON CORPORATION and
Counter-Defendant WISTRON
INFOCOMM (TEXAS) CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WISTRON CORPORATION,<br><br>Plaintiff and Counter-Defendant,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br><br>Defendant and Counter-Plaintiff<br><br>_____<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br><br>Counter-Plaintiff,<br><br>vs.<br><br>WISTRON CORPORATION, and<br>WISTRON INFOCOMM (TEXAS)<br>CORPORATION<br><br>Counter-Defendants. | Case No. C 07-04748 VRW<br><br>**WISTRON CORPORATION AND WISTRON INFOCOMM (TEXAS) CORPORATION'S OPPOSITION TO SAMSUNG ELECTRONICS CO. LTD.'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION UNDER L.R. 7-9** |

WISTRON'S OPPOSITION TO SAMSUNG'S
MOTION FOR LEAVE TO FILE A MOTION FOR
RECONSIDERATION UNDER L.R. 7-9.
Case No. C07-04748-VRW

1

## MEMORANDUM OF POINTS AND AUTHORITIES
## NOTICE OF OPPOSITION

Plaintiff and Counter-Defendants Wistron Corporation and Wistron Infocomm (Texas) Corporation (collectively, "Wistron") respectfully oppose Defendant and Counter-Plaintiff Samsung Electronics Co., Ltd.'s, ("Samsung") Motion For Leave to File A Motion For Reconsideration. Whether an inventor's communications to a patent agent or patent attorney relating to a possible patent application is privileged depends on factors that must be evaluated from case to case. Wistron respectfully requests that the Court examine each of the privilege log entries in-camera in order to determine whether they merely contain factual information. This Opposition is based upon this Notice, the Memorandum of Points and Authorities, the supporting Declaration of Christy V. La Pierre, accompanying exhibits, the pleadings and papers on file with the Court, the materials of which this Court is requested to take judicial notice, and any other argument or evidence that may be presented on any hearing of this Opposition.

## I. STATEMENT OF FACTS

On June 12, 2008, Defendant and Counter-Plaintiff Samsung Electronics Co., Ltd., ("Samsung") supplemented its answer to Wistron's Interrogatory No. 1. *La Pierre Decl.*, ¶ 2. Samsung's response to this interrogatory regarding the details of conception, reduction to practice, and development of the inventions asserted in the patents-in-suit, cited to items 857 and 987 on its privilege log. *La Pierre Decl.*, ¶ 3. These entries were Invention Disclosure Statements ("IDS"). *La Pierre Decl.*, ¶ 4. Document no. 857 is an Invention Disclosure Statement submitted by Edward Mann to Wang Laboratories, Inc., Patent Department and document no. 987 is an Invention Disclosure Statement submitted by Roy Tanikawa and Hien Le to AST Research, Inc., Legal Department. *La Pierre Decl.*, ¶ 5. On this same day, Wistron submitted a letter to the Court stating that the entries on the privilege log identifying the IDSs should be disclosed because the privilege log did not show that the documents were privileged, and that they presumably only contained factual information [Dkt. #62]. *La Pierre Decl.*, ¶ 6.

WISTRON'S OPPOSITION TO SAMSUNG'S
MOTION FOR LEAVE TO FILE A MOTION FOR
RECONSIDERATION UNDER L.R. 7-9.
Case No. C07-04748-VRW

2

On June 13, 2008, the parties had a hearing with Judge Walker on (a) discovery protocol; (b) the production of third party documents; and (c) Samsung's response to Wistron's Interrogatory No. 1. *La Pierre Decl.*, ¶ 7. On June 16, 2008, the Court ordered Wistron to produce the privilege log in order to consider Wistron's contentions from its June 12, 2008 letter to the Court [Dkt. #69]. *La Pierre Decl.*, ¶ 8. On June 17, 2008, Wistron produced Samsung's privilege log [Dkt. #71]. *La Pierre Decl.*, ¶ 9. On June 18, 2008, the Court ordered Samsung to produce the IDSs that Samsung had withheld on the basis of attorney client privilege [Dkt. #72]. *La Pierre Decl.*, ¶ 10.

## II.   ARGUMENT

As a threshold matter, Wistron notes that Local Rule 7-9(b) sets forth the required content of a motion for leave to file a motion for reconsideration. Given the procedural history leading to the Court's order of production, it is not clear that Samsung exercised the "reasonable diligence" required under Rule 7-9(b)(1) when it failed to timely present the arguments it now makes for withholding production.

### A.   **The Privilege Log Entries Do Not Show That The Documents Are Privileged**

Samsung's privilege log entries do not show that the IDSs are privileged and that the IDSs contain privileged information or were a communication of information, confidential or not, for use by counsel for Samsung. In the case, *In re Spaulding Sports Worldwide, Inc.*, 203 F.3d 800, 805 (Fed. Cir. 2000), the Court acknowledged that, even in matters involving invention records, the determination of "whether the attorney-client privilege applies should be determined on a case-by-case basis." *See Upjohn Co. v. United States*, 449 U.S. 383, 396 (1981). This point was again articulated in *Automed Technologies, Inc. v. Knapp Logistics & Automation, Inc.*, 382 F.Supp.2d 1372, 1376 (N.D. Georgia, 2005).

In *Automed*, the document at issue was an Invention Record and Assignment Form ("Form"), which had been produced pursuant to a subpoena. *Id.*, at 1373. The Court found that it did not have sufficient information to determine if the Form was privileged and, accordingly, ordered that Automed be provided additional time to develop the facts surrounding the creation of the Form so that the Court could make an appropriate privilege determination. Citing to the Court's assertion in

WISTRON'S OPPOSITION TO SAMSUNG'S
MOTION FOR LEAVE TO FILE A MOTION FOR
RECONSIDERATION UNDER L.R. 7-9.
Case No. C07-04748-VRW

3

*Spaulding*, the *Automed* Court noted that the application of the attorney-client privilege should be determined on a case-by-case basis. The *Automed* Court ultimately held that the Form, prepared by inventors as part of their assignment of patent rights to their employer was not protected by the attorney-client privilege, as the origin, transmission and use of the Form was unknown. *Id.*, at 1375.

Thus, because one cannot determine by way of Samsung's privilege log entries, whether the IDSs referenced by Samsung are protected by the attorney-client privilege, the Court should examine each of the privilege log entries in-camera in order to determine whether they merely contain factual information.

### B. Samsung Has Already Produced An IDS For The '273 Patent

Samsung has already produced an IDS for the '273 patent. *Exh.*, A. This document was also produced in the previous litigation. It would be unfair for Samsung to be able to produce an IDS for one of the patents-in-suit, but to withhold similar documents regarding other patents-in-suit. Thus, Samsung is attempting to use privilege as both a shield and a sword. Samsung has produced specific documents when it is helpful to their case, but has refused to produce nearly identical documents when a detrimental affect may result.

Furthermore, Samsung's previous production of an IDS could be considered a waiver of privilege in relation to conception and reduction to practice documents for patents-in-suit.

### C. If The IDSs Are Found To Be Privileged Then Samsung Should Be Precluded From Using Them to Support A Conception Date

Samsung cited these two IDSs in response to Wistron Interrogatory No. 1. As stated, this interrogatory asks Samsung to provide details of conception, reduction to practice, and development of the inventions asserted in the patents-in-suit. If the Court concludes that these two IDSs are privileged then the Court should also preclude Samsung from relying upon these two documents in order to support a conception date, as Samsung's reliance would be unfair to Wistron given the fact that Wistron would not be able to see the documents at issue.

WISTRON'S OPPOSITION TO SAMSUNG'S
MOTION FOR LEAVE TO FILE A MOTION FOR
RECONSIDERATION UNDER L.R. 7-9.
Case No. C07-04748-VRW

4

## III. CONCLUSION

For the foregoing reasons, Wistron respectfully requests that the Court deny Samsung's Motion For Leave to File A Motion For Reconsideration. Wistron respectfully requests that the Court examine each of the privilege log entries in-camera in order to determine whether they merely contain factual information. Furthermore, if the Court concludes that these two IDSs are privileged then the Court should also preclude Samsung from relying upon these two documents in order to support a conception date.

DATED: June 25, 2008                               K&L GATES

By _____ for
Michael J. Bettinger
Timothy P. Walker
Harold H. Davis, Jr.
Attorneys for Plaintiff and Counter-Defendant
WISTRON CORPORATION and Counter-
Defendant WISTRON INFOCOMM (TEXAS)
CORPORATION

WISTRON'S OPPOSITION TO SAMSUNG'S
MOTION FOR LEAVE TO FILE A MOTION FOR
RECONSIDERATION UNDER L.R. 7-9.
Case No. C07-04748-VRW

5

# EXHIBIT A

# [FILED UNDER SEAL]