IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **WISTRON CORPORATION, a Taiwan corporation,** | **No  C 07-4748 VRW** |
| **Plaintiff and Counterclaim Defendant,** | **ORDER** |
| **v** | |
| **SAMSUNG ELECTRONICS CO, a Republic of Korea corporation,** | |
| **Defendant and Counterclaim Plaintiff,** | |
| **v** | |
| **WISTRON INFOCOMM (TEXAS) CORPORATION,** | |
| **Counterclaim Defendant.** | |
| _____/ | |

**The court has attempted to assist the parties work through a series of discovery disputes that have impeded preparation of this litigation for trial.  In response to the court's June 24, 2008, order, Samsung submitted under seal documents identified in its privilege log as items 857 and 987.**

Samsung contends these are invention disclosure statements protected by the attorney-client privilege. The court has considered Samsung's claim of privilege and reviewed the materials submitted under seal.

Samsung's level of description in its privilege log is inadequate under FRCP 26(b)(5) and FRCP 45(d)(2). A privilege log <u>must</u> at a minimum identify each document for which the privilege is claimed, the individuals who were parties to the communications and sufficient detail to permit a judgment whether the document is at least potentially protected from disclosure. Samsung's privilege claim for documents 857 and 987 fails to do this, and this failure can be held to waive any privilege. See <u>Bowne of New York City, Inc v AmBase Corp</u>, 150 FRD 465, 472-76 (SDNY 1993). The court might also award to Wistron the fees and costs incurred as a result of the deficient privilege log. See FRCP 37(a); <u>Public Service Co of NH v Portland Natural Gas</u>, 218 FRD 361, 363-64 (D NH 2003).

After reviewing Samsung's submissions in camera, however, the court concludes that privilege log document number 857 may be privileged under the standard described in <u>In re Spalding Sports Worldwide, Inc</u>, 203 F3d 800, 805-06 (Fed Cir 2000).

Samsung has submitted insufficient documentary evidence to support its claim that document number 987 is privileged. The court will allow Samsung one final opportunity to support its claim. Samsung shall submit, ex parte and under seal, any documentary evidence supporting its privilege claim for document number 987 by noon on July 3, 2008. See <u>Bowne</u>, 150 FRD at 476.

Going forward, the parties are advised that assertion of the attorney-client or other privilege with respect to an oral or

written communication requires at minimum: (1) the date of the communication; (2) all parties to the communications; (3) the subject matter of the communication and (4) the purpose for which the communication was made.  The parties shall review their privilege logs in this litigation and bring them into compliance with the foregoing not later than July 3, 2008.

    IT IS SO ORDERED.

                            VAUGHN R WALKER
                            United States District Chief Judge