1  MARK D. FOWLER, Bar No. 124235
   mark.fowler@dlapiper.com
2  ELIZABETH DAY, Bar No. 177125
   elizabeth.day@dlapiper.com
3  TIMOTHY LOHSE, Bar No. 177230
   timothy.lohse@dlapiper.com
4  SAL LIM, Bar No. 211836
   sal.lim@dlapiper.com
5  GREGORY J. LUNDELL, Bar No. 234941
   greg.lundell@dlapiper.com
6  ERIK R. FUEHRER, Bar No. 252578
   erik.fuehrer@dlapiper.com
7  DLA PIPER US LLP
   2000 University Avenue
8  East Palo Alto, CA 94303-2214
   Tel: 650.833.2000
9  Fax: 650.833.2001

10 Attorneys for Defendant and Counterclaim-Plaintiff
   SAMSUNG ELECTRONICS CO., LTD.
11

12                    UNITED STATES DISTRICT COURT

13                    NORTHERN DISTRICT OF CALIFORNIA

14                          SAN FRANCISCO DIVISION

15

| | |
|---|---|
| WISTRON CORPORATION, a Taiwan corporation, | CASE NO. C-07-4748 VRW |
| Plaintiff and Counter-Defendant, | **SAMSUNG ELECTRONICS CO., LTD.'S OPPOSITION TO MOTION TO STRIKE DR. WEDIG'S TESTIMONY AND EXTRINSIC EVIDENCE NOT DISCLOSED PER PATENT L.R. 4-2** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., a Republic of Korea corporation, | Date: September 17, 2008<br>Time: 10:00 A.M.<br>Courtroom: 6, 17th Floor<br>Judge: Hon. Vaughn R. Walker |
| Defendant and Counter-Plaintiff. | |
| SAMSUNG ELECTRONICS CO., LTD., | |
| Counterclaim-Plaintiff, | |
| v. | |
| WISTRON CORPORATION, and WISTRON INFOCOMM (TEXAS) CORPORATION, | |
| Counterclaim-Defendants. | |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Wistron's Motion to Strike certain paragraphs of and exhibits attached to Dr. Wedig's declaration in support of Samsung's opening claim construction brief is nothing more than an attempt to create a dispute where one does not exist. Samsung has complied with Patent L.R 4-2 by producing actual copies of certain extrinsic references and by providing a detailed discussion of expected expert testimony on the background of the patented technology and certain disputed claim terms.

## II. FACTUAL BACKGROUND

Wistron commenced this litigation in September, 2007.[1] Wistron's Motion to Strike is directed at certain extrinsic evidence Samsung intends to offer in connection with two claims terms: data scan code/scan code from the '273 patent and configured to receive from the '100 patent.

On March 31, 2008, Samsung served its Preliminary Proposed Constructions and Extrinsic Evidence pursuant to Patent L.R. 4-2. See the Declaration of M. Elizabeth Day ("Day Decl.,") in Opposition to Motion to Strike, ¶2, Ex. A. On this same day, Samsung produced copies of the three dictionary definitions for "configure" identified in the parties' April 21, 2008 Joint Claim Construction and Prehearing Statement ("JCCS"). Day Decl., ¶3. In addition, and as part of its Patent L.R. 4-2 (b) disclosure, Samsung identified the substance of the expert testimony that Samsung intended to offer as part of the claim construction process with respect to the '273 patent, including testimony regarding computer systems of the type disclosed in the '273 patent and the principle components of the computer system, including, but not limited to, the basic input/output system ("BIOS"). As part of his technical overview testimony, Dr. Wedig submitted the relevant pages of Peter Norton's book, "Inside the IBM PC" (Exhibit N to Wedig's Decl.) and Phoenix 80286 BIOS (Exhibits O and P to Wedig's Decl.) The excerpts of "Inside the IBM PC" are publicly available as they were produced and relied upon by Defendant Compal Electronics in prior litigation involving the '273 patent. Day Decl., ¶4. The Phoenix 82086 BIOS was

---

[1] The December 2000 Patent Local Rules apply to this litigation.

-1-

previously produced by Samsung to Wistron on January 8, 2008. Day Decl., ¶5. In addition, this Court specifically cites the Phoenix 82086 BIOS as relevant extrinsic evidence for purposes of construing the term data scan code/scan code in its May, 2005 Markman order. Day Decl., ¶6, Ex. B.

### III. ARGUMENT

The Court should deny Wistron's Motion to Strike because the extrinsic evidence about which Wistron complains was previously provided in this case and in prior litigation prior to the Patent L.R. deadlines, and Wistron has failed to demonstrate any possible prejudice from the Court's consideration, if any, of the identified extrinsic evidence. Although Wistron is correct that the "Local Rules exist to further the goal of full and timely discovery and provide all parties with adequate notice and information with which to litigation their cases," the cases cited by Wistron on page four of its motion to strike are inapposite for several reasons. First, the cited cases primarily deal with amendment to contentions and not the rules addressing the protocol for claim construction. Second, the only case remotely on point, *Nordic Naturals*, granted a motion to strike an expert declaration because the defendants failed to disclose the identity of the expert and his opinions prior to filing the declaration in connection with the opening claim construction brief. Such is not the case here. Third, and most importantly, Samsung has complied with the spirit and intent of Patent L.R. 4-2.

#### A. Dictionary Definitions

With respect to extrinsic evidence such as dictionary definitions, Patent L. R. 4-2(b) requires that the parties either identify each item of extrinsic evidence by production number *or produce a copy of any such item not previously produced.* Contrary to Wistron's assertions that Samsung willfully violated Patent L.R. 4-2, Samsung fully complied with Patent L.R. 4-2(b). Samsung produced actual copies of the dictionary pages containing the definition of "configure" on March 31, 2008 almost a month in advance of the JCCS deadline of April 21, 2008. Day Decl. ¶3.

#### B. Exhibits to Dr. Wedig's Declaration

Likewise, exhibits N, O and P attached to Dr. Wedig's declaration were either available to

Wistron as a public document from the prior litigation involving the '273 patent or were produced by Samsung well in advance of the Patent L.R. 4-2 deadline. Day Decl., ¶4-5. Again, contrary to Wistron's assertions that it did not have an opportunity to depose Dr. Wedig on this extrinsic evidence, Wistron had a copy of Samsung's March 31, 2008 Preliminary Proposed Constructions and Extrinsic Evidence prior to the May 19, 2008 deposition of Dr. Wedig and could have explored with him the substance of the testimony he intended to offer in connection with the '273 patent.[2]

I. **CONCLUSION**

For all of the foregoing reasons, Samsung respectfully requests that the Court deny Wistron's Motion to Strike.

Dated: July 10, 2008

DLA PIPER US LLP

By _M.E. Day_
M. ELIZABETH DAY

Attorneys for Defendant and Counterclaim-Plaintiff
SAMSUNG ELECTRONICS CO., LTD

---

[2] Samsung notes that it suggested that the parties postpone expert depositions until after each party served its opening claim construction brief and expert declarations. Wistron declined this invitation and instead wished to proceed with expert depositions close to three weeks before Samsung served its opening claim construction brief. Day Decl., ¶7.