# Exhibit B

# Golden Gate Reporting

Page 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

WISTRON CORPORATION, a Taiwan
corporation,

    Plaintiff and
    Counter-Defendant,
vs.                         No. C-07-4748 VRW

SAMSUNG ELECTRONICS CO., LTD., a
Republic of Korea corporation,

    Defendant and
    Counter-Plaintiff.
_____/
SAMSUNG ELECTRONICS CO., LTD.,

    Counterclaim-Plaintiff,

vs.

WISTRON CORPORATION, and WISTRON
INFOCOMM (TEXAS) CORPORATION,

    Counterclaim-Defendants.
_____/

DEPOSITION OF ROBERT G. WEDIG, PH.D.

DATE:          May 19, 2008

TIME:          9:35 a.m.


LOCATION:      KIRKPATRICK & LOCKHART PRESTON
                GATES ELLIS LLP
                55 Second Street
                San Francisco, California

REPORTED BY:   Brenda L. Marshall
                Certified Shorthand Reporter
                License Number 6939

933bf8ee-c8a1-46fc-94f5-7426fad9a6c0

# Golden Gate Reporting

## Page 2

1

APPEARANCES

2

3

For the Plaintiff and Counterclaim-Defendants:

4    KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP
     BY:  TIMOTHY P. WALKER, PH.D., ESQ.

5        CHRIS CHOU, ESQ.
     55 Second Street, Suite 1700

6    San Francisco, California  94105-3493
     (415) 882-8000

7

For the Defendant and Counterclaim-Plaintiff:

8

DLA PIPER US LLP

9    BY:  SAL LIM, ESQ.
         TIMOTHY W. LOHSE, ESQ.

10   2000 University Avenue
     East Palo Alto, California  94303-2215

11   (650) 833-2055

12   Also Present:

13   MATTHEW CHAVEZ, VIDEOGRAPHER

14

15

16

17

18

19

20

21

22

23

24

25

## Page 3

1

INDEX

2
     EXAMINATION BY

3
        MR. WALKER          5

4
     EXHIBITS

5
     Plaintiff's Exhibits

6    1  Curriculum Vitae of Robert G. Wedig,
        Ph.D.                              17

7
     2  Declaration of Dr. Robert G. Wedig in

8       Support of Plaintiff Samsung Electronics
        Co., Ltd.'s Proposed Claim Construction   29

9
     3  Supplemental Declaration of Dr. Robert G.

10      Wedig in Support of Plaintiff Samsung
        Electronic Co., Ltd.'s Objections to

11      Report and Recommendation on Claim
        Construction                       33

12
     4  Declaration of Dr. Robert G. Wedig in

13      Support of Plaintiff Samsung Electronics
        Co., Ltd.'s Claim Construction Brief    34

14
     5  Declaration of Dr. Robert Wedig in Support

15      of Defendant Samsung Electronics' Proposed
        Claim Construction                 36

16
     6  Declaration of Dr. Robert G. Wedig in

17      Opposition to Defendants' Motion to
        Reconsider Claim Construction       38

18
     7  Declaration of Robert G. Wedig in Support

19      of Samsung's Opposition to Arima's Amended
        Motion for Summary Judgment of

20      Non-Infringement of U.S. Patent
        No. 5,588,054                      41

21
     8  United States Patent No. 5,333,273   51

22
     9  Joint Claim Construction and Prehearing

23      Statement                         102

24   10. United States Patent 6,523,100    174
        (Exhibits attached to the transcript.)

25

## Page 4

1            THE VIDEOGRAPHER:  We're going on the

2        record.  Today's date is May 19th, 2008.  We're

09:35:17  3        beginning the deposition of Dr. Robert Wedig.  The

4        time on the monitor is 9:35 A.M.  This is tape No. 1

5        in Volume I, and it's the "Wistron Corp. vs. Samsung

6        Electronics."

7            We are at Kirkpatrick & Lockhart, 55 Second

09:35:34  8        Street, San Francisco, California.  My name is

9        Matthew Chavez.  I'm a notary public in the state of

10       California, and I'm contracted by Golden Gate

11       Reporting.  Today's court reporter is Brenda

12       Marshall, working for Golden Gate Reporting.

09:35:45 13            Would all people present please state your

14       name and whom you represent.

15            MR. WALKER:  Timothy Walker for Wistron,

16       with Kirkpatrick & Lockhart Preston Gates Ellis.

17       Also with me is Chris Chou of the same firm.

09:36:07 18            MR. LIM:  I'm Sal Lim with DLA Piper.  I

19       represent Samsung Electronics.  And with me is Tim

20       Lohse, also with DLA Piper.

21            THE VIDEOGRAPHER:  Would the court reporter

22       please swear in the witness, and we may begin.

23

24

25   ///

## Page 5

1            ROBERT G. WEDIG, PH.D.,

2        called as a witness by the Plaintiff, who, having

3        been duly sworn by me, was examined and testified as

4        hereinafter set forth.

5                   --oOo--

6            EXAMINATION BY COUNSEL FOR THE PLAINTIFF

7    BY MR. WALKER:

09:36:26  8        Q.  State your name for the record, please.

9        A.  My name is Dr. Robert G. Wedig.

10       Q.  Should I address you as Dr. Wedig?

11       A.  That would be good.

12       Q.  Do you understand that you are testifying

09:36:41 13   here as an expert on behalf of Samsung?

14       A.  Yes, I understand that.

15       Q.  And do you understand that -- well, what do

16   you understand to be the -- the nature of the

17   testimony you're about to give?

09:37:02 18       A.  I believe I'm going to testify in relation

19   to certain terms that are going to be construed by

20   the court related to two patents, what I call the

21   '273 patent and the '100 patent.  I don't have

22   memorized the complete patent numbers of those two.

09:37:22 23       Q.  Do you understand you're appearing here, I

24   think, by stipulation.  We don't have a -- I guess

25   there was a deposition notice that was sent out, and

415.499.DEPO ~ 866.936.DEPO
www.GoldenGateReporting.com                    ©2008

933bf8ee-c8a1-46fc-94f5-7426fad9a6c0

# Golden Gate Reporting

## Page 182

1 Q. All right. And if the memory controller
2 unit does not know what access speed -- well, let me
16:48:46 3 back up here.
4 The patent is premised on the memory units
5 having different speeds; correct?
6 A. That's a fundamental part of the patent,
7 yes.
16:49:09 8 Q. And the information sought by the memory
9 access requestor could be on any of the memory units;
10 correct?
11 A. That's correct.
12 Q. So why shouldn't the memory controller unit
16:49:30 13 have to be told on each memory access what the --
14 what the access speed is for the memory unit that
15 contains the requested information?
16 A. Simply because it's an unnecessary
17 limitation that is not stated in the claim. Claim
16:49:57 18 says that it has to be told; that is, there needs to
19 be an indication of the access speed. It doesn't say
20 that it has to do it on every access. There's no
21 reason that you should -- you should interpret
22 something so narrowly when that's not what the claim
16:50:09 23 says.
24 If the claim had wanted to say that, it
25 would have said it. In fact, I believe Samsung did

## Page 183

1 get a previous patent using the same specification
2 where they did say that. They did indicate to
16:50:41 3 provide the information on every access, and so when
4 the patent prosecutor wanted to be so narrow, that's
5 what he did. He chose not to be that narrow, and --
6 in this particular patent, and this is what the
7 patent office gave Samsung. They gave them something
16:50:58 8 that says you have to provide an indication of the
9 access speed, but it doesn't say you have to do it on
10 every access.
11 Q. Do you understand that during prosecution,
12 the applicant characterized the invention as allowing
16:51:14 13 the memory controller to adapt to different types
14 and/or speeds of memory devices?
15 A. That sounds somewhat familiar, yes. I mean,
16 we can look it up, but I -- I generally remember
17 that, yes.
16:51:41 18 Q. And does it remain your view that in spite
19 of that prosecution history, the memory controller
20 unit need not be given an indication of access speed
21 of the memory unit that's actually being used for the
22 access of what that access -- of what the appropriate
16:52:01 23 access speed is?
24 A. If I understood your question correctly,
25 I -- my belief is that it does need to be given an

## Page 184

1 indication of the access speed.
2 Where I take issue is that it does not need
16:52:16 3 to be given that indication every access. And I
4 believe that statement you read from the file history
5 supports that. It says that it needs to be able to
6 adapt, which -- but it's not going to change -- it's
7 not going to change dynamically. It's not going to
16:52:32 8 change as a system is running. It's not going to
9 change -- once you've -- once you've installed the
10 memory and you're running your system, it's not as
11 though suddenly your memory is going to slow down.
12 The -- once you plugged in your memory or
16:52:49 13 designed in your memory, the memory speed is what it
14 is. And so as long as you determine the speed, even
15 once, that's all you need. You do need to at least
16 determine it once, but I think that after you've done
17 that, you've satisfied the claim.
16:53:42 18 Q. All right. Let's move to configured to
19 receive.
20 A. Okay.
21 Q. It's page 7 of Exhibit 9. Okay. Do you
22 have an understanding of whether Samsung is actually
16:54:08 23 proposing a construction, or is theirs a position of
24 plain meaning?
25 A. I believe their position is plain meaning.

## Page 185

1 And -- yeah. I -- I don't know what they plan to
2 write in their brief, but I believe they say plain
16:54:23 3 meaning. I think that's what they mean.
4 I think they just want to make clear that
5 they think the meaning has no special meaning, has
6 no -- it's not as though the prosecutor was his own
7 lexicographer in this case, in this situation. It
16:54:48 8 had the normal meaning that anyone would imagine it
9 to be, which they think everyone or anyone on the
10 street would say configured to receive would say
11 designed to receive.
12 Q. Is your -- what's -- what's wrong with
16:55:01 13 Wistron's construction?
14 A. Well, the -- you -- Wistron has taken a
15 definition of configured to mean, in a sense,
16 programmed or dynamically set to or kind of -- at
17 this point in time, set to be in this way and
16:55:40 18 possibly the next day set some different way. And so
19 they view the word "configured" to mean that it would
20 operate differently at different times.
21 And it's interesting that when you look at
22 the dictionary definition that Wistron relied on, it
16:56:00 23 says, "To design, arrange, set up, or shape with a
24 view to specific applications or uses." I'm not sure
25 why you chose to use the third verb when the first

# Golden Gate Reporting

## Page 186

1   verb said to design and that is -- you know, that was
2   Samsung's understanding of the word "configured."
3   That would seem to make the most sense.
4        And in this particular case, it's that --
5   this memory controller is designed to receive this
6   indication. It's not as though it's going to receive
7   it -- there's no discussion in the patent that it's
8   going to receive it today and not receive it
9   tomorrow. It's not going to change its operation.
10   It is configured in the sense that it is designed
11   this way, it's always going to operate this way.
12        And it sounds as though, when I'm reading
13   Wistron's construction, that it says set up to
14   receive meaning that maybe the next time potentially
15   won't be set up to receive. I mean, it may be
16   reprogrammed not to receive, and that's part of it.
17        And secondly, it's again the issue of during
18   each access. And we can have this whole conversation
19   again, but I think you know my position. It makes no
20   sense to consider doing it on each access since, in
21   fact, there's no -- there's no teaching in the claim,
22   there's no requirement in the claim that it be done
23   on each access.
24     Q. Let's go to page 11, to provide. Samsung's
25   proposal is plain meaning again. Wistron's proposal

## Page 187

1   is supply during each access. What's wrong with
2   Wistron's proposal?
3     A. I think it's just the -- during each access,
4   same discussion, that the patent claim language
5   itself doesn't say anything about doing it during
6   each access. It simply says --
7     Q. I'm sorry. I thought you told me before --
8   that you agreed with me before that the claim
9   language requires providing during each access. This
10   is providing --
11     A. To provide during each access --
12     Q. -- provide the --
13     A. -- access timing. I see. I'm sorry. Let
14   me get reoriented here. Oh, okay. I'm sorry. This
15   is -- this is going the other way.
16     Q. This is the providing of the access timing,
17   yes.
18     A. Okay. Thank you for reorienting me on it.
19   Okay. So here's the problem with this. It
20   says "Supply during each access." If I were to take
21   and put that language into the claim itself, it would
22   say to supply during each access -- during access of
23   said at least one memory module. And so it's being
24   redundant. It -- it already says to provide during
25   the access. Okay.

## Page 188

1        Now, the only thing that Wistron wants to
2   reinforce is that it happens during every access. I
3   mean, I thought that that was clear. I don't -- I
4   think that, first of all, to say that it's doing it
5   during the access is redundant, doing it during each
6   access I think is still clear from the claim itself.
7        So I still agree that it needs to do it
8   during each access, but I just don't think it's
9   necessary that you say it -- you know, that you say
10   it as part of the definition because all you need to
11   do is just say you provide it.
12        The definition of provide is to give it. As
13   it says, to furnish or supply, in the dictionary.
14   Adding during each access is simply redundant with
15   what it's already saying in the rest of the claim.
16     Q. Any other objections to Wistron's proposed
17   construction?
18     A. No. That's all I can think of.
19     Q. Let's move to page 14, indication of access
20   speed.
21     A. Also --
22     Q. Sorry.
23     A. I'm sorry. One more thing --
24     Q. Sure.
25     A. -- I want to say on this is that, again,

## Page 189

1   just to make sure my position is clear, that this is
2   what I'm assuming is the case once the memory module
3   has been programmed and received the indication.
4        I can imagine you might have a system where
5   you may be not practicing the patent yet in the sense
6   that you start up your computer, you haven't received
7   any indication, it's working at, say, a default
8   speed, and you're not practicing the patent, but the
9   mere fact that the memory controller can receive that
10   indication and then begin to provide the access on
11   each access after that. I believe that that memory
12   controller, because it does not operate 100 percent
13   of the time, that is, it doesn't operate from the
14   moment you turn on the power supplying the accesses
15   at the appropriate timing, that is, it doesn't
16   operate properly until you get the indication, I
17   don't -- I don't feel that that's -- that type of
18   system is excluded from this claim. Okay. I just
19   wanted to be clear on that.
20        So when I say during each access, I really
21   kind of mean, as the patent says, once you receive
22   the indication.
23     Q. Okay. All right. Page 14, indication of
24   access speed.
25     A. Okay.

48 (Pages 186 to 189)

933bf8ee-c8a1-46fc-94f5-7426fad9a6c0

# Golden Gate Reporting

## Page 202

```
1        MR. LIM:  No.
2        THE VIDEOGRAPHER:  We're going off the
3   record.  The time is 5:21, and this is the end of
4   tape No. 4.
5        (Whereupon, at 5:21 p.m., the deposition
6   of ROBERT G. WEDIG, PH.D. was concluded.)
7             * * * * * *
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

## Page 204

```
1   June 2, 2008
2   Robert G. Wedig, Ph.D.
    c/o DLA PIPER US LLP
3   SAL LIM, ESQ.
    2000 University Avenue
4   East Palo Alto, California  94303-2215
5
6
    IN RE:   Wistron v. Samsung
7   WITNESS:   ROBERT G. WEDIG, PH.D.
8   Dear Mr. Lim:
9        The deponent in the above-referenced matter did
    not waive signature.  Accordingly, pursuant to the
10  applicable rules of civil procedure (California Code
    of Civil Procedure Section 2025.520 or Federal Rule
11  of Civil Procedure 30), please be advised that the
    transcript is available in our San Rafael office by
12  appointment for reading, correcting, and signing.
    The transcript will be available for thirty (30)
13  days.
    Errata changes must be signed by the deponent
14  and returned to our office within the thirty (30) day
    time period.  The official transcript for the
15  noticing counsel (with exhibits) will be mailed in
    accordance with the California Code of Civil
16  Procedure, depending on the action of the deponent.
    Again, thank you very much for the opportunity
17  to serve you.  Please do not hesitate to call upon
    our office with any questions!
18
19  Best regards,
20
21  Brenda Marshall, CSR
22
23
24  cc:  Original Transcript
    All Counsel
25
```

## Page 203

```
1        CERTIFICATION OF DEPOSITION OFFICER
2
3        I, BRENDA L. MARSHALL, duly authorized to
4   administer oaths pursuant to Section 2093(b) of the
5   California Code of Civil Procedure, hereby certify
6   that the witness in the foregoing deposition was by
7   me sworn to testify to the truth, the whole truth and
8   nothing but the truth in the within-entitled cause;
9   that said deposition was taken at the time and place
10  therein stated; that the testimony of said witness
11  was thereafter transcribed by means of computer-aided
12  transcription; that the foregoing is a full, complete
13  and true record of said testimony; and that the
14  witness was given an opportunity to read and correct
15  said deposition and to subscribe the same.
16       I further certify that I am not of counsel or
17  attorney for either or any of the parties in the
18  foregoing deposition and caption named, or in any way
19  interested in the outcome of this cause named in said
20  caption.
21
22
23
24       BRENDA L. MARSHALL, CSR 6939
25
```

## Page 205

```
1   A C K N O W L E D G E M E N T   O F   D E P O N E N T
2        I, ROBERT G. WEDIG, PH.D., do hereby acknowledge I
3   have read and examined the foregoing pages of
4   testimony, and the same is a true, correct and
5   complete transcription of the testimony given by me,
6   and any changes or corrections, if any, appear in the
7   attached errata sheet signed by me.
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24  Date          ROBERT G. WEDIG, PH.D.
25
```

415.499.DEPO ~ 866.936.DEPO
www.GoldenGateReporting.com                    ©2008

933bf8ee-c8a1-46fc-94f5-7426fad9a6c0