**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **WISTRON CORPORATION, a Taiwan corporation,** | No   C 07-4748 VRW |
| Plaintiff and Counterclaim Defendant, | **ORDER** |
| v | |
| **SAMSUNG ELECTRONICS CO, a Republic of Korea corporation,** | |
| Defendant and Counterclaim Plaintiff, | |
| v | |
| **WISTRON INFOCOMM (TEXAS) CORPORATION,** | |
| Counterclaim Defendant. | |

Samsung's motion (Doc #81) for leave to file a motion for reconsideration is GRANTED.  Samsung shall file its motion by noon

on August 4, 2008. Samsung shall submit all testimony or other evidence that supports its claim that documents 857 and 987 were "made by a client to an attorney for the purpose of obtaining legal advice or services." In re Spalding Sports Worldwide, Inc, 203 F3d 800, 805 (Fed Cir 2005); see Automed Technologies, Inc v Knapp Logistics & Automation, Inc, 382 F Supp 2d 1372, 1375-76 (N D Ga 2005).

In permitting Samsung to seek reconsideration, the court invites the parties to consider not only the applicability of Spalding to the particular documents at issue here, but the very contours of the holding in Spalding itself. A patent application need not be prepared by a lawyer. 37 CFR § 1.32(a)(1) (2005); 37 CFR § 11.6(b) (2004). Spalding's suggestion to the contrary appears to rest on an observation by the Supreme Court in a completely different context. Compare Spalding, 203 F3d at 805-06, with Sperry v Florida, 373 US 379, 383 (1963). As the service of preparing a patent application may be rendered by a non-attorney, a request to an attorney to prepare a patent application may well not constitute a request for legal services. Hence, a correct interpretation of Spalding may be that only such defined parts of a submission to an attorney for preparation of a patent application that request legal advice are privileged.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge

2