1  MICHAEL J. BETTINGER (STATE BAR NO. 122196)
   TIMOTHY P. WALKER, PHD (STATE BAR NO. 105001)
2  HAROLD H. DAVIS, JR. (STATE BAR NO. 235552)
   CHRISTY V. LA PIERRE (STATE BAR NO. 242691)
3    mike.bettinger@klgates.com
     timothy.walker@klgates.com
4    harold.davis@klgates.com
     christy.lapierre@klgates.com
5  K&L GATES
6  55 Second Street, Suite 1700
   San Francisco, CA 94105-3493
7  Telephone: (415) 882-8200
   Facsimile: (415) 882-8220
8

9  Attorneys for Plaintiff and Counter-Defendant
   WISTRON CORPORATION and
10 Counter-Defendant WISTRON
   INFOCOMM (TEXAS) CORPORATION
11

12                    UNITED STATES DISTRICT COURT

13                   NORTHERN DISTRICT OF CALIFORNIA

14                        SAN FRANCISCO DIVISION

15 WISTRON CORPORATION,

16             Plaintiff and Counter-Defendant,     Case No. C 07-04748 VRW

17                                                  **WISTRON CORPORATION AND
                                                    WISTRON INFOCOMM (TEXAS)**
18       vs.                                        **CORPORATION'S REPLY TO
                                                    SAMSUNG'S OPPOSITION TO MOTION**
19 SAMSUNG ELECTRONICS CO., LTD.,                   **TO STRIKE DR. WEDIG'S TESTIMONY
                                                    AND EXTRINSIC EVIDENCE NOT**
20             Defendant and Counter-Plaintiff      **DISCLOSED PER PATENT L.R. 4-2**

21

22 SAMSUNG ELECTRONICS CO., LTD.,
                                                    Claim Construction Hearing:
23             Counter-Plaintiff,                   Date: September 17, 2008
                                                    Time: 10:00 a.m.
24       vs.                                        Dept: 6, 17th Floor
                                                    Judge: Hon. Vaughn R. Walker
25 WISTRON CORPORATION, and
   WISTRON INFOCOMM (TEXAS)
26 CORPORATION

27             Counter-Defendants.

28

WISTRON'S REPLY TO SAMSUNG'S OPPOSITION TO MOTION        1        PRINTED ON RECYCLED PAPER
TO STRIKE DR. WEDIG'S TESTIMONY AND EXTRINSIC
EVIDENCE NOT DISCLOSED PER PATENT L.R. 4-2
Case No. C07-04748-VRW

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Samsung failed to comply with the technical requirements of Patent L.R. 4-2(b) and should not be permitted to rely upon extrinsic evidence not properly referenced and identified pursuant to the Local Rules. Samsung has litigated this case before in this very Court and is well aware of the requirements of the Local Rules. Because Samsung has offered no reason, such as inadvertence or excusable neglect, for its failure to comply with Patent L.R. 4-2(b) Wistron can only deduce that Samsung willfully violated the Local Rules.

Samsung attempts to justify its violation of the Rules by arguing either that Wistron has not been prejudiced by Samsung's violations, or that, under a strained reading of the Rule, Samsung did "good enough." These arguments fail, however, because Samsung did not comply with Patent L.R. 4-2(b), and the proper remedy for such a violation is exclusion of the extrinsic evidence and Wedig's testimony based upon that evidence.

## II.  ARGUMENT
### A.  Samsung Failed to Comply With Patent Local Rule 4-2

In order to be compliant with Patent L.R. 4-2(b) a party must partake in two steps. First, a party is required to not only identify all references from the specification or prosecution history that support its proposed construction, but to also designate any supporting extrinsic evidence. Second, once the party has designated any supporting extrinsic evidence, it must produce a copy of the extrinsic evidence, not been previously produced, or for previously produced extrinsic evidence it must identify that extrinsic evidence "by production number." Patent L.R. 4-2(b). Samsung has failed to meet the technicalities of Patent L.R. 4-2(b).

To date, Samsung has produced over 3.2 million pages of documents. The purpose of this Local Rule is to identify applicable documents, as opposed to having a party search aimlessly for them. Samsung's interpretation of the Rule would encourage parties to bury documents, which would defeat the objective of disclosure that Patent L.R. 4-2(b) is directed upon.

### 1. **The Three Dictionary References**

Although Samsung had previously produced the three dictionary references as extrinsic evidence, Samsung failed to comply with Patent L.R. 4-2(b) by failing to identify the extrinsic evidence "by production number" as the rule explicitly states and requires. Samsung seems to believe that the mere production of this supporting evidence meets the requirements of Patent L.R. 4-2(b). To the contrary, Samsung failed to meet the latter half of the rule.

### 2. **The Relevant Pages Of Peter Norton's Book, "Inside the IBM PC"**

Samsung failed to comply with Patent L.R. 4-2(b) by not identifying and producing the relevant pages of Peter Norton's book, "Inside the IBM PC," when the parties submitted their JCCS to the Court. Samsung's Opposition attempts to defend the failure to comply with Patent L.R. 4-2(b) by stating that these excerpts are publicly available and were relied upon by Compal Electronics in the prior litigation involving the '273 patent. Samsung does not dispute that it never produced a copy of this reference or identified it by bates range. Neither of Samsung's arguments are valid. By definition, all extrinsic evidence is public knowledge. Taken to its logical extreme, Samsung's "public availability" exception would be the exception that swallowed Patent L.R. 4-2(b). Litigants would never disclose their supporting extrinsic evidence because they would argue it could be found somewhere in the world. Furthermore, if Samsung's argument were to stand, the Court would be forced to determine what public knowledge actually was for the purposes of the extrinsic evidence in question.

### 3. **80286 Advanced ROM BIOS, Vol. 1: CBIOS And Vol. 2: ABIOS Reference Manuals**

Samsung argues that the Phoenix 82086 BIOS was produced by Samsung to Wistron on January 8, 2008. Again, the production of the Phoenix 82086 BIOS does not substantiate Samsung's failure to comply with the Local Rules. Regardless of its production, Samsung is still obligated under Patent L.R. 4-2(b) to designate this extrinsic evidence, and identify the extrinsic evidence "by production number." In contravention of the Local Rule, Samsung has done neither, and should not be permitted to circumvent the Local Rules by failing to disclose extrinsic evidence simply because

it was included in the over 3 million pages of documents previously produced in this case or referenced in a prior litigation.

### B. Wistron Has Been Prejudiced By Samsung's Non-Compliance With Patent L.R. 4-2(b)

Samsung's failure to comply with Patent L.R. 4-2(b) is prejudicial to Wistron. The Local Rules exist in order to provide all parties with adequate notice and information with which to litigate their cases. *Ixys Corp. v. Advanced Power Tech. Inc.,* 2004 WL 1368860 at *3 (N.D. Cal. June 16, 2004). Samsung's failure to make reference to this extrinsic evidence in the JCCS, is prejudicial to Wistron as it places an undue burden on Wistron to determine what supporting extrinsic evidence Samsung will use in which to support its proposed constructions. Furthermore, Samsung's failure to either produce or identify the applicable extrinsic evidence by production number causes additional burden. Samsung has not identified inadvertence or excusable neglect as a reason for non-compliance. Wistron was burdened in a) trying to locate the documents referred to in the JCCS; b) in bringing this motion; and c) not having the opportunity to adequately respond to material relied upon by Dr. Wedig.

## III. CONCLUSION

For the foregoing reasons, Wistron respectfully requests that the extrinsic evidence not properly identified, in the Joint Claim Construction Statement, be stricken pursuant to Patent L.R. 4-2. Wistron further requests that the extrinsic evidence and opinions and arguments made in reliance on the undisclosed extrinisic evidence, included in Dr. Robert G. Wedig's Declaration, be stricken for failure to comply with the requirements of the Patent Local Rule.

1  DATED: July 24, 2008                                K&L GATES

2

3                                                      By /s/ Christy V. La Pierre
                                                          Michael J. Bettinger
4                                                         Timothy P. Walker
                                                          Harold H. Davis, Jr.
5                                                         Christy V. La Pierre
                                                          Attorneys for Plaintiff and Counter-Defendant
6                                                         WISTRON CORPORATION and Counter-
                                                          Defendant WISTRON INFOCOMM (TEXAS)
7                                                         CORPORATION

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WISTRON'S REPLY TO SAMSUNG'S OPPOSITION TO MOTION     5                    PRINTED ON RECYCLED PAPER
TO STRIKE DR. WEDIG'S TESTIMONY AND EXTRINSIC
EVIDENCE NOT DISCLOSED PER PATENT L.R. 4-2
Case No. C07-04748-VRW