| | |
|---|---|
| 1 | MARK D. FOWLER, Bar No. 124235 |
|   | mark.fowler@dlapiper.com |
| 2 | ELIZABETH DAY, Bar No. 177125 |
|   | elizabeth.day@dlapiper.com |
| 3 | TIMOTHY LOHSE, Bar No. 177230 |
|   | timothy.lohse@dlapiper.com |
| 4 | SAL LIM, Bar No. 211836 |
|   | sal.lim@dlapiper.com |
| 5 | GREGORY J. LUNDELL, Bar No. 234941 |
|   | greg.lundell@dlapiper.com |
| 6 | |
| 7 | DLA PIPER US LLP |
|   | 2000 University Avenue |
|   | East Palo Alto, CA 94303-2214 |
| 8 | Tel: 650.833.2000 |
|   | Fax: 650.833.2001 |
| 9 | |
|   | Attorneys for Defendant and Counter-Plaintiff |
| 10 | SAMSUNG ELECTRONICS CO., LTD. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WISTRON CORPORATION, a Taiwan corporation, | CASE NO. C-07-4748 VRW |
| Plaintiff and Counter-Defendant, | **DECLARATION OF RANDALL WICK** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., a Republic of Korea corporation, | |
| Defendant and Counter-Plaintiff. | |
| SAMSUNG ELECTRONICS CO., LTD., | |
| Counterclaim-Plaintiff, | |
| v. | |
| WISTRON CORPORATION, and WISTRON INFOCOMM (TEXAS) CORPORATION, | |
| Counterclaim-Defendants. | |

I, Randall Wick, declare:

1. I am attorney licensed to practice law in California and registered to practice before the United States Patent and Trademark Office. I currently serve as Vice President and General Counsel of Emulex Corp. I know the following of my personal knowledge and, if called as a witness, could and would competently testify thereto.

2. From 1990 to 1998, I was an employee of AST Research, Inc. ("AST"). During my employment at AST I served as Assistant General Counsel or General Counsel for the company. Part of my job responsibilities included the evaluation and analysis of Invention Disclosure Forms ("IDF") submitted by AST employees, the prosecution of patents on behalf of AST and the coordination with outside patent counsel with respect to those patents that outside counsel were prosecuting on behalf of AST.

3. While at AST I prepared the form of the IDF to record information about potentially patentable inventions.

4. AST's employees used the IDF to present their inventive work to AST's patent committee for evaluation of patentability. The AST patent committee included a member of the AST in-house legal team.

5. An IDF completed by an AST employee would be stamped by the AST in-house legal team as "AST CONFIDENTIAL" and a stamp indicating the date upon receipt. It was AST policy that IDF forms completed by AST employees remain non-public documents.

6. Before the AST patent committee evaluated the merit of seeking patent protection for an invention, it was AST's policy to have its in-house legal team review each IDF to evaluate aspects of the disclosed invention's patentability.

7. After AST's patent committee evaluated an IDF, it was AST's general practice to provide the IDF to outside counsel for further analysis of the invention and preparation of a patent application. Alternatively, AST's in-house legal team could prepare a patent application.

8. If the invention disclosed on the IDF was determined to be not legally patentable, AST's in-house legal team advised AST against filing for patent protection on that invention.

9. The AST form of the IDF contains spaces to record entries for at least the

following information: (1) an invention title; (2) each inventor's current contact information; (3) dates and location of conception; (4) dates, locations, and results of any testing of the invention; (5) details of any publication information related to the invention; (6) details of any sales or public uses of the invention; (7) details of related patent applications; (8) details of AST products that use or will use the invention; (9) a sketch of the invention; (10) a written description of the invention, including background of the invention; and (11) signatures for each of the inventors.

10. I prepared the form of the IDF to gather information that enabled AST's in-house legal team to analyze and evaluate the patentability of the disclosed invention. Before deciding to move forward with patent protection on the invention disclosed in an IDF, AST's in-house legal team analyzed and evaluated the information collected from AST employees on the IDF for at least the following purposes: (1) establishing that patenting of the invention was not precluded by any statutory bars; (2) providing a conception date for the invention; (3) identifying the inventors; (4) identifying the citizenship of the inventors; (6) identifying steps from conception to reduction to practice; (7) identifying and evaluating any significant prior art; (8) gathering descriptive information about the invention for preparation of any patent applications, and (9) determining whether the invention was legally patentable.

11. I have reviewed the IDF for the Constant Power Battery Charger. This is an AST IDF stamped with the "AST CONFIDENTIAL" stamp used by the AST in-house legal team, and is stamped with a date of NOV 09 which I believe means it was received by AST's in-house legal team for analysis and evaluation on November 9, 1994. In accordance with the customary policies at AST, the last page of the IDF for the Constant Power Battery Charger bears the signatures of inventors, Roy Tanikawa and Hien Le.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on August 1, 2008, at Costa Mesa, California.

_____
Randall Wick