MARK D. FOWLER, Bar No. 124235
mark.fowler@dlapiper.com
ELIZABETH DAY, Bar No. 177125
elizabeth.day@dlapiper.com
TIMOTHY LOHSE, Bar No. 177230
timothy.lohse@dlapiper.com
SAL LIM, Bar No. 211836
sal.lim@dlapiper.com
GREGORY J. LUNDELL, Bar No. 234941
greg.lundell@dlapiper.com
ERIK R. FUEHRER, Bar No. 252578
erik.fuehrer@dlapiper.com
DLA PIPER US LLP
2000 University Avenue
East Palo Alto, CA 94303-2214
Tel: 650.833.2000
Fax: 650.833.2001

Attorneys for Defendant and Counterclaim-Plaintiff
SAMSUNG ELECTRONICS CO., LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WISTRON CORPORATION, a Taiwan corporation,<br><br>Plaintiff and Counter-Defendant,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Republic of Korea corporation<br><br>Defendant and Counter-Plaintiff. | CASE NO. C-07-4748 VRW<br><br>**[PROPOSED] ORDER GRANTING SAMSUNG ELECTRONICS CO., LTD.'S MOTION FOR RECONSIDERATION REGARDING DOCUMENT NOS. 857 AND 987**<br><br>Date: Sept. 11, 2008<br>Time: 2:30 PM<br>Courtroom: 6, 17th Floor<br>Judge: Vaughn R. Walker |
| SAMSUNG ELECTRONICS CO., LTD.,<br><br>Counterclaim-Plaintiff,<br><br>v.<br><br>WISTRON CORPORATION, and WISTRON INFOCOMM (TEXAS) CORPORATION,<br><br>Counterclaim-Defendants. | |

On June 18, 2008, this Court ordered that Counterclaim-Plaintiff Samsung Electronics Co., Ltd. ("Samsung") produce document nos. 857 and 987 on its privileged document log to Counterclaim-Defendants Wistron Corp. and Wistron InfoComm (Texas) Corp.'s (collectively "Wistron"). Samsung submitted copies of document nos. 857 and 987 to the Court for *in camera* review on June 25, 2008. The Court granted Samsung's request to file a motion for reconsideration on July 21, 2008.

Having considered the papers, evidence and arguments presented to this Court in support of and in opposition to Samsung's Motion for Reconsideration Regarding Document Nos. 857 and 987; the Court finds that document nos. 857 and 987, as referenced in the Court's June 18, 2008 Order:

(1) Have remained confidential communications;

(2) Were prepared and submitted by an inventor to an attorney; and

(3) Were for the purpose of obtaining legal advice concerning the patentability of the described invention.

THEREFORE, the Court finds that these documents are protected by the attorney-client privilege.

IT IS HEREBY ORDERED THAT Samsung's Motion for Reconsideration is GRANTED and Samsung need not produce these documents.

IT IS SO ORDERED.

Dated: _____, 2008

VAUGHN R. WALKER
Chief Judge
United States District Court for the Northern District of California