**EXHIBIT A**

1  MARK D. FOWLER, Bar No. 124235
   mark.fowler@dlapiper.com
2  ELIZABETH DAY, Bar No. 177125
   elizabeth.day@dlapiper.com
3  TIMOTHY LOHSE, Bar No. 177230
   timothy.lohse@dlapiper.com
4  SAL LIM, Bar No. 211836
   sal.lim@dlapiper.com
5  GREGORY J. LUNDELL, Bar No. 234941
   greg.lundell@dlapiper.com
6  ERIK R. FUEHRER, Bar No. 252578
   erik.fuehrer@dlapiper.com
7  DLA PIPER US LLP
   2000 University Avenue
8  East Palo Alto, CA  94303-2214
   Tel:  650.833.2000
9  Fax:  650.833.2001

10 Attorneys for Defendant and Counterclaim-Plaintiff
   SAMSUNG ELECTRONICS CO., LTD.

11

12              UNITED STATES DISTRICT COURT

13             NORTHERN DISTRICT OF CALIFORNIA

14                SAN FRANCISCO DIVISION

15

16 WISTRON CORPORATION, a Taiwan        CASE NO.  C-07-4748 VRW
   corporation
17                                      **ANSWER TO COMPLAINT FOR
                Plaintiff and Counter-  DECLARATORY JUDGMENT; THIRD
18              Defendant,              AMENDED COUNTERCLAIMS FOR
                                       PATENT INFRINGEMENT**
19      v.
                                       **DEMAND FOR A JURY TRIAL**
20 SAMSUNG ELECTRONICS CO., LTD., a
   Republic of Korea corporation
21
                Defendant and Counter-
22              Plaintiff.

23 SAMSUNG ELECTRONICS CO., LTD.,

24              Counterclaim-Plaintiff,

25      v.

26 WISTRON CORPORATION, and
   WISTRON INFOCOMM (TEXAS)
27 CORPORATION,

28              Counterclaim-Defendants.

                                       -1-

1    Plaintiff Samsung Electronics Co., Ltd. ("Samsung") hereby answers Wistron

2  Corporation's ("Wistron Corp.") Complaint for Declaratory Judgment of Non-Infringement and

3  Invalidity of U.S. Patent Nos. 5,333,273, 5,625,275 and 6,523,100 (the "Complaint") in

4  numbered paragraphs corresponding to the numbered paragraphs of the Complaint, and submits

5  Counterclaims for patent infringement against Wistron Corp., Wistron InfoComm (Texas)

6  Corporation ("Wistron InfoComm") and Wistron LLC ("Wistron LLC").

7                              **SAMSUNG'S ANSWER**

8                                 **JURISDICTION**

9        1.    Samsung admits jurisdiction exists under 28 U.S.C. §§ 2201 and 2202. Samsung

10  admits the Complaint seeks the declaratory relief alleged in paragraph 1 of the Complaint.

11  Samsung denies the remaining allegations of paragraph 1 of the Complaint, and specifically

12  denies that Wistron is entitled to the declaratory relief sought by paragraph 1.

13       2.    Samsung admits that this Court has jurisdiction to hear the Complaint pursuant to

14  28 U.S.C. §§ 1331 and 1338(a).

15                                   **VENUE**

16       3.    Samsung admits venue is proper to this District. Samsung denies venue is proper

17  in this District under 28 U.S.C. § 1400(a). Samsung admits Samsung Semiconductor, Inc. is

18  headquartered and has its principal place of business in this District. Samsung admits that a

19  substantial part of the events that give rise to the action occurred in this District. Samsung denies

20  the remaining allegations of paragraph 3.

21                        **INTRA-DISTRICT ASSIGNMENT**

22       4.    Samsung denies the applicability of Civil L.R. 3-11. Samsung otherwise admits

23  the allegations of paragraph 4 of the Complaint.

24                                **THE PARTIES**

25       5.    Samsung is without sufficient information or belief to admit or deny this paragraph

26  and, on that basis, denies the allegations of this paragraph.

27       6.    Samsung admits the first sentence of paragraph 6 of the Complaint. Samsung

28  admits Samsung Semiconductor, Inc. is a corporation organized and existing under the laws of

-2-

1    California, with its headquarters and principal place of business in San Jose, California.  Samsung

2    denies the remaining allegations of paragraph 6 of the Complaint.

3                                    **GENERAL ALLEGATIONS**

4         7.    Deny.

5         8.    Samsung admits U.S. Patent No. 5,333,273 (the "'273 Patent") was found valid

6    and infringed in the case entitled *Samsung Electronics Co., Ltd. v. Quanta Computer, et al.*, No.

7    3:00-CV-04524 VRW (the "Quanta case").  Samsung admits Samsung referred Wistron to that

8    case.  Samsung lacks sufficient information and belief sufficient to admit or deny whether

9    "Wistron, in good faith, received the pleadings and rulings in the *Quanta* case," and, on this basis,

10   denies those allegations.  Samsung denies the remaining allegations of paragraph 8 of the

11   Complaint.

12        9.    Samsung admits it contends Wistron infringes U.S. Patent Nos. 5,625,275 and

13   6,523,100.  Samsung admits discussing with Wistron that patent litigation is expensive.  Samsung

14   denies the remaining allegations of paragraph 9 of the Complaint.

15        10.   Samsung admits it advised Wistron of the possibility Samsung would file a patent

16   infringement suit against Wistron for Wistron's infringement of Samsung's patents absent a

17   satisfactory resolution of Samsung's claims against Wistron.  Samsung denies the remaining

18   allegations of paragraph 10 of the Complaint.

19        11.   Samsung denies the Travelmate PC manufactured by Wistron does not infringe

20   any valid claim of the patents-in-suit.  Samsung admits Wistron seeks declaratory judgment as

21   alleged in the Complaint, but denies that Wistron is entitled to the relief it seeks.  Samsung denies

22   the remaining allegations of paragraph 11 of the Complaint.

23                                    **CLAIM FOR RELIEF**

24        12.   Samsung answers with, and incorporates by reference, the answers of paragraphs 1

25   through 11, above.

26        13.   Admit.

27   ///

28   ///

## SAMSUNG'S THIRD AMENDED COUNTERCLAIM FOR INFRINGEMENT OF U.S. PATENT NOS. 5,333,273, 5,625,275 AND 6,523,100

Counterclaim-Plaintiff Samsung alleges as follows:

### JURISDICTION

1.     This action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.* This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), and 1367.

### VENUE

2.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(d) and 1400(b).

### INTRA-DISTRICT ASSIGNMENT

3.     Pursuant to Civil L.R. 3-2(c), this case is appropriate for assignment on a district-wide basis because this is an Intellectual Property Action. Pursuant to Civil L.R. 3-12, this case is related to the case entitled *Samsung Electronics Co., Ltd. v. Quanta Computer, et al.*, No. 3:00-CV-04524 VRW, which was assigned to Chief Judge Vaughn R. Walker.

### PARTIES

4.     Counterclaim-Plaintiff Samsung is a corporation organized and existing under the laws of the Republic of Korea with its principal place of business in the Republic of Korea. Samsung is in the business of, among other things, designing, manufacturing and selling notebook computers.

5.     Samsung alleges on information and belief that Counterclaim-Defendant Wistron Corp. is organized and existing under the laws of the Republic of China (Taiwan) with its principal place of business located in Hsichih, Taiwan. Samsung alleges on information and belief that Wistron Corp. is an Original Design Manufacturing ("ODM") company that designs, develops and manufactures electronic products for customers to sell under their own brand name. Samsung alleges on information and belief that Wistron manufactured notebook personal computers are sold throughout the United States.

6.     Samsung alleges on information and belief that Counterclaim-Defendant Wistron InfoComm is organized and existing under the laws of the State of Texas with its principal place

1  of business located at 4051 Freeport Parkway, Suite 200, Grapevine, Texas, 76051. Samsung

2  alleges on information and belief that Wistron InfoComm is engaged in the sale, service,

3  maintenance, repair, or importation into the United States of electronics products, including

4  notebook personal computers, manufactured by Wistron Corp.

5          7.      Samsung alleges on information and belief that Counterclaim-Defendant Wistron

6  LLC is organized and existing under the laws of the State of Texas with its principal place of

7  business located at 1790 N. Lee Trevino Dr., Ste. 506, El Paso, Texas 79936-4558. Samsung

8  alleges on information and belief that Wistron LLC is engaged in the sale, service, maintenance,

9  repair, or importation into the United States of electronics products, including notebook personal

10  computers, manufactured by Wistron Corp.

11                              **THE PATENTS-IN-SUIT**

12          8.      On July 26, 1994, United States Patent No. 5,333,273 (the "'273 Patent"), entitled

13  "Protected Hot Key Function For Microprocessor-Based Computer System," was duly and legally

14  issued by the United States Patent and Trademark Office ("USPTO") to Charles F. Raasch et al.,

15  who assigned their rights in the '273 Patent to AST Research, Inc. AST assigned its rights in the

16  '273 Patent to Samsung on December 23, 1998. Samsung is the owner of the entire right, title

17  and interest in and to the '273 Patent. A true and correct copy of the '273 Patent is attached

18  hereto as Exhibit A.

19          9.      On April 29, 1997, United States Patent No. 5,625,275 (the "'275 Patent"), entitled

20  "Power Supply Which Provides a Variable Charging Current to a Battery in a Portable Computer

21  System," was duly and legally issued by the USPTO to Roy Tanikawa, et al., who assigned their

22  rights in the '275 Patent to AST Research, Inc. on May 16, 1995. AST Research, Inc. assigned its

23  rights in the '275 Patent to Samsung Electronics America, Inc. on March 8, 2002. Samsung

24  America, Inc. assigned its rights in the '275 Patent to Counterclaim-Plaintiff and Third-Party

25  Plaintiff, Samsung Electronics Co., Ltd. on March 26, 2002. Samsung is the owner of the entire

26  right, title and interest in and to the '275 Patent. A true and correct copy of the '275 Patent is

27  attached hereto as Exhibit B.

28          10.     On February 18, 2003, United States Patent No. 6,523,100 (the "'100 Patent"),

-5-

1    entitled "Multiple Mode Memory Module," was duly and legally issued by the USPTO to Edward

2    D. Mann who assigned his rights in the '100 Patent to Wang Laboratories, Inc. on March 5, 1989.

3    On August 29, 1997, Wang Laboratories, Inc. assigned its rights in the '100 Patent to Samsung.

4    Samsung is the owner of the entire right, title and interest in and to the '100 Patent. A true and

5    correct copy of the '100 Patent is attached hereto as Exhibit C.

6    **NOTICE OF INFRINGEMENT**

7         11.     On August 7, 2006, Samsung gave Wistron Corp. actual notice that Wistron Corp.

8    was infringing the Patents-In-Suit.

9    **FIRST CLAIM FOR RELIEF**

10   **(PATENT INFRINGEMENT OF THE '273 PATENT**

11   **AGAINST ALL DEFENDANTS)**
     **(35 U.S.C. § 271)**

12        12.     Samsung incorporates the allegations set forth above in paragraphs 1 through 11.

13        13.     Samsung alleges on information and belief that Wistron Corp., Wistron

14   InfoComm, and Wistron LLC have infringed and continue to infringe, have induced and continue

15   to induce others to infringe, and/or have committed and continue to commit acts of contributory

16   infringement of, one or more claims of the '273 Patent by importing, making, using, selling

17   and/or offering for sale in the United States and this District computer notebook products and

18   components thereof that embody the inventions of the '273 Patent. Such infringing activities

19   violate 35 U.S.C. § 271.

20        14.     Upon information and belief, Samsung alleges that Wistron Corp. Wistron

21   InfoComm, and Wistron LLC's infringement has been and continues to be intentional and willful.

22        15.     As a consequence of Wistron Corp., Wistron InfoComm, and Wistron LLC's

23   infringing activities, Samsung has suffered monetary damages in an amount not yet determined,

24   and Samsung will continue to suffer harm (including irreparable harm) in the future unless and

25   until Wistron Corp., Wistron InfoComm, and Wistron LLC's infringing activities are enjoined by

26   this Court.

27        16.     Wistron Corp., Wistron InfoComm, and Wistron LLC's infringement of the '273

28   Patent makes this an "exceptional" case within the meaning of 35 U.S.C. § 285.

## SECOND CLAIM FOR RELIEF

### (PATENT INFRINGEMENT OF THE '275 PATENT
### AGAINST ALL DEFENDANTS)
### (35 U.S.C. § 271)

17.     Samsung incorporates the allegations set forth above in paragraphs 1 through 16.

18.     Samsung alleges on information and belief that Wistron Corp., Wistron InfoComm, and Wistron LLC have infringed and continue to infringe, have induced and continue to induce others to infringe, and/or have committed and continue to commit acts of contributory infringement of, one or more claims of the '275 Patent by importing, making, using, selling and/or offering for sale in the United States and this District computer notebook products and components thereof that embody the inventions of the '275 Patent.  Such infringing activities violate 35 U.S.C. § 271.

19.     Upon information and belief, Samsung alleges that Wistron Corp., Wistron InfoComm, and Wistron LLC's infringement has been and continues to be intentional and willful.

20.     As a consequence of Wistron Corp., Wistron InfoComm, and Wistron LLC's infringing activities, Samsung has suffered monetary damages in an amount not yet determined, and Samsung will continue to suffer harm (including irreparable harm) in the future unless and until Wistron Corp., Wistron InfoComm, and Wistron LLC's infringing activities are enjoined by this Court.

21.     Wistron Corp., Wistron InfoComm, and Wistron LLC's infringement of the '275 Patent makes this an "exceptional" case within the meaning of 35 U.S.C. § 285.

## THIRD CLAIM FOR RELIEF

### (PATENT INFRINGEMENT OF THE '100 PATENT
### AGAINST ALL DEFENDANTS)
### (35 U.S.C. § 271)

22.     Samsung incorporates the allegations set forth above in paragraphs 1 through 21.

23.     Samsung alleges on information and belief that Wistron Corp., Wistron InfoComm, and Wistron LLC have infringed and continue to infringe, have induced and continue to induce others to infringe, and/or have committed and continue to commit acts of contributory infringement of, one or more claims of the '100 Patent by importing, making, using, selling

-7-

1  and/or offering for sale in the United States and this District computer notebook products and

2  components thereof that embody the inventions of the '100 Patent. Such infringing activities

3  violate 35 U.S.C. § 271.

4      24.    Upon information and belief, Samsung alleges that Wistron Corp., Wistron

5  InfoComm, and Wistron LLC's infringement has been and continues to be intentional and willful.

6      25.    As a consequence of Wistron Corp., Wistron InfoComm, and Wistron LLC's

7  infringing activities, Samsung has suffered monetary damages in an amount not yet determined,

8  and Samsung will continue to suffer harm (including irreparable harm) in the future unless and

9  until Wistron Corp., Wistron InfoComm, and Wistron LLC's infringing activities are enjoined by

10  this Court.

11      26.    Wistron Corp., Wistron InfoComm, and Wistron LLC's infringement of the '100

12  Patent makes this an "exceptional" case within the meaning of 35 U.S.C. § 285.

13  **PRAYER FOR RELIEF**

14  WHEREFORE, Samsung prays for judgment against Wistron as follows:

15      1.    That Wistron Corp.'s Complaint be dismissed with prejudice and that Wistron

16  Corp. recover nothing thereon;

17      2.    That each of the Defendants be declared and adjudged to have infringed, induced

18  others to infringe and/or committed acts of contributory infringement of the Patents-In-Suit, that

19  Samsung should be entitled to all rights of recovery thereunder, and that such patents are valid

20  and enforceable;

21      3.    That each of the Defendants' officers, agents, servants, employees, and attorneys,

22  and all those persons acting or attempting to act in concert or participation with them or acting on

23  their behalf, be immediately, preliminarily and permanently enjoined and restrained from

24  infringement of the Patents-In-Suit;

25      4.    That each of the Defendants be ordered to account for and pay to Samsung all

26  damages caused to Samsung by reason of each of their infringement of the Patents-In-Suit

27  pursuant to 35 U.S.C. § 284, including any enhanced damages;

28      5.    That Samsung be granted pre-judgment and post-judgment interest on the damages

1   caused to it by reason of each of the Defendants' infringement of the Patents-In-Suit;

2       6.      That this be declared an "exceptional case" pursuant to 35 U.S.C. § 285 and that

3   each of the Defendants be ordered to pay Samsung's attorney fees and costs, and interest thereon

4   at a legal rate; and

5       7.      That the Court grant such other and further relief as the Court deems just and

6   proper under the circumstances.

7                           **<u>DEMAND FOR JURY TRIAL</u>**

8       Samsung demands trial by jury for all so triable pursuant to Fed. R. Civ. Pro. 38(b) and

9   Civil L.R. 3-6(a).

10

11  Dated:  August 15, 2008

12                                              DLA PIPER US LLP

13
                                                By _____
14                                                 MARK FOWLER
                                                   Attorneys for Defendant and Counterclaim-
15                                                 Plaintiff
                                                   SAMSUNG ELECTRONICS CO., LTD
16

17

18

19

20

21

22

23

24

25

26

27

28

DLA PIPER US LLP
East Palo Alto

SAMSUNG'S ANSWER AND THIRD AMENDED COUNTERCLAIMS FOR PATENT INFRINGEMENT;
CASE NO. C-07-4748 VRW

WEST\21492417.1