**EXHIBIT C**

MARK D. FOWLER, Bar No. 124235
mark.fowler@dlapiper.com
ELIZABETH DAY, Bar No. 177125
elizabeth.day@dlapiper.com
TIMOTHY LOHSE, Bar No. 177230
timothy.lohse@dlapiper.com
SAL LIM, Bar No. 211836
sal.lim@dlapiper.com
GREGORY J. LUNDELL, Bar No. 234941
greg.lundell@dlapiper.com
NICKOLAS J. BOHL, Bar No. 245943
nickolas.bohl@dlapiper.com
DLA PIPER US LLP
2000 University Avenue
East Palo Alto, CA 94303-2214
Tel: 650.833.2000
Fax: 650.833.2001

Attorneys for Defendant and Counter-Plaintiff
SAMSUNG ELECTRONICS CO., LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WISTRON CORPORATION, a Taiwan corporation<br><br>Plaintiff and Counter-Defendant,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Republic of Korea corporation<br><br>Defendant and Counterclaim-Plaintiff.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br><br>Counterclaim-Plaintiff,<br><br>v.<br><br>WISTRON CORPORATION, and WISTRON INFOCOMM (TEXAS) CORPORATION,<br><br>Counterclaim-Defendants. | CASE NO. C-07-4748 VRW<br><br>**SAMSUNG'S THIRD SET OF INTERROGATORIES TO COUNTERCLAIM-DEFENDANTS WISTRON CORP. AND WISTRON INFOCOMM (TEXAS) CORP.** |

PROPOUNDING PARTY: Counterclaim-Plaintiff Samsung Electronics Co., Ltd.

RESPONDING PARTY: Counterclaim-Defendants Wistron Corp. and Wistron InfoComm (Texas) Corp.

SET NO.: Third

Counterclaim-Plaintiff Samsung Electronics Co., Ltd. requests that Counterclaim-Defendants Wistron Corp. and Wistron InfoComm (Texas) Corp. answer the following interrogatories pursuant to Rule 33 of the Federal Rules of Civil Procedure within thirty (30) days of service of these interrogatories on Counterclaim-Defendants.

## INSTRUCTIONS

1. These interrogatories shall be deemed to seek answers as of the date of service thereof and to the full extent of the Federal Rules of Civil Procedure. These interrogatories are of a continuing nature and you are required to serve supplemental responses promptly if you obtain further or different information after the date of your initial answers.

2. The singular form of a word should be interpreted in the plural as well. Any pronoun shall be construed to refer to the masculine, feminine, or neutral gender as in each case is most appropriate. The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request most inclusive.

3. These interrogatories seek all information that is known to you, your representatives, agents, employees, investigators, consultants and, unless otherwise privileged, their counsel.

4. If you do not answer any interrogatory, or part thereof, because of a claim of privilege or any other claim, set forth the privilege claimed, the facts upon which you rely to support the claim of privilege, and furnish a list identifying each item of information for which privilege is claimed, including:

    a. a brief description of the nature and subject matter;

    b. the date the information was acquired or came into existence; and

    c. the name, title and employer of the individual(s) who generated, provided,

and received the information.

5. If you choose to respond to any interrogatory by producing business records in accordance with Fed.R.Civ.P. 33(d), then you shall specify the records from which the answer may be derived or ascertained and afford Counterclaim-Plaintiff reasonable opportunity to examine, audit or inspect such records. The specification of records shall be in sufficient detail to permit Counterclaim-Plaintiff to locate and identify said records as readily as you could locate and identify said records.

## DEFINITIONS

In the following interrogatories:

A. The phrase "NOTEBOOK PRODUCT" means a partially or completely assembled notebook computer or a main board or "motherboard" for a notebook computer.

B. The term "WISTRON DEFENDANTS" shall encompass, both individually and jointly, each of Counterclaim-Defendants Wistron Corp. and Wistron InfoComm (Texas) Corp., and each of their respective predecessors, successors, divisions, subsidiaries or affiliates thereof, and anyone acting on their behalf, including each of their respective directors, officers, employees, attorneys and agents.

C. The term "DOCUMENTS" is defined broadly to give the full scope of that term as contemplated by Rule 34 of the Federal Rules of Civil Procedure and includes any writing, recording or photograph as defined by Rule 1001 of the Federal Rules of Evidence, and specifically includes, without limitation, the following items, whether printed or recorded or reproduced by any process, or written and/or produced by hand, namely: letters; reports; agreements; COMMUNICATIONs, including internal company COMMUNICATIONs; notes; correspondence; electronic mail (e-mail); telegrams; memoranda; translations; summaries or records of telephone conversations; routing slips or memoranda; reproducible recordings on tape, discs, or the like; summaries or records of personal interviews and conversations; diaries; statistical statements; graphs; laboratory and research reports and records; notebooks of any character; specifications; instructions; motion or still pictures; minutes or records of conferences and meetings; lists of persons attending meetings or conferences; expressions of statements of

policy; reports or summaries of interviews; reports or summaries of investigations; opinions, reports or studies by employees or consultants; patent appraisals; reports of patent searches; opinions of counsel; records or summaries of negotiations; contracts and agreements, including all modifications, drafts, memoranda, correspondence and any other document relating to said contracts; advertisements; circulars; trade letters; press releases; books; accounts; statements of account; calendars; appointment books; telephone logs; computer printouts and storage on computer-related media of all kinds (including, but not limited to, information stored on computer disks, tapes and/or drives); microfilm; handbooks; manuals; drafts of any documents; and revisions of drafts of any documents. Any such DOCUMENT bearing on any sheet, side or margin thereof any marks such as initials, stamped indicia, comment or notation of any character and not a part of the original text photographic reproduction thereof is to be considered as a separate DOCUMENT.

D. The term "COMMUNICATION" refers to any form of interpersonal communication, whether written, oral, or in any other form, including, but not limited to, communications by way of meetings, telephone conversations, correspondence, memoranda, contracts, agreements, and/or electronic mail.

E. The term "TERM" means from July 26, 1994 through the present.

F. The term "INCOTERM" stands for International Commercial Terms and refers to the standard trade definitions used to identify, for example, responsibility for carriage of products, export and import, and assignment of risk, in international trade as defined by the International Chamber of Commerce.

G. The term "IDENTIFY" as used herein means:
    a. when used with reference to a natural person, his or her full name, present home address, present business address, present home and business telephone numbers, and present or last known position and/or business affiliation;
    b. when used with reference to an entity, such as a partnership, joint venture,

            trust or corporation, the full legal name of such entity, each trade name under which such entity does business, the entity's telephone number and the identify of the chief operating officer, manager, trustee or other principal representative or managing agent or agents;

    c.     when used with reference to a DOCUMENT: (i) the type of DOCUMENT involved (e.g., letter, interoffice memorandum, product, etc.); (ii) the date the DOCUMENT was prepared or created, (iii) identity of the preparer; (vi) identity of all distributes;(v) its title or the heading and the number of pages;(vi) the identity of the custodian or other person last known to have possession of the DOCUMENT together with (vii) the present or last known location of the DOCUMENT; and

    d.     when used with reference to a COMMUNICATION: (i) the date of the COMMUNICATION; (ii) the form of COMMUNICATION (e.g., in-person meeting or presentation, telephonic or electronic, written correspondence, etc.); (iii) the place where the COMMUNICATION was made; (iv) the persons who were party to or were present at the time of the COMMUNICATION; and (v) a summary of the COMMUNICATION.

## **INTERROGATORIES**

### **INTERROGATORY NO. 10:**

For each model of each NOTEBOOK PRODUCT identified in response to either Interrogatory No. 1 or Interrogatory No. 2, and for any other NOTEBOOK PRODUCT that any of the WISTRON DEFENDANTS made, used, sold or offered for sale in the United States, imported into the United States or sold to any company outside the United States for subsequent re-sale or importation into the United States at any time during the TERM, please IDENTIFY the entity responsible for importing that NOTEBOOK PRODUCT into the United States and the INCOTERM (e.g., FOB, DDU, FCA, EXW, etc.) that applies to each act of importation for each NOTEBOOK PRODUCT.

///

**INTERROGATORY NO. 11:**

For each model of each NOTEBOOK PRODUCT identified in response to Interrogatory No. 1 and Interrogatory No. 2, from August 7, 2006 to the present, IDENTIFY each configuration of each such model as shipped into the United States or as supplied to any entity for subsequent re-sale or importation into the United States by stating whether any of the following components are included in such configuration:

1. Microsoft's Vista Operating System
2. Microsoft's Windows XP Operating System
3. Launch Manager
4. QLV
5. EPM, (a.k.a, ePowerManager or ePowerManagement).

Dated: June 11, 2008

DLA PIPER US LLP

By  /s/ Nickolas Bohl
NICKOLAS J. BOHL
Attorneys for Defendant and Counter-Plaintiff
SAMSUNG ELECTRONICS CO., LTD.

| | |
|---|---|
| 1 | MARK D. FOWLER, Bar No. 124235<br>mark.fowler@dlapiper.com |
| 2 | ELIZABETH DAY, Bar No. 177125<br>elizabeth.day@dlapiper.com |
| 3 | TIMOTHY LOHSE, Bar No. 177230<br>timothy.lohse@dlapiper.com |
| 4 | SAL LIM, Bar No. 211836<br>sal.lim@dlapiper.com |
| 5 | GREGORY J. LUNDELL, Bar No. 234941<br>greg.lundell.@dlapiper.com |
| 6 | ERIK FUEHRER, Bar No. 252578<br>erik.fuehrer@dlapiper.com |
| 7 | NICKOLAS BOHL, Bar No. 245943<br>nickolas.bohl@dlapiper.com |
| 8 | DLA PIPER US LLP<br>2000 University Avenue |
| 9 | East Palo Alto, CA 94303-2214<br>Tel: 650.833.2000 |
| 10 | Fax: 650.833.2001 |
| 11 | Attorneys for Defendant and Counter-Plaintiff<br>SAMSUNG ELECTRONICS CO., LTD. |
| 12 | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| 16 | WISTRON CORPORATION, a Taiwan corporation, | CASE NO. C-07-4748 VRW |
| 17 | Plaintiff and Counter-Defendant, | **PROOF OF SERVICE** |
| 18 | | |
| 19 | v. | |
| 20 | SAMSUNG ELECTRONICS CO., LTD., a Republic of Korea corporation, | |
| 21 | Defendant and Counter-Plaintiff. | |
| 22 | | |
| 23 | SAMSUNG ELECTRONICS CO., LTD., | |
| 24 | Counterclaim-Plaintiff, | |
| 25 | v. | |
| 26 | WISTRON CORPORATION, and WISTRON INFOCOMM (TEXAS) CORPORATION, | |
| 27 | | |
| 28 | Counterclaim-Defendants. | |

DLA PIPER US LLP
EAST PALO ALTO

WEST\21339294.1
347269-000036

PROOF OF SERVICE
CASE NO. C-07-4748 VRW

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is DLA Piper US LLP, 2000 University Avenue, East Palo Alto, California 94303-2214. On June 11, 2008, I served the within documents:

**SAMSUNG'S THIRD SET OF INTERROGATORIES TO COUNTERCLAIM-DEFENDANTS WISTRON CORP. AND WISTRON INFOCOMM (TEXAS) CORP.**

☒ by causing such document to be transmitted by electronic mail to the office of the addressees.

MICHAEL J. BETTINGER, ESQ.
HAROLD H. DAVIS, JR., ESQ.
TIMOTHY WALKER, ESQ.
CATHY WILLIAMS, ESQ.
JULIA ALVAREZ, ESQ.
PERRY BROOKS, ESQ.
DINA DELAUTER, ESQ.
CHRISTY LA PIERRE, ESQ.
JAS S. DHILLON, ESQ.
K&L GATES
55 SECOND STREET, SUITE 1700
SAN FRANCISCO, CA 94105
**E-mails:**
mike.bettinger@klgates.com
harold.davis@klgates.com
timothy.walker@klgates.com
cathy.williams@klgates.com
julia.alvarez@klgates.com
perry.brooks@klgates.com
dina.delauter@klgates.com
christy.lapierre@klgates.com
jas.dhillon@klgates.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the Bar of or permitted to practice before this Court at whose direction the service was made.

Executed on June 11, 2008, at East Palo Alto, California.

_____
Zoya Khodosh

DLA PIPER US LLP
EAST PALO ALTO
WEST\21339294.1
347269-000036
PROOF OF SERVICE
CASE NO. C-07-4748 VRW