**EXHIBIT D**

| | |
|---|---|
| 1 | MARK D. FOWLER, Bar No. 124235<br>mark.fowler@dlapiper.com |
| 2 | ELIZABETH DAY, Bar No. 177125<br>elizabeth.day@dlapiper.com |
| 3 | TIMOTHY LOHSE, Bar No. 177230<br>timothy.lohse@dlapiper.com |
| 4 | SAL LIM, Bar No. 211836<br>sal.lim@dlapiper.com |
| 5 | GREGORY J. LUNDELL, Bar No. 234941<br>greg.lundell@dlapiper.com |
| 6 | ERIK R. FUEHRER, Bar. No. 252578<br>erik.fuehrer@dlapiper.com |
| 7 | DLA PIPER US LLP<br>2000 University Avenue |
| 8 | East Palo Alto, CA 94303-2214<br>Tel: 650.833.2000 |
| 9 | Fax: 650.833.2001 |
| 10 | Attorneys for Defendant and Counter-Plaintiff<br>SAMSUNG ELECTRONICS CO., LTD. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WISTRON CORPORATION, a Taiwan corporation<br><br>Plaintiff and Counter-Defendant,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Republic of Korea corporation<br><br>Defendant and Counterclaim-Plaintiff. | CASE NO. C-07-04748 VRW<br><br>**DEFENDANT AND COUNTER-PLAINTIFF SAMSUNG ELECTRONICS CO., LTD.'S NOTICE OF DEPOSITION OF WISTRON CORPORATION REGARDING SHIPPING RECORDS** |
| SAMSUNG ELECTRONICS CO., LTD.,<br><br>Counterclaim-Plaintiff,<br><br>v.<br><br>WISTRON CORPORATION, and WISTRON INFOCOMM (TEXAS) CORPORATION,<br><br>Counterclaim-Defendants. | |

1    PLEASE TAKE NOTICE THAT, pursuant to Rule 30(b)(6) of the Federal Rules of Civil
2    Procedure, plaintiff Samsung Electronics Co., Ltd. ("Samsung"), by its attorneys, will take the
3    deposition of Wistron Corporation ("Wistron") upon oral examination before a certified
4    shorthand reporter duly authorized to administer oaths at The Sherwood Taipei, located at 111
5    Min Sheng East Road, Sect. 3, Taipei, Taiwan, R.O.C. The deposition will commence on August
6    15, 2008 at 10:00 a.m., and shall continue from day to day until completed.

7    PLEASE TAKE FURTHER NOTICE THAT, pursuant to Rule 30(b)(2) of the Federal
8    Rules of Civil Procedure, the deposition will also be recorded using audio-visual equipment.

9    PLEASE TAKE FURTHER NOTICE THAT, pursuant to Rule 30(b)(6) of the Federal
10   Rules of Civil Procedure, Wistron shall designate one or more officers, directors, managing
11   agents, or employees to testify on behalf of Wistron as to each of the subjects listed in Exhibit A
12   hereto.

Dated: July 28, 2008

DLA PIPER US LLP

By _____
MARK D. FOWLER
ELIZABETH DAY
TIMOTHY LOHSE
SAL LIM
GREGORY J. LUNDELL
ERIK R. FUEHRER
Attorneys for Defendant and Counter-Plaintiff
SAMSUNG ELECTRONICS CO., LTD.


# EXHIBIT A

## DEFINITIONS

1. "WISTRON" means Wistron Corporation.

2. "SAMSUNG" means Samsung Electronics Co., Ltd.

3. The phrase "NOTEBOOK PRODUCT" means a partially or completely assembled notebook computer or a main board or "motherboard" for a notebook computer.

4. The term "DOCUMENT(S)" is defined broadly to give the full scope of that term as contemplated by Rule 34 of the Federal Rules of Civil Procedure and includes any writing, recording or photograph as defined by Rule 1001 of the Federal Rules of Evidence, and specifically includes, without limitation, the following items, whether printed or recorded or reproduced by any process, or written and/or produced by hand, namely: letters; reports; agreements; COMMUNICATIONs, including internal company COMMUNICATIONs; notes; correspondence; electronic mail (e-mail); telegrams; memoranda; translations; summaries or records of telephone conversations; routing slips or memoranda; reproducible recordings on tape, discs, or the like; summaries or records of personal interviews and conversations; diaries; statistical statements; graphs; laboratory and research reports and records; notebooks of any character; specifications; instructions; motion or still pictures; minutes or records of conferences and meetings; lists of persons attending meetings or conferences; expressions of statements of policy; reports or summaries of interviews; reports or summaries of investigations; opinions, reports or studies by employees or consultants; patent appraisals; reports of patent searches; opinions of counsel; records or summaries of negotiations; contracts and agreements, including all modifications, drafts, memoranda, correspondence and any other document relating to said contracts; advertisements; circulars; trade letters; press releases; books; accounts; statements of account; calendars; appointment books; telephone logs; computer printouts and storage on computer-related media of all kinds (including, but not limited to, information stored on computer disks, tapes and/or drives); microfilm; handbooks; manuals; drafts of any documents; and revisions of drafts of any documents. Any such DOCUMENT bearing on any sheet, side or margin thereof any marks such as initials, stamped indicia, comment or notation of any character

-1-

1  and not a part of the original text photographic reproduction thereof is to be considered as a
2  separate DOCUMENT.
3      5.   The term "COMMUNICATION(S)" refers to any form of interpersonal
4  communication, whether written, oral, or in any other form, including, but not limited to,
5  communications by way of meetings, telephone conversations, correspondence, memoranda,
6  contracts, agreements, and/or electronic mail.
7      6.   The term "TERM" means from August, 2006 through the present.
8      7.   The term "INCOTERM" stands for International Commercial Terms and refers to
9  the standard trade definitions used to identify, for example, responsibility for carriage of products,
10 export and import, and assignment of risk, in international trade as defined by the International
11 Chamber of Commerce.
12     8.   The term "IDENTIFY" as used herein means:
13         a.   when used with reference to a natural person, his or her full name, present
14              home address, present business address, present home and business
15              telephone numbers, and present or last known position and/or business
16              affiliation;
17         b.   when used with reference to an entity, such as a partnership, joint venture,
18              trust or corporation, the full legal name of such entity, each trade name
19              under which such entity does business, the entity's telephone number and
20              the identify of the chief operating officer, manager, trustee or other
21              principal representative or managing agent or agents;
22         c.   when used with reference to a DOCUMENT: (i) the type of DOCUMENT
23              involved (e.g., letter, interoffice memorandum, product, etc.); (ii) the date
24              the DOCUMENT was prepared or created, (iii) identity of the preparer;
25              (vi) identity of all distributes;(v) its title or the heading and the number of
26              pages;(vi) the identity of the custodian or other person last known to have
27              possession of the DOCUMENT together with (vii) the present or last
28              known location of the DOCUMENT; and

-2-

  d.  when used with reference to a COMMUNICATION: (i) the date of the COMMUNICATION; (ii) the form of COMMUNICATION (e.g., in-person meeting or presentation, telephonic or electronic, written correspondence, etc.); (iii) the place where the COMMUNICATION was made; (iv) the persons who were party to or were present at the time of the COMMUNICATION; and (v) a summary of the COMMUNICATION.

## SUBJECTS

1. For each NOTEBOOK PRODUCT that WISTRON has made, used, sold or offered for sale in the United States, imported into the United States or sold to any company outside the United States for subsequent re-sale or importation into the United States at any time during the TERM, please IDENTIFY the entity responsible for importing that NOTEBOOK PRODUCT into the United States and the INCOTERM (e.g., FOB, DDU, FCA, EXW, etc.) that applies to each act of importation for each NOTEBOOK PRODUCT.

2. The data files contained in WISTRON's production labeled "WIS-NATIVE 3", bearing the title "shipping records" and file names "WAKS," "WEKS," "WIKS," "WKS-331," and "WSKS," including but not limited to (a) the means by which the data was prepared; (b) the contents of the databases from which that information was collected; (c) from what business group the information originated; (d) any information omitted from the shipping records data; (e) the form in which the data or databases from which the information for shipping records was collected is/are maintained; (f) how WISTRON uses the information contained in the shipping records data in the normal course of business; (g) the steps, if any, WISTRON took to verify the accuracy and/or completeness of the information contained in the shipping records data; and (h) the terminology used in the shipping records data.

```
 1  MARK D. FOWLER, Bar No. 124235
    mark.fowler@dlapiper.com
 2  ELIZABETH DAY, Bar No. 177125
    elizabeth.day@dlapiper.com
 3  TIMOTHY LOHSE, Bar No. 177230
    timothy.lohse@dlapiper.com
 4  SAL LIM, Bar No. 211836
    sal.lim@dlapiper.com
 5  GREGORY J. LUNDELL, Bar No. 234941
    greg.lundell.@dlapiper.com
 6  ERIK FUEHRER, Bar No. 252578
    erik.fuehrer@dlapiper.com
 7  NICKOLAS BOHL, Bar No. 245943
    nickolas.bohl@dlapiper.com
 8  DLA PIPER US LLP
    2000 University Avenue
 9  East Palo Alto, CA  94303-2214
    Tel:  650.833.2000
10  Fax: 650.833.2001

11  Attorneys for Defendant and Counter-Plaintiff
    SAMSUNG ELECTRONICS CO., LTD.
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WISTRON CORPORATION, a Taiwan corporation, | CASE NO. C-07-4748 VRW |
| Plaintiff and Counter-Defendant, | **PROOF OF SERVICE** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., a Republic of Korea corporation, | |
| Defendant and Counter-Plaintiff. | |
| SAMSUNG ELECTRONICS CO., LTD., | |
| Counterclaim-Plaintiff, | |
| v. | |
| WISTRON CORPORATION, and WISTRON INFOCOMM (TEXAS) CORPORATION, | |
| Counterclaim-Defendants. | |

DLA PIPER US LLP
EAST PALO ALTO

WEST\21339294.1
347269-000036

PROOF OF SERVICE
CASE NO. C-07-4748 VRW

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is DLA Piper US LLP, 2000 University Avenue, East Palo Alto, California 94303-2214. On July 28, 2008, I served the within documents:

**DEFENDANT AND COUNTER-PLAINTIFF SAMSUNG ELECTRONICS CO., LTD.'S NOTICE OF DEPOSITION OF WISTRON CORPORATION REGARDING SHIPPING RECORDS**

[X]  By causing such document to be transmitted by electronic mail to the office of the addressees.

MICHAEL J. BETTINGER, ESQ.
HAROLD H. DAVIS, JR., ESQ.
TIMOTHY WALKER, ESQ.
CATHY WILLIAMS, ESQ.
JULIA ALVAREZ, ESQ.
PERRY BROOKS, ESQ.
DINA DELAUTER, ESQ.
CHRISTY LA PIERRE, ESQ.
JAS S. DHILLON, ESQ.
K&L GATES
55 SECOND STREET, SUITE 1700
SAN FRANCISCO, CA 94105
**E-mails:**
mike.bettinger@klgates.com
harold.davis@klgates.com
timothy.walker@klgates.com
cathy.williams@klgates.com
julia.alvarez@klgates.com
perry.brooks@klgates.com
dina.delauter@klgates.com
christy.lapierre@klgates.com
jas.dhillon@klgates.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the Bar of or permitted to practice before this Court at whose direction the service was made.

Executed on July 28, 2008, at East Palo Alto, California.

_/s/ Zoya Khodosh_
Zoya Khodosh

DLA PIPER US LLP
EAST PALO ALTO

WEST\21339294.1
347269-000036

PROOF OF SERVICE
CASE NO. C-07-4748 VRW