# EXHIBIT K

1  MICHAEL J. BETTINGER (STATE BAR NO. 122196)
   TIMOTHY P. WALKER, PHD (STATE BAR NO. 105001)
2  HAROLD H. DAVIS, JR. (STATE BAR NO. 235552)
   CHRISTY V. LA PIERRE (STATE BAR NO. 242691)
3    mike.bettinger@klgates.com
4    timothy.walker@klgates.com
     harold.davis@klgates.com
5    christy.lapierre@klgates.com
   K&L GATES
6  55 Second Street, Suite 1700
7  San Francisco, CA 94105-3493
   Telephone: (415) 882-8200
8  Facsimile: (415) 882-8220

9  Attorneys for Plaintiff and Counter-Defendant
   WISTRON CORPORATION and
10 Counter-Defendant WISTRON
11 INFOCOMM (TEXAS) CORPORATION

12                    UNITED STATES DISTRICT COURT

13                   NORTHERN DISTRICT OF CALIFORNIA

14                        SAN FRANCISCO DIVISION

15 WISTRON CORPORATION,

16        Plaintiff and Counter-Defendant,      Case No. C 07-04748 VRW

17        vs.                                   WISTRON CORPORATION AND
                                                WISTRON INFOCOMM (TEXAS)
18 SAMSUNG ELECTRONICS CO., LTD.,               CORPORATION'S RESPONSES TO
                                                SAMSUNG'S THIRD SET OF
19        Defendant and Counter-Plaintiff       INTERROGATORIES
20
21 SAMSUNG ELECTRONICS CO., LTD.,

22        Counter-Plaintiff,
          vs.
23
   WISTRON CORPORATION, and
24 WISTRON INFOCOMM (TEXAS)
   CORPORATION
25
26        Counter-Defendants.

27
28

| | |
|---|---|
| PROPOUNDING PARTY: | Defendant and Counter-Plaintiff Samsung Electronics Co., Ltd. |
| RESPONDING PARTY: | Plaintiff and Counter-Defendants Wistron Corporation and Wistron Infocomm (Texas) Corporation |
| SET NO.: | THREE |

Pursuant to Federal Rule of Civil Procedure Rule 33, plaintiff and counter-defendants Wistron Corporation and Wistron Infocomm (Texas) Corporation (collectively, "Wistron") respond to defendant and counter-plaintiff Samsung Electronics Co., Ltd.'s ("Samsung") Third Set of Interrogatories as follows:

## I. GENERAL OBJECTIONS

Wistron makes the following General Objections, and expressly incorporates them into each specific response as set forth below. The failure to refer specifically to a General Objection should not be construed as a waiver of that General Objection.

1. Wistron objects to Samsung's Third Set of Interrogatories on the grounds that they are vague, ambiguous, overly broad and unduly burdensome.

2. Wistron objects to Samsung's Third Set of Interrogatories on the grounds that they seek information not relevant to any claims or defenses and not reasonably calculated to lead to the discovery of admissible evidence.

3. Wistron objects to Samsung's Third Set of Interrogatories to the extent that any Interrogatory may be construed as requiring Wistron to characterize documents or their contents or to speculate as to what the documents may or may not show.

4. Wistron objects to Samsung's Third Set of Interrogatories to the extent they call for the disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, or any other recognized privilege or immunity.

5. Wistron objects to Samsung's Third Set of Interrogatories to the extent that they purport to impose upon Wistron the burden of furnishing information that is not available to Wistron or that is equally or more readily available to Samsung.

6. Wistron objects to each of the Instructions, Definitions and individual Interrogatories to the extent they purport to impose any obligation on Wistron greater than or different from that imposed by the Federal Rules of Civil Procedure or the applicable rules of this Court.

7. Wistron objects to the terms "NOTEBOOK PRODUCT," "WISTRON DEFENDANTS," "DOCUMENTS," "TERM," "INCOTERM," and "IDENTIFY" as vague, ambiguous, overly broad and unduly burdensome as defined in the Definitions.

Without waiving the foregoing objections and incorporating said objections into each specific response below, Wistron responds to Samsung's Third Set of Interrogatories as follows:

## RESPONSES

**INTERROGATORY NO. 10:**

For each model of each NOTEBOOK PRODUCT identified in response to either Interrogatory No. 1 or Interrogatory No. 2, and for any other NOTEBOOK PRODUCT that any of the WISTRON DEFENDANTS made, used, sold or offered for sale in the United States, imported into the United States or sold to any company outside the United States for subsequent re-sale or importation into the United States at any time during the TERM, please IDENTIFY the entity responsible or importing that NOTEBOOK PRODUCT into the United States and the INCOTERM (e.g., FOB, DDU, FCA, EXW, etc.) that applies to each act of importation for each NOTEBOOK PRODUCT.

**RESPONSE TO INTERROGATORY NO. 10:**

In addition to their General Objections, Wistron objects to the terms/phrases "model," "NOTEBOOK PRODUCT," "WISTRON DEFENDANTS," "made," "used," "sold," "offered for sale," "imported," "any company," "subsequent re-sale," "any time during the TERM," "IDENTIFY," INCOTERM (e.g., FOB, DDU, FCA, EXW, etc.)," and "act of importation" as vague and ambiguous as used in this Interrogatory. Wistron also objects on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and seeks information that is not relevant to any claims or defenses and is not reasonably calculated to lead to the discovery of admissible evidence. Wistron further objects to this Interrogatory as premature in that Wistron's investigation is ongoing and not yet complete.

Wistron reserves the right to supplement this response as, and if, its investigation reveals additional information.

Subject to and without waiving the foregoing specific and general objections, Wistron is available to meet and confer with Samsung in an attempt to determine the meaning and an appropriate scope of this request.

**INTERROGATORY NO. 11:**

For each model of each NOTEBOOK PRODUCT identified in response to Interrogatory No. 1 and Interrogatory No. 2, from August 7, 2006 to the present, IDENTIFY each configuration of each such model as shipped into the United States or as supplied to any entity for subsequent re-sale or importation into the United States by stating whether any of the following components are included in such configuration:

1. Microsoft's Vista Operating System
2. Microsoft's Windows XP Operating System
3. Launch Manager
4. QLV
5. EPM, (a.k.a, ePowerManager or ePowerManagement).

**RESPONSE TO INTERROGATORY NO. 11:**

In addition to their General Objections, Wistron objects to the terms/phrases "model," "NOTEBOOK PRODUCT," "WISTRON DEFENDANTS," "IDENTIFY," "each configuration of each such model as shipped," "any entity," "subsequent re-sale," "importation," and "QLV" as vague and ambiguous as used in this Interrogatory. Wistron also objects on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and seeks information that is not relevant to any claims or defenses and is not reasonably calculated to lead to the discovery of admissible evidence. Wistron also objects on the grounds that the term QLV is not defined, and Wistron is unsure what Samsung is referring to as QLV. Wistron further objects to this Interrogatory as premature in that Wistron's investigation is ongoing and not yet complete. Wistron reserves the right to supplement this response

| Lenovo | Project Name | 1 | 2 | 3 | 4 | 5 |
|---|---|---|---|---|---|---|
| ThinkPad R51e | K6/K6.1 | | No | Yes | No | No |
| ThinkPad R52 | J5/J6 | | No | Yes | No | No |
| ThinkPad R60 | RP-1/2 | | Yes | Yes | No | No |
| ThinkPad R60e | RP-1/2 | | Yes | Yes | No | No |
| ThinkPad R61 | R4 | | Yes | Yes | No | No |
| ThinkPad X41 | S Note 3 | | No | Yes | No | No |
| ThinkPad X41T | P Note | | No | Yes | No | No |
| ThinkPad X60 | KS-1/2 | | Yes | Yes | No | No |
| ThinkPad X60S | KS-1/2 | | Yes | Yes | No | No |
| ThinkPad X60T | Dali-1 | | No | Yes | No | No |
| ThinkPad X61T | Dali-2 | | Yes | Yes | No | No |
| Lenovo 3000 V100 | F Note | | Yes | Yes | No | No |
| Lenovo 3000 V200 | F Note-2 | | Yes | Yes | No | No |
| Lenovo 3000 N200 | A Note | | Yes | Yes | No | No |

| Itronix | Project Name | 1 | 2 | 3 | 4 | 5 | Wistron Model |
|---|---|---|---|---|---|---|---|
| GoBook VR-1 | Ninja | No | Yes | Yes | | No | IX600 |
| GoBook VR-2 | Samurai | No | Yes | Yes | | No | IX605 |

Dated: July 10, 2008

K&L GATES

By: _____
Christy V. La Pierre

Attorneys for Plaintiff and Counter-Defendant
WISTRON CORPORATION and Counter-Defendant
WISTRON INFOCOMM (TEXAS) CORPORATION

## PROOF OF SERVICE

STATE OF CALIFORNIA, CITY AND COUNTY OF SAN FRANCISCO

      I am employed in the county of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is **Kirkpatrick & Lockhart Preston Gates Ellis, 55 Second Street, Suite 1700, San Francisco, California 94105.**

      On **July 10, 2008**, I served the foregoing document(s):

**WISTRON CORPORATION AND WISTRON INFOCOMM (TEXAS) CORPORATION'S RESPONSES TO SAMSUNG'S THIRD SET OF INTERROGATORIES**

together with an unsigned copy of this declaration, on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope(s) addressed and sent as follows:

> Nickolas J. Bohl, Esq.
> Mark Fowler, Esq.
> Sal Lim, Esq.
> M. Elizabeth Day, Esq.
> DLA Piper US LLP
> 2000 University Avenue
> East Palo Alto, CA 94303
> Phone: (650) 833-2000
> Fax: (650) 833-2001
> Email: nickolas.bohl@dlapiper.com
> Email: mark.fowler@dlapiper.com
> Email: sal.lim@dlapiper.com
> Email: elizabeth.day@dlapiper.com

[ ]   **BY MAIL (By Following Office Business Practice):** I am readily familiar with this firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I placed such envelope(s) for collection and mailing on that date following ordinary business practice.

[X]   **BY EMAIL:** By transmitting via electronic mail the document listed above to the email address(s) set forth above.

      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

      Executed on July 10, 2008, at San Francisco, California.

*/s/ Chanell Yates*
Chanell Yates