Michael J. Bettinger (SBN 122196)
michael.bettinger@klgates.com
Timothy P. Walker, Ph.D. (SBN 105001)
timothy.walker@klgates.com
Harold H. Davis, Jr. (SBN 235552)
harold.davis@klgates.com
Holly Hogan (SBN 238714)
holly.hogan@klgates.com
**K&L GATES LLP**
55 Second Street, Suite 1700
San Francisco, California  94105-3493
Telephone: 415.882.8200
Facsimile: 415.882.8220

Attorneys for Plaintiff and Counterclaim-
Defendants WISTRON CORPORATION, and
WISTRON INFOCOMM (TEXAS)
CORPORATION

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| WISTRON CORPORATION, | Case No. C 07-04748 VRW |
| Plaintiff-Counter-Defendant, | **WISTRON'S CONDITIONAL OPPOSITION TO SAMSUNG'S MOTIONS FOR LEAVE TO AMEND COUNTERCLAIMS TO ADD ADDITIONAL PARTY** |
| vs. | |
| SAMSUNG ELECTRONICS CO., LTD., | |
| Defendant-Counter-Plaintiff. | Date: September 11, 2008<br>Time: 2:30 p.m.<br>Courtroom: 6, 17th Floor<br>Judge: Vaughn R. Walker |
| SAMSUNG ELECTRONICS CO., LTD., | |
| Counterclaim-Plaintiff, | |
| vs. | |
| WISTRON CORPORATION, and WISTRON INFOCOMM (TEXAS) CORPORATION, | |
| Counterclaim-Defendants. | |

RECYCLED PAPER

CONDITIONAL OPPOSITION TO SAMSUNG'S MOTION FOR LEAVE TO AMEND COUNTERCLAIMS TO
ADD ADDITIONAL PARTY
Case No. C 07-04748 VRW

1

**Table of Contents**

2

**Page**

3    I.    INTRODUCTION ...........................................................................................................1

4    II.    ARGUMENT..................................................................................................................1

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONDITIONAL OPPOSITION TO SAMSUNG'S MOTION FOR LEAVE TO AMEND COUNTERCLAIMS TO ADD ADDITIONAL PARTY**
**Case No. C 07-04748 VRW**
i

1

**Table of Authorities**

2

**Page**

3

**Federal Cases**

4

5

Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048 (9th Cir. 2003)...............................................1

6

General Signal Corp. v. MCI Telecommunications Corp., 66 F.3d 1500 (9th Cir. 1995) ....................1

7

Solomon v. North American Life & Cas. Ins. Co., 151 F.3d 1132 (9th Cir. 1998) ...............................2

8

Swanson v. United States Forest Service, 87 F.3d 339 (9th Cir. 1996) .................................................1

9

Union Pac. R.R. Co. v. Nevada Power Co., 950 F.2d 1429 (9th Cir. 1991) ..........................................1

10

**Other Authorities**

Schwarzer, et. al., California Federal Civil Procedure Before Trial, § 8:428

11

(The Rutter Group 2008)……………………………………………………………………………1

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RECYCLED PAPER

1

I.     **INTRODUCTION**

2          Plaintiff and Counter-defendants Wistron Corporation and Wistron Infocomm (Texas)

3     Corporation (collectively "Wistron"), and proposed new counter-defendants Wistron InfoComm

4     Technology (America) Corporation ("Wistron Infocomm America") and Wistron, LLC oppose

5     Defendant and Counter-Plaintiff Samsung Electronics Co., Ltd. ("Samsung")'s Motions for Leave to

6     Amend Counterclaims to Add Additional Party filed on June 20, 2008 and August 15, 2008 to the

7     extent that such amendments occur without also continuing the February 9, 2009 trial date and the

8     current discovery deadlines.  Samsung opposes a trial continuance, necessitating this conditional

9     opposition.  Without such a continuance, the proposed new parties will be prejudiced if Samsung's

10    motion is granted.  Thus, in order to accommodate the interests of both parties, Wistron InfoComm

11    America and Wistron, LLC propose a two-month trial continuance to April, 2009, with an

12    accompanying extension of the discovery deadlines in this matter.

13    II.     **ARGUMENT**

14          It is well settled that granting or denying leave to amend rests in the sound discretion of the

15    trial court.  Swanson v. United States Forest Service, 87 F.3d 339, 343 (9th Cir. 1996).  Although

16    judicial policy favors amendment, the court has the discretion to grant leave upon conditions that

17    minimize the prejudice to opposing parties.  See General Signal Corp. v. MCI Telecommunications

18    Corp., 66 F.3d 1500, 1514 (9th Cir. 1995).  Two such conditions are continuation of the trial date and

19    re-opening discovery.  Schwarzer, et. al., California Federal Civil Procedure Before Trial, § 8:428

20    (The Rutter Group 2008).

21          "Prejudice is the touchstone of the inquiry under rule 15(a)."  Eminence Capital, LLC v.

22    Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (internal quotes omitted); see also Union Pac. R.R.

23    Co. v. Nevada Power Co., 950 F.2d 1429, 1432 (9th Cir. 1991)

24

25

26

27

28

RECYCLED PAPER

1  (emphasis added) ("Amendments seeking to add *claims* are to be granted more freely than

2  amendments adding *parties*.")  Such prejudice is particularly evident when, as here, the amendment

3  would occur on the eve of the discovery deadline.  See Solomon v. North American Life & Cas. Ins.

4  Co., 151 F.3d 1132, 1139 (9th Cir. 1998) (motion for leave to amend "on the eve of the discovery

5  deadline" properly denied).  The deadline to complete written discovery passed on August 15, 2008,

6  and the parties must complete fact witness depositions by September 26, 2008.  (Dkt. # 113 at 2:11-

7  16.)

8          The addition of two new parties to this case, Wistron Infocomm America and Wistron LLC,

9  will require that the proposed new parties prepare for trial and conduct additional lines of inquiry in

10  their discovery and pre-trial investigation.  For example, Wistron Infocomm America and Wistron

11  LLC must discover additional facts relevant to their affirmative defenses, which may differ from

12  those of Wistron.  In addition, Wistron Infocomm America and Wistron LLC are entitled to conduct

13  written discovery and take depositions regarding Samsung's claims against them.  Presumably,

14  Samsung will also want to direct discovery to the proposed new parties, as well.  The foregoing

15  cannot be accomplished under the current schedule, especially because written discovery has already

16  closed.  Thus, to allow Samsung to add new parties without continuing the trial date along with the

17  discovery deadlines would severely prejudice Wistron Infocomm America and Wistron LLC.

18  Samsung, however, refuses to stipulate to a trial continuance to ameliorate such prejudice.

19  (Declaration of Harold H. Davis, Jr., ¶ 2.)

20          In light of the prejudice that will result should Samsung be granted leave to amend with the

21  existing trial date and discovery deadlines, Samsung's motions should be granted on the condition

22  that (a) the trial date is continued to April, 2009, and (b) the existing discovery deadlines for Wistron

23  Infocomm America and Wistron LLC be continued to October 31, 2008 to complete written

24  discovery and December 5, 2008 to complete depositions.

25

26

27

28

RECYCLED PAPER

**CONDITIONAL OPPOSITION TO SAMSUNG'S MOTION FOR LEAVE TO AMEND COUNTERCLAIMS TO
ADD ADDITIONAL PARTY**
**Case No. C 07-04748 VRW**
2

1

Dated:  August 25, 2008                                        K&L GATES LLP

2

3

                                                      By:   /s/ Holly Hogan
                                                            _____

4                                                           Michael J. Bettinger (SBN 122196)
                                                            michael.bettinger@klgates.com

5                                                           Timothy P. Walker, Ph.D. (SBN 105001)
                                                            timothy.walker@klgates.com

6                                                           Harold H. Davis, Jr. (SBN 235552)
                                                            harold.davis@klgates.com

7                                                           Holly Hogan (SBN 238714)
                                                            holly.hogan@klgates.com

8                                                           Attorneys for Plaintiff and Counterclaim-
                                                            Defendants WISTRON CORPORATION,

9                                                           and WISTRON INFOCOMM (TEXAS)
                                                            CORPORATION

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONDITIONAL OPPOSITION TO SAMSUNG'S MOTION FOR LEAVE TO AMEND COUNTERCLAIMS TO ADD ADDITIONAL PARTY**
**Case No. C 07-04748 VRW**
3