1  MARK D. FOWLER, Bar No. 124235
   mark.fowler@dlapiper.com
2  ELIZABETH DAY, Bar No. 177125
   elizabeth.day@dlapiper.com
3  TIMOTHY LOHSE, Bar No. 177230
   timothy.lohse@dlapiper.com
4  SAL LIM, Bar No. 211836
   sal.lim@dlapiper.com
5  GREGORY J. LUNDELL, Bar No. 234941
   greg.lundell@dlapiper.com
6  ERIK R. FUEHRER, Bar No. 252578
   erik.fuehrer@dlapiper.com
7  DLA PIPER US LLP
   2000 University Avenue
8  East Palo Alto, CA  94303-2214
   Tel: 650.833.2000
9  Fax: 650.833.2001

10 Attorneys for Defendant and Counterclaim-Plaintiff
   SAMSUNG ELECTRONICS CO., LTD.
11

12                UNITED STATES DISTRICT COURT

13                NORTHERN DISTRICT OF CALIFORNIA

14                     SAN FRANCISCO DIVISION

| | |
|---|---|
| WISTRON CORPORATION, a Taiwan corporation,<br><br>Plaintiff and Counter-Defendant,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Republic of Korea corporation<br><br>Defendant and Counter-Plaintiff. | CASE NO. C-07-4748 VRW<br><br>**DEFENDANT AND COUNTERCLAIM-PLAINTIFF SAMSUNG ELECTRONICS. CO., LTD.'S REPLY TO WISTRON'S CONDITIONAL OPPOSITION TO SAMSUNG'S MOTIONS FOR LEAVE TO AMEND COUNTERCLAIMS**<br><br>Date:      Sept. 11, 2008<br>Time:      2:30 PM<br>Courtroom: 6, 17th Floor<br>Judge      Vaughn R. Walker |
| SAMSUNG ELECTRONICS CO., LTD.,<br><br>Counterclaim-Plaintiff,<br><br>v.<br><br>WISTRON CORPORATION, and WISTRON INFOCOMM (TEXAS) CORPORATION,<br><br>Counterclaim-Defendants. | |

DLA PIPER US LLP
EAST PALO ALTO

WEST\21501897.3    SAMSUNG'S REPLY TO WISTRON'S OPPOSITION TO MOTIONS FOR LEAVE TO AMEND
COUNTERCLAIMS; CASE NO. C-07-4748 VRW

## TABLE OF CONTENTS

Page

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT .................................................................................................................. 1

    A. Wistron InfoComm America and Wistron LLC Fail to Identify Specific Prejudice They Will Suffer If the Court Grants Samsung's Motions And Does Not Extend the Procedural Schedule In This Case ........................................ 2

        1. The Wistron entities are subsidiaries of Wistron Corp. and share aligned interests ............................................................................................ 2

        2. Wistron InfoComm America and Wistron LLC share the same trial counsel as the other plaintiffs and counterclaim-defendants ..................... 3

        3. Wistron Corp. and Wistron InfoComm Texas have acted as a single entity throughout this litigation ................................................................. 3

    B. Samsung Will Complete Its Discovery From Wistron InfoComm America and Wistron LLC within the Current Procedural Schedule ................................... 4

III. CONCLUSION ............................................................................................................... 5

## TABLE OF AUTHORITIES

**Page**

**CASES**

*DCD Programs, Ltd. v. Leighton,*
    833 F.2d 183 (9th Cir. 1987)............................................................................................ 1

*Eminence Capital, LLC v. Aspeon, Inc.,*
    316 F.3d 1048 (9th Cir. 2003).......................................................................................... 1

**STATUTES**

Fed. R. Civ. Proc. 15(a) ............................................................................................................ 1

## I. INTRODUCTION

Wistron's opposition to Samsung Electronics Co., Ltd. ("Samsung")'s motions for leave to amend its counterclaims does not object to the addition of Wistron InfoComm Technology (America) Corp. ("Wistron InfoComm America") and Wistron LLC as counterclaim-defendants in this case. Wistron does, however, request yet another two month continuance of the February 9, 2009 trial date if these two parties are added to the litigation. Samsung maintains the position that the amendment of its counterclaims is appropriate under Federal Rule of Civil Procedure 15(a) and any additional extension of the procedural schedule in this case is unnecessary because: (1) Wistron InfoComm America and Wistron LLC's general claims of prejudice are insufficient to justify a further extension of the procedural schedule; and (2) Samsung does not require additional time to conduct discovery of Wistron InfoComm America and Wistron LLC. Accordingly, Samsung respectfully requests that the Court grant Samsung's motions for leave to amend its counterclaims to add Wistron InfoComm America and Wistron LLC as counterclaim-defendants without modifying the procedural schedule.

## II. ARGUMENT

Wistron does not oppose Samsung's request to add Wistron InfoComm America and Wistron LLC as counterclaim-defendants under Federal Rule of Civil Procedure Rule 15(a), except to the extent that the procedural schedule in this case is not revised.[1] *See* Fed. R. Civ. Proc. 15(a); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). The burden rests upon Wistron to demonstrate prejudice as a result of the amendment of the pleadings. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). Although the Court has discretion to conditionally grant leave to amend, blanket statements that Wistron InfoComm America and Wistron LLC need additional time to conduct "their discovery and pre-trial investigation" are insufficient to justify a further extension of the trial date in this case.

---

[1] In its opposition, Wistron does not suggest that Samsung improperly delayed in filing its motions for leave to amend, that Samsung's proposed amendments are futile, or that Samsung acted in bad faith in filing its motions to amend.

A. **Wistron InfoComm America and Wistron LLC Fail to Identify Specific Prejudice They Will Suffer If the Court Grants Samsung's Motions And Does Not Extend the Procedural Schedule In This Case.**

Wistron's opposition fails to identify any specific prejudice that Wistron InfoComm America and Wistron LLC will suffer if these entities are added as counterclaim-defendants under the current procedural schedule. There is no dispute that Wistron InfoComm America and Wistron LLC's interests align with those of Wistron Corp. and Wistron InfoComm (Texas) Corp. ("Wistron InfoComm Texas"). This is apparent from the fact that the proposed parties are: (1) direct or indirect subsidiaries of Wistron Corp.; (2) are all represented by the same trial counsel; and (3) are not likely to require separate discovery in light of Wistron Corp. and Wistron InfoComm Texas's history of unified action in this case.

1. <u>The Wistron entities are subsidiaries of Wistron Corp. and share aligned interests.</u>

Wistron InfoComm America and Wistron LLC do not require additional time to conduct discovery and pre-trial investigation in this case because they are either direct or indirect subsidiaries of Wistron Corp. Wistron LLC is a subsidiary of Wistron Corp., and Wistron InfoComm America is a subsidiary of Wistron LLC. (Declaration of Erik Fuehrer In Support of Samsung's Motion for Leave to Amend its Counterclaims to Add Wistron LLC ("First Fuehrer Decl."), ¶ 7, Ex. E at 8:16-25.) As subsidiaries of Wistron Corp., the proposed parties share aligned interests with Wistron Corp. that has been a party to this litigation from its inception. Wistron's opposition does not identify any specific reasons why Wistron InfoComm America and Wistron LLC need to conduct additional discovery from any party in this litigation, nor does Wistron's opposition identify the specific discovery necessary to "discover additional facts relevant to their affirmative defenses, which may differ from those of Wistron." (Opposition at p. 2) Wistron's claim that Wistron InfoComm America and Wistron LLC will be "severely prejudiced" if added as counterclaim-defendants under the current procedural schedule lacks merit.

### 2. Wistron InfoComm America and Wistron LLC share the same trial counsel as the other plaintiffs and counterclaim-defendants.

Both proposed parties are represented by K&L Gates, the same law firm that represents Wistron Corp. and Wistron InfoComm Texas. (Declaration of Erik Fuehrer for Reply to Wistron's Conditional Opposition to Motions for Leave to Amend ("Second Fuehrer Decl."), ¶¶ 2-3.) Because the proposed parties share counsel with Wistron Corp. and Wistron InfoComm Texas, they will have access to all factual knowledge available to Wistron Corp. and Wistron InfoComm Texas. Wistron InfoComm America and Wistron LLC will be able to utilize this knowledge during the remainder of the case and in trial. Therefore, Wistron InfoComm America and Wistron LLC are not prejudiced by the fact that they have not been a party to this case since its inception. Without specific examples of why Wistron InfoComm America and Wistron LLC need additional time, Wistron's request amounts to nothing more than an additional delay of a case whose trial date was just extended less than two weeks ago.[2]

### 3. Wistron Corp. and Wistron InfoComm Texas have acted as a single entity throughout this litigation.

Wistron Corp. and Wistron InfoComm Texas have operated as a single entity throughout this litigation and there is no reason to believe that Wistron InfoComm America and Wistron LLC will act any differently. In their answer to Samsung's counterclaims, Wistron Corp. and Wistron InfoComm Texas responded as a single entity, referring to themselves as the "Counter-defendants." (Second Fuehrer Decl., ¶ 4, Ex. A at 3-6.) Both parties provided a single response to Samsung's claims of infringement and alleged affirmative defenses that allegedly apply to each company as one collective entity. (*Id.*) Further, throughout the discovery process, both Wistron Corp. and Wistron InfoComm Texas have served common sets of discovery requests upon Samsung. (Second Fuehrer Decl., ¶ 5.) In serving many requests for documents, interrogatories, and requests for admission, Wistron Corp. and Wistron InfoComm Texas do not request information from Samsung on behalf of only one of the companies.

---

[2] Moreover, Samsung filed its first motion to amend its counterclaims to add Wistron InfoComm America on June 20, 2008, almost two months before the Court entered the current, revised scheduling order. Had Wistron believed that its subsidiary needed additional time for discovery, it should have sought such time in connection with the most recent modification to the case schedule.

-3-

DLA PIPER US LLP
EAST PALO ALTO

WEST\21501897.3          SAMSUNG'S REPLY TO WISTRON'S OPPOSITION TO MOTIONS FOR LEAVE TO AMEND COUNTERCLAIMS; CASE NO. C-07-4748 VRW

This uniformity in Wistron Corp. and Wistron InfoComm Texas' conduct is most likely a result of the parties' aligned interests because Wistron InfoComm Texas is a subsidiary of Wistron Corp. (*See* Second Fuehrer Decl. ¶ 6, Ex. B.) As such, these parties have not found it necessary to seek specific and distinct discovery from Samsung. Similarly, Wistron InfoComm America and Wistron LLC are both subsidiaries, either directly or indirectly, of Wistron Corp. and they too should share a common aligned interest to that of Wistron Corp. and Wistron InfoComm Texas. Although Wistron's opposition claims that the proposed parties "must discover additional facts relevant to their affirmative defenses, which may differ from those of Wistron," Wistron fails to state any specific reasons to demonstrate that such additional discovery is necessary and would lead to the development of unique affirmative defenses for Wistron InfoComm America or Wistron LLC.

**B.    Samsung Will Complete Its Discovery From Wistron InfoComm America and Wistron LLC within the Current Procedural Schedule.**

Samsung has diligently sought discovery from Wistron InfoComm America and Wistron LLC since Samsung learned of their infringing activities. Samsung will complete its discovery of Wistron InfoComm America and Wistron LLC within the constraints of the amended procedural schedule because Samsung promptly served Wistron InfoComm America and Wistron LLC with subpoenas requesting documents and deposition testimony. (*See* Second Fuehrer Decl. ¶¶ 7-8, Exs. C & D.) Samsung has already collected many responsive documents from Wistron InfoComm America and took its deposition on August 5, 2008. Wistron LLC will produce documents responsive to Samsung's subpoena shortly and the deposition of Wistron LLC is already set for September 3, 2008. Samsung has also requested that Wistron Corp. provide all relevant documents regarding Wistron InfoComm America and Wistron LLC that Wistron Corp. has in its possession. (Second Fuehrer Decl. ¶ 9.)

Samsung has managed to conduct all relevant discovery of Wistron InfoComm America and Wistron LLC within the constraints of the extended discovery schedule despite the fact that Samsung only recently learned of their infringing activities. Wistron's assumption that Samsung

1 | requires additional time to conduct discovery of Wistron InfoComm America and Wistron LLC is
2 | incorrect.

### III. CONCLUSION

Wistron does not oppose the addition of Wistron InfoComm America and Wistron LLC as parties in this case. For all of the foregoing reasons, Samsung respectfully requests that the Court grant Samsung's Motions for Leave to Amend its Counterclaims to Add Wistron InfoComm Technology America Corp. and Wistron LLC as counterclaim-defendants and permit Samsung to file and serve an Answer and Second Amended Counterclaims attached to Erik Fuehrer's Declaration in Support of Samsung's Reply to Wistron's Conditional Opposition to Samsung's Motions to Amend as Exhibit E.[3]

Dated: August 28, 2008

DLA PIPER US LLP

By _____
M. ELIZABETH DAY
Attorneys for Defendant and Counterclaim-Plaintiff
SAMSUNG ELECTRONICS CO., LTD

---

[3] As Wistron has filed a single opposition to Samsung's motion for leave to amend its counterclaims to add Wistron InfoComm America and motion for leave to amend its counterclaims to add Wistron LLC, Samsung submits to the Court a new proposed Second Amended Counterclaim which adds allegations against both Wistron InfoComm America and Wistron LLC as counterclaim-defendants in a single pleading.

-5-