# EXHIBIT C

AO88 (Rev. 1/94) Subpoena in a Civil Case

### Issued by the

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

WISTRON CORPORATION, a Taiwan corporation,

v.

SAMSUNG ELECTRONICS CO., LTD., a Republic of
Korea corporation,

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] C-07-4748 VRW
Northern District of California

TO: WISTRON INFOCOMM TECHNOLOGY (AMERICA) CORP.

800 Parker Sq. Ste. 285A
Flower Mound, TX 75028-7434

☐    YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| DLA PIPER USA LLP, 1717 Main Street, Suite 4600, Dallas, TX 75201-4629 | July 29, 2008 |

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| DLA PIPER USA LLP, 1717 Main Street, Suite 4600, Dallas, TX 75201-4629 | July 18, 2008 |

☐    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* / Attorney for Defendant | July 3, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

ERIK R. FUEHRER                                    Telephone: (650) 833-2045
Attorney for Defendant and Counterclaimant SAMSUNG ELECTRONICS CO., LTD.
DLA PIPER US LLP, 2000 University Avenue, East Palo Alto, CA 94303-2248

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | |
|---|---|
| July 3, 2008 | DLA Piper US LLP |
| DATE | PLACE |

SERVED:

| | |
|---|---|
| WISTRON INFOCOMM TECHNOLOGY (AMERICA) CORP. | Federal Express – Priority Overnight |
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |

| | |
|---|---|
| Celestine Seals | Legal Assistant |
| SERVED BY (PRINT NAME) | TITLE |

---

## DECLARATION OF SERVER

   I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    July 3, 2008
                   DATE

_____
SIGNATURE OF SERVER

2000 University Avenue, East Palo Alto, CA 94303
ADDRESS OF SERVER

2002 © American LegalNet, Inc.

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

2002 © American LegalNet, Inc.

1   MARK D. FOWLER (Bar No. 124235)
    M. ELIZABETH DAY (Bar No. 177125)
2   TIMOTHY LOHSE (Bar No. 177230)
    SAL LIM (Bar No. 211836)
3   GREG LUNDELL (Bar No. 234941)
    NICKOLAS BOHL (Bar No. 245943)
4   ERIK R. FUEHRER (Bar No. 252578)
    **DLA PIPER US LLP**
5   2000 University Avenue
    East Palo Alto, CA  94303-2214
6   Telephone: 650.833.2000
    Facsimile:  650.833.2001

7

8   Attorneys for Declaratory Defendant and Counterclaim Plaintiff
    and Counter-Defendant Samsung Electronics Co., Ltd.

9

10                UNITED STATES DISTRICT COURT

11               NORTHERN DISTRICT OF CALIFORNIA

12                   SAN FRANCISCO DIVISION

| | |
|---|---|
| 13   WISTRON CORPORATION, a Taiwan corporation, | CASE NO.  C-07-4748 VRW |
| 14 | |
|           Plaintiff and Counter- | **PLAINTIFF SAMSUNG ELECTRONICS CO., LTD.'S NOTICE OF RULE 30(B)(6)** |
| 15           Defendant, | **DEPOSITION OF WISTRON INFOCOMM TECHNOLOGY (AMERICA) CORP.** |
| 16     v. | |
| 17   SAMSUNG ELECTRONICS CO., LTD., a Republic of Korea corporation, | |
| 18 | |
|           Defendant and Counter- | |
| 19           Plaintiff. | |
| 20 | |
| 21 | |
| 22   SAMSUNG ELECTRONICS CO., LTD., | |
| 23           Counterclaim-Plaintiff, | |
| 24     v. | |
| 25   WISTRON CORPORATION, and WISTRON INFOCOMM (TEXAS) | |
| 26   CORPORATION, | |
| 27           Counterclaim-Defendants. | |
| 28 | |

WEST\21438407.4                   -1-

1     PLEASE TAKE NOTICE THAT, pursuant to Rules 30 and 45 of the Federal Rules of

2   Civil Procedure, defendant and counter-claim plaintiff Samsung Electronics Co., Ltd.

3   ("Samsung"), by and through its attorneys, will take the deposition upon oral examination of

4   nonparty Wistron InfoComm Technology (America) Corporation's ("WITX"), by and through the

5   officer, director, managing agent or other person designated to testify on WITX's behalf

6   concerning the deposition topics identified in Attachment A attached hereto.

7     Said deposition will commence on July 29, 2008, at 9:00 a.m., and shall continue from

8   day to day until completed, Saturdays, Sundays and holidays excepted, at the office of DLA

9   PIPER USA LLP, 1717 Main Street, Suite 4600, Dallas, TX 75201-4629.  Pursuant to the

10  deposition subpoena issued on July 3, 2008, WITX is hereby requested, as provided by Rule

11  30(b)(6) of the Federal Rules of Civil Procedure, to designate one or more of its officers,

12  directors, managing agents or other persons who consent to testify on its behalf, to testify on

13  WITX's behalf concerning the deposition topics identified in Attachment A hereto.

14    PLEASE TAKE FURTHER NOTICE THAT, the deposition of WITX will be taken

15  before a notary public or other officer authorized by law to administer oaths, and will be recorded

16  by stenographic and/or videographic means pursuant to Rule 30(b)(2) of the Federal Rules of

17  Civil Procedure.  The text of the stenographic record shall be displayed in real time.

18

19

20  Dated: July 3, 2008                      DLA PIPER US LLP

21                                  By

22                                      Mark Fowler
                                       M. Elizabeth Day
23                                      Sal Lim
                                       Gregory Lundell
24                                      Nickolas Bohl
                                       Erik R. Fuehrer
25                                      Attorneys for Defendant and Counterclaim
                                       Plaintiff
26                                      SAMSUNG ELECTRONICS CO., LTD.

27

28

**ATTACHMENT A**

**INSTRUCTIONS**

A.    The following instructions apply to all requests for inspection and production of documents and things contained herein:

B.    In responding to these requests, please set forth each request in full before each response or objection. Each objection shall be followed by a statement of the reasons therefor.

C.    A document shall be deemed to be within your control if you have the right to secure the document or copy thereof from another person or public or private entity having possession or custody thereof.

D.    In producing responsive documents and things, please furnish all documents and things known or available to you, regardless of whether such documents are possessed directly by you or your attorneys, agents, employees, representatives or investigators.

E.    If any requested document or thing cannot be produced in full, please produce it to the extent possible, specifying each reason for your inability to produce the remainder and state whatever information, knowledge or belief you have concerning the unproduced portions.

F.    If any requested document or thing has been destroyed or custody of such document or thing has been transferred to any person or entity other than you, please provide a statement setting forth as to each such document or thing:

1.    The name(s) and job title(s) of the author(s) of the document or creator(s) of the thing;

2.    The name(s) and job title(s) of person(s) who have knowledge or who had knowledge of the contents of the document or nature of the thing;

3.    The date of disposal or disposition from your possession, custody, or control;

4.    The manner of disposal or disposition from your possession, custody, or control;

5.    The reason for disposal or disposition from your possession, custody, or control;

6.    The person(s) authorizing disposal or disposition from your possession, custody, or control;

7.    The current or last known custodian;

8.    The circumstances surrounding disposal or disposition of the document or thing from your possession, custody, or control;

9.    A description of the document or thing; and

10.   The identity of the last known person(s) having custody or possession of the document or thing.

G.    In producing responsive documents, please provide sequential numbering on the documents in such a manner as to avoid obscuring any information contained on any document.

H.    Please IDENTIFY and list all documents and things called for by this Request but withheld on the grounds of attorney-client privilege, attorney work product doctrine or on any other basis, and to specify in writing the grounds for non-production. Please ensure that all the documents and things shall be numbered, held separately, and retained intact pending a ruling by the Court on the claimed privilege. IDENTIFY each document or thing by:

1.    The author(s) and recipient(s), including the titles of such persons;

2.    The date of the document or, if applicable, thing;

3.    The number of pages, attachments, and appendices;

4.    The names of each person who had access to or custody of the document, or to whom the document or thing was disseminated, together with their last known address and telephone number;

5.    The title or name of the document or thing and general description of the nature and subject matter of the document or thing;

6.    The subject matter and nature of privilege claimed; and the present custodian(s).

I.    Notwithstanding the assertion of any objection to produce any document to which an objection is raised, a document containing non-objectionable subject matter which is relevant and material to a request must be produced, but that portion of the document for which the

1   objection is asserted may be withheld or redacted provided that the above-requested information

2   is furnished.

3       J.      This request is continuing and all documents coming into your possession,

4   custody, or control which you would have been required to produce had they been available

5   earlier shall be produced forthwith in accordance with the Federal Rules of Civil Procedure.

6       K.      Each document requested herein is requested to be produced in its entirety and

7   without deletion or excisions, regardless of whether you consider the entire document to be

8   relevant or responsive to these requests. If you have redacted any portion of a document, stamp

9   the word "redacted" on each page of the document which you have redacted. Redactions should

10  be included on the privilege log described above.

11      L.      In producing documents, you are requested to produce the original of each

12  document requested together with all non-identical copies and drafts of that document. If the

13  original of any document cannot be located, a copy shall be provided in lieu thereof, and shall be

14  legible and bound or stapled in the same manner as the original.

15      M.      All documents shall be produced in a file folder, envelope, or other container in

16  which the documents are kept or maintained by you. If for any reason, the container cannot be

17  produced, produce copies of all labels or other identifying marks.

18      N.      Documents shall be produced in such a fashion as to IDENTIFY the department,

19  branch, or office in whose possession it was located and, where applicable, the natural person in

20  whose possession it was found and the business address of each document's custodian(s).

21      O.      Documents attached to each other shall not be separated.

22      P.      Documents not otherwise responsive to this discovery request shall be produced if

23  such documents mention, discuss, refer to, or explain the documents which are called for by this

24  discovery request, or if such documents are attached to documents called for by this discovery

25  request.

26      Q.      In case of doubt as to the scope of a clause including "and," "or," "any," "all,"

27  "each," or "every," such terms shall be construed conjunctively or disjunctively, whichever

28  makes the request more inclusive.

-5-

<u>DEFINITIONS</u>

1.      The term "WITX" means, Wistron Infocomm Technology (America) Corporation, both individually and jointly, and its predecessors, subsidiaries, affiliates, or divisions.

2.      The term "SAMSUNG" means Samsung Electronics Co., Ltd.

3.      The phrase "WISTRON" shall encompass, both individually and jointly, each of Counterclaim-Defendants Wistron Corp. and Wistron InfoComm (Texas) Corp., and each of their respective predecessors, successors, divisions, subsidiaries and affiliates thereof, and anyone acting on their behalf, including each of their respective directors, officers, employees, attorneys and agents.

4.      The term "COMPUTER COMPANY" and "COMPUTER COMPANIES" includes, but is not limited to each of the following companies: Lenovo, Inc.; Hewlett-Packard Company; Dell, Inc.; Acer Inc.; and/or General Dynamic Itronix Corporation.

5.      The phrase "NOTEBOOK PRODUCT" means a partially or completely assembled notebook computer or a main board or "motherboard" for a notebook computer.

6.      The term "TERM" means from January 1, 2008 through the present.

7.      The phrase "PATENTS-IN-SUIT" refers to United States Patent Nos. 5,333,273, 5,625,275, and 6,523,100.

8.      The terms "COMMUNICATION(S)" refers to any form of interpersonal communication, whether written, oral, or in any other form, including, but not limited to, communications by way of meetings, telephone conversations, correspondence, memoranda, contracts, agreements, and/or electronic mail.

9.      The phrase "RELATED" to, "RELATES" to, and "RELATING" to mean referring to, alluding to, concerning, connected with, commenting on, in respect of, about, regarding, describing, discussing, showing, evidencing, constituting or supporting.

10.     The term "PERSON(S)" includes both natural persons and legal entities, without limitation, including all predecessors in interest, groups, associations, partnerships, corporations, agencies, or any other legal, business or governmental entity.

11.     "DOCUMENT(S)" is used in the broadest possible sense and means, but is not

-6-

1    limited to, all matter, electronically stored information, and things comprehended within that term

2    as used in Rule 34 of the Federal Rules of Civil Procedure. This definition includes without

3    limitation any written, printed, typed, photostatted, photographed, recorded, or otherwise

4    reproduced or stored communication or representation, whether comprised of letters, words, data,

5    pictures, sounds, numbers or symbols, or any combination thereof. This definition includes copies

6    of duplicates of documents which have any non-conforming notes or other markings, together

7    with all drafts or notes for the preparation of each document requested. Without limiting the

8    generality of the foregoing, "document" includes, but is no limited to, correspondence,

9    memoranda, notes, records, letters, envelopes, telegrams, telexes, facsimiles, messages, studies,

10   analyses, contracts, licenses, agreements, calendar, appointment books, diaries, maps,

11   illustrations, working papers, accounts, analytical records, reports and/or summaries of

12   investigations, trade letters, press releases, comparisons, books, calendars, diaries, articles,

13   magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings,

14   diagrams, instructions, notes, engineers' notebooks or logs, minutes of any meetings, memoranda,

15   inter- and intra-office communications, electronic mail/messages and/or "e-mail," electronically

16   stored telephone messages and/or "voice mail," questionnaires, surveys, charts, graphs,

17   photographs, phonograph recordings, films, CD ROM, tapes, disks, data cells, printouts of

18   information stored or maintained by electronic data processing or word processing equipment, all

19   other data compilations from which information can be obtained (by translation, if necessary, by

20   you through detection devices into usable form) including, but not limited to, electromagnetically

21   sensitive storage media such as floppy disks, hard or rigid disks, and magnetic tapes, microfilm,

22   microfiche, photographic negatives, diagrams, blueprints, schematics, logic diagrams, timing

23   diagrams, any preliminary versions, as well as drafts or revisions of any of the foregoing, or

24   anything otherwise defined as a "writing," "recording," "photograph," "original," or "duplicate"

25   by Rule 1001 of the Federal Rules of Evidence, or anything similar to any of the foregoing,

26   however denominated by the responding party, as well as copies, amendments, modifications and

27   drafts of the foregoing.

28        12.    The term "IDENTIFY" means:

-7-

a.      when used with reference to a natural person, his or her full name, present home address, present business address, present home and business telephone numbers, and present or last known position and/or business affiliation;

b.      when used with reference to an entity, such as a partnership, joint venture, trust or corporation, the full legal name of such entity, each trade name under which such entity does business, the entity's telephone number and the identity of the chief operating officer, manager, trustee or other principal representative or managing agent or agents;

c.      when used with reference to a DOCUMENT: (i) the type of DOCUMENT involved (e.g., letter, interoffice memorandum, product, etc.); (ii) the date the DOCUMENT was prepared or created, (iii) identity of the preparer; (vi) identity of all distributes;(v) its title or the heading and the number of pages;(vi) the identity of the custodian or other person last known to have possession of the DOCUMENT together with (vii) the present or last known location of the DOCUMENT;

d.      when used with reference to a COMMUNICATION: (i) the date of the COMMUNICATION; (ii) the form of COMMUNICATION (e.g., in-person meeting or presentation, telephonic or electronic, written correspondence, etc.); (iii) the place where the COMMUNICATION was made; (iv) the persons who were party to or were present at the time of the COMMUNICATION; and (v) a summary of the COMMUNICATION; and

e.      when used with reference to a NOTEBOOK PRODUCT: (i) its project name assigned by WISTRON and/or WITX; (ii) its model name/number assigned by WISTRON and/or WITX; (iii) its corresponding project name assigned by any of the companies to which it is sold; (iv) its corresponding model name/number assigned by any of the companies to which it is sold; (v) the time period during which it is manufactured or produced; and (vi)

1    the time period during which it is sold or shipped to any of the companies.

2

3    ## DOCUMENTS TO BE PROVIDED PURSUANT TO FRCP 45

4    REQUEST NO. 1:

5    All DOCUMENTS establishing or describing the nature of the corporate relationship

6    between WISTRON and WITX.

7    REQUEST NO. 2:

8    DOCUMENTS sufficient to IDENTIFY on a model-by-model basis the project name,

9    product name, brand name, model number and/or any other identification number or code of each

10   NOTEBOOK PRODUCT that WITX sold, made, used or offered for sale in the United States,

11   imported into the United States or sold to any company, including the COMPUTER

12   COMPANIES, in the United States.

13   REQUEST NO. 3:

14   DOCUMENTS sufficient to IDENTIFY on a model-by-model basis the project name,

15   product name, brand name, model number and/or any other identification number or code of each

16   NOTEBOOK PRODUCT assembled by WISTRON for which WITX is the importer of record

17   into the United States during the TERM.

18   REQUEST NO. 4:

19   All DOCUMENTS RELATING to the shipment or transfer of NOTEBOOK PRODUCTS

20   between WITX and WISTRON during the TERM, including, but not limited to, bills of lading,

21   invoices, packing slips, waybills, consignment papers, packaging lists, customs forms.

22   REQUEST NO. 5:

23   DOCUMENTS sufficient to IDENTIFY all WITX's United States-based customers for

24   NOTEBOOK PRODUCTS on a model-by-model basis during the TERM, including, but not

25   limited to, the COMPUTER COMPANIES.

26   ///

27   ///

28   ///

1  <u>REQUEST NO. 6:</u>

2      DOCUMENTS sufficient to IDENTIFY the importer of record for NOTEBOOK

3  PRODUCTS sold, made, used, or offered for sale in the United States by WITX during the

4  TERM.

5  <u>REQUEST NO. 7:</u>

6      DOCUMENTS sufficient to IDENTIFY distribution channels between WITX and any

7  COMPUTER COMPANY for NOTEBOOK PRODUCTS in the United States during the TERM.

8  <u>REQUEST NO. 8:</u>

9      DOCUMENTS, including but not limited to all reports and/or records, sufficient to show

10  (a) WITX's orders for NOTEBOOK PRODUCTS; (b) pricing for NOTEBOOK PRODUCTS; (c)

11  the volume of WITX's sales of NOTEBOOK PRODUCTS; (d) shipments of NOTEBOOK

12  PRODUCTS to WITX; and the (e) origin of shipments of NOTEBOOK PRODUCTS from

13  WISTRON to WITX during the TERM.

14  <u>REQUEST NO. 9:</u>

15      For each month during the TERM, DOCUMENTS sufficient to show (a) the number of

16  units of NOTEBOOK PRODUCT imported by WITX into the United States; (b) the price of each

17  unit; (c) the customer for whom the NOTEBOOK PRODUCT was imported; and (d) the ultimate

18  shipping destination of that NOTEBOOK PRODUCT.

19  <u>REQUEST NO. 10:</u>

20      All DOCUMENTS RELATING to the marketing, promotion, and/or advertising of any

21  NOTEBOOK PRODUCT by WITX either (1) in the United States; (2) to any United States-based

22  customer or potential customer; or (3) to the COMPUTER COMPANIES.

23  <u>REQUEST NO. 11:</u>

24      All business plans, strategic plans, marketing plans, product plans and meeting minutes

25  that discuss the sale of any NOTEBOOK PRODUCT either in the United States or to United

26  States-based customers or potential customers at any time during the TERM.

27  ///

28  ///

DLA PIPER US LLP
EAST PALO ALTO          WEST\21438407.4          -10-

1    REQUEST NO. 12:

2        A single copy of each DOCUMENT, which WITX has used, is currently using, or plans to

3    use in the future in connection with marketing, promoting, advertising, selling or offering for sale

4    of any NOTEBOOK PRODUCT, including but not limited to external presentations, internal

5    presentations and customer documentation, sales brochures, promotional materials, trade show

6    packets and documents, Internet postings, and all customer presentations.

7    REQUEST NO. 13:

8        All DOCUMENTS generated by WITX or third parties RELATING to competitors in the

9    United States market(s) for NOTEBOOK PRODUCTS, including, but not limited to, competitor

10   sales data, distribution networks, customer relationships, strengths and weaknesses, and other

11   competitor information.

12   REQUEST NO. 14:

13       All quarterly and annual income statements, balance sheets, and cash flow statements

14   prepared in the normal course of business by WITX in connection with any NOTEBOOK

15   PRODUCT that WITX made, used, sold or offered for sale in the United States, imported into the

16   United States, or sold to any COMPUTER COMPANY in the United States, or to any

17   COMPUTER COMPANY outside the United States for subsequent re-sale or importation into the

18   United States at any time during the TERM.

19   REQUEST NO. 15:

20       All DOCUMENTS RELATING to WITX's annual research and development

21   expenditures incurred in connection with any NOTEBOOK PRODUCT that WITX made, used,

22   sold or offered for sale in the United States, imported into the United States, or sold to any

23   COMPUTER COMPANY in the United States, or to any COMPUTER COMPANY outside the

24   United States for subsequent re-sale or importation into the United States at any time during the

25   TERM.

26   REQUEST NO. 16:

27       All DOCUMENTS RELATING to anticipated or projected sales, revenues, and/or profits

28   for NOTEBOOK PRODUCTS that WITX made, used, sold or offered for sale in the United

DLA PIPER US LLP
EAST PALO ALTO        WEST\21438407.4

1  States, imported into the United States, or sold to any COMPUTER COMPANY in the United

2  States, or to any COMPUTER COMPANY outside the United States for subsequent re-sale or

3  importation into the United States at any time during the TERM, including, but not limited to:

4  pro-forma estimates, projections, forecasts, budgets, marketing plans, strategic plans, and capital

5  expenditure plans or requests.

6  REQUEST NO. 17:

7      All DOCUMENTS RELATING to any bids or sales proposals made by WITX to any

8  actual or potential United States-based customer of NOTEBOOK PRODUCTS, including the

9  COMPUTER COMPANIES, during the TERM.

10  REQUEST NO. 18:

11      All DOCUMENTS RELATING to WITX's determination of prices for any NOTEBOOK

12  PRODUCT that WITX made, used, sold or offered for sale in the United States, imported into the

13  United States, or sold to any COMPUTER COMPANY in the United States, or to any

14  COMPUTER COMPANY outside the United States for subsequent re-sale or importation into the

15  United States at any time during the TERM.

16  REQUEST NO. 19:

17      All licenses entered into by WITX (as either the licensor or the licensee) for patents or

18  technology RELATING to NOTEBOOK PRODUCT technology, including, but not limited to, all

19  DOCUMENTS generated by WITX or others RELATING to the negotiation of such licenses.

20  REQUEST NO. 20:

21      All DOCUMENTS RELATING to the present lawsuit or any of the PATENTS-IN-SUIT.

22  REQUEST NO. 21:

23      DOCUMENTS evidencing when WITX first learned of each of the PATENTS-IN-SUIT.

24  REQUEST NO. 22:

25      All COMMUNICATIONS between WITX and WISTRON RELATING to WITX's sales,

26  distribution, and/or importation of all NOTEBOOK PRODUCTS to any COMPUTER

27  COMPANY.

28  ///

DLA PIPER US LLP
EAST PALO ALTO    WEST\21438407.4

-12-

1    REQUEST NO. 23:

2        All COMMUNICATIONS between WITX and any COMPUTER COMPANY relating to

3    WITX's sale, distribution, and/or importation of all NOTEBOOK PRODUCTS.

4    REQUEST NO. 24:

5        DOCUMENTS that describe the corporate and/or organizational structure of WITX

6    during the TERM, including, but not limited to, DOCUMENTS that IDENTIFY the officers and

7    employees of WITX and the employees' titles and positions (such as internal telephone

8    directories and employee organizational charts).

9    REQUEST NO. 25:

10       DOCUMENTS sufficient to IDENTIFY any officer, director, or employee of WITX that

11   is also a director, officer or employee of WISTRON at any time during the TERM.

12   REQUEST NO. 26:

13       DOCUMENTS sufficient to describe WITX's procedures and facilities for generating,

14   maintaining and disposing of records, including electronic records, files and messages.

15   REQUEST NO. 27:

16       DOCUMENTS sufficient to show the ownership of the common stock of WITX at all

17   times during the TERM.

18   REQUEST NO. 28:

19       The Articles of Incorporation, including all amendments thereto, of WITX.

20

21

22

23

24

25

26

27

28

DLA PIPER US LLP
EAST PALO ALTO

WEST\21438407.4

-13-

**DEPOSITION TOPICS**

TOPIC NO. 1:

    The nature of the corporate relationship between WISTRON and WITX.

TOPIC NO. 2:

    The project name, product name, brand name, model number and/or any other identification number or code of each NOTEBOOK PRODUCT that WITX sold, made, used or offered for sale in the United States, imported into the United States or sold to any company, including the COMPUTER COMPANIES, in the United States.

TOPIC NO. 3:

    The project name, product name, brand name, model number and/or any other identification number or code of each NOTEBOOK PRODUCT assembled by WISTRON that WITX imported into the United States or sold to any company, including the COMPUTER COMPANIES, in the United States during the TERM.

TOPIC NO. 4:

    The shipment or transfer of NOTEBOOK PRODUCTS between WITX and WISTRON during the TERM, including, but not limited to, the types of documents involved in the shipment or transfer of NOTEBOOK PRODUCTS between WITX and WISTRON.

TOPIC NO. 5:

    The identification of WITX's United States-based customers for NOTEBOOK PRODUCTS on a model-by-model basis during the TERM, including, but not limited to, the COMPUTER COMPANIES.

TOPIC NO. 6:

    The identification of the importer of record for NOTEBOOK PRODUCTS sold, made, used, or offered for sale in the United States by WITX during the TERM.

TOPIC NO. 7:

    The identification of the importer of record for NOTEBOOK PRODUCTS assembled by WISTRON and transferred or shipped to WITX during the TERM.

///

DLA PIPER US LLP
EAST PALO ALTO

WEST\21438407.4

1   TOPIC NO. 8:

2       The distribution channels between WITX and any company, including the COMPUTER

3   COMPANIES for NOTEBOOK PRODUCTS in the United States during the TERM.

4   TOPIC NO. 9:

5       WITX's orders for NOTEBOOK PRODUCT, the pricing for those NOTEBOOK

6   PRODUCTS, the volume of WITX's sales of NOTEBOOK PRODUCTS, the shipments of

7   NOTEBOOK PRODUCTS to WITX; and/or the origin of shipments of NOTEBOOK

8   PRODUCTS to WITX during the TERM.

9   TOPIC NO. 10:

10      The number of units of NOTEBOOK PRODUCT imported by WITX into the United

11  States, the price of each unit, the customer for whom the NOTEBOOK PRODUCT was imported

12  and the ultimate shipping destination of that NOTEBOOK PRODUCT.

13  TOPIC NO. 11:

14      The marketing, promotion, and/or advertising of any NOTEBOOK PRODUCT by WITX

15  either (1) in the United States; (2) to any United States-based customer or potential customer; or

16  (3) to the CUSTOMER COMPANIES.

17  TOPIC NO. 12:

18      Business plans, strategic plans, marketing plans, product plans and meeting minutes that

19  discuss the sale of any NOTEBOOK PRODUCT either in the United States or to United State-

20  based customers or potential customers at any time during the TERM.

21  TOPIC NO. 13:

22      WITX's marketing, promoting, advertising, selling or offering for sale of any

23  NOTEBOOK PRODUCTS, including but not limited to external presentations, internal

24  presentations and customer documentation, sales brochures, promotional materials, trade show

25  packets and documents, Internet postings, and all customer presentations.

26  ///

27  ///

28  ///

1  TOPIC NO. 14:

2      Competitors in the United States market(s) for NOTEBOOK PRODUCTS, including, but

3  not limited to, competitor sales data, distribution networks, customer relationships, strengths and

4  weaknesses, and other competitor information.

5  TOPIC NO. 15:

6      All quarterly and annual income statements, balance sheets, and cash flow statements

7  prepared in the normal course of business by WITX in connection with any NOTEBOOK

8  PRODUCT that WITX made, used, sold or offered for sale in the United States, imported into the

9  United States, or sold to any COMPUTER COMPANY in the United States, or to any

10 COMPUTER COMPANY outside the United States for subsequent re-sale or importation into the

11 United States at any time during the TERM.

12 TOPIC NO. 16:

13     WITX's annual research and development expenditures incurred in connection with any

14 NOTEBOOK PRODUCT that WITX made, used, sold or offered for sale in the United States,

15 imported into the United States, or sold to any COMPUTER COMPANY in the United States, or

16 to any COMPUTER COMPANY outside the United States for subsequent re-sale or importation

17 into the United States at any time during the TERM.

18 TOPIC NO. 17:

19     Anticipated or projected sales, revenues, and/or profits for NOTEBOOK PRODUCTS that

20 WITX made, used, sold or offered for sale in the United States, imported into the United States,

21 or sold to any COMPUTER COMPANY in the United States, or to any COMPUTER

22 COMPANY outside the United States for subsequent re-sale or importation into the United States

23 at any time during the TERM, including, but not limited to: pro-forma estimates, projections,

24 forecasts, budgets, marketing plans, strategic plans, and capital expenditure plans or requests.

25 TOPIC NO. 18:

26     Bids or sales proposals made by WITX to any actual or potential United States-based

27 customer of NOTEBOOK PRODUCTS during the TERM.

28 ///

TOPIC NO. 19:

WITX's determination of prices for any NOTEBOOK PRODUCT that WITX made, used, sold or offered for sale in the United States, imported into the United States, or sold to any COMPUTER COMPANY in the United States, or to any COMPUTER COMPANY outside the United States for subsequent re-sale or importation into the United States at any time during the TERM.

TOPIC NO. 20:

Licenses entered into by WITX (as either the licensor or the licensee) for patents or technology RELATING to NOTEBOOK PRODUCT technology, including, but not limited to, all DOCUMENTS generated by WITX or others RELATING to the negotiation of such licenses.

TOPIC NO. 21:

WITX's involvement in and/or knowledge of the present lawsuit or any of the PATENTS-IN-SUIT.

TOPIC NO. 22:

The date on which WITX first learned of each of the PATENTS-IN-SUIT and the circumstances surrounding WITX's first knowledge of the PATENTS-IN-SUIT.

TOPIC NO. 23:

COMMUNICATIONS between WITX and WISTRON RELATING to WITX's sales, distribution, and/or importation of all NOTEBOOK PRODUCTS to any COMPUTER COMPANY.

TOPIC NO. 24:

COMMUNICATIONS between WITX and any COMPUTER COMPANY relating to WITX's sale, distribution, and/or importation of all NOTEBOOK PRODUCTS.

TOPIC NO. 25:

The corporate and/or organizational structure of WITX during the TERM, including, but not limited to, the officers and employees of WITX and the employees' titles and positions (such as internal telephone directories and employee organizational charts).

///

1  <u>TOPIC NO. 26:</u>

2      WITX's procedures and facilities for generating, maintaining and disposing of records,

3  including electronic records, files and messages.

4  <u>TOPIC NO. 27:</u>

5      The ownership of the common stock of WITX at all times during the TERM.

6  <u>TOPIC NO. 28:</u>

7      The Articles of Incorporation, including all amendments thereto, of WITX.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DLA PIPER US LLP
EAST PALO ALTO

WEST\21438407.4

-18-

1

## PROOF OF SERVICE

2      I am a resident of the State of California, over the age of eighteen years, and not a party to
3  the within action. My business address is DLA Piper US LLP, 2000 University Avenue, East
Palo Alto, California 94303-2214. On July 3, 2008, I served the within documents:

4  SAMSUNG ELECTRONICS CO., LTD.'S NOTICE OF RULE 30(B)(6)
DEPOSITION OF WISTRON INFOCOMM TECHNOLOGY (AMERICA) CORP.

5

6  [X]      by consigning a copy of the document(s) listed above to FEDERAL EXPRESS for
guaranteed next business day delivery to the person(s) at the address(es) set forth
below.

7

8  Wistron InfoComm Technology (America) Corp.
c/o CORPORATION SERVICE COMPANY
9  dba CSC – LAWYERS INCO
10  701 Brazos, Ste. 1050
Austin, TX 78701

11

12      I am readily familiar with the firm's practice of collection and processing correspondence
for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same
day with postage thereon fully prepaid in the ordinary course of business. I am aware that on
13  motion of the party served, service is presumed invalid if postal cancellation date or postage
meter date is more than one day after date of deposit for mailing in affidavit.

14

15      I declare that I am employed in the office of a member of the Bar of or permitted to
practice before this Court at whose direction the service was made.

16      Executed on July 3, 2008, at East Palo Alto, California.

17

18  _____

19  Celestine Seals

20

21

22

23

24

25

26

27

28

DLA Piper US LLP
East Palo Alto

WEST\21455041.1

PROOF OF SERVICE
CASE NO. C-07-4748 VRW