# EXHIBIT D

AO88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

WESTERN  DISTRICT OF  TEXAS

WISTRON CORPORATION, a Taiwan corporation,

v.

SAMSUNG ELECTRONICS CO., LTD., a Republic of
Korea corporation,

**SUBPOENA IN A CIVIL CASE**

Case Number: C-07-4748 VRW
(Pending in Northern District of
California)

TO: WISTRON LLC

1790 N. Lee Trevino Dr., Ste. 506
El Paso, TX 79936-4558

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Westin Paso Del Norte Hotel, 101 S El Paso St., El Paso, TX 79901 | August 29, 2008, 9:00 a.m. |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| DLA Piper US LLP, 2000 University Ave., East Palo Alto, CA 94303 | August 22, 2008 |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| | August 8, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
ERIK R. FUEHRER                    Telephone: (650) 833-2045
Attorney for Defendant and Counterclaimant SAMSUNG ELECTRONICS CO., LTD.
DLA PIPER US LLP, 2000 University Avenue, East Palo Alto, CA 94303-2248

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

¹ If action is pending in district other than district of issuance, state district under case number.

2002 © American LegalNet, Inc.

AO88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
| | |

SERVED:

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____     _____
                        DATE                           SIGNATURE OF SERVER

                                        _____
                                        ADDRESS OF SERVER

2002 © American LegalNet, Inc.

**Rule 45, Federal Rules of Civil Procedure, Parts C & D:**

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

2002 © American LegalNet, Inc.

1  MARK D. FOWLER, Bar No. 124235
   mark.fowler@dlapiper.com
2  ELIZABETH DAY, Bar No. 177125
   elizabeth.day@dlapiper.com
3  TIMOTHY LOHSE, Bar No. 177230
   timothy.lohse@dlapiper.com
4  SAL LIM, Bar No. 211836
   sal.lim@dlapiper.com
5  GREGORY J. LUNDELL, Bar No. 234941
   greg.lundell.@dlapiper.com
6  ERIK FUEHRER, Bar No. 252578
   erik.fuehrer@dlapiper.com
7  NICKOLAS BOHL, Bar No. 245943
   nickolas.bohl@dlapiper.com
8  DLA PIPER US LLP
   2000 University Avenue
9  East Palo Alto, CA 94303-2214
   Tel: 650.833.2000
10 Fax: 650.833.2001

11 Attorneys for Defendant and Counter-Plaintiff
   SAMSUNG ELECTRONICS CO., LTD.

12

13                 UNITED STATES DISTRICT COURT

14              NORTHERN DISTRICT OF CALIFORNIA

15                    SAN FRANCISCO DIVISION

16 WISTRON CORPORATION, a Taiwan        CASE NO. C-07-4748 VRW
   corporation,
17                                       **PROOF OF SERVICE**
              Plaintiff and Counter-
18            Defendant,

19       v.

20 SAMSUNG ELECTRONICS CO., LTD., a
   Republic of Korea corporation,
21
              Defendant and Counter-
22            Plaintiff.

23 SAMSUNG ELECTRONICS CO., LTD.,

24            Counterclaim-Plaintiff,

25       v.

26 WISTRON CORPORATION, and
   WISTRON INFOCOMM (TEXAS)
27 CORPORATION,

28            Counterclaim-Defendants.

DLA PIPER US LLP
EAST PALO ALTO      WEST\21487924.1                        PROOF OF SERVICE
                                                           CASE NO. C-07-4748 VRW

**PROOF OF SERVICE**

1

2        I am a resident of the State of California, over the age of eighteen years, and not a party to
the within action.  My business address is DLA Piper US LLP, 2000 University Avenue, East
3   Palo Alto, California  94303-2214.  On August 8, 2008, I served the within documents:

4   **PLAINTIFF SAMSUNG ELECTRONICS CO., LTD.'S NOTICE OF RULE
    30(B)(6) DEPOSITION OF WISTRON LLC**

5

6        [X]        By causing such document to be transmitted by electronic mail to the office of the
                   addressees.

7   MICHAEL J. BETTINGER, ESQ.
    HAROLD H. DAVIS, JR., ESQ.
8   TIMOTHY WALKER, ESQ.
    CATHY WILLIAMS, ESQ.
9   JULIA ALVAREZ, ESQ.
    PERRY BROOKS, ESQ.
10  DINA DELAUTER, ESQ.
    CHRISTY LA PIERRE, ESQ.
11  JAS S. DHILLON, ESQ.
    K&L GATES
12  55 SECOND STREET, SUITE 1700
    SAN FRANCISCO, CA 94105
13  **E-mails:**
14  mike.bettinger@klgates.com
    harold.davis@klgates.com
15  timothy.walker@klgates.com
    cathy.williams@klgates.com
16  julia.alvarez@klgates.com
    perry.brooks@klgates.com
17  dina.delauter@klgates.com
    christy.lapierre@klgates.com
18  jas.dhillon@klgates.com
19

20        I am readily familiar with the firm's practice of collection and processing correspondence
    for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same
21  day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on
    motion of the party served, service is presumed invalid if postal cancellation date or postage
22  meter date is more than one day after date of deposit for mailing in affidavit.

23        I declare that I am employed in the office of a member of the Bar of or permitted to
    practice before this Court at whose direction the service was made.
24

25        Executed on August 8, 2008, at East Palo Alto, California.

26

27                                              Stacy Murray

28

WEST\21487924.1

MARK D. FOWLER (Bar No. 124235)
M. ELIZABETH DAY (Bar No. 177125)
TIMOTHY LOHSE (Bar No. 177230)
SAL LIM (Bar No. 211836)
GREG LUNDELL (Bar No. 234941)
NICKOLAS BOHL (Bar No. 245943)
ERIK R. FUEHRER (Bar No. 252578)
**DLA PIPER US LLP**
2000 University Avenue
East Palo Alto, CA 94303-2214
Telephone: 650.833.2000
Facsimile: 650.833.2001

Attorneys for Declaratory Defendant and Counterclaim Plaintiff
and Counter-Defendant Samsung Electronics Co., Ltd.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WISTRON CORPORATION, a Taiwan corporation,<br><br>        Plaintiff and Counter-Defendant,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Republic of Korea corporation,<br><br>        Defendant and Counter-Plaintiff. | CASE NO. C-07-4748 VRW<br><br>**PLAINTIFF SAMSUNG ELECTRONICS CO., LTD.'S NOTICE OF RULE 30(B)(6) DEPOSITION OF WISTRON LLC** |
| SAMSUNG ELECTRONICS CO., LTD.,<br><br>        Counterclaim-Plaintiff,<br><br>    v.<br><br>WISTRON CORPORATION, and WISTRON INFOCOMM (TEXAS) CORPORATION,<br><br>        Counterclaim-Defendants. | |

-1-

WEST\21489270.1
347269-000036

1    PLEASE TAKE NOTICE THAT, pursuant to Rules 30 and 45 of the Federal Rules of

2  Civil Procedure, defendant and counter-claim plaintiff Samsung Electronics Co., Ltd.

3  ("Samsung"), by and through its attorneys, will take the deposition upon oral examination of

4  nonparty Wistron LLC's ("Wistron, LLC"), by and through the officer, director, managing agent

5  or other person designated to testify on Wistron LLC's behalf concerning the deposition topics

6  identified in Attachment A attached hereto.

7    Said deposition will commence on August 29, 2008, at 9:00 a.m., and shall continue from

8  day to day until completed, Saturdays, Sundays and holidays excepted, at the Westin Paso Del

9  Norte Hotel, 101 S El Paso St., El Paso, TX 79901.  Pursuant to the deposition subpoena issued

10  on August 8, 2008, Wistron, LLC is hereby requested, as provided by Rule 30(b)(6) of the

11  Federal Rules of Civil Procedure, to designate one or more of its officers, directors, managing

12  agents or other persons who consent to testify on its behalf, to testify on Wistron LLC's behalf

13  concerning the deposition topics identified in Attachment A hereto.

14    PLEASE TAKE FURTHER NOTICE THAT, the deposition of Wistron LLC will be

15  taken before a notary public or other officer authorized by law to administer oaths, and will be

16  recorded by stenographic and/or videographic means pursuant to Rule 30(b)(2) of the Federal

17  Rules of Civil Procedure.  The text of the stenographic record shall be displayed in real time.

18
19  Dated: August  8 , 2008                    DLA PIPER US LLP

20                                     By

21                                        Mark Fowler
                                           M. Elizabeth Day
22                                        Sal Lim
                                           Gregory Lundell
23                                        Nickolas Bohl
                                           Erik R. Fuehrer
24                                        Attorneys for Defendant and Counterclaim
                                           Plaintiff
25                                        SAMSUNG ELECTRONICS CO., LTD.

26
27
28

**ATTACHMENT A**

INSTRUCTIONS

A.     The following instructions apply to all requests for inspection and production of documents and things contained herein:

B.     In responding to these requests, please set forth each request in full before each response or objection. Each objection shall be followed by a statement of the reasons therefor.

C.     A document shall be deemed to be within your control if you have the right to secure the document or copy thereof from another person or public or private entity having possession or custody thereof.

D.     In producing responsive documents and things, please furnish all documents and things known or available to you, regardless of whether such documents are possessed directly by you or your attorneys, agents, employees, representatives or investigators.

E.     If any requested document or thing cannot be produced in full, please produce it to the extent possible, specifying each reason for your inability to produce the remainder and state whatever information, knowledge or belief you have concerning the unproduced portions.

F.     If any requested document or thing has been destroyed or custody of such document or thing has been transferred to any person or entity other than you, please provide a statement setting forth as to each such document or thing:

      1.     The name(s) and job title(s) of the author(s) of the document or creator(s) of the thing;

      2.     The name(s) and job title(s) of person(s) who have knowledge or who had knowledge of the contents of the document or nature of the thing;

      3.     The date of disposal or disposition from your possession, custody, or control;

      4.     The manner of disposal or disposition from your possession, custody, or control;

      5.     The reason for disposal or disposition from your possession, custody, or control;

-3-

1            6.     The person(s) authorizing disposal or disposition from your possession,

2                   custody, or control;

3            7.     The current or last known custodian;

4            8.     The circumstances surrounding disposal or disposition of the document or

5                   thing from your possession, custody, or control;

6            9.     A description of the document or thing; and

7            10.    The identity of the last known person(s) having custody or possession of

8                   the document or thing.

9       G.     In producing responsive documents, please provide sequential numbering on the

10  documents in such a manner as to avoid obscuring any information contained on any document.

11       H.     Please IDENTIFY and list all documents and things called for by this Request but

12  withheld on the grounds of attorney-client privilege, attorney work product doctrine or on any

13  other basis, and to specify in writing the grounds for non-production. Please ensure that all the

14  documents and things shall be numbered, held separately, and retained intact pending a ruling by

15  the Court on the claimed privilege. IDENTIFY each document or thing by:

16            1.     The author(s) and recipient(s), including the titles of such persons;

17            2.     The date of the document or, if applicable, thing;

18            3.     The number of pages, attachments, and appendices;

19            4.     The names of each person who had access to or custody of the document,

20                   or to whom the document or thing was disseminated, together with their

21                   last known address and telephone number;

22            5.     The title or name of the document or thing and general description of the

23                   nature and subject matter of the document or thing;

24            6.  .   The subject matter and nature of privilege claimed; and the present

25                   custodian(s).

26       I.     Notwithstanding the assertion of any objection to produce any document to which

27  an objection is raised, a document containing non-objectionable subject matter which is relevant

28  and material to a request must be produced, but that portion of the document for which the

-4-

DLA PIPER US LLP
EAST PALO ALTO

WEST\21489270.1
347269-000036

1    objection is asserted may be withheld or redacted provided that the above-requested information

2    is furnished.

3         J.      This request is continuing and all documents coming into your possession,

4    custody, or control which you would have been required to produce had they been available

5    earlier shall be produced forthwith in accordance with the Federal Rules of Civil Procedure.

6         K.      Each document requested herein is requested to be produced in its entirety and

7    without deletion or excisions, regardless of whether you consider the entire document to be

8    relevant or responsive to these requests. If you have redacted any portion of a document, stamp

9    the word "redacted" on each page of the document which you have redacted. Redactions should

10   be included on the privilege log described above.

11        L.      In producing documents, you are requested to produce the original of each

12   document requested together with all non-identical copies and drafts of that document. If the

13   original of any document cannot be located, a copy shall be provided in lieu thereof, and shall be

14   legible and bound or stapled in the same manner as the original.

15        M.      All documents shall be produced in a file folder, envelope, or other container in

16   which the documents are kept or maintained by you. If for any reason, the container cannot be

17   produced, produce copies of all labels or other identifying marks.

18        N.      Documents shall be produced in such a fashion as to IDENTIFY the department,

19   branch, or office in whose possession it was located and, where applicable, the natural person in

20   whose possession it was found and the business address of each document's custodian(s).

21        O.      Documents attached to each other shall not be separated.

22        P.      Documents not otherwise responsive to this discovery request shall be produced if

23   such documents mention, discuss, refer to, or explain the documents which are called for by this

24   discovery request, or if such documents are attached to documents called for by this discovery

25   request.

26        Q.      In case of doubt as to the scope of a clause including "and," "or," "any," "all,"

27   "each," or "every," such terms shall be construed conjunctively or disjunctively, whichever

28   makes the request more inclusive.

-5-

## DEFINITIONS

1.      The term "WISTRON LLC" means, Wistron LLC, both individually and jointly, and its predecessors, subsidiaries, affiliates, or divisions.

2.      The term "SAMSUNG" means Samsung Electronics Co., Ltd.

3.      The phrase "WISTRON" shall encompass, both individually and jointly, each of Counterclaim-Defendants Wistron Corp. and Wistron InfoComm (Texas) Corp., and each of their respective predecessors, successors, divisions, subsidiaries and affiliates thereof, and anyone acting on their behalf, including each of their respective directors, officers, employees, attorneys and agents.

4.      The term "WITX" means Wistron InfoComm Technology (America) Corp, both individually and jointly, and its predecessors, subsidiaries, affiliates, or divisions.

5.      The term "COMPUTER COMPANY" and "COMPUTER COMPANIES" includes, but is not limited to each of the following companies: Lenovo, Inc.; Hewlett-Packard Company; Dell, Inc.; Acer Inc.; and/or General Dynamic Itronix Corporation.

6.      The phrase "NOTEBOOK PRODUCT" means a partially or completely assembled notebook computer or a main board or "motherboard" for a notebook computer.

7.      The term "TERM" means from January 2000 through the present.

8.      The phrase "PATENTS-IN-SUIT" refers to United States Patent Nos. 5,333,273, 5,625,275, and 6,523,100.

9.      The terms "COMMUNICATION(S)" refers to any form of interpersonal communication, whether written, oral, or in any other form, including, but not limited to, communications by way of meetings, telephone conversations, correspondence, memoranda, contracts, agreements, and/or electronic mail.

10.     The phrase "RELATED" to, "RELATES" to, and "RELATING" to mean referring to, alluding to, concerning, connected with, commenting on, in respect of, about, regarding, describing, discussing, showing, evidencing, constituting or supporting.

11.     The term "PERSON(S)" includes both natural persons and legal entities, without limitation, including all predecessors in interest, groups, associations, partnerships, corporations,

1    agencies, or any other legal, business or governmental entity.

2         12.    "DOCUMENT(S)" is used in the broadest possible sense and means, but is not

3    limited to, all matter, electronically stored information, and things comprehended within that term

4    as used in Rule 34 of the Federal Rules of Civil Procedure. This definition includes without

5    limitation any written, printed, typed, photostatted, photographed, recorded, or otherwise

6    reproduced or stored communication or representation, whether comprised of letters, words, data,

7    pictures, sounds, numbers or symbols, or any combination thereof. This definition includes copies

8    of duplicates of documents which have any non-conforming notes or other markings, together

9    with all drafts or notes for the preparation of each document requested. Without limiting the

10   generality of the foregoing, "document" includes, but is no limited to, correspondence,

11   memoranda, notes, records, letters, envelopes, telegrams, telexes, facsimiles, messages, studies,

12   analyses, contracts, licenses, agreements, calendar, appointment books, diaries, maps,

13   illustrations, working papers, accounts, analytical records, reports and/or summaries of

14   investigations, trade letters, press releases, comparisons, books, calendars, diaries, articles,

15   magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings,

16   diagrams, instructions, notes, engineers' notebooks or logs, minutes of any meetings, memoranda,

17   inter- and intra-office communications, electronic mail/messages and/or "e-mail," electronically

18   stored telephone messages and/or "voice mail," questionnaires, surveys, charts, graphs,

19   photographs, phonograph recordings, films, CD ROM, tapes, disks, data cells, printouts of

20   information stored or maintained by electronic data processing or word processing equipment, all

21   other data compilations from which information can be obtained (by translation, if necessary, by

22   you through detection devices into usable form) including, but not limited to, electromagnetically

23   sensitive storage media such as floppy disks, hard or rigid disks, and magnetic tapes, microfilm,

24   microfiche, photographic negatives, diagrams, blueprints, schematics, logic diagrams, timing

25   diagrams, any preliminary versions, as well as drafts or revisions of any of the foregoing, or

26   anything otherwise defined as a "writing," "recording," "photograph," "original," or "duplicate"

27   by Rule 1001 of the Federal Rules of Evidence, or anything similar to any of the foregoing,

28   however denominated by the responding party, as well as copies, amendments, modifications and

1  drafts of the foregoing.

2      13.    The term "IDENTIFY" means:

3          a.    when used with reference to a natural person, his or her full name, present

4              home address, present business address, present home and business

5              telephone numbers, and present or last known position and/or business

6              affiliation;

7          b.    when used with reference to an entity, such as a partnership, joint venture,

8              trust or corporation, the full legal name of such entity, each trade name

9              under which such entity does business, the entity's telephone number and

10              the identity of the chief operating officer, manager, trustee or other

11              principal representative or managing agent or agents;

12          c.    when used with reference to a DOCUMENT: (i) the type of DOCUMENT

13              involved (e.g., letter, interoffice memorandum, product, etc.); (ii) the date

14              the DOCUMENT was prepared or created, (iii) identity of the preparer;

15              (vi) identity of all distributes;(v) its title or the heading and the number of

16              pages;(vi) the identity of the custodian or other person last known to have

17              possession of the DOCUMENT together with (vii) the present or last

18              known location of the DOCUMENT;

19          d.    when used with reference to a COMMUNICATION: (i) the date of the

20              COMMUNICATION; (ii) the form of COMMUNICATION (e.g., in-

21              person meeting or presentation, telephonic or electronic, written

22              correspondence, etc.); (iii) the place where the COMMUNICATION was

23              made; (iv) the persons who were party to or were present at the time of the

24              COMMUNICATION; and (v) a summary of the COMMUNICATION; and

25          e.    when used with reference to a NOTEBOOK PRODUCT: (i) its project

26              name assigned by WISTRON and/or WISTRON LLC; (ii) its model

27              name/number assigned by WISTRON and/or WISTRON LLC; (iii) its

28              corresponding project name assigned by any of the companies to which it

DLA PIPER US LLP
EAST PALO ALTO

WEST\21489270.1
347269-000036

1    is sold; (iv) its corresponding model name/number assigned by any of the

2    companies to which it is sold; (v) the time period during which it is

3    manufactured or produced; and (vi) the time period during which it is sold

4    or shipped to any of the companies.

5

6    ## DOCUMENTS TO BE PROVIDED PURSUANT TO FRCP 45

7    REQUEST NO. 1:

8    All DOCUMENTS establishing or describing the nature of the corporate relationship

9    between WISTRON and WISTRON LLC.

10   REQUEST NO. 2:

11   All DOCUMENTS establishing or describing the nature of the corporate relationship

12   between WITX and WISTRON LLC.

13   REQUEST NO. 3:

14   DOCUMENTS sufficient to IDENTIFY on a model-by-model basis the project name,

15   product name, brand name, model number and/or any other identification number or code of each

16   NOTEBOOK PRODUCT that WISTRON LLC sold, made, used or offered for sale in the United

17   States, imported into the United States or sold to any company, including the COMPUTER

18   COMPANIES, in the United States.

19   REQUEST NO. 4:

20   DOCUMENTS sufficient to IDENTIFY on a model-by-model basis the project name,

21   product name, brand name, model number and/or any other identification number or code of each

22   NOTEBOOK PRODUCT assembled by WISTRON for which WISTRON LLC is the importer of

23   record into the United States during the TERM.

24   REQUEST NO. 5:

25   All DOCUMENTS RELATING to the shipment or transfer of NOTEBOOK PRODUCTS

26   between WISTRON LLC and WISTRON during the TERM, including, but not limited to, bills of

27   lading, invoices, packing slips, waybills, consignment papers, packaging lists, customs forms.

28   ///

-9-

DLA PIPER US LLP
EAST PALO ALTO

WEST\21489270.1
347269-000036

**REQUEST NO. 6:**

DOCUMENTS sufficient to IDENTIFY all WISTRON LLC's United States-based customers for NOTEBOOK PRODUCTS on a model-by-model basis during the TERM, including, but not limited to, the COMPUTER COMPANIES.

**REQUEST NO. 7:**

DOCUMENTS sufficient to IDENTIFY the importer of record for NOTEBOOK PRODUCTS sold, made, used, or offered for sale in the United States by WISTRON LLC during the TERM.

**REQUEST NO. 8:**

DOCUMENTS sufficient to IDENTIFY distribution channels between WISTRON LLC and any COMPUTER COMPANY for NOTEBOOK PRODUCTS in the United States during the TERM.

**REQUEST NO. 9:**

DOCUMENTS, including but not limited to all reports and/or records, sufficient to show (a) WISTRON LLC's orders for NOTEBOOK PRODUCTS; (b) pricing for NOTEBOOK PRODUCTS; (c) the volume of WISTRON LLC's sales of NOTEBOOK PRODUCTS; (d) shipments of NOTEBOOK PRODUCTS to WISTRON LLC; and the (e) origin of shipments of NOTEBOOK PRODUCTS from WISTRON to WISTRON LLC during the TERM.

**REQUEST NO. 10:**

For each month during the TERM, DOCUMENTS sufficient to show (a) the number of units of NOTEBOOK PRODUCT imported by WISTRON LLC into the United States; (b) the price of each unit; (c) the customer for whom the NOTEBOOK PRODUCT was imported; and (d) the ultimate shipping destination of that NOTEBOOK PRODUCT.

**REQUEST NO. 11:**

All DOCUMENTS RELATING to the marketing, promotion, and/or advertising of any NOTEBOOK PRODUCT by WISTRON LLC either (1) in the United States; (2) to any United States-based customer or potential customer; or (3) to the COMPUTER COMPANIES.

///

-10-

DLA PIPER US LLP
EAST PALO ALTO

WEST\21489270.1
347269-000036

1  **REQUEST NO. 12:**

2      All business plans, strategic plans, marketing plans, product plans and meeting minutes

3  that discuss the sale of any NOTEBOOK PRODUCT either in the United States or to United

4  States-based customers or potential customers at any time during the TERM.

5  **REQUEST NO. 13:**

6      A single copy of each DOCUMENT, which WISTRON LLC has used, is currently using,

7  or plans to use in the future in connection with marketing, promoting, advertising, selling or

8  offering for sale of any NOTEBOOK PRODUCT, including but not limited to external

9  presentations, internal presentations and customer documentation, sales brochures, promotional

10  materials, trade show packets and documents, Internet postings, and all customer presentations.

11  **REQUEST NO. 14:**

12      All DOCUMENTS generated by WISTRON LLC or third parties RELATING to

13  competitors in the United States market(s) for NOTEBOOK PRODUCTS, including, but not

14  limited to, competitor sales data, distribution networks, customer relationships, strengths and

15  weaknesses, and other competitor information.

16  **REQUEST NO. 15:**

17      All quarterly and annual income statements, balance sheets, and cash flow statements

18  prepared in the normal course of business by WISTRON LLC in connection with any

19  NOTEBOOK PRODUCT that WISTRON LLC made, used, sold or offered for sale in the United

20  States, imported into the United States, or sold to any COMPUTER COMPANY in the United

21  States, or to any COMPUTER COMPANY outside the United States for subsequent re-sale or

22  importation into the United States at any time during the TERM.

23  **REQUEST NO. 16:**

24      All DOCUMENTS RELATING to WISTRON LLC's annual research and development

25  expenditures incurred in connection with any NOTEBOOK PRODUCT that WISTRON LLC

26  made, used, sold or offered for sale in the United States, imported into the United States, or sold

27  to any COMPUTER COMPANY in the United States, or to any COMPUTER COMPANY

28

-11-

WEST\21489270.1
347269-000036

1  outside the United States for subsequent re-sale or importation into the United States at any time

2  during the TERM.

3  **REQUEST NO. 17:**

4      All DOCUMENTS RELATING to anticipated or projected sales, revenues, and/or profits

5  for NOTEBOOK PRODUCTS that WISTRON LLC made, used, sold or offered for sale in the

6  United States, imported into the United States, or sold to any COMPUTER COMPANY in the

7  United States, or to any COMPUTER COMPANY outside the United States for subsequent re-

8  sale or importation into the United States at any time during the TERM, including, but not limited

9  to: pro-forma estimates, projections, forecasts, budgets, marketing plans, strategic plans, and

10  capital expenditure plans or requests.

11  **REQUEST NO. 18:**

12      All DOCUMENTS RELATING to any bids or sales proposals made by WISTRON LLC

13  to any actual or potential United States-based customer of NOTEBOOK PRODUCTS, including

14  the COMPUTER COMPANIES, during the TERM.

15  **REQUEST NO. 19:**

16      All DOCUMENTS RELATING to WISTRON LLC's determination of prices for any

17  NOTEBOOK PRODUCT that WISTRON LLC made, used, sold or offered for sale in the United

18  States, imported into the United States, or sold to any COMPUTER COMPANY in the United

19  States, or to any COMPUTER COMPANY outside the United States for subsequent re-sale or

20  importation into the United States at any time during the TERM.

21  **REQUEST NO. 20:**

22      All licenses entered into by WISTRON LLC (as either the licensor or the licensee) for

23  patents or technology RELATING to NOTEBOOK PRODUCT technology, including, but not

24  limited to, all DOCUMENTS generated by WISTRON LLC or others RELATING to the

25  negotiation of such licenses.

26  **REQUEST NO. 21:**

27      All DOCUMENTS RELATING to the present lawsuit or any of the PATENTS-IN-SUIT.

28  ///

DLA PIPER US LLP
EAST PALO ALTO

WEST\21489270.1
347269-000036

1  REQUEST NO. 22:

2        DOCUMENTS evidencing when WISTRON LLC first learned of each of the PATENTS-

3  IN-SUIT.

4  REQUEST NO. 23:

5        All COMMUNICATIONS between WISTRON LLC and WISTRON and/or WITX

6  RELATING to WISTRON LLC's sales, distribution, and/or importation of all NOTEBOOK

7  PRODUCTS to any COMPUTER COMPANY.

8  REQUEST NO. 24:

9        All COMMUNICATIONS between WISTRON LLC and any COMPUTER COMPANY

10  relating to WISTRON LLC's sale, distribution, and/or importation of all NOTEBOOK

11  PRODUCTS.

12  REQUEST NO. 25:

13        DOCUMENTS that describe the corporate and/or organizational structure of WISTRON

14  LLC during the TERM, including, but not limited to, DOCUMENTS that IDENTIFY the officers

15  and employees of WISTRON LLC and the employees' titles and positions (such as internal

16  telephone directories and employee organizational charts).

17  REQUEST NO. 26:

18        DOCUMENTS sufficient to IDENTIFY any officer, director, or employee of WISTRON

19  LLC that is also a director, officer or employee of WISTRON and/or WITX at any time during

20  the TERM.

21  REQUEST NO. 27:

22        DOCUMENTS sufficient to describe WISTRON LLC's procedures and facilities for

23  generating, maintaining and disposing of records, including electronic records, files and

24  messages.

25  REQUEST NO. 28:

26        DOCUMENTS sufficient to show the ownership of the common stock of WISTRON LLC

27  at all times during the TERM.

28  ///

DLA PIPER US LLP
EAST PALO ALTO

WEST\21489270.1
347269-000036

REQUEST NO. 29:

The Articles of Incorporation, including all amendments thereto, of WISTRON LLC.

DLA PIPER US LLP
EAST PALO ALTO

WEST\21489270.1
347269-000036

1

## DEPOSITION TOPICS

2  **TOPIC NO. 1:**

3       The nature of the corporate relationship between WISTRON and WISTRON LLC.

4  **TOPIC NO. 2:**

5       The nature of the corporate relationship between WITX and WISTRON LLC.

6  **TOPIC NO. 3:**

7       The project name, product name, brand name, model number and/or any other

8  identification number or code of each NOTEBOOK PRODUCT that WISTRON LLC sold, made,

9  used or offered for sale in the United States, imported into the United States or sold to any

10  company, including the COMPUTER COMPANIES, in the United States.

11  **TOPIC NO. 4:**

12       The project name, product name, brand name, model number and/or any other

13  identification number or code of each NOTEBOOK PRODUCT assembled by WISTRON that

14  WISTRON LLC imported into the United States or sold to any company, including the

15  COMPUTER COMPANIES, in the United States during the TERM.

16  **TOPIC NO. 5:**

17       The shipment or transfer of NOTEBOOK PRODUCTS between WISTRON LLC and

18  WISTRON during the TERM, including, but not limited to, the types of documents involved in

19  the shipment or transfer of NOTEBOOK PRODUCTS between WISTRON LLC and WISTRON.

20  **TOPIC NO. 6:**

21       The identification of WISTRON LLC United States-based customers for NOTEBOOK

22  PRODUCTS on a model-by-model basis during the TERM, including, but not limited to, the

23  COMPUTER COMPANIES.

24  **TOPIC NO. 7:**

25       The identification of the importer of record for NOTEBOOK PRODUCTS sold, made,

26  used, or offered for sale in the United States by WISTRON LLC during the TERM.

27  ///

28  ///

DLA PIPER US LLP
EAST PALO ALTO

WEST\21489270.1
347269-000036

1   TOPIC NO. 8:

2       The identification of the importer of record for NOTEBOOK PRODUCTS assembled by

3   WISTRON and transferred or shipped to WISTRON LLC during the TERM.

4   TOPIC NO. 9:

5       The distribution channels between WISTRON LLC and any company, including the

6   COMPUTER COMPANIES for NOTEBOOK PRODUCTS in the United States during the

7   TERM.

8   TOPIC NO. 10:

9       WISTRON LLC's orders for NOTEBOOK PRODUCT, the pricing for those

10  NOTEBOOK PRODUCTS,  the volume of WISTRON LLC's sales of NOTEBOOK

11  PRODUCTS, the shipments of NOTEBOOK PRODUCTS to WISTRON LLC; and/or the origin

12  of shipments of NOTEBOOK PRODUCTS to WISTRON LLC during the TERM.

13  TOPIC NO. 11:

14      The number of units of NOTEBOOK PRODUCT imported by WISTRON LLC into the

15  United States, the price of each unit, the customer for whom the NOTEBOOK PRODUCT was

16  imported and the ultimate shipping destination of that NOTEBOOK PRODUCT.

17  TOPIC NO. 12:

18      The marketing, promotion, and/or advertising of any NOTEBOOK PRODUCT by

19  WISTRON LLC either (1) in the United States; (2) to any United States-based customer or

20  potential customer; or (3) to the COMPUTER COMPANIES.

21  TOPIC NO. 13:

22      Business plans, strategic plans, marketing plans, product plans and meeting minutes that

23  discuss the sale of any NOTEBOOK PRODUCT either in the United States or to United State-

24  based customers or potential customers at any time during the TERM.

25  TOPIC NO. 14:

26      WISTRON LLC's marketing, promoting, advertising, selling or offering for sale of any

27  NOTEBOOK PRODUCTS, including but not limited to external presentations, internal

28

DLA PIPER US LLP
EAST PALO ALTO

WEST\21489270.1
347269-000036

1  presentations and customer documentation, sales brochures, promotional materials, trade show

2  packets and documents, Internet postings, and all customer presentations.

3  TOPIC NO. 15:

4       Competitors in the United States market(s) for NOTEBOOK PRODUCTS, including, but

5  not limited to, competitor sales data, distribution networks, customer relationships, strengths and

6  weaknesses, and other competitor information.

7  TOPIC NO. 16:

8       All quarterly and annual income statements, balance sheets, and cash flow statements

9  prepared in the normal course of business by WISTRON LLC in connection with any

10  NOTEBOOK PRODUCT that WISTRON LLC made, used, sold or offered for sale in the United

11  States, imported into the United States, or sold to any COMPUTER COMPANY in the United

12  States, or to any COMPUTER COMPANY outside the United States for subsequent re-sale or

13  importation into the United States at any time during the TERM.

14  TOPIC NO. 17:

15       WISTRON LLC's annual research and development expenditures incurred in connection

16  with any NOTEBOOK PRODUCT that WISTRON LLC made, used, sold or offered for sale in

17  the United States, imported into the United States, or sold to any COMPUTER COMPANY in the

18  United States, or to any COMPUTER COMPANY outside the United States for subsequent re-

19  sale or importation into the United States at any time during the TERM.

20  TOPIC NO. 18:

21       Anticipated or projected sales, revenues, and/or profits for NOTEBOOK PRODUCTS that

22  WISTRON LLC made, used, sold or offered for sale in the United States, imported into the

23  United States, or sold to any COMPUTER COMPANY in the United States, or to any

24  COMPUTER COMPANY outside the United States for subsequent re-sale or importation into the

25  United States at any time during the TERM, including, but not limited to: pro-forma estimates,

26  projections, forecasts, budgets, marketing plans, strategic plans, and capital expenditure plans or

27  requests.

28  ///

DLA PIPER US LLP
EAST PALO ALTO

WEST\21489270.1
347269-000036

1  TOPIC NO. 19:

2      Bids or sales proposals made by WISTRON LLC to any actual or potential United States-

3  based customer of NOTEBOOK PRODUCTS during the TERM.

4  TOPIC NO. 20:

5      WISTRON LLC's determination of prices for any NOTEBOOK PRODUCT that

6  WISTRON LLC made, used, sold or offered for sale in the United States, imported into the

7  United States, or sold to any COMPUTER COMPANY in the United States, or to any

8  COMPUTER COMPANY outside the United States for subsequent re-sale or importation into the

9  United States at any time during the TERM.

10  TOPIC NO. 21:

11      Licenses entered into by WISTRON LLC (as either the licensor or the licensee) for

12  patents or technology RELATING to NOTEBOOK PRODUCT technology, including, but not

13  limited to, all DOCUMENTS generated by WISTRON LLC or others RELATING to the

14  negotiation of such licenses.

15  TOPIC NO. 22:

16      WISTRON LLC's involvement in and/or knowledge of the present lawsuit or any of the

17  PATENTS-IN-SUIT.

18  TOPIC NO. 23:

19      The date on which WISTRON LLC first learned of each of the PATENTS-IN-SUIT and

20  the circumstances surrounding WISTRON LLC's first knowledge of the PATENTS-IN-SUIT.

21  TOPIC NO. 24:

22      COMMUNICATIONS between WISTRON LLC and WISTRON and/or WITX

23  RELATING to WISTRON LLC's sales, distribution, and/or importation of all NOTEBOOK

24  PRODUCTS to any COMPUTER COMPANY.

25  TOPIC NO. 25:

26      COMMUNICATIONS between WISTRON LLC and any COMPUTER COMPANY

27  relating to WISTRON LLC's sale, distribution, and/or importation of all NOTEBOOK

28  PRODUCTS.

1  **TOPIC NO. 26:**

2      The corporate and/or organizational structure of WISTRON LLC during the TERM,

3  including, but not limited to, the officers and employees of WISTRON LLC and the employees'

4  titles and positions (such as internal telephone directories and employee organizational charts).

5  **TOPIC NO. 27:**

6      WISTRON LLC's procedures and facilities for generating, maintaining and disposing of

7  records, including electronic records, files and messages.

8  **TOPIC NO. 28:**

9      The ownership of the common stock of WISTRON LLC at all times during the TERM.

10  **TOPIC NO. 29:**

11      The Articles of Incorporation, including all amendments thereto, of WISTRON LLC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DLA PIPER US LLP
EAST PALO ALTO

-19-

WEST\21489270.1
347269-000036

| | |
|---|---|
| 1 | MARK D. FOWLER, Bar No. 124235 |
| | mark.fowler@dlapiper.com |
| 2 | ELIZABETH DAY, Bar No. 177125 |
| | elizabeth.day@dlapiper.com |
| 3 | TIMOTHY LOHSE, Bar No. 177230 |
| | timothy.lohse@dlapiper.com |
| 4 | SAL LIM, Bar No. 211836 |
| | sal.lim@dlapiper.com |
| 5 | GREGORY J. LUNDELL, Bar No. 234941 |
| | greg.lundell.@dlapiper.com |
| 6 | ERIK FUEHRER, Bar No. 252578 |
| | erik.fuehrer@dlapiper.com |
| 7 | NICKOLAS BOHL, Bar No. 245943 |
| | nickolas.bohl@dlapiper.com |
| 8 | DLA PIPER US LLP |
| | 2000 University Avenue |
| 9 | East Palo Alto, CA 94303-2214 |
| | Tel: 650.833.2000 |
| 10 | Fax: 650.833.2001 |

11  Attorneys for Defendant and Counter-Plaintiff
    SAMSUNG ELECTRONICS CO., LTD.

13  UNITED STATES DISTRICT COURT

14  NORTHERN DISTRICT OF CALIFORNIA

15  SAN FRANCISCO DIVISION

WISTRON CORPORATION, a Taiwan corporation,

    Plaintiff and Counter-Defendant,

    v.

SAMSUNG ELECTRONICS CO., LTD., a Republic of Korea corporation,

    Defendant and Counter-Plaintiff.

SAMSUNG ELECTRONICS CO., LTD.,

    Counterclaim-Plaintiff,

    v.

WISTRON CORPORATION, and WISTRON INFOCOMM (TEXAS) CORPORATION,

    Counterclaim-Defendants.

CASE NO. C-07-4748 VRW

**PROOF OF SERVICE**

DLA PIPER US LLP
EAST PALO ALTO

WEST\21487924.1

PROOF OF SERVICE
CASE NO. C-07-4748 VRW

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is DLA Piper US LLP, 2000 University Avenue, East Palo Alto, California 94303-2214. On August 8, 2008, I served the within documents:

**PLAINTIFF SAMSUNG ELECTRONICS CO., LTD.'S NOTICE OF RULE 30(B)(6) DEPOSITION OF WISTRON LLC**

☒    By causing such document to be transmitted by electronic mail to the office of the addressees.

MICHAEL J. BETTINGER, ESQ.
HAROLD H. DAVIS, JR., ESQ.
TIMOTHY WALKER, ESQ.
CATHY WILLIAMS, ESQ.
JULIA ALVAREZ, ESQ.
PERRY BROOKS, ESQ.
DINA DELAUTER, ESQ.
CHRISTY LA PIERRE, ESQ.
JAS S. DHILLON, ESQ.
K&L GATES
55 SECOND STREET, SUITE 1700
SAN FRANCISCO, CA 94105
**E-mails:**
mike.bettinger@klgates.com
harold.davis@klgates.com
timothy.walker@klgates.com
cathy.williams@klgates.com
julia.alvarez@klgates.com
perry.brooks@klgates.com
dina.delauter@klgates.com
christy.lapierre@klgates.com
jas.dhillon@klgates.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the Bar of or permitted to practice before this Court at whose direction the service was made.

Executed on August 8, 2008, at East Palo Alto, California.

Stacy Murray